IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC, ET AL.<br><br>Plaintiff,<br><br>vs.<br><br>IRWIN FEDERMAN; ET AL.,<br><br>Defendants.<br>_____ | ) CIVIL NO. 03-00463 JMS-LEK<br>)<br>) ORDER REGARDING IN<br>) CAMERA REVIEW OF<br>) DOCUMENTS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER REGARDING IN CAMERA REVIEW OF DOCUMENTS**

On November 1, 2005, Defendants Mauna Kea Properties, Inc. and Mauna Kea Development Corporation (defendants) filed an Appeal from an Amended Order Adopting Special Master's Discovery Order Filed October 24, 2005. On December 15, 2005, the Court held a status conference on this discovery appeal, and directed counsel for defendants to produce all documents relating to landscaping credits or confidentiality agreements that are set forth on the privilege log or otherwise in the possession of the defendants that are believed to be privileged for an in camera review.

On December 22, 2005, defendants provided to the court, in camera, the documents requested pursuant to the December 15, 2005 order. The Court has reviewed these documents and is concerned that many of the documents are not in fact protected by the attorney-client privilege. For instance, a memorandum to Charles G. Riggs, Esq. from Terence S. Yamamoto, Esq. (MKR 04089) does not appear to be privileged. While Mr. Yamamoto represented defendants, it appears that Mr. Riggs represented a potential purchaser. If the court is correct that Mr. Riggs represented a potential purchaser, the document is not privileged. A memo to Tom Stifler of Mauna Kea Realty from Diane Paulson of MacArthur Worrall & McCarter (MKR 04257) likewise raises questions. It appears to the court that Diane Paulson was a real estate agent representing a potential purchaser, not defendants. As such, the memo does not appear privileged. Further, even if this memo was then sent from Tom Stifler to defendant's attorneys, that subsequent transmission does not convert it to a privileged document. *See Fisher v. United States*, 425 U.S. 391, 403-04 (1976) ("This Court and the lower courts have thus uniformly held that pre-existing documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client in order to obtain more informed legal advice.").

In addition to these two documents, the court reviewed many other documents that do not appear to be subject to the attorney-client privilege.

Defendants were ordered by the court to produce the documents for the purpose of determining whether an exception applied to the attorney-client privilege, not whether the documents were subject to privilege in the first instance. Yet the court is concerned that defendants have included a substantial number of non-privileged documents in their submission to the court.

In an effort to clarify this matter, the court orders defendants to review each of the documents furnished to the court on December 22, 2005, and to provide to the court by January 20, 2005 a written explanation as to why each particular document is privileged or a statement that the document is not in fact privileged. The report should be as specific as possible if a claim of privilege is made. Further, if any of the documents provided to the court on December 22, 2005, whether in draft form or in final, have already been provided to Western Sunview

///

///

///

///

Properties, LLC and Guy and Julia Hands in discovery, defendants are to provide this information to the court as well.

**IT IS SO ORDERED.**

DATED at Honolulu, Hawai'i, January 9, 2006.



J. Michael Seabright
United States District Judge

WESTERN SUNVIEW PROPERTIES, LLC, ET AL. V. IRWIN FEDERMAN, ET AL.; CIVIL NO. 03-00463 JMS-LEK; Order Regarding in Camera Review of Documents