

ORIGINAL

FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Tel. No. (415) 986-2800
Fax No. (415) 986-2827
Email address: ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Company

TERRANCE M. REVERE 5857-0
JACQUELINE E. THURSTON 7217-0
BRIANNE L. ORNELLAS 8376-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email address: terry@myrhawaii.com

Attorneys for Plaintiffs.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 5 2006

at 3 o'clock and 08 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>Defendants. | CIVIL NO. CV03-00463 JMS/LEK (Other Civil Action, Declaratory Judgment)<br><br>**PLAINTIFFS' SEPARATE CONCISE STATEMENT OF FACTS IN OPPOSITION TO THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT; CERTIFICATE OF COMPLIANCE; DECLARATION OF TERRANCE M. REVERE; CERTIFICATE OF SERVICE**<br><br>Date: January 23, 2006<br>Time: 9:45 a.m.<br>Judge: Hon. J. Michael Seabright<br><br>Trial Date: March 14, 2006 |

Pursuant to L.R. 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Plaintiffs hereby submits its Opposition to Defendant The Bluffs at Mauna Kea Community Association's (the "Association") Concise Statement of Facts in Support of its Motion for Summary Judgment.

The exhibits to Plaintiffs' CSOF are being filed separately and are incorporated herein. The exhibits are referred to by each of Plaintiffs' oppositions filed herewith.

Plaintiffs respond to the Association's purported facts as follows:

| NO. | RESPONSE | EVIDENCE |
|---|---|---|
| 1. | Undisputed. | |
| 2. | Undisputed. | |
| 3. | Disputed. The Design and Construction Requirements for Homes ("DACRs") were adopted by the Declaration of Protective Covenants, Conditions and Restrictions ("CC&Rs"). | Ex. 32(§8.12) |
| 4. | Partially disputed. The CC&Rs authorize the Design Committee ("DC") to grant variances that are "suitable to the area in which" they are located. Therefore, any variances granted in the special setback area ("SSA") could not impair view planes since the SSA was created to protect view planes. | Ex. 32(§8.8); 33(§4.17) |
| 5. | Partially disputed. The DACRs authorize the DC to grant variances only if they are consistent with the overall purposes and objectives (protection of view planes and hillsides) set forth in the DACRs. | Ex. 33(Arts.I & VI; §4.17) |
| 6. | Irrelevant. | |
| 7. | Undisputed. | |
| 8. | Undisputed. | |
| 9. | Partially disputed. No member of the DC ever visited Lot 5 to determine the impact the Federmans' structures would have on the view planes from Lot 5. The Federmans were only asked to change the design of the proposed pavilions in order to accommodate the | Exs. 42(¶6); 43; 44(18:10-20, 25:9-26:6, 29:15-30:22; 69:25-71:9; 85:16-21); 53(¶7.5.4); |

|     |     |     |
| --- | --- | --- |
|     | concerns raised by the Reddys. Plaintiffs were not informed about or provided an opportunity to be heard concerning the Federmans' plans. | 88(¶5); 31(¶7); 46; 109-110; 112-114; 127(24:7-10; 25:18-25); 151 (¶6) |
| 10. | Irrelevant. |     |
| 11. | Partially disputed. The DC did not view the "stakeout" from Lot 5. Glazier never states that anyone visited Lot 5. See Response to CSOF 9 above. | See Evidence at CSOF 9 above. |
| 12. | Disputed. See Response to CSOF 9 above. | See Evidence at CSOF 9 above. |
| 13. | Undisputed. |     |
| 14. | Partially disputed. The Federmans ultimately included a spa, a pool, a cluster of palm trees and other landscaping in the SSA. | Exs. 52(¶5); 53(¶7.4.1); 69-70 |
| 15. | Disputed and irrelevant. The Federmans' structures in the SSA impair the view from Lot 5. | Exs. 52(¶5); 53(¶7.4.1); 69-70 |
| 16. | Undisputed. |     |
| 17. | Disputed. See Response to CSOF 9. Mr. Stringer testified that "the majority of what was approved at the Federmans' was approved by the previous administration." | See Evidence at CSOF 9 above; Ex. 37(250:1-13). |
| 18. | Disputed. | See e.g. RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 6.13 cmt. a & illus. 1-3. |
| 19. | Undisputed. |     |
| 20. | Undisputed. |     |
| 21. | Disputed. Ms. Reinke testified that there is nothing in the memorandum prepared by her that shows that she visited Lot 5. See Response to CSOF 9 above, that there was no site visit to Lot 5. | See Evidence at CSOF 9 above. |
| 22. | Disputed. Plaintiffs' view planes are obstructed. | Ex. 152 |

3

Plaintiffs contend that the following facts also are relevant or in dispute:

| | FACT | EVIDENCE |
|---|---|---|
| 23. | Plaintiffs purchased Lot 5 in reliance on the governing documents' promises of protected view planes. | Exs. 130(58:2-59:4); 29(73:20-75:2) 30(25:4-27:13); 31(¶4); 29(45:13-20); 30(102:24-103:13, 120:3-9) |
| 24. | The point of buying property in a community association is so that the owner can rely upon enforcement of that community association's rules. | Exs. 53(¶¶7.1, 7.2) |
| 25. | The DC is expressly charged "with enforcing compliance with the[] Design Requirements." | Ex. 33(§3.1) |
| 26. | James Bell of Belt Collins, the Federmans' Engineer, was an initial member of the DC. | Exs. 119(8:5-9, 18-20, 15:18-20); 31(¶8); 151(¶2) |
| 27. | Bell resigned from the DC in December 2000, leaving Mielcke as its only member. | Ex. 119 (15:2-6); 125 (22:14-19) |
| 28. | Belt Collins remained as the DC's advisor while performing engineering design work, which the DC would review. Belt Collin was doing engineering work for the Federmans that the Design Review Committee would review. | Exs. 37(18:7-19:21); 53(¶7.5.7); 119(27:4-14); 125(50:21-51:25) |
| 29. | Mielcke had "direct personal and business conflicts" in his roles as DC member and MK's employee. | Exs. Ex. 53(¶7.5.6), 120 (¶1) |
| 30. | Mielcke resigned from the DC in July 2001, and the Association began appointing its members. | Exs. 125(55:6-9, 57:10-11); 151(¶9) |
| 31. | Robert Gunderson, a homeowner member of the DC that allegedly approved the Federmans' variance, is an attorney for Federman's company. | Exs. 120(p.4, ¶3); 122(¶26) |
| 32. | Gunderson never recused himself from the January 29, 2002 DC meeting at which approval for the Federman variance allegedly was given. | Ex. 38 |

4

| 33. | The Federman-Gunderson relationship was never disclosed. | Ex. 31(¶8); 37(pp.239-40) |
|---|---|---|
| 34. | David Stringer, a DC advisor, stated that it is inappropriate for the DC to take advice from consultants regarding a submittal from the consultants' own clients. | Ex. 37(275:15-277:2) |
| 35. | The Federmans received a $450,000 secret discount that they agreed to keep confidential. Mielcke entered into the agreement on behalf of Mauna Kea. | Ex. 9 |
| 36. | The Robertsons received a $500,000 secret discount that they agreed to keep confidential and were allowed to build a flat-roof Mexican-style house even though this was prohibited by the DACRs. | Exs. 10 (Doc. MKP 001548); 11 (Doc. MKP 000018); 12 (Record of Deed for Hoffee II, John W. (Trustee)); 33(¶ 4.6) |
| 37. | The Reddys received a secret discount that they agreed to keep confidential. | Ex. 108 (Doc. MKP 00741) |
| 38. | The Federmans' expert, Wendelin Campbell, stated that that Mauna Kea had a duty to ensure the Design Requirements portrayed the Bluffs' guidelines, and to ensure that all improvements complied with the CC&Rs and DACRs. | Ex. 104 (p.4); 105 (49:25-51:11, 63:24-64:20, 100:14-19, 104:8-12, 105:1-18) |
| 39. | The Initial homeowners Board stated: "It is the board's feeling that many of the design conflicts that have occurred at The Bluffs could have been minimized with a closer adherence to the original intent of the CC&Rs." | Ex. 93 (Doc. F05003) |
| 40. | The Board's current advisor testified that it was fair to say that the "general consensus" of the owner-controlled committee was that MK did a terrible job enforcing the governing documents. | Ex. 37(140:9-141:5) |
| 41. | John Reid stated that the committee was trying to be unbiased and move in the direction away from Mauna | Ex. 40(p.18) |

| | | |
|---|---|---|
| | Kea Properties' arbitrary decisions. | |
| 42. | Gunderson stated ""[t]his is yet another example of the mischief worked by Mielcke. I do not think it is an exaggeration to say that every submittal that Mielcke touched has (or had) a similar problem." | Ex. 106 (p. 1) |
| 43. | DR § 4.17 states "Special setbacks have been placed on the individual Homesites to protect views and to preserve hillsides. No building or structure shall be placed within the special setback areas as shown on exhibit A." | Ex. 33(§4.17) |
| 44. | The DC considers pools to be structures. The Federmans' pool and deck are structures. | Ex. 37(75:2-4); 120(p.4) |
| 45. | The DC told Plaintiffs not to place ornamental plants in their SSA and expressly discouraged clusters of palm trees. | Ex. 107 |
| 46. | The DC's position is that clusters of palm trees are not allowed in the SSAs. | Ex. 37(206:1-5) |
| 47. | The Federmans have installed clusters of palm trees and 3,500 square feet complex consisting of a pool, spa, bar, and steps. | Exs. 52(¶5); 53(¶7.4.1); 69; 70 |
| 48. | The DC can only approve deviations from the DACR's strict requirements because of "some unusual factor." The Federmans' lot had no hardships that required a variance to install the structures in question. | Exs. 36(¶¶10, 11); 37(123:11-124:25); 105(54:9-11); 120(¶2, p.2) |
| 49. | Stringer stated that "ideally" neighboring owners would learn of variances before they are given, but that he was unsure if the DC ever took any action to inform neighboring owners. | Ex. 37(131:25-134:6) |
| 50. | The only Bluffs owners allowed to build their entire pools in their SSAs are Gunderson and his clients, Leone and Federman. | Ex. 37(51:25-53:18, 70:2-9, 82:9-17, 92:7-11) |

6

| 51. | The DC did not visit Lot 5 to determine the impact that the Federmans' proposal would have on Plaintiffs' view planes, although the Federmans' architect testified that making such a visit would have been the reasonable thing to do. | Exs. 42(¶6); 43; 44(18:10-20, 25:9-26:6, 69:25-71:9, 85:16-21) |
|---|---|---|
| 52. | The DC's architect, Terry Tusher, testified that he did not visit Lot 5 to determine the impact that the Federmans' proposed construction would have on the views from Lot 5. | Exs. 88(¶5); 127(24:7-10, 25:18-25) |
| 53. | The DC paid attention to the Reddys' concerns, but did not pay attention to the impact of the proposed construction on Lot 5. | Exs. 46; 53(¶7.5.4); 109, 110, 112, 113, 114(p.4) |
| 54. | The Federmans' palm tree clusters block Plaintiffs' views. Since the Court decided the previous summary judgment motions, the Federmans have planted additional palm trees that block Plaintiffs' views. | Ex. 152 |
| 55. | The Federmans' construction in their SSA has the increased the value of their property by $850,000 and reduced the value of Lot 5 by $700,000. | Ex. 115(p.2) |
| 56. | Section 8.14 of the CC&Rs requires that the DC members must act in good faith and with due diligence. | Ex. 32(§8.14) |

DATED: Honolulu, Hawaii, _____JAN 5 2006_____.

TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>　　　　　　Defendants. | Civil No. CV03-00463 JMS LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.5 |

CSOF in Opps to Bluffs MSJ.doc

**CERTIFICATE OF COMPLIANCE
PURSUANT TO LOCAL RULE 7.5**

I certify that pursuant to Local Rule 7.5(e), the attached Plaintiffs' Concise and Separate Statement of Facts in Opposition to The Bluffs at Mauna Kea Community Association's Motion for Summary Judgment, Filed 11/01/05, is proportionately spaced, has a typeface of 14 points or more and contains 1,457 words.

DATED: Honolulu, Hawaii, _____ JAN 5 2006 _____

TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>Defendants. | CIVIL NO. CV03-00463 JMS/LEK (Other Civil Action, Declaratory Judgment)<br><br>CERTIFICATE OF SERVICE<br><br><br><br>Trail: March 14, 2006 |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion will be served on the above-identified parties at their respective addresses via hand delivery and/or via U.S. mail.

Sidney K. Ayabe, Esq.
Ronald Shigekane, Esq.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street
2500 Pauahi Tower
Honolulu, Hawaii 96813

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION

Douglas Ing, Esq.
Brian Kang, Esq.
Watanabe Ing Kawashima & Komeiji LLP
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP

DATED: Honolulu, Hawaii, _____JAN 5 2006_____.

_____
TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS