ORIGINAL

FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
275 Battery Street, 23rd Floor
San Francisco, California 94111
Tel. No. (415) 986-2800
Fax. No. (415) 986-2827
Email address: ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Company

TERRANCE M. REVERE 5857-0
JACQUELINE E. THURSTON 7217-0
BRIANNE L. ORNELLAS 8376-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax. No. (808) 532-7910
Email address: terry@myrhawaii.com

Attorneys for Plaintiffs.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 5 2006

at ___ o'clock and ___ min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDREMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>Defendants. | CIVIL NO. CV03-00463 JMS/LEK (Other Civil Action, Declaratory Judgment)<br><br>**PLAINTIFFS' SEPARATE CONCISE STATEMENT OF FACTS IN OPPOSITION TO MAUNA KEA'S MOTION FOR SUMMARY JUDGMENT REGARDING FAILURE TO PROVE DAMAGES; CERTIFICATE OF COMPLIANCE; DECLARATION OF TERRANCE REVERE; CERTIFICATE OF SERVICE**<br><br>Date: January 23, 2006<br>Time: 9:45 a.m.<br>Judge: Hon. J. Michael Seabright<br><br>Trial Date: March 14, 2006 |

## PLAINTIFFS' SEPARATE CONCISE STATEMENT OF FACTS IN OPPOSITION TO MAUNA KEA'S MOTION FOR SUMMARY JUDGMENT REGARDING FAILURE TO PROVE DAMAGES

Pursuant to L.R. 56.1 of the Local Rules of the United States District Court for the District of Hawaii, Plaintiffs hereby submit their Opposition to Defendants Mauna Kea Properties, Inc. and Mauna Kea Development Corp.'s (collectively "Mauna Kea") Concise Statement of Facts.

The exhibits to Plaintiffs' CSOF are being filed separately and are incorporated herein. The exhibits are referred to by each of Plaintiffs' oppositions filed herewith.

Plaintiffs respond to Mauna Kea's purported facts as follows:

| NO. | RESPONSE | EVIDENCE |
|-----|----------|----------|
| 1. | Disputed. Purchasers were not required to use the "secret discounts" on landscaping or grading. | Ex. 125(80:1-8) |
| 2. | Irrelevant. | |
| 3. | Undisputed. | |
| 4. | Disputed. The "landscaping credits" changed the purchase prices of lots at The Bluffs. | *See, e.g.*, Exs. 8, 9, 10, 11, 98, 125(80:1-8) |
| 5. | Undisputed. | |
| 6. | Disputed. Ms. Au was not involved in the purchase of Lot 12 and did not see the addendum or the confidentiality agreement. Ms. MacArthur testified that the file was located at her home because of the confidentiality agreement, and that Ms. Au did not have access to it. | Exs. 126(47:2-49:11); 128(40:5-41:15) |

| 7. | Disputed. The Federmans' secret discount was not a landscaping credit, it was an "accounting artifice" that enabled Mauna Kea to report that the lot sold at the list price rather then at the price the Federmans paid. | Ex. 98(doc. 00003). |
|----|---|---|
| 8. | Partially disputed. The Federmans purchased Lot 6 for $2,550,000. | Exs. 8; 98. |
| 9. | Disputed. Mauna Kea reported to the Title Company the "sales price" for the lots at the Bluffs. | Ex. 147 |
| 10. | Disputed. Mauna Kea provided secret discounts to purchasers just prior to Plaintiffs' purchase of Lot 5, and just after Plaintiffs' purchased Lot 5. | Exs. 103(36:2-10, 52:17-24, 87:4-22); 108(doc. MKR 00741); 143(doc. MKR 00727); 144(doc. MKR 04375). |
| 11. | Partially disputed. Mauna Kea provided Plaintiffs a Price List – the secret discounts were not included on this list. | Ex. 2(doc. M00250). |
| 12. | Undisputed. Mauna Kea never explained that the Price List provided by Mauna Kea to Plaintiffs were false. | |
| 13. | Disputed. *See* Response to CSOF 10. The plural "prices" does not refer only to the price of one lot. | *See* Evidence to CSOF 10. |
| 14. | Disputed. (1) Plaintiffs' real estate agent checked the list prices by checking the Bureau records and the information provided by Mauna Kea; (2) Plaintiffs testified that they relied on the Mauna Kea Price List and at the Bureau records; (3) Plaintiffs testified that they were concerned about the price of the property, the view planes and the topography. | Exs. 15; 16(pp.2-3¶¶ 5, 9, 10); 17; 126(98:10-99:2). |
| 15. | Disputed. Mauna Kea's evidence does not support its assertion. | |

| | | |
|---|---|---|
| 16. | Disputed. Plaintiffs' full-price offers were made because: Mauna Kea represented that the list prices were firm; the Bureau records were for the full sales prices; and Mauna Kea's price list showed the sales prices as the list price. Plaintiffs did not believe they could negotiate the sales price. | Exs. 15; 16(pp.2, 3 ¶¶ 5, 9, 10); 17; 126(98:10-99:2) |
| 17. | Undisputed. | |
| 18. | Disputed. *See* Response at CSOF 16. Mauna Kea's self-serving testimony does not establish an undisputed fact. Plaintiff Guy Hands testified that if he known that other purchasers received secret discounts he would not have paid that price. | Exs. 15; 16(pp.2, 3 ¶¶ 5, 9, 10); 17; 126(98:10-99:2); 129(172:20-173:5) |
| 19. | Partially disputed. The Hands Plaintiffs made inquiries into the sales prices and market prices prior to purchasing Lot 5. | Exs. 15; 16(p.2 ¶ 5); 17; 126(98:10-99:2); 129(42:24-46:12); 130(31:23-32:9, 51:18-52:19, 53:11-17, 55:6-16, 59:9-20, 60:6-61:1) |
| 20. | Disputed. Ms. Au testified that she researched the recorded tax records of sales at the Bluffs. | Ex. 126(33:2-34:22) |
| 21. | Disputed. After receiving Mauna Kea's Price List and being told at least twice that Mauna Kea's prices were "firm," the Hands' realtor checked the records at the tax office, and confirmed the reported sales price of the Federmans' property was $3,000,000, as stated on Mauna Kea's "Price List," and that records showed that other lots sold for the list price, or more. The Hands' realtor conveyed this information to the Hands. Plaintiffs' relied on Ms. Au. | Exs. 15; 16(p.2 ¶ 5); 17; 126(98:10-99:2) |
| 22. | Disputed. Western Sunview did not reimburse the Hands for a $50,000 deposit and other expenses incurred by the Hands concerning the purchase of Lot 5. | Exs. 129(68:17-69:21 & correction sheet at 1); 150(¶ 4) |

| 23. | Disputed. The Hands Plaintiffs are the future beneficiaries of the employment benefit trust that is the ultimate owner of Lot 5. | Ex. 129(61:10-66:1). |
|-----|------------------------------------------------------------------------|----------------------|
| 24. | Disputed. "[I]n deceit actions, Hawai'i appellate courts have *only barred recovery when there is no evidence of pecuniary damages at all.*" *Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Haw. 309, 334 (1992); *Hawaii's Thousand Friends v. Anderson*, 70 Haw. 276, 286 (1989) (quoting *Ellis v. Crockett*, 51 Haw. 45, 52 (1969)); RESTATEMENT (SECOND) OF TORTS § 920 cmt. d. | |
| 25. | Disputed. *See* Response to CSOF 10. | *See* Evidence at CSOF 10. |

Plaintiffs contend that the following facts are also relevant or in dispute:

| 26. | Purchasers who received secret discounts from Mauna Kea were not required to use the discounts to pay for landscaping. | Ex. 125(80:1-8) |
|-----|----------------------------------------------------------------------|------------------|
| 27. | The purposes of Mauna Kea's secret discount scheme were to stimulate sales and to enable Mauna Kea to report higher sales prices so that future buyers would rely on the reported prices and pay more for the lots. | Ex. 125(79:5-81:11) |



| 28. | Mauna Kea gave secret discounts to at least ten purchasers of lots at The Bluffs. Mauna Kea did not include these secret discounts in the purchase prices it reported to the Bureau or in prices stated in Mauna Kea's Price List. | Exs. 2(doc. M00250); 8; 9; 10; 11; 12; 103(36:2-10, 37:2-24, 87:4-22); 108(doc. MKR 00741); 140(doc. MKR 0996-97); 141(docs. MKR 01081, MKR 01092); 142; 143(docs. MKR 00723, MKR 00727); 144(doc. MKR 04375); 145 |
|---|---|---|
| 29. | Mauna Kea's own officers and agents admit that the secret discounts enabled Mauna Kea to report a higher purchase price than purchasers actually paid. | Ex. 23(107:5-11); 24(38:3-39:10); 101(10:14-21); 125(79:5-81:11) |
| 30. | Mauna Kea's use of secret discounts to obscure the prices that purchasers actually paid was deliberately misleading. | Ex. 149(68:17-20, 81:1-7, 81:25) |
| 31. | Mauna Kea's use of secret discounts was an accounting artifice that enabled it to report that lots sold at the prices they were originally listed rather than at the prices purchasers actually paid. | Ex. 98(doc. 00003) |
| 32. | Mauna Kea attempted to conceal its secret discounts through confidentiality agreements. | Exs. 9; 10(doc. MKP 001548); 11(doc. 475); 12; 140(doc. MKR 00996-997); 141(doc. MKR 01092); 142(doc. 00688); 143(doc. MKR 00727) |
| 33. | Mauna Kea paid real estate commissions based on the prices that purchasers actually paid, not on the purchase prices that Mauna Kea reported. | Ex. 103(17:17-24) |

| 34. | Mauna Kea's "Dual Agency Consent Agreement" provides that "[w]e will provide information about comparable properties so that the Buyer and the Seller may make an educated decision on which price to accept or offer." | Ex. 25(doc. F027441) |
|---|---|---|
| 35. | After receiving Mauna Kea's Price List and being told at least twice that Mauna Kea's prices were "firm," the Hands' realtor checked the listed prices with the tax office records, and found that the reported sales prices of the Federmans' property was $3,000,000, as stated on Mauna Kea's "Price List," and that tax office records showed that other lots sold for the list price, or more. The Hands' realtor conveyed this information to the Hands. | Exs. 15; 16(p.2 ¶ 5); 17; 126(98:10-99:2) |
| 36. | Because recorded, official documents showed that other lots sold for "list price," the Hands thought that Mauna Kea would not accept anything less than the full asking price for Lot 5. Plaintiffs relied on what Mauna Kea reported to the Bureau. If Plaintiffs had known that the Federmans actually paid $2,550,000 for their lot and that other lots sold for less than their listed price, the Hands would not have offered full list price. | Ex. 16(¶¶ 9, 10) |
| 37. | After the Hands signed the sales contract for Lot 5, Mauna Kea gave a $200,000 secret discount to the purchasers of Lot 16. Even during this litigation, Mauna Kea attempted to hide the existence of this secret discount. | Exs. 19; 102(p.4 ¶ 13); 103(36:2-10, 52:17-24); 144(doc. MKR 04375) |
| 38. | Because of Mauna Kea's misrepresentations, Plaintiffs paid $400,000 more for Lot 5 than they should have. | Ex. 115(pp.2, 14-18, 20) |

| 39. | The sale of Lot 5 closed on January 24, 2000, a significant amount of time after the Hands signed the sales agreement. | Mauna Kea's CSOF Regarding the Hands' Claims ¶ 21; Ex. 149(51:18-20; 52:1-3, 100:5-12) |
|-----|------------------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------|
| 40. | Any market "tightening" did not occur until well after the Hands Plaintiffs signed the sales contract. Mauna Kea's realtor and principal broker testified that the market did not significantly improve until September 2001. | Ex. 19; 101(18:20-19:11); 103(21:1-22:11); 137(p.6) |
| 41. | The Hands paid a $50,000 deposit for Lot 5, and incurred other expenses in making the offer, for which they were not reimbursed. | Exs. 129(68:17-69:21 & correction sheet at 1); 150(¶ 4) |

DATED: Honolulu, Hawaii,_____.

_____
FOR TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS, | Civil No. CV03-00463 JMS LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action) |
| Plaintiffs, | |
| vs. | CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.5 |
| IRWIN FEDERMAN; CONCEPCION S. FEDREMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100, | |
| Defendants. | |

CSOF in Opps to MK's MSJ re Damages.doc

## CERTIFICATE OF COMPLIANCE
## PURSUANT TO LOCAL RULE 7.5

I certify that pursuant to Local Rule 7.5(e), the attached Plaintiffs' Concise

and Separate Statement of Facts in Opposition to Mauna Kea's Motion for

Summary Judgment on Damages, Filed 11/03/05, is proportionately spaced, has a

typeface of 14 points or more and contains 1,481 words.

DATED: Honolulu, Hawaii,_____JAN 5 2006_____.


_____
TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS, | CIVIL NO.  CV03-00463 JMS/LEK (Other Civil Action, Declaratory Judgment) |
| Plaintiffs, | |
| vs. | CERTIFICATE OF SERVICE |
| IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100, | Trail: March 14, 2006 |
| Defendants. | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion will be served on the above-identified parties at their respective addresses via hand delivery and/or via U.S. mail.

Sidney K. Ayabe, Esq.
Ronald Shigekane, Esq.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street
2500 Pauahi Tower
Honolulu, Hawaii 96813

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION

Douglas Ing, Esq.
Brian Kang, Esq.
Watanabe Ing Kawashima & Komeiji LLP
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP

DATED: Honolulu, Hawaii,                    JAN  5 2006                    .

TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS