ORIGINAL

FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
275 Battery Street, 23rd Floor
San Francisco, California 94111
Tel. No. (415) 986-2800
Fax. No. (415) 986-2827
Email address: ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Company

TERRANCE M. REVERE 5857-0
JACQUELINE E. THURSTON 7217-0
BRIANNE L. ORNELLAS 8376-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax. No. (808) 532-7910
Email address: terry@myrhawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 05 2006

at 7 o'clock and 09 min. P M
SUE BEITIA, CLERK

Attorneys for Plaintiffs.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDREMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>Defendants. | CIVIL NO. CV03-00463 JMS/LEK (Other Civil Action, Declaratory Judgment)<br><br>**PLAINTIFFS' SEPARATE CONCISE STATEMENT OF FACTS IN OPPOSITION TO MAUNA KEA'S MOTION FOR SUMMARY JUDGMENT ON SPECIAL SETBACK AND PUNITIVE DAMAGES CLAIMS; CERTIFICATE OF COMPLIANCE; DECLARATION OF TERRANCE REVERE; CERTIFICATE OF SERVICE**<br><br>Date:     January 23, 2006<br>Time:    9:45 a.m.<br>Judge:   Hon. J. Michael Seabright<br><br>**Trial Date: March 14, 2006** |

## PLAINTIFFS' SEPARATE CONCISE STATEMENT OF FACTS IN OPPOSITION TO MAUNA KEA'S MOTION FOR SUMMARY JUDGMENT ON SPECIAL SETBACK AND PUNITIVE DAMAGES CLAIMS

Pursuant to L.R. 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Plaintiffs hereby submit their Opposition to Defendants Mauna Kea Properties, Inc. and Mauna Kea Development Corp.'s (collectively "Mauna Kea") Concise Statement of Facts in Support of its Motion for Summary Judgment.

The exhibits to Plaintiffs' CSOF are being filed separately and are incorporated herein. The exhibits are referred to by each of Plaintiffs' oppositions filed herewith.

Plaintiffs respond to Mauna Kea's purported facts as follows:

| NO. | RESPONSE | EVIDENCE |
|---|---|---|
| 1. | Disputed. The CC&Rs and the Design and Construction ("DACRs") provide that an improvement must be in accordance with the DACRs and that "the Design Committee shall not approve any work or improvement for a Lot or portion of a Lot for use which is inconsistent with the provisions of this Declaration." | Ex. 32(CC&Rs §2.8); Ex. 33(DACRs Art. 1) |
| 2. | Undisputed. | |
| 3. | Undisputed. | |
| 4. | Partially disputed. Article VI provides that the variances will be considered based on merit and "their contribution to the overall purposes set forth in Article I and the specific objectives stated in Article IV above." | Ex. 33(DACRs Arts. VI, I and IV) |
| 5. | Undisputed. | |
| 6. | Undisputed. | |
| 7. | Partially disputed. The "Question and Answers" document has not been authenticated | |

| | | |
|---|---|---|
| | and its origin is unknown and not established. | |
| 8. | Disputed. The "Q&A" has not been authenticated and its origin is unknown. The Q&A is not an official document of "The Bluffs" and cannot contradict the CC&Rs and the DACRs, the governing documents for the Bluffs that Plaintiffs relied upon when purchasing the property. | Ex. 130(58:2-59:4); 29(73:20-75:2) 30(25:4-27:13); 31(¶4) |
| 9. | Disputed. Plaintiffs were informed in the governing documents prior to purchasing Lot 5 that improvements would not be allowed in the special setback area. | Ex. 130(58:2-59:4); 29(73:20-75:2) 30(25:4-27:13); 31(¶4) |
| 10. | Undisputed. | |
| 11. | Undisputed. | |
| 12. | Disputed. The evidence cited by Mauna Kea does not support the assertion made. Plaintiffs read the governing documents prior to purchasing Lot 5 and were satisfied that their views would be protected. | Ex. 130(58:2-59:4); 29(73:20-75:2) 30(25:4-27:13); 31(¶4); 29(45:13-20); 30(102:24-103:13, 120:3-9) |
| 13. | Undisputed. | |
| 14. | Irrelevant. | |
| 15. | Irrelevant. | |
| 16. | Irrelevant. | |
| 17. | Irrelevant. | |
| 18. | Irrelevant. | |
| 19. | Partially disputed. As explained in the letter from Ms. Kent, Plaintiffs sought minimal design variances that were similar to those granted to other lot owners. None of the variances impaired the views from other lots. | |
| 20. | Partially disputed. As the letter explains, the "wall" is a low retaining wall in the ditch (ha ha) in the special set back area. Nothing is higher than 30 inches and does not impair or in any way effect view planes from the neighboring lots. | |
| 21. | Undisputed. | |
| 22. | Undisputed. | |
| 23. | Disputed. No member of the Design | Exs.42 (¶6); 43; 44(18:10- |

| | | |
|---|---|---|
| | Committee ever visited Lot 5 to determine whether any of the improvements in the special setback area of the Federmans' lot would impair views from Lot 5. The Design Committee did, however, view the improvements from the Reddys' lot (the Federmans' other neighbor) to determine whether the Reddys' view would be harmed. Moreover, Mr. Mielcke's declaration demonstrates that he only visited Lot 6 (the Federmans' lot) and not Lot 5. Plaintiffs were not even given notice of the Federmans' request for a variance or an opportunity to be heard. | 20, 25:9-26:6; 29:15-30:22; 69:25-71:9; 85:16-21); 53(¶7.5.4); 88(¶5); 31(¶7); 46; 109-110; 112-114; 127(24:7-10; 25:18-25); 151(¶6) |
| 24. | Disputed. *See* Response to CSOF 23. | |
| 25. | Undisputed. | |
| 26. | Undisputed. | |
| 27. | Undisputed. | |
| 28. | Undisputed. | |
| 29. | Disputed. There is no evidence that the Design Committee ever approved the Federmans' request to build in the special setback area. | Exs. 64-65; 38(¶0129.03); 37(84:12-86:8; 271:4-272:8); 36(¶5) |
| 30. | Disputed. The Court's rulings are not "factual" assertions. In its ruling the Court expressly stated that its findings were solely related to the motion for summary judgment brought by the Federmans – consumers and individual property owners – and not Mauna Kea or the Association. | |
| 31. | The Court's rulings are not "factual" assertions. | |
| 32. | The Court's rulings are not "factual" assertions. | |

Plaintiffs' contend that the following facts also are relevant or in dispute:

| | | |
|---|---|---|
| 33. | Design Requirement §4.17 provides "no building or structure shall be placed within the special setback area" in order to protect views. | Ex. 33 (§4.17) |
| 34. | Pools are considered structures – even by the Design Committee. | Ex. 37(75:2-4);120(¶3) |

| 35. | Clusters of palm trees are not allowed in the special setback area – according to the Design Committee. | Ex. 37(206:1-5) |
| --- | --- | --- |
| 36. | The Federmans installed 3,500 square feet of pool, spa, decking, bar, steps and clusters of palm trees in the special setback area. | Ex. 52(¶5); 53(¶7.4.1); 69-70 |
| 37. | There was no "hardship" or "unusual factor" on the Federmans' lot that required a variance to install the structures in the special setback area. | Exs. 37(123:11-124:25); 120(¶2); 36(¶10,11); 105(54:9-11) |
| 38. | Stringer, the Associations own consultant, testified that "ideally" neighboring owners would learn of the variance requests prior to them being granted. | Ex. 37(131:25-134:6) |
| 39. | The only Bluffs owners that were allowed to build the entire pools in the special setback area were Gunderson, and Federman and Leone (Gunderson's clients). | Ex. 37(51:25-53:18, 70:2-9; 82:9-17; 92:7-11) |
| 40. | No one from the Design Committee inspected Lot 5 to determine the impact the Federmans' requested variances would have on the views from Lot 5. | Exs. 42(¶6); 43, 44 (18:10-20; 25:9-26:6; 69:25-71:9; 85:16-21) |
| 41. | The Federmans architect testified that it would have been the "reasonable" thing to do to inspect Lot 5 to determine the impact the Federmans' requested variances would have on the views from Lot 5. | Exs. 42(¶6); 43, 44 (18:10-20; 25:9-26:6; 69:25-71:9; 85:16-21) |
| 42. | The Design Committee's architect testified that he did not visit Lot 5 to determine the impact on the view of Lot 5 of the Federmans' requested variances. | Exs. 88(¶5); 127(24:7-10; 25:18-25) |
| 43. | Plaintiffs were not given notice of Federmans' request for variance nor an opportunity to be heard before the Design Committee acted on the request. | Exs. 31(¶7); 44(29:15-30:22) |
| 44. | The Design Committee visited the Reddys' Lot to determine the impact of the Federmans' variance request on the views from the Reddys' Lot. | Exs. 46; 53(¶7.5.4); 109-114 |
| 45. | The Federmans' palm tree clusters impair | Ex. 152 |

| | | |
|---|---|---|
| | Plaintiffs' view from Lot 5. | |
| 46. | The Federmans' construction in the special setback area has increased the value of their lot by $850,000 while causing a loss in value to Plaintiffs lot of $700,00. | Ex. 115 at 2 |
| 47. | The Design Committee must act in good faith and with due diligence. | Ex. 32 (§12.10) |
| 48. | The purposes of Mauna Kea's secret discount scheme were to stimulate sales and to enable Mauna Kea to report higher sales prices so that future buyers would rely on the reported prices and pay more for the lots. | Ex. 125(79:5-81:11) |
| 49. | Mauna Kea gave secret discounts to at least ten purchasers of lots at The Bluffs. Mauna Kea did not include these secret discounts in the purchase prices it reported to the Bureau or in prices stated in Mauna Kea's Price List. | Exs. 2(doc. M00250); 8; 9; 10; 11; 12; 103(36:2-10, 37:2-24, 87:4-22); 108(doc. MKR 00741); 140(doc. MKR 0996-97); 141(docs. MKR 01081, MKR 01092); 142; 143(docs. MKR 00723, MKR 00727); 144(doc. MKR 04375); 145 |
| 50. | Mauna Kea's own officers and agents admit that the secret discounts enabled Mauna Kea to report a higher purchase price than purchasers actually paid. | Ex. 23(107:5-11); 24(38:3-39:10); 101(10:14-21); 125(79:5-81:11) |
| 51. | Mauna Kea's use of secret discounts to obscure the prices that purchasers actually paid was deliberately misleading. | Ex. 148(68:17-20, 81:1-7, 81:25) |
| 52. | Mauna Kea's use of secret discounts was an accounting artifice that enabled it to report that lots sold at the prices they were originally listed rather than at the prices purchasers actually paid. | Ex. 98(doc. 00003) |

| 53. | Mauna Kea attempted to conceal its secret discounts through confidentiality agreements. | Exs. 9; 10(doc. MKP 001548); 11(doc. 475); 12; 140(doc. MKR 00996-997); 141(doc. MKR 01092); 142(doc. 00688); 143(doc. MKR 00727) |
|---|---|---|

DATED: Honolulu, Hawaii, _____JAN 5 20_____.

_____/s/ Brian J. Oruchi_____
FOR → TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>Defendants. | Civil No. CV03-00463 JMS LEK (Contract; Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.5 |

CSOF in Opps to MK's MSJ re Special Setback and Punitive.doc

**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.5**

I certify that pursuant to Local Rule 7.5(e), the attached Plaintiffs' Concise and Separate Statement of Facts in Opposition to Mauna Kea's Motion for Summary Judgment on Special Setback and Punitive Damages Claims, Filed 11/03/05, is proportionately spaced, has a typeface of 14 points or more and contains 1,301 words.

DATED: Honolulu, Hawaii, _____ JAN 5 2006 _____.

TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC, GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>Defendants. | CIVIL NO. CV03-00463 JMS/LEK (Other Civil Action, Declaratory Judgment)<br><br>CERTIFICATE OF SERVICE<br><br><br><br>Trail: March 14, 2006 |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion will be served on the above-identified parties at their respective addresses via hand delivery and/or via U.S. mail.

Sidney K. Ayabe, Esq.
Ronald Shigekane, Esq.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street
2500 Pauahi Tower
Honolulu, Hawaii 96813

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION

Douglas Ing, Esq.
Brian Kang, Esq.
Watanabe Ing Kawashima & Komeiji LLP
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP

DATED: Honolulu, Hawaii, _____JAN 5 2006_____.

_____
TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

2