ORIGINAL

FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
275 Battery Street, 23rd Floor
San Francisco, California 94111
Tel. No. (415) 986-2800
Fax. No. (415) 986-2827
Email address: ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Company

TERRANCE M. REVERE 5857-0
JACQUELINE E. THURSTON 7217-0
BRIANNE L. ORNELLAS 8376-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax. No. (808) 532-7910
Email address: terry@myrhawaii.com

Attorneys for Plaintiffs.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 5 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>    Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDREMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>    Defendants. | CIVIL NO. CV03-00463 JMS/LEK (Other Civil Action, Declaratory Judgment)<br><br>**PLAINTIFFS' SEPARATE CONCISE STATEMENT OF FACTS IN OPPOSITION TO MAUNA KEA'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS BY GUY AND JULIA HANDS; CERTIFICATE OF COMPLIANCE; DECLARATION OF TERRANCE REVERE; CERTIFICATE OF SERVICE**<br><br>Date: January 23, 2006<br>Time: 9:45 a.m.<br>Judge: Hon. J. Michael Seabright<br><br>Trial Date: March 14, 2006 |

## PLAINTIFFS' SEPARATE CONCISE STATEMENT OF FACTS IN OPPOSITION TO MAUNA KEA'S MOTION FOR SUMMARY JUDGMENT ON CLAIMS BY GUY AND JULIA HANDS

Pursuant to L.R. 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Plaintiffs hereby submit their Opposition to Defendants Mauna Kea Properties, Inc. and Mauna Kea Development Corp.'s (collectively "Mauna Kea") Concise Statement of Facts in Support of its Motion for Summary Judgment for Claims By Guy and Julia Hands.

The exhibits to Plaintiffs' CSOF are being filed separately and are incorporated herein. The exhibits are referred to by each of Plaintiffs' oppositions filed herewith.

Plaintiffs respond to Mauna Kea's purported facts as follows:

| NO. | RESPONSE | SUPPORTING EVIDENCE |
|---|---|---|
| 1 | Disputed. The evidence cited by Mauna Kea only shows that Mauna Kea's witnesses believe the market was "changing" and not that it was "extremely competitive." These citations do not even discuss landscaping credits. Mr. Chong, Plaintiffs' expert has explained that any market tightening did not occur until at least December 1999 – more than three months after the Hands began looking at purchasing property at the Bluffs. Mauna Kea's own realtor and principal broker testified that the market did not heat up until after September 11, 2001. Moreover, Mauna Kea provided landscaping credits to purchasers at the Bluffs just before and just after Plaintiffs purchased Lot 5. | Exs. 137; 144; 101(18:20-19:11); 103(21:1-22:11); 102(¶13); 103(36:2-10; 52:22-24; 87:4-22) |
| 2 | Undisputed. | |
| 3 | Undisputed. | |
| 4 | Disputed. Lot 5 is ultimately held by an employment benefit trust with Plaintiff Guy Hands and his family as the future beneficiaries. | Ex. 129(61:10-66:1) |

2

| | | |
|---|---|---|
| 5 | Irrelevant. | |
| 6 | Irrelevant. | |
| 7 | Partially disputed. Paragraph 6.4 provides that there is no "present intent to transfer." The legal significance of this statement is disputable. | |
| 8 | Partially disputed. There is no evidence that the "other party" seeking to purchase property at the Bluffs was any more aware of secret discounts and the true sales prices of the other lots. If he had been, he may not have been disappointed that he failed to offer the full list price. | |
| 9 | Undisputed. | |
| 10 | Partially disputed. Lot 5 is ultimately held by an employment benefit trust with Plaintiff Guy Hands and his family as the future beneficiaries. | Ex. 129(61:10-66:1) |
| 11 | Partially disputed. Ms. Kent sent a letter dated November 9, 1999 explaining the status of the transaction requesting that Mauna Kea sign the attached addendum. | |
| 12 | Partially disputed. Exhibit N does not provide an executed copy of Addendum D as to the Hands Plaintiffs. | |
| 13 | Partially disputed. Lot 5 is ultimately held by an employment benefit trust with Plaintiff Guy Hands and his family as the future beneficiaries. | Ex. 129(61:10-66:1) |
| 14 | Undisputed. | |
| 15 | Undisputed. | |
| 16 | Disputed. WSP did not reimburse the Hands Plaintiffs for the $50,000 deposit and the expenses incurred by the Hands Plaintiffs concerning the purchase of Lot 5. WSP did not assume all of the Hands Plaintiffs' rights and obligations. The Hands Plaintiffs – pursuant to the contract – continued to be "primarily liable for the observance and performance of all of Buyers' obligations under the contract." | Ex. 150 (¶4); 129(corrections to deposition at pg. 1 line 69; 71:10-72:2)<br><br>Mauna Kea's Ex. R(¶3a) |
| 17 | Disputed. WSP did not reimburse the Hands Plaintiffs for the $50,000 deposit and the expenses incurred by the Hands Plaintiffs concerning the purchase of Lot 5. Mauna Kea purposefully misstates the testimony of Mr. Hands by knowingly failing to cite to the corrections to his deposition. | Ex. 150 (¶4); 129(corrections to deposition at pg. 1 line 69; 71:10-72:2) |
| 18 | Disputed. Plaintiff Guy Hands testified that the "intent | Ex.129(216:13- |

| | | |
|---|---|---|
| | when we bought [the Lot] was to build out. One of the things that we were considering, and still have not made a decision today, was whether to rent it out, however, to save time, we took some advice about that." | 217:22) |
| 19 | Undisputed. | |
| 20 | Undisputed. | |
| 21 | Undisputed. | |
| 22 | Partially disputed. The Hands Plaintiffs were never reimbursed for the $50,000 deposit and the expenses incurred by them concerning the purchase of Lot 5, the final escrow documents do not reference these expenses. | Ex. 150 (¶4); 129(corrections to deposition at pg. 1 line 69; 71:10-72:2) |
| 23 | Partially disputed. The Bluffs governing documents provide only that "any person who holds any interest in a Lot merely as security for the performance of an obligation shall not be deemed to be an Owner." | Mauna Kea Ex. AA (§1.24) |
| 24 | Undisputed. | |
| 25 | Irrelevant. | |
| 26 | Irrelevant. | |
| 27 | Irrelevant. | |
| 28 | Irrelevant. | |
| 29 | Irrelevant. | |
| 30 | Disputed – Irrelevant. The evidence cited by Mauna Kea does not support the assertion made. | |
| 31 | Irrelevant. | |
| 32 | Irrelevant. | |
| 33 | Irrelevant. | |
| 34 | Partially disputed – Irrelevant. The Hands Plaintiffs, on behalf of themselves and WSP, contracted for architectural and construction services for Lot 5. The Hands managed and controlled the construction and the landscaping for Lot 5. | Mauna Kea Ex. T (73:1-76:13) |
| 35 | Partially disputed -- Irrelevant. The Hands Plaintiffs, on behalf of themselves and WSP, contracted for construction services for Lot 5. | Mauna Kea Ex. T(73:1-76:13) |
| 36 | Partially disputed – Irrelevant. The evidence shows that Guy and Julia Hands were intimately involved in the correspondence but made an effort to ensure that Western Sunview – the entity listed as the owner of Lot 5 – was | |

4

| | | |
|---|---|---|
| | named in the correspondence for tax reasons. | |
| 37 | Disputed. The Plaintiffs responded: "Had Plaintiffs not been defrauded, they would have received a comparable discount or a comparable discount based upon a percentage discount from list price." Plaintiffs also describe the amount of damages and that they are entitled to diminution in value damages for the special setback claims. | Mauna Kea Ex. RR. |
| 38 | Disputed. Plaintiff Guy Hands testified "I'm certain I would have done one of two things, either put a lower price offer in or say I'm walking way and not dealing with these people full stop. I don't know which of those two I would have done. What I wouldn't have done is pay that price. That much I am absolutely certain." | Ex. 129(172:25-173:5) |

Plaintiffs' contend that the following facts also are relevant or in disputed:

| | | |
|---|---|---|
| 39 | The Hands Plaintiffs paid $50,000 for the deposit toward the purchase of Lot 5. | Exs. 19; 150(¶3-4) |
| 40 | The Hands Plaintiffs incurred expenses in connection with the purchase of Lot 5. | Exs. 19; 150(¶3-4) |
| 41 | The Hands Plaintiffs have not been reimbursed for the $50,000 deposit or the expenses incurred in connection with the purchase of Lot 5. | Exs. 150(¶4); 129(corrections to deposition at pg. 1 line 69; 71:10-72:2) |
| 42 | Lot 5 is ultimately held in an employment benefit trust and Plaintiff Guy Hands and his family are the future beneficiaries. | Ex. 129(61:10-66:1) |

DATED: Honolulu, Hawaii, _____ JAN 5 2006 _____.

_/s/ Terrance Revere_

TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>Defendants. | Civil No. CV03-00463 JMS LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.5 |

CSOF in Opps to MK's MSJ Re Claims by Guy and Julia Hands.doc

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.5

I certify that pursuant to Local Rule 7.5(e), the attached Plaintiffs' Concise and Separate Statement of Facts in Opposition to Mauna Kea's Motion for Summary Judgment on Claims by Guy and Julia Hands, Filed 11/03/05, is proportionately spaced, has a typeface of 14 points or more and contains 1,074 words.

DATED: Honolulu, Hawaii, JAN 5 2006

TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC, GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>Defendants. | CIVIL NO. CV03-00463 JMS/LEK (Other Civil Action, Declaratory Judgment)<br><br>CERTIFICATE OF SERVICE<br><br><br><br>Trail: March 14, 2006 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing motion will be served on the above-identified parties at their respective addresses via hand delivery.

Sidney K. Ayabe, Esq.
Ronald Shigekane, Esq.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street
2500 Pauahi Tower
Honolulu, Hawaii 96813

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION

Douglas Ing, Esq.
Brian Kang, Esq.
Watanabe Ing Kawashima & Komeiji LLP
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP

---

DATED: Honolulu, Hawaii, _____JAN 5 2006_____.

_____
TERRANCE REVERE

Attorney for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS