367772.4

WATANABE ING & KOMEIJI LLP
A Limited Liability Partnership

J. DOUGLAS ING         # 1538-0
BRIAN A. KANG          # 6495-0
EMI L. M. KAIMULOA # 7794-0
LISA S. HIRAHARA       # 8150-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawai'i 96813
Telephone No.  (808) 544-8300
Facsimile No.  (808) 544-8399
E-mail: lhirahara@wik.com

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 2 2006

at_____o'clock and ____min.___M
SUE BEITIA, CLERK

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>                Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE | CIVIL NO. CV03-00463 JMS (LEK)<br><br>MAUNA KEA PROPERTIES, INC. AND MAUNA KEA DEVELOPMENT CORP.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO ALL SPECIAL SETBACK AND PUNITIVE DAMAGES CLAIMS FILED NOVEMBER 3, 2005; DECLARATION OF BETTINA W. J. LUM; DECLARATION OF BRIAN A. KANG; EXHIBITS 34-36; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE |

| | |
|---|---|
| PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100,<br><br>Defendants. | **Hearing:**<br>**Date:** <u>January 23, 2006</u><br>**Time:** <u>9:00 a.m.</u><br>**Judge:** <u>Hon. J. Michael Seabright</u><br><br>**Trial Date: March 14, 2006** |

## MAUNA KEA PROPERTIES, INC. AND MAUNA KEA DEVELOPMENT CORP.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AS TO ALL SPECIAL SETBACK AND <u>PUNITIVE DAMAGES CLAIMS FILED NOVEMBER 3, 2005</u>

COME NOW Defendants MAUNA KEA PROPERTIES, INC. and

MAUNA KEA DEVELOPMENT CORP. (collectively, "Mauna Kea"), by and

through their attorneys, WATANABE ING & KOMEIJI LLP, and hereby submit

this reply memorandum in support of their Motion for Summary Judgment as to

All Special Setback and Punitive Damages Claims filed November 3, 2005

("Mauna Kea's Motion").

## I.    INTRODUCTION

Plaintiffs Western Sunview Properties, LLC, Guy Hands and Julia

Hands' (collectively, "Plaintiffs") memorandum in opposition and concise

statement to Mauna Kea's Motion ("Plaintiffs' Memorandum" and "Plaintiffs'

CS," respectively) attempt to create issues of fact where there are none, and are

2

rife with irrelevant, groundless, and improper argument.[1]  Additionally, although

Plaintiffs claim that Mauna Kea's motion ignores the facts, it is Plaintiffs who

refuse to acknowledge the facts in this matter and attempt to re-litigate issues

already determined by the Court.  As described below, the Court's prior orders and

the undisputed material facts compel the granting of the present motion.

## II.    ARGUMENT

### A.    In light of the law of the case, Plaintiffs fail in their burden of showing a genuine issue of material fact with respect to the setback claims, and those claims must be dismissed as a matter of law.

Under the law of the case doctrine, "issues that a district court

determines during pretrial motions become law of the case."  United States v.

Phillips, 367 F.3d 846, 856 (9th Cir. 2004).  As discussed in Mauna Kea's Motion,

this Court determined the law of the case in (1) its Order Granting in Part and

Denying in Part Defendants' Motion for Summary Judgment and Denying

---

[1]      For example, Plaintiffs' statements regarding Seibu Railway on pages 3-4 of Plaintiffs' Memorandum are wholly irrelevant, improper and should be stricken by this Court.  Moreover, although Plaintiffs' Memorandum and Plaintiffs' CS discuss the fraud and misrepresentation claims, those claims are not the subject of the present motion.  See Mauna Kea's Motion at 9, fn.1.  The fraud and misrepresentation claims are the subject of Mauna Kea's Motion for Summary Judgment based on Plaintiffs' Failure to Prove Damages, filed November 3, 2005 ("Mauna Kea's Motion re Damages"), and will thus be addressed in the memoranda relating to that motion.

Plaintiffs' Counter Motion for Summary Judgment ("9/15/04 Order"), and (2) its

Order Denying Plaintiffs' Motion for Clarification and Reconsideration Filed

September 21, 2004; Order Denying Plaintiffs' Second Motion for

Reconsideration Filed November 30, 2004; Order Denying Defendants' Motion

for Entry of Final Judgment and Rule 54(b) Certification ("2/22/05 Order").

 The Court should deny what essentially constitutes Plaintiffs' <u>third</u>

attempt to seek reconsideration of the Court's 9/15/04 Order and alter the law of

the case.

 A court properly exercises its discretion to reconsider an issue

previously decided in only three instances:  (1) the first decision was clearly

erroneous and would result in manifest injustice; (2) an intervening change in the

law occurred since the first decision; or (3) the evidence is substantially different

from the evidence presented at the time of the first decision.  <u>Milgard Tempering,</u>

<u>Inc. v. Selas Corp. of Am.</u>, 902 F.2d 703, 715 (9th Cir. 1990).  It is an abuse of

discretion for a court to depart from the law of the case where none of the three

circumstances exists.  <u>Phillips</u>, 367 F.3d at 856.  Plaintiffs have not argued that

any of these exceptions apply.  Accordingly, the law of the case, as set forth in the

9/15/04 Order and the 2/22/05 Order, governs the disposition of Mauna Kea's

Motion.

1.     **Counts II, VII, X, XI, XVII and XVIII must be dismissed pursuant to this Court's ruling that Section 4.17 was abandoned and that the Design Committee acted in good faith.**

In its 9/15/04 Order, this Court dismissed, among others, Counts II (Breach of Governing Documents and Protective CCRs), VII (Breach of Contract), X (Negligence), XI (Breach of the Covenant of Good Faith and Fair Dealing), XVII (Injunctive Relief), and XVIII (Declaratory Relief) against the Federmans. See Western Sunview Properties, LLC v. Federman, 338 F. Supp. 2d 1106, 1129 (2004). The dismissal of these claims was premised on the ruling that Section 4.17 of the Design and Construction Requirements for Homes ("Design Requirements") had been abandoned with respect to structures that do not block views. This ruling became the law of the case and governs all subsequent proceedings, including the instant motion for summary judgment.

Plaintiffs contend that it was Mauna Kea's duty to ensure that Section 4.17 was not abandoned during its control of the Design Committee. See Plaintiffs' Memorandum at 13-21. In arguing their position, however, Plaintiffs completely ignore this Court's finding that Section 8.8 of the Declaration of Protective Covenants, Conditions and Restrictions (the "CCRs") "**clearly** gives the design committee the power to grant variances to the design requirements

contained in Article IV, which include the establishment of the special setback area." 2/22/05 Order at 21 (footnote omitted) (emphasis added).

Moreover, this Court has already determined that "the [design] committee's decision to allow Defendants to construct their terrace and pool in the setback area is consistent with their decisions before and after to allow such improvements by other landowners in their setback areas," and that "the process followed by the [design] committee was reasonable, and that there is simply no evidence that it acted in bad faith." Id. at 22 (emphases added); see also McNamee v. Bishop Trust, 62 Haw. 397, 407, 616 P.2d 205, 211 (1980) (holding that as long as the committee's decision was reasonable and in good faith, its decision will be upheld).

As this Court has also already determined, it is disingenuous for Plaintiffs to now claim that the Design Committee somehow acted improperly when Plaintiffs were well aware, prior to the purchase of their property, of the Design Committee's power to grant variances,[2] and Plaintiffs themselves

---

[2]    Plaintiffs' current argument that "[t]he 'Q&A' has not been authenticated and its origin is unknown and not established" (Plaintiffs' CS at ¶¶ 7-8) contradicts the findings of this Court that "Guy Hands specifically requested information regarding whether a pool could be built in the Special Setback area" and that "Ms. Au twice sent him a document entitled 'Questions and Answers for The Bluffs' that stated that 'a pool or other structure that does not block views' can be built in the 'special' setbacks." Western Sunview Properties,

requested and received approval for a variance within their own setback area.[3] Id.

at 21-22; see also, Western Sunview Properties, LLC, 338 F. Supp. 2d at 1117

("Plaintiffs cannot effectively claim that the Design Committee did not have the

power to grant variances in the special setback area, when they themselves

requested and received variances from the Committee."). Further, it is also

disingenuous for Plaintiffs to now accuse Mauna Kea of allowing the

abandonment of Section 4.17 when they themselves have contributed to such

abandonment. See Mauna Kea's CS at ¶ 20; Western Sunview Properties, LLC,

338 F. Supp. 2d at 1115 ("**[A]ll** of the oceanfront lots namely Lot 1 through 12,

**including Plaintiffs' lot**, have received variances to build pools and terraces in the

special setback area.") (Emphases added).

---

LLC, 338 F. Supp. 2d at 1115; see also Mauna Kea's CS at ¶¶ 7-9. Additionally, the transmittal letters and Questions and Answers were authenticated by Plaintiffs' Realtor, Deborah Au, and acknowledged as received by Guy Hands. See Mauna Kea's CS at Exhibit 4 (58:15-24, 113:16-21); Deposition of Guy Hands dated February 5, 2005, attached to the Declaration of Brian A. Kang as Exhibit 36 (140:6-8, 144:23-145:7 and 147:18-148:5).

[3]    Moreover, Plaintiffs' argument that "no structures could be built in the [special setback] area" (Plaintiffs' memorandum at 1, 4 n.4) is wholly illogical and contradictory because Plaintiffs would not have requested variances to build in their own setback if they truly believed their own argument. Further, if it was so clear that **nothing** could be built in the setback as Plaintiffs claim, there would be no need to ask, as Mr. Hands did, whether a pool could be built in the setback. See Deposition of Guy Hands dated February 5, 2005, attached to the Declaration of Brian A. Kang as Exhibit 36 (144:23-145:7).

While the foregoing is dispositive, to the extent the Court considers them, Plaintiffs' arguments with respect to Mauna Kea's acts in connection with the design committee and approval of the Federman's plans are groundless. The undisputed evidence, for example, is that William Mielcke conducted two on-site inspections, hired architectural consultants, Belt Collins, and considered Plaintiffs' views.[4]  See Exhibit 34 and Exhibit 35 to the Declaration of Bettina W. J. Lum

_____

[4]     Indeed, this Court found:

> Mielcke and the Design Committee's consultant visited Lot 6 prior to granting [the Federmans'] approval, one time even walking up to Lot 5, and determined that the views from Lot 5 would be unaffected by [the Federmans'] proposed plans to build in the special setback area. To the extent that [the Federmans'] planned palapas blocked views, the Design Committee requested that the plans be changed.     [The Federmans'] architect Hill Glazier Architects also lowered the pool and terrace by eight feet, and changed the palapas to trellised pavilions, and ultimately eradicated them from the plans.

Western Sunview Properties, LLC, 338 F. Supp. 2d at 1117 (record citations omitted).  In its 2/22/05 Order, the Court further found:

> The evidence reveals that the [design] committee carefully considered the impact of [the Federmans'] plans on Plaintiffs' viewplane. Indeed, the committee required the [Federmans] to lower their terrace area by an additional eight feet in an effort to safeguard Plaintiffs' view. The Committee sought the advice of professional architectural consultants in reaching their decisions.

8

("Views from Lot 5 would not be obstructed."); Mielcke Declaration at ¶¶ 4-7.

Indeed, it was Mr. Mielcke who requested a staking in the Federman's lot in order

to determine whether views would be obstructed.  Plaintiffs' CS at Exhibit 64.

Under Leonard v. Stroebling, 728 P.2d 1358, 1362 (Nev. 1986), "[a]t minimum,

the committee members should have visited the proposed construction site and

ascertained its impact on [Plaintiffs'] properties," which the design committee did

in this case.

Moreover, all of Plaintiffs' arguments regarding Mauna Kea's actions

with respect to approval of the Federmans' plans are illusory and misleading.[5]  The

undisputed evidence shows that the Design Committee revoked the Federmans'

preliminary approval prior to Mr. Mielcke's retirement.  See Plaintiffs' CS at

Exhibits 64, 65 and 96.  Plaintiffs' own expert, David Callies, acknowledged that

─────────────────

2/22/05 Order at 22 (record citations omitted).

[5]    For example, in Plaintiffs' CS, Plaintiffs refer to the "Design
Committee" without distinguishing between the Design Committee prior to Mr.
Mielcke's retirement and the Design Committee after it had been turned over to
the Association.  See Plaintiffs' CS at ¶¶ 23, 42.  Plaintiffs allege, "The Design
Committee's architect testified that he did not visit Lot 5 to determine the impact
on the view of Lot 5..."  Id. at ¶ 42.  The architect referred to is Terry Tusher, a
consultant hired after Mr. Mielcke's retirement from the Design Committee.  See
id. at Exhibit 127 (8:23-25).  Even Plaintiffs' attorney acknowledged that Mr.
Tusher would not have any knowledge of the Design Committee when Mr.
Mielcke was on the Design Committee.  See id. at Exhibit 127 (25:18-21).

the preliminary approval of the Federmans plans "appears to be revoked by later letters dated December 22, 2000 and January 19, 2001." See id. at Exhibit 36, ¶ 5. In fact, the final approval of the Federmans' plans for construction in their setback occurred nearly six months after Mr. Mielcke had retired from the Design Committee. See Mauna Kea's CS at ¶ 25; Mauna Kea's CS at Exhibit 29. Hence, the undisputed evidence shows that Mauna Kea was not involved in granting the final approval to the Federmans' plans, and as such, Plaintiffs' arguments regarding the approval are irrelevant.

Mauna Kea further notes that many of the facts and arguments raised by Plaintiffs are immaterial to the present motion. As noted above, the fraud and misrepresentation claims are addressed in another motion. Moreover, while Plaintiffs attempt to relitigate issues relating to alleged conspiracies and conflicts of interest within the Design Committee, this Court has already rejected such groundless arguments in holding that the Design Committee acted reasonably and in good faith. 2/22/05 Order at 22. Finally, Plaintiffs' arguments with respect to the Robertson residence (Plaintiffs' Memorandum at 8) are wholly without basis in fact and have absolutely no relevance whatsoever to this lawsuit.

Given the foregoing, Plaintiffs' effort to relitigate issues and facts relating to the setback claims must be rejected, and the Court should enter

10

summary judgment in favor of Mauna Kea with respect to Counts II, VII, X, XI, XVII and XVIII of the First Amended Complaint filed April 27, 2004 ("First Amended Complaint).

> **2.      Counts IV, XIII and XV, and Plaintiffs' contention that Mauna Kea violated an alleged 100-foot shoreline setback must be dismissed because Plaintiffs failed in their burden to come forward with genuine issues of material fact.**

Mauna Kea's request for dismissal of Counts IV (Nuisance), XIII (Taking) and XV (Attorneys' Fees pursuant to <u>Uyemura v. Wick</u>, 57 Haw. 102, 551 P.2d 171 (1976)), and Plaintiffs' contention that Mauna Kea violated an alleged 100-foot shoreline setback is based on this Court's following findings:

1.  Plaintiffs simply cannot establish that a pool and terrace in any way diminishes the view from their lot;

2.  Plaintiffs' home did not suffer any diminution in value; Plaintiffs only stood to gain from the sale of their property, regardless of Defendant's pool;

3.  Plaintiffs could not assert a takings claim against non-governmental entities;

4.  Plaintiffs were not entitled to attorneys' fees under <u>Uyemura</u> because Plaintiffs could not assert their involvement in any litigation aside from the instant case; and

5.  No private right of action exists to enforce a shoreline setback.

<u>Western Sunview Properties, LLC</u>, 338 F. Supp. 2d at 1115, 1117-18, 1127-28.

As Plaintiffs have failed to address <u>any</u> of these findings, they have failed to meet their burden to "come forward with specific facts evidencing" a need for trial (Fed. R. Civ. P. 56(e)), and the Court must therefore dismiss Counts IV, XIII and XV of the First Amended Complaint.

**B.      <u>The punitive damages claim should be dismissed based on the law of the case doctrine and Plaintiffs' failure to come forward with clear and convincing evidence to support such a claim.</u>**

An award of punitive damages is not automatic, even when fraud is found.  <u>Kang v. Harrington</u>, 59 Haw. 652, 660, 587 P.2d 285, 291 (1978). "Punitive damages are in no way compensatory and are not available as a matter of right.  An award of punitive damages is purely incidental to the cause of action." <u>Id.</u>

Hawai'i law requires Plaintiffs to prove by **clear and convincing evidence** that Mauna Kea's conduct was wanton, oppressive or malicious.[6]  <u>See also</u> 2/22/05 Order at 27 ("[U]nder Hawaii law, a claim for fraud may give rise to punitive damages, but only after the additional finding that the behavior was

---

[6]      Plaintiffs acknowledge that they are entitled to punitive damages, if at all, only for the fraud claims, and not for the contract claims alleged against Mauna Kea in the First Amended Complaint.  Plaintiffs' Memorandum at 21-27; First Amended Complaint.  Accordingly, and pursuant to <u>Francis v. Lee Enterprises, Inc.</u>, 89 Hawaii 234, 240, 971 P.2d 707, 713 (1999), Plaintiffs' claim for punitive damages based on their non-fraud claims must fail as a matter of law.

wanton, oppressive, or malicious."); <u>Masaki v. General Motors Corp.</u>, 71 Haw. 1, 16, 780 P.2d 566, 575 (1989).

Like the Federmans, Mauna Kea's conduct was not wanton, oppressive or malicious. As more thoroughly discussed in Mauna Kea's Motion re Damages, Plaintiffs cannot prove any wanton or malicious wrongdoing on Mauna Kea's part.

First, Mauna Kea made no misrepresentations to Plaintiffs or their realtor regarding the prices of the lots. Plaintiffs have not put forth any evidence that contradicts this fact, other than their broad, unsupported statements alleging the opposite. <u>See</u> Plaintiffs' Memorandum at 21-27. Although Plaintiffs claim that Deborah Au confirmed prices with Mauna Kea, Ms. Au never said she "confirmed" selling prices by contacting Mauna Kea. It is unclear how Ms. Au "confirmed" selling prices, as Mauna Kea never listed prices with Multiple Listing Service and the prices allegedly "confirmed" for Lots 9 and 12 were incorrect and overstated the list prices and the prices on the conveyance tax certificates.[7] <u>See</u> CS in Support of Mauna Kea's Motion re Damages at ¶¶ 14, 20.

Second, Plaintiffs ignore the evidence and state that Mauna Kea

---

[7]     It is puzzling why Plaintiffs repeatedly refer to the Dual Agency Consent Agreement since Mauna Kea did not enter into a dual agency with Plaintiffs and was not required to perform due diligence on behalf of Plaintiffs.

recorded or induced the purchasers to record higher prices at the Bureau of Conveyances.[8] As discussed fully in Mauna Kea's Motion re Damages, the prices recorded were the prices at which the lots sold. Mauna Kea's Motion re Damages at 16-18. Credits do not reduce the amount of the purchase price.

Third, the fact that this Court ruled against Plaintiffs on their claim for punitive damages from the Federmans supports dismissal of the punitive damages claim against Mauna Kea. At the time of the 9/15/04 Order, the Court noted that the Federmans signed the conveyance transfer certificate submitted to the Bureau of Conveyances and submitted a handwritten note contesting the appraised value of Lot 6, claiming that the landscaping credit was an "accounting artifice." Western Sunview Properties, LLC, 338 F. Supp. 2d at 1128-29. Despite this, the Court ruled that "none of the actions Plaintiffs' allege were committed by [the Federmans] arises to the level of wanton, oppressive or malicious conduct," and "although Plaintiffs have presented some evidence that [the Federmans] made a misrepresentation about the purchase price of their home, they have not presented any evidence that [the Federmans'] conduct was malicious." Id. at

---

[8]    Plaintiffs additionally point out irrelevant statutes and state that reporting false information to the State Hawaii tax office is a violation of HRS § 231-36. Mauna Kea did not violate HRS § 231-36 inasmuch the conveyance tax certificates listed the "full and actual consideration" for each lot.

1128-29. If the Federmans' conduct does not rise to the level of wanton, oppressive or malicious conduct, the Court should also dismiss Plaintiffs' punitive damages claim against Mauna Kea.

Finally, Plaintiffs cite argument from their own experts for the proposition that Mauna Kea's conduct warrants punitive damages. Plaintiffs' Memorandum at 23-25. Plaintiffs have not cited any cases or any legal authorities which support a claim for punitive damages against Mauna Kea for providing incentives to increase sales activities.[9]

Accordingly, Plaintiffs' claim for punitive damages should be dismissed.

---

[9] Plaintiffs' argument that landscaping credits were still available when Plaintiffs purchased Lot 5 ignores that a landscaping credit was given a full month prior to the Hands' offer, and that the landscaping and grading credit given in November 1999 is irrelevant, as it was given for a back (non-oceanfront) lot. As Ms. Kohler testified, at the time that Plaintiffs sought to purchase Lot 5, there were no landscaping credits available for the last oceanfront lot. See CS in Support of Mauna Kea's Motion re Damages at Exhibit 4 (52:15-24).

Additionally, Plaintiffs cannot seriously argue that the market was in a slump at the time of their purchase having received two offers for Lot 5 within months of their own purchase, one of which was double of what they paid. Mauna Kea's CS at ¶¶ 14-16.

## IV.  **CONCLUSION**

For the foregoing reasons, Mauna Kea respectfully requests that its motion for summary judgment as to all special setback and punitive damages claims be granted.

DATED:  Honolulu, Hawai'i, January 12, 2006.

J. DOUGLAS ING
BRIAN A. KANG
EMI L. M. KAIMULOA
LISA S. HIRAHARA
Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS, | ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| vs. | ) ) |
| IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL NO. CV03-00463 JMS (LEK)

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing Reply in Support of Mauna Kea's Motion for Summary Judgment as to All Special Setback and Punitive Damages Claims was duly served upon the following attorneys to their last known addresses:

/

/

TERRANCE MATTHEW REVERE, ESQ.   (HAND-DELIVERY)
BRIAN A. BILBERRY, ESQ.
JACQUELINE E. THURSTON, ESQ.
Motooka Yamamoto & Revere LLLC
1000 Bishop Street, Suite 801
Honolulu, Hawaiʻi 96813

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, and JULIA HANDS


SIDNEY K. AYABE, ESQ.                    (HAND DELIVERY)
RONALD SHIGEKANE, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street, Pauahi Tower 2500
Honolulu, Hawaiʻi 96813

Attorneys for Defendants
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION


Dated: Honolulu, Hawaiʻi, January 12, 2006.

J. DOUGLAS ING
BRIAN A. KANG
EMI L. M. KAIMULOA
LISA S. HIRAHARA
Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

2