# Transcript of the Testimony of
# JULIA HANDS

**Date:** February 4, 2005
**Case No.:** CV03-00463
**Case:** WESTERN SUNVIEW PROPERTIES v. FEDERMAN

Carnazzo Court Reporting Company, Ltd.
Phone: (808)532-0222
Fax: (808)532-0234
Internet: www.carnazzo.com

**EXHIBIT WW**    FEB 1 4 2005

## Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

---:---

WESTERN SUNVIEW PROPERTIES,    )   CIVIL NO. CV03-0463 DAE(LEK)
LLC; GUY HANDS; AND JULIA      )
HANDS,                         )
                               )
              Plaintiffs,      )
                               )
     vs.                       )
                               )
IRWIN FEDERMAN; CONCEPCION     )
FEDERMAN; THE BLUFFS AT MAUNA  )
KEA COMMUNITY ASSOCIATION;     )
MAUNA KEA PROPERTIES, INC.;    )
MAUNA KEA DEVELOPMENT CORP.;   )
COUNTY OF HAWAII; JOHN DOES    )
1-100; JANE DOES 1-100; DOE    )
PARTNERSHIPS 1-100; DOE        )
CORPORATIONS 1-100,            )
                               )
              Defendants.      )
_____)

DEPOSITION OF JULIA HANDS

Taken on behalf of the Defendants Mauna Kea Properties, Inc.
and Mauna Kea Development Corp., at the law offices of
Watanabe Ing Kawashima & Komeji LLP, First Hawaiian Center,
999 Bishop Street, 23rd Floor, Honolulu, Hawaii, commencing
at 8:35 a.m., on Friday, February 4, 2005, pursuant to
Notice.

BEFORE:
    Amy Muroshige, CSR 166
    Notary Public, State of Hawaii

## Page 2

1  APPEARANCES:
2  For the Plaintiffs:    TERRANCE MATTHEW REVERE, ESQ.
                          Motooka Yamamoto & Revere LLLC
3                         1000 Bishop Street
                          Suite 801
4                         Honolulu, Hawaii 96813
                          -and-
5                         CHAD P. LOVE, ESQ
                          Love & Narikiyo
6                         1164 Bishop Street
                          Suite 105
7                         Honolulu, Hawaii 96813
8  For the Defendants     ANDREW V. BEAMAN, ESQ.
   Irwin Federman and     Chun Kerr Dodd Beaman & Wong
9  Concepcion Federman:   Topa Financial Center
                          Fort Street Tower
10                        745 Fort Street, Suite 900
                          Honolulu, Hawaii 96813
11                        -and-
                          MARK B. DESMARAIS, ESQ.
12                        Tom Petrus & Miller LLLC
                          1164 Bishop Street
13                        Suite 650
                          Honolulu, Hawaii 96813
14
   For the Defendants     J. DOUGLAS ING, ESQ.
15 Mauna Kea Properties,  Watanabe Ing Kawashima & Komeji
   Inc. and Mauna Kea     First Hawaiian Center
16 Development Corp.:     999 Bishop Street
                          23rd Floor
17                        Honolulu, Hawaii 96813
18 For the Defendants     RONALD SHIGEKANE, ESQ.
   The Bluffs at Mauna    Ayabe Chong Nishimoto Sia
19 Kea Community          & Nakamura
   Association:           2500 Pauahi Tower
20                        1001 Bishop Street
                          Honolulu, Hawaii 96813
21
   For the Defendant      JOSEPH K. KAMELAMELA, ESQ.
22 County of Hawaii:      Corporation Counsel
                          Hilo Lagoon Centre
23                        101 Aupuni Street, Suite 325
                          Hilo, Hawaii 96720
24
   Also Present: Guy Hands and Denise Ola Batty
25

## Page 3

                              INDEX

EXAMINATION BY:                              PAGE
MR. ING                          7
MR. BEAMAN                       105
MR. SHIGEKANE                    187
MR. ING                          200
MR. BEAMAN                       202

                            EXHIBITS
EXHIBIT     DESCRIPTION                      PAGE
1      List of square footage and       31
       prices of lots at Black Sands

2      Map of Nomura Hawaii Village     34

3      Various documents, the first    36
       being a copy of a check to
       Title Guaranty for $10,000,
       dated September 4, 1999

4      Transmittal from Beth            41
       Richardson to Mr. Hands

5      Fax to Beth Richardson from Guy  43
       and Julia Hands dated 20/09/99

6      Site plan for The Bluffs         45

7      Facsimile to Deborah Au from     49
       Rita Andrews, dated 10
       September 1999

8      Facsimile to Deborah Au from     55
       Rita Andrews, dated 16
       September 1999

9      Letter to Rita Andrews from      56
       Debi Au, dated September 16,
       1999

## Page 4

                              INDEX

                            EXHIBITS
EXHIBIT     DESCRIPTION                      PAGE
10     Facsimile to Deborah Au from     64
       Rita Andrews, dated September
       17, 1999

11     Fax from Debi Au to Mr. and      64
       Mrs. Hands, dated September 19,
       1999

12     Letter to Guy and Julia from     70
       Debi Au, dated September 20,
       1999

13     Fax to Julia and Guy from Debi   71
       Au, dated September 20, 1999

14     Letter to Tom Stifler from       77
       Debi, dated September 21, 1999

15     Sales Contract #1 for The        77
       Bluffs

16     Sales Contract #1 for The        77
       Bluffs

17     Addendum B dated September 20,   79
       1999

18     Facsimile to Guy Hands from E.   81
       Joy Jemmott, dated September
       23, 1999

19     Letter to Guy and Julia Hands    83
       from Debi, dated September 29,
       1999, and attachments

20     Receipt for Second Amended       84
       Public Offering Statement and
       Notice of Right to Cancel,
       dated October 5, 1999

21     Addendum C, dated October 9,     85
       1999

Page 5

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| 22 | Letter to Mr. and Mrs. Hands from Jeanne Buboltz, dated October 18, 1999 | 87 |
| 23 | Letter to Ms. Buboltz from Ronda Kent, dated October 19, 1999 | 88 |
| 24 | Letter to Guy and Julia from Debi Au, dated November 18, 1999 | 91 |
| 25 | Limited Warranty Deed, dated January 24, 2000 | 92 |
| 26 | Fax to Deborah Au from Title Guaranty, dated 1/14/2000 | 94 |
| 27 | Pages from witness's diary | 97 |
| 28 | Defendants Federmans' First Request for Production of Documents | 105 |
| 29 | Defendants Federmans' Second Request for Production of Documents | 111 |
| 30 | Stipulation and Order Re Discovery | 118 |
| 31 | Discovery Order, dated March 12, 2004 | 121 |
| 32 | Discovery Order, dated December 6, 2004 | 122 |
| 33 | Declaration of Julia Hands | 125 |

Page 6

INDEX
EXHIBITS

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| 34 | Two e-mails between Barry Crivello from Christine Vallance, dated July 23 and July 24, 2002 | 129 |
| 35 | Fax to Barry Crivello from Christine Vallance, dated 15 August 2002 | 131 |
| 36 | Fax to Rita Andrews from Debi Au, dated September 17, 1999 | 172 |
| 37 | Fax to Guy and Julia from Debi Au, dated January 27, 2000? | 172 |
| 38 | Fax to Debi Au from Guy Hands, dated 28 January 2000 | 173 |
| 39 | Fax to Guy Hands from Debi Au, dated May 20, 2000 | 174 |
| 40 | Exclusive Right-To-Sell Listing Agreement dated July 17, 2000 | 179 |
| 41 | Fax to Hamlet Bennett, et al., from Ronda Kent, dated August 22, 2002 | 182 |

Page 7

            JULIA HANDS,
called as a witness by and on behalf of the Defendants Mauna Kea Properties, Inc. and Mauna Kea Development Corp., having been first duly sworn to tell the truth, the whole truth and nothing but the truth, was examined and testified as follows:

            EXAMINATION
BY MR. ING:
Q    Would you state your name and your present residence address?
A    It's Julia Caroline Hands, Churchhill Court, 90 Kippington Road, Sevenoaks, Kent, England.
Q    Mrs. Hands, do you understand that this proceeding is called a deposition?
A    Yes.
Q    You've had your deposition taken previously?
A    Yes.
Q    On how many occasions?
A    Once.
Q    Do you understand that you are under oath?
A    Yes.
Q    And that you'll be responding to questions pursuant to the rules of discovery under the Hawaii -- I'm sorry, Federal Court, Federal Rules of Procedure?
A    Yes.
Q    Do you also understand that I'll be asking you

Page 8

questions and all of my questions and all of your answers will be taken down by the court reporter and at a later time typed up into a booklet form?
A    Yes.
Q    Do you understand that you'll have an opportunity to make corrections to that transcript?
A    Yes.
    MR. LOVE: Excuse me, Doug.
    MR. ING: Off the record.
    (Brief recess)
Q    (By Mr. Ing) Mrs. Hands, do you also understand that if your testimony changes between today and the time of trial in response to the same question, that we will have the right to confront you with any changes you make in your testimony --
A    Yes.
Q    -- at the time of trial?
A    Yes.
Q    I understand that you were a lawyer in the U.K.?
A    Yes.
Q    Were you -- what kind of law did you practice?
A    I did for security regulations law.
Q    Did you do any litigation in relationship to security litigation -- security work?
A    No, I didn't.
Q    Can you describe for me what security regulation

Page 129

1  there're all sorts of things. I don't know exactly what she
2  said.
3  Q    So your best memory today is that the understanding you
4  testified to in paragraph four of this declaration is
5  something that came from Ms. Vallance?
6  A    I think I just said -- I guess it did, yes.
7       MR. BEAMAN: Would you mark this the next in order,
8  please.
9       (Exhibit No. 34 was marked for identification.)
10 Q    (By Mr. Beaman) Showing you what's been marked as
11 Exhibit 34 to your deposition, Mrs. Hands, and just direct
12 your attention to the highlighted language in this e-mail
13 from Christine Vallance, dated July 24, 2002, "Julia is
14 checking her records." Do you see that?
15 A    Obviously, yes.
16 Q    And do you know what records she refers to there?
17      MR. REVERE: Objection, calls for speculation.
18      THE WITNESS: I imagine, I guess she was just referring
19 to the request for payment, which, as a manager of Western
20 Sunview, I have to sign in order for people to get paid.
21 Q    (By Mr. Beaman) As of July of 2002, did you have
22 possession of the checkbook for Western Sunview Properties?
23 A    No.
24 Q    Who did?
25 A    I believe it's Barry Crivello.

Page 130

1  Q    As of July of 2002, what records related to Hawaii did
2  you have in your possession?
3       MR. REVERE: Objection, vague and ambiguous, overbroad,
4  irrelevant, not calculated to lead to the discovery of
5  admissible evidence.
6       THE WITNESS: You've got to repeat the question, sorry.
7  Q    (By Mr. Beaman) As of July of 2002, Mrs. Hands, what
8  documents related to Hawaii did you have in your possession?
9  A    You mean at that date? When you say "as of," you mean
10 at that date?
11 Q    As of that date, yes.
12      MR. REVERE: Objection, calls for speculation.
13      THE WITNESS: July 2002, sorry.
14      MR. REVERE: Sorry, seeks documents that are not
15 relevant and not calculated to lead to the discovery of
16 admissible evidence, but you can answer, if you can.
17      THE WITNESS: I can't remember whether we'd started
18 construction at that stage so I don't know what we would have
19 had -- what I would have had regarding the actual building.
20 I would have had copies of the purchase documents, I imagine.
21 Otherwise, I don't really know.
22 Q    (By Mr. Beaman) As of July of 2002, did you maintain
23 your records related to Hawaii in anyplace other than your
24 study at home?
25      MR. REVERE: Objection, vague, ambiguous, overbroad,

Page 131

1  seeks evidence that's irrelevant, not likely to lead to the
2  discovery of admissible evidence.
3       THE WITNESS: Well, such papers as I kept, I kept in my
4  study.
5       MR. BEAMAN: Okay. Would you mark this as the next in
6  order, please.
7       (Exhibit No. 35 was marked for identification.)
8  Q    (By Mr. Beaman) I'm showing you what's been marked as
9  Exhibit 35 to your deposition, Mrs. Hands. I direct your
10 attention to the third page of the exhibit. Do you see the
11 highlighted language in paragraph C?
12 A    I can see it, yes.
13 Q    In this memorandum of August 15, 2002, to Barry
14 Crivello, Christine Vallance writes, "Julia used to deal
15 exclusively with Hawaiian expenditure and I only got involved
16 with payment of invoices in the last year, further, I only
17 started working for Guy in September 2000, so have no history
18 prior to that at all." First of all, was it true that prior
19 to August 15, 2002, you used to deal exclusively with
20 Hawaiian expenditure?
21      MR. REVERE: Objection, vague and ambiguous, overbroad,
22 calls for speculation.
23      THE WITNESS: That's not my recollection at all. I
24 might be wrong. The way I remember it is that Barry Crivello
25 always handled it, but, as I say, I could be wrong, it's a

Page 132

1  long time ago now.
2  Q    (By Mr. Beaman) All right. The next sentence says,
3  "Julia recently sent some of her Hawaii files (which comprise
4  two archive boxes of loose paper) up to the office for
5  sorting and this has now been done to some degree and, in the
6  process, a checkbook was found with 31 check stubs in it,
7  however, these certainly won't represent all previous
8  payments (for example, wire transfers) and also the
9  narratives are not exactly comprehensive." Do you see that?
10 A    Yes, I can see it, yes.
11 Q    Is that statement consistent with your memory of what
12 you did on or about August 15 of 2002?
13      MR. REVERE: Objection, vague and ambiguous, calls for
14 speculation, object to the form of the question. You can
15 answer.
16      THE WITNESS: I don't recall.
17 Q    (By Mr. Beaman) Okay. You don't recall bringing two
18 boxes of papers up to the office for sorting?
19 A    I don't remember doing it, no, but I'm sure 'cause
20 Christine has written that I did do that.
21 Q    She also says "in the process, a checkbook was found
22 with 31 checks stubs in it." Do you know why that checkbook
23 has never been produced to us in this case?
24      MR. REVERE: Objection, assumes facts not in evidence,
25 argumentative, calls for speculation, assumes facts not in