# DEPOSITION OF DODIE MACARTHUR TAKEN 11/22/04

*Page 1 to Page 159*

CONDENSED TRANSCRIPT AND CONCORDANCE
PREPARED BY:

# RALPH ROSENBERG COURT REPORTERS, INC.
1001 Bishop Street
2460 Pacific Tower
Honolulu, HI 96813
Phone: (808) 524-2090
FAX: (808) 524-2596

DEC 08 2004

EXHIBIT 49

## Page 1

(1) IN THE UNITED STATES DISTRICT CIRCUIT
(2) FOR THE DISTRICT OF HAWAII
(3) WESTERN SUNVIEW         ) CASE NO. CV03-00463 DAE/LEK
(4) PROPERTIES, LLC, et al., )
(5)          Plaintiffs,    )
(6)     vs.                 )
(7)                         )
(8) IRWIN FEDERMAN, et al., )
(9)          Defendants.    )
(10) _____)
(11)
(12)        DEPOSITION OF DODIE MACARTHUR
(13)
(14) Taken on behalf of Defendants at the offices of Ralph
(15) Rosenberg Court Reporters, Incorporated, Suite D212,
(16) 75-170 Hualalai Road, Kailua-Kona, Hawaii, commencing
(17) at 9:00 a.m. on November 22, 2004, pursuant to Notice.
(18)
(19) **REPORTED BY:**
(20)   DEBORAH A. NG, CSR 336
(21)     Registered Professional Reporter
(22)     Notary Public, State of Hawaii

## Page 2
### APPEARANCES

(3) For Plaintiffs        TERRANCE M. REVERE, ESQ.
(4) Western Sunview       Suite 801
(5) Properties, LLC:      1000 Bishop Street
(6)                       Honolulu, Hawaii 96813

(8) For Defendants        ANDREW V. BEAMAN, ESQ.
(9) Irwin Federman,       9th Floor
(10) et al.:              745 Fort Street
(11)                      Honolulu, Hawaii 96813

(13) For Defendants       J. DOUGLAS ING, ESQ.
(14) Mauna Kea Properties, First Hawaiian Center
(15) et al.:              23rd Floor
(16)                      999 Bishop Street
(17)                      Honolulu, Hawaii 96813

(19) For Defendant        RONALD N. SHIGEKANE, ESQ.
(20) The Bluffs at        Suite 2500, Pauahi Tower
(21) Mauna Kea Community  1001 Bishop Street
(22) Association:         Honolulu, Hawaii 96813

## Page 3

(1) For Defendant        HARRY P. FREITAS, ESQ.
(2) County of Hawaii:    Department of Corporation
(3)                      Counsel
(4)                      Suite 325
(5)                      Hilo Lagoon Centre
(6)                      101 Aupuni Street
(7)                      Hilo, Hawaii 96720

(9) For Dodie MacArthur:  FRANCIS L. JUNG, ESQ.
(10)                      Jung & Vassar
(11)                      Suite D214
(12)                      75-170 Hualalai Road
(13)                      Kailua-Kona, Hawaii 96740

## Page 4
### I N D E X

(3) **EXAMINATION BY:**                          PAGE

(5) Mr. Beaman                                   7
(6) Mr. Ing                                      99
(7) Mr. Beaman                                   149

(9)           EXHIBITS FOR IDENTIFICATION

(11) Deposition Exhibit 1
(12) Confidentiality agreement.                  29

(14) Deposition Exhibit 2
(15) Final buyer's statement.                    34

(17) Deposition Exhibit 3
(18) Letter, 9/12/99.                            50

(20) Deposition Exhibit 4
(21) Letter, 9/16/99.                            54

(23) Deposition Exhibit 5
(24) Calendar page, 4/5/00.                      59

### Page 145

(1) calls for speculation, assumes facts not in evidence.
(2) A. I don't recall.
(3) BY MR. ING:
(4) Q. I'm not asking you what you thought back in
(5) 1999. I'm asking you what you glean from the
(6) information that's in all of these exhibits today?
(7) MR. REVERE: Objection, calls for improper
(8) opinion testimony, calls for speculation, no
(9) foundation, incomplete hypothetical.
(10) MR. JUNG: Join. You may respond.
(11) A. I'm sorry, but I lost the question. What was
(12) the question again, I'm sorry?
(13) (Record read by the reporter.)
(14) But you're going to have to go back to what I'm
(15) supposed to be gleaning. I wasn't clear on that.
(16) BY MR. ING:
(17) Q. Let me rephrase the question. Based on the
(18) information you reviewed today and based upon your
(19) knowledge of high end real estate sales on the Gold
(20) Coast, did the closing price for Lot 5 in January of
(21) 2000 followed by the offer by Mr. Leone in March of
(22) 2000 at twice the closing price, did that indicate to
(23) you there was a scarcity of oceanfront property on the
(24) Gold Coast?
(25) MR. REVERE: Objection, calls for improper

### Page 146

(1) opinion testimony, speculation, incomplete
(2) hypothetical, assumes facts not in evidence.
(3) MR. JUNG: You may respond.
(4) A. Yes.
(5) BY MR. ING:
(6) Q. Have you ever felt that the Hands paid too much
(7) for Lot 5 at The Bluffs?
(8) MR. REVERE: Objection, calls for opinion
(9) testimony, improper opinion testimony, calls for
(10) speculation, assumes facts not in evidence.
(11) A. I don't recall.
(12) BY MR. ING:
(13) Q. As you sit here today, based on everything
(14) you've reviewed, did the Hands pay too much for Lot 5
(15) at The Bluffs?
(16) MR. REVERE: Objection, vague and ambiguous,
(17) incomplete hypothetical, calls for speculation,
(18) assumes facts not in evidence, improper opinion
(19) testimony.
(20) MR. JUNG: Objection, calls for a conclusion.
(21) You may respond.
(22) A. Based on today's market, no.
(23) BY MR. ING:
(24) Q. Do you believe that the price that was paid by
(25) the Hands for Lot 5 was a fair price?

### Page 147

(1) MR. REVERE: Same objection, incomplete
(2) hypothetical, assumes facts not in evidence.
(3) MR. JUNG: Objection, calls for a conclusion,
(4) join. You may respond.
(5) A. Yes.
(6) MR. ING: Can we have this marked as next
(7) exhibit in order, please?
(8) (Deposition Exhibit 21
(9) marked for identification.)
(10) Q. Mrs. MacArthur, would you take a look at
(11) Exhibit 21? Do you recognize what this is?
(12) A. Yes.
(13) Q. What is it?
(14) A. It looks like a fax report.
(15) Q. Did you routinely receive these fax reports?
(16) A. Yes.
(17) Q. This one happened to be in the Lot 5 -- your
(18) files for the purchase of Lot 5. Do you know why it
(19) was in there?
(20) A. I don't recall.
(21) Q. How often do you receive these fax reports?
(22) A. I don't recall.
(23) Q. They're listed by job number in the left-hand
(24) corner?
(25) A. Yes.

### Page 148

(1) Q. Are they numbered in a sequential fashion?
(2) A. Yes.
(3) Q. And what distinguishes one job from another
(4) job?
(5) A. Phone numbers.
(6) Q. Do you maintain records of these in your
(7) offices?
(8) A. Yes.
(9) Q. Electronically or hard copy?
(10) MR. REVERE: I'm going to object, vague and
(11) ambiguous.
(12) MR. JUNG: You may respond.
(13) A. Hard copy.
(14) BY MR. ING:
(15) Q. And where are they maintained?
(16) A. With our files.
(17) Q. What are the files labelled?
(18) A. I believe that they were -- I don't recall what
(19) it was labelled, actually, at that time.
(20) Q. What is it labelled today?
(21) A. I don't recall what we label them today.
(22) Q. How would you describe those files of those
(23) records for purposes of your office procedures?
(24) A. Fax reports.
(25) MR. ING: That's all I have. Thank you.

Page 153

(1) A. I don't recall.
(2) BY MR. BEAMAN:
(3) Q. When you visited Mr. Hands in London, could you
(4) describe his office for me?
(5) A. I just remember it being big.
(6) Q. Big. Do you consider Mr. and Mrs. Hands to
(7) have been sophisticated buyers?
(8) MR. REVERE: Objection, vague and ambiguous,
(9) argumentative.
(10) A. I didn't make a judgment.
(11) BY MR. BEAMAN:
(12) Q. Have you ever made a judgment as to whether
(13) Mr. and Mrs. Hands are sophisticated purchasers?
(14) MR. REVERE: Same objections.
(15) MR. JUNG: You may respond.
(16) A. No.
(17) BY MR. ING:
(18) Q. From your dealings with him does he appear to
(19) be someone who knows what he's doing?
(20) MR. JUNG: Objection, vague. You may respond.
(21) BY MR. BEAMAN:
(22) Q. Let me rephrase it. Do you know what
(23) Mr. Hands' business is?
(24) A. I have some idea. He had something to do with
(25) Nomura Securities at one point.

Page 154

(1) Q. Do you know what he does or did at Nomura
(2) Securities?
(3) A. No. I don't recall.
(4) Q. When you deal with a particular client, do you,
(5) generally, try to make some kind of judgment as to
(6) whether that client is knowledgeable or not
(7) knowledgeable or sophisticated or not sophisticated
(8) with respect to real estate?
(9) MR. REVERE: Objection, vague and ambiguous.
(10) MR. JUNG: You may respond.
(11) A. So let's see. Do I make a judgment about it?
(12) BY MR. BEAMAN:
(13) Q. Yes. Is that one of the things you take into
(14) consideration when you deal with a particular client?
(15) A. I treat all my clients the same, as far as
(16) educating them. Are you talking about me personally?
(17) Q. Yes.
(18) A. Yeah.
(19) Q. When you look for comparable transactions, if
(20) you're trying to advise a client about what a
(21) particular piece of property is worth, what sources do
(22) you go to to find out about comparable transactions?
(23) A. Multiple listing service.
(24) Q. Do you know where the multiple listing service
(25) gets its information?

Page 155

(1) A. From brokers.
(2) Q. Do you ever go to the tax office to look for
(3) information on comparable transactions?
(4) A. Do I go to the tax office, no.
(5) Q. To your knowledge, do any of your agents go to
(6) the tax office to find information about comparable
(7) transactions?
(8) A. I don't know.
(9) Q. Have you ever heard of one of your agents doing
(10) such a thing?
(11) A. I don't recall.
(12) Q. Do you know what tax office you would go to to
(13) try to find information about comparable transactions?
(14) A. Yes.
(15) Q. Which tax office is that?
(16) A. Hilo.
(17) Q. And is that the County of Hawaii, Real Property
(18) Tax Assessment office?
(19) A. Go to the Bureau of Conveyances so it would be
(20) the county. I've never gone.
(21) Q. You've never gone?
(22) A. No.
(23) Q. So you're not sure whether you could find that
(24) information in Hilo or not?
(25) A. No.

Page 156

(1) Q. Do you have any facts or information whatsoever
(2) that would suggest to you that Western Sunview
(3) Properties paid something more than fair market value
(4) for Lot 5?
(5) MR. REVERE: Objection, no foundation,
(6) competency, no personal knowledge, incomplete
(7) hypothetical, vague and ambiguous, argumentative.
(8) MR. JUNG: Objection, calls for a conclusion.
(9) You may respond.
(10) A. If I have any material facts, no.
(11) MR. BEAMAN: Let's go off the record for one
(12) second.
(13) (Discussion was held off the record.)
(14) Just for the record Mr. Jung and I have agreed
(15) that he and his clients will make the best efforts to
(16) see whether any information might be recoverable from
(17) the computer that had been used at The Orchid at Mauna
(18) Lani, assuming it's still there, and also that his
(19) client would make best efforts to locate the file of
(20) MacArthur & Company with respect to the development
(21) management services.
(22) MR. JUNG: Agreed.
(23) MR. BEAMAN: That's all I have. Harry, do you
(24) have any questions?
(25) MR. FREITAS: I don't have any.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100,<br><br>　　　　　Defendants. | CIVIL NO. CV03-00463 JMS (LEK)<br><br>CERTIFICATE OF COMPLIANCE |

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies, pursuant to LR 7.5(c) and (e), that the foregoing reply memorandum contains 4,333 words and thus complies with the 4,500 word count limitation in LR 7.5(c).

/

/

3

Dated: Honolulu, Hawai'i, January 12, 2006.

/s/ J. Douglas Ing
_____
J. DOUGLAS ING
BRIAN A. KANG
EMI L. M. KAIMULOA
LISA S. HIRAHARA
Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

---

Western Sunview Properties, et al. v. Irwin Federman et al., Civil No. CV03-00463 JMS (LEK); Mauna Kea Properties, Inc. and Mauna Kea Development Corp.'s Reply Memorandum in Support of Motion for Summary Judgment Based on Plaintiffs' Failure to Prove Damages; Certificate of Compliance.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100,<br><br>　　　　　Defendants. | CIVIL NO. CV03-00463 JMS (LEK)<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a copy of the foregoing document was duly served upon the following attorneys to their last known addresses:

/

/

TERRANCE MATTHEW REVERE, ESQ.   (HAND-DELIVERY)
BRIAN A. BILBERRY, ESQ.
JACQUELINE E. THURSTON, ESQ.
Motooka Yamamoto & Revere LLLC
1000 Bishop Street, Suite 801
Honolulu, Hawai'i 96813

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, and JULIA HANDS


SIDNEY K. AYABE, ESQ.                            (HAND DELIVERY)
RONALD SHIGEKANE, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street, Pauahi Tower 2500
Honolulu, Hawai'i 96813

Attorneys for Defendants
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

/

/

/

/

/

2

Dated: Honolulu, Hawai'i, January 12, 2006.

/s/ J. Douglas Ing

J. DOUGLAS ING
BRIAN A. KANG
EMI L. M. KAIMULOA
LISA S. HIRAHARA
Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

---

<u>Western Sunview Properties, et al. v. Irwin Federman et al.</u>, Civil No. CV03-00463 JMS (LEK); Mauna Kea Properties, Inc. and Mauna Kea Development Corp.'s Reply Memorandum in Support of Motion for Summary Judgment Based on Plaintiffs' Failure to Prove Damages; Certificate of Service.

3