*oc-JMS*

368517.4

WATANABE ING & KOMEIJI LLP
A Limited Liability Partnership

| | |
|---|---|
| J. DOUGLAS ING | # 1538-0 |
| BRIAN A. KANG | # 6495-0 |
| EMI L. M. KAIMULOA | # 7794-0 |
| LISA S. HIRAHARA | # 8150-0 |

First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawai'i 96813
Telephone No. (808) 544-8300
Facsimile No. (808) 544-8399
E-mail: lhirahara@wik.com

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 3 1 2006

at __3__ o'clock and __48__ min. __P__ M
SUE BEITIA, CLERK

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS, <br><br> Plaintiffs, <br><br> vs. <br><br> IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE | CIVIL NO. CV03-00463 JMS (LEK) <br><br> MAUNA KEA PROPERTIES, INC. AND MAUNA KEA DEVELOPMENT CORP.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON LACK OF DAMAGES; CERTIFICATION OF COUNSEL; CERTIFICATE OF SERVICE |

| PARTNERSHIPS | ) | **Hearing:** |
| 1-100; DOE CORPORATIONS 1-100, | ) | **Date:** __January 24, 2006__ |
| | ) | **Time:** __11:00 a.m.__ |
| Defendants. | ) | **Judge:** __Hon. J. Michael Seabright__ |
| | ) | |
| _____ | ) | **Trial Date: continued** |

## MAUNA KEA PROPERTIES, INC. AND MAUNA KEA DEVELOPMENT CORP.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED ON LACK OF DAMAGES

COME NOW Defendants MAUNA KEA PROPERTIES, INC. ("MKP") and MAUNA KEA DEVELOPMENT CORP. ("MKDC") (collectively, "Mauna Kea"), by and through their attorneys, WATANABE ING & KOMEIJI LLP, and hereby submit this supplemental memorandum in support of their motion for summary judgment based on Plaintiffs Western Sunview Properties, LLC ("WSP"), Guy Hands, and Julia Hands' ("the Hands") (collectively, "Plaintiffs") failure to prove damages, filed herein on November 3, 2005.

This memorandum is submitted pursuant to this Court's order, at the January 24, 2006 hearing on the foregoing motion, to submit supplemental briefs on the issue of whether the alleged misrepresentations made to the Hands prior to the formation or existence of WSP can be imputed to WSP for purposes of the fraud, negligent misrepresentation, unfair or deceptive practices (HRS § 480-2), and Uniform Land Sales Practices Act (HRS § 484) claims.  As discussed below, the alleged misrepresentations cannot be imputed to WSP.

2

An entity that was not in existence when alleged misrepresentations were made does not have a claim based on such misrepresentations, unless such a claim has been specifically assigned to that entity. See Roger BOC, LLC v. Weigel, 744 So. 2d 731 (La. Ct. App. 1999); Nearpark Realty Corp. v. City Inv. Co., 112 N.Y.S.2d 816 (1952); In re Ettar Realty Co., 163 A.D. 409, 148 N.Y.S. 625 (1914). In light of the separable nature of a sales contract and a claim for fraud, such an assignment would have to be explicit.[1] Milton R. Friedman, Friedman on Contracts and Conveyances of Real Property § 2.3 (6th ed. 1998).

In Roger BOC, LLC v. Weigel, 744 So. 2d 731, 732 (La. Ct. App. 1999), four individuals purchased property and subsequently transferred that property to a wholly owned limited liability company. The individuals and the LLC filed an action for fraud, redhibition, and misrepresentation, claiming that they had been misled during negotiations for the purchase of the property. Id. In holding that only the four individuals could pursue the claims, the court stated,

The theoretical error of the trial court is that it assumed that the LLC

_____

[1]Given Mauna Kea's position in this supplemental brief, it withdraws its alternative argument for purposes of these motions that the plain language of the assignment was, in effect, an assignment of all claims from the Hands to WSP. As to the dismissal of all claims asserted by the Hands, Mauna Kea rests on its argument that the merger doctrine precludes the Hands' interest in this proceeding. Furthermore, Mauna Kea does not waive any arguments that a claim for fraud is personal and therefore not assignable.

> may maintain an action for fraud against the Defendants. As a
> separate and distinct legal entity, the LLC did not participate in the
> negotiations with the Defendants that led to the sale of the property. .
> . . Consequently, only the four Plaintiffs, allegedly, have been directly
> damaged by the Defendants' alleged fraud. . . . In other words, the
> wrong was perpetrated against them individually. Their right of
> action for fraud, redhibition, and negligent misrepresentation is
> personal to them, individually.

Id. at 734. The court thus dismissed the LLC as a plaintiff and ruled that the four

individuals could pursue the action. Id.

In Nearpark Realty Corp. v. City Inv. Co., 112 N.Y.S.2d 816, 817 (1952), a

corporation, as an assignee of a real estate sales contract, filed an action for

fraudulent misrepresentation and concealment. The court noted that "[a]t the time

the contract was entered into the plaintiff corporation was not yet in existence."

Id. The court held, based on the following analysis, that the corporation did not

have a cause of action:

> It follows that only the plaintiff's assignor may rescind or sue for
> damages for fraud and deceit; the representations were made to it and
> it alone had the right to rely upon them since there was not an
> assignment to the plaintiff of the cause of action for rescission or of
> the cause of action for fraud and deceit.

Id. The court then distinguished the assignment of the sales contract from an

assignment of a cause of action for fraud and noted that the foregoing analysis was

not affected by the fact that the assignor and assignee were essentially made up of

the same individuals. Id.; see also In re Ettar Realty Co., 163 A.D. at 410-12, 148

4

N.Y.S. at 625-27 (holding that an entity could not pursue a deceit claim because "when the contract was made, the [entity] had not been incorporated" and that there was no evidence of any assignment of such a claim to the entity).

In this case, as in Roger BOC, LLC, Nearpark Realty Corp., and In re Ettar Realty Co., it is undisputed that WSP was a separate and distinct legal entity that was not in existence when the sales contract was signed and did not participate in the negotiations that led up to the sale of Lot 5. It makes no difference that the Hands eventually became the managers of WSP. The fact is that the misrepresentation claims are personal to the Hands. They cannot claim to have been wearing both hats -- that as managers and as individuals. Furthermore, there is no evidence of a specific assignment of any causes of action founded upon the alleged misrepresentations. Accordingly, WSP must be dismissed as a plaintiff for the fraud, negligent misrepresentation, HRS § 480-2, and HRS § 484 claims.

DATED: Honolulu, Hawai‘i, January 31, 2006.

J. DOUGLAS ING
BRIAN A. KANG
EMI L. M. KAIMULOA
LISA S. HIRAHARA
Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.