ORIGINAL

FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Tel. No. (415) 986-2800
Fax No. (415) 986-2827
Email address: ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE 5857-0
JACQUELINE E. THURSTON 7217-0
BRIANNE L. ORNELLAS 8376-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email Address: terry@myrhawaii.com

Attorneys for Plaintiffs.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 1 2006

at 11 o'clock and ___min. ___M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; and JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY<br>(*caption continues*) | Civil No. 03-00463 JMS LEK<br>(Other Civil Action; Declaratory Judgment)<br><br>**PLAINTIFF WESTERN SUNVIEW PROPERTIES, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MAUNA KEA'S MOTION FOR SUMMARY JUDGMENT REGARDING FAILURE TO PROVE DAMAGES; ATTORNEY CERTIFICATION;** |

| | |
|---|---|
| ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,<br><br>      Defendants. | **CERTIFICATE OF SERVICE** |

Plaintiff Western Sunview Properties, LLC ("Western Sunview") respectfully submits this supplemental brief in opposition to Defendants Mauna Kea Properties, Inc. and Mauna Kea Development Corporation's (collectively, "Mauna Kea") argument that summary judgment must be granted on Western Sunview's fraud claim against Mauna Kea – which is based on Mauna Kea's misrepresentations concerning the purchase price of other lots at The Bluffs – because Western Sunview was not yet formed when these representations were made. Mauna Kea's position is inconsistent with this Court's prior rulings, Hawaii case law, the RESTATEMENT (SECOND) OF TORTS, and sound policy. Mauna Kea's argument should accordingly be rejected by this Court.

## I.   ARGUMENT

### A.   This Court Has Already Rejected A Similar Argument, Ruling That A Defendant Need Not Have A Particular Person In Mind As The Intended, Or Even The Probable, Recipient Of The Misrepresentations.

This Court has already rejected a similar argument when it decided the Federmans' motion for summary judgment. The Federmans argued that they were not liable for making representations concerning the selling price of their lot, "because they never made any representation to Plaintiff [Western Sunview]," and because "fraud requires that they have communicated the price of their home to Plaintiffs, which they did not do." *Western Sunview*

1

*Properties, LLC v. Federman*, 338 F. Supp. 2d 1106, 1119, 1120 (D. Haw. 2004).

This Court rejected the Federmans' argument, stating that "[c]ourts have held that with respect to a negligent misrepresentation, the defendant need not have a particular person in mind as the intended, or even the probable recipient of the information." *Id.* at 1120 (citing *Kohala Agric. v. Deloitte & Touche*, 86 Haw. 301, 330, 949 P.2d 141 (Haw. Ct. App. 1997)).[1] Therefore, this Court ruled that the test is "whether Defendants should have known that prospective buyers, as a class, would rely on their misrepresentation of the selling price, and whether they in fact contemplated such reliance." *Id.* at 1120 (emphasis added).[2]

Consequently, it is irrelevant whether Western Sunview was formed at the time that Mauna Kea made its misrepresentations. The issue is whether Mauna Kea contemplated that the class of prospective buyers would rely on

---

[1] This Court also determined that since the scope of liability for negligent misrepresentation is narrower than that for fraud, the same consideration applies to fraud claims. *Id.* (citing *Kohala Agric.*, 86 Haw. at 321).

[2] As the California Court of Appeal has stated, "[i]f a representation is made with 'intent to defraud . . . a particular class of persons,' the one making such a representation is deemed to have intended 'to defraud every individual in that class who is actually misled by the deceit.'" *Varwig v. Anderson-Behel Porsche/Audi, Inc.*, 74 Cal. App. 3d 578, 580 (Cal. Ct. App. 1977) (quoting 4 Witkin, Summary of Calif. Law, Torts § 467) (holding that Anderson-Behel could be liable to plaintiff for misrepresentation of title, where Anderson-Behel sold a vehicle to Autocar, which in turn sold the vehicle to plaintiff).

2

those misrepresentations. Since the evidence shows that Mauna Kea did contemplate such reliance – or at least that there is a triable issue of fact as to whether Mauna Kea did so – this Court should reject Mauna Kea's argument.

### B. Hawaii Case Law Establishes That A Defendant Can Be Liable For Misrepresentations, Even If The Misrepresentations Were Made Before A Business Entity Was Formed.

Mauna Kea's argument has been rejected by the Hawaii Intermediate Court of Appeals. In *Kohala Agriculture v. Deloitte & Touche*, 86 Haw. 301, 949 P.2d 141 (Haw. Ct. App. 1997), plaintiffs alleged that Keaau Agriculture ("Keaau") and some of its investors suffered damages in reliance on the 1983 Kohala report prepared by Deloitte & Touche ("D & T"). *Id.* at 304. The Hawaii Intermediate Court of Appeals held that there were "genuine issues of material fact as to whether D & T owed a duty to Keaau with respect to the 1983 Kohala report," even though "Keaau was formed after the issuance of the 1983 Kohala report." *Id.* at 326 (emphasis added).

On D &T's motion for reconsideration, the court rejected the same argument that Mauna Kea makes here. D & T argued that "because Keaau was not formed until after the 1983 Kohala report was issued, any 'intent to benefit' Keaau, required for liability to attach under section 552 [of the RESTATEMENT (SECOND) OF TORTS], was 'an impossibility.'" *Id.* at 330 n.3. Relying on comment h to section 552, the court held that D & T's argument was

3

"mistaken[]." *Id.*[3] Comment h provides that, "as in the case of the fraudulent misrepresentation . . ., it is not necessary that the maker should have any particular person in mind as the intended, or even the probable, recipient of the information." RESTATEMENT (SECOND) OF TORTS § 552 cmt. h. Instead, it is sufficient if the maker of the representation intends to influence

> <u>a group or class of persons</u>, distinct from the much larger class who might reasonably be expected sooner or later to have access to the information and foreseeably to take some action in reliance upon it. It is enough, likewise, that the maker of the representation knows that his recipient intends to transmit the information to a similar person, persons or group. <u>It is sufficient, in other words, insofar as the plaintiff's identity is concerned, that the maker supplies the information for repetition to a certain group or class of persons and that the plaintiff proves to be one of them</u>, even though the maker never had heard of him by name when the information was given.

*Id.* (emphasis added).

Since Mauna Kea argues that Western Sunview ultimately purchased Lot 5, Mauna Kea must concede that Western Sunview is part of the class of prospective buyers of Lot 5 – or, at least, that there is a triable issue of fact as to whether this is the case.

### C. Mauna Kea Should Not Escape Liability For Its Fraud.

Mauna Kea seeks to "immunize" its fraudulent conduct by eliminating each of the Plaintiffs. Its argument shows why the rules for "expected

---

[3] Section 552 has been recognized by the Hawaii Supreme Court. *State ex rel. Bronster v. U.S. Steel Corp.*, 82 Haw. 32, 40-41, 919 P.2d 294, 302-03 (1996).

4

reliance" have become more liberal.[4] Mauna Kea argues that Western Sunview cannot vindicate its rights because it did not exist when Mauna Kea made its misrepresentations. Yet, Mauna Kea also argues that Hands cannot recover because Western Sunview, rather than the Hands, was the ultimate purchaser of Lot 5. Under Mauna Kea's theory, Mauna Kea can make misrepresentations in contemplation of prospective purchasers reliance on them, Plaintiffs as prospective purchasers can rely on them, Plaintiffs can be damaged as a result of their reliance, and yet no one can recover for Mauna Kea's fraud. Mauna Kea's position contradicts sound policy and common sense.

## II.   CONCLUSION

Mauna Kea's argument that Western Sunview cannot recover for Mauna Kea's misrepresentations – even though Western Sunview relied on those misrepresentations to its detriment – must be rejected.

DATED: Hilo, Hawaii, January 31, 2006.

_____
TERRANCE M. REVERE
DENELLE M. DIXON-THAYER

Attorneys for Plaintiff
WESTERN SUNVIEW PROPERTIES, LLC

---

[4] Section 531 of the RESTATEMENT (SECOND) OF TORTS addresses the "expected reliance" element of fraud, and notes at comment h that this "area of the law . . . has been undergoing change in the direction of liberalizing the rules as to the expected reliance." RESTATEMENT (SECOND) OF TORTS § 531 cmt. h.

5

## ATTORNEY CERTIFICATION

I have reviewed (1) Western Sunview Properties, LLC's Supplemental Brief in Opposition to Mauna Kea's Motion for Summary Judgment Regarding Failure to Prove Damages (the "Supplemental Brief"); and (2) the record evidence relevant to the factual assertions made in the Supplemental Brief. I hereby certify that each factual assertion made in the Supplemental Brief has support in the evidentiary record.

DATED: Hilo, Hawaii, January 31, 2006.

_____
DENELLE M. DIXON-THAYER

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC;
GUY HANDS; and JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; ET AL.,<br><br>Defendants. | Civil No. CV03-00463 JMS LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of PLAINTIFF WESTERN SUNVIEW PROPERTIES, LLC'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MAUNA KEA'S MOTION FOR SUMMARY JUDGMENT REGARDING FAILURE TO PROVE DAMAGES in the above-entitled action was served upon the following at the addresses indicated on January 31, 2006:

Sidney K. Ayabe, Esq.                    VIA HAND DELIVERY
Ronald Shigekane, Esq.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street
2500 Pauahi Tower
Honolulu, Hawaii 96813

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION

Douglas Ing, Esq.                                           VIA HAND DELIVERY
Brian Kang, Esq.
Watanabe Ing Kawashima & Komeiji LLP
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

DATED: Honolulu, Hawaii, January 31, 2006.

_____
TERRANCE M. REVERE
DENELLE M. DIXON-THAYER

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

2