DEPOSITION OF KATHRIN KOHLER TAKEN ON 05/29/03

*Page 1 to Page 73*

CONDENSED TRANSCRIPT AND CONCORDANCE
PREPARED BY:

# RALPH ROSENBERG COURT REPORTERS, INC.
1001 Bishop Street
2460 Pacific Tower
Honolulu, HI 96813
Phone: (808) 524-2090
FAX: (808) 524-2596

EXHIBIT 6

BSA  DEPOSITION OF KATHRIN KOHLER TAKEN ON 05/29/03  XMAX(1/1)

### Page 1

(1) IN THE UNITED STATES DISTRICT COURT
(2) FOR THE DISTRICT OF HAWAII
(3)
(4) SANFORD R. ROBERTSON and ) CIVIL NO. 02-00207 HG LEK
(5) JEANNE ROBERTSON,     ) (Other Civil Action)
(6)     Plaintiffs,     )
(7)     vs.     )
(8)         )
(9) MAUNA KEA DEVELOPMENT   )
(10) CORPORATION, a Hawaii   )
(11) corporation and MAUNA KEA )
(12) PROPERTIES, INC., a   )
(13) Hawaii corporation,   )
(14)     Defendants.   )
(15) _____)
(16)
(17)     DEPOSITION OF KATHRIN KOHLER
(18) Taken on behalf of Plaintiffs at the offices of Ralph
(19) Rosenberg Court Reporters, Incorporated, Suite D212,
(20) 75-170 Hualalai Road, Kailua-Kona, Hawaii, commencing
(21) at 11:05 a.m. on May 29, 2003, pursuant to Notice.
(22) REPORTED BY:
(23)     DEBORAH A. NG, CSR 336
(24)     Registered Professional Reporter
(25)     Notary Public, State of Hawaii

### Page 2

(1)     APPEARANCES
(2)
(3) For Plaintiffs     ANDREW V. BEAMAN, ESQ.
(4) Sanford Robertson,     BURNHAM H. GREELEY, ESQ.
(5) Jeanne Robertson:     Chun, Kerr, Dodd, Beaman
(6)         & Wong
(7)         9th Floor
(8)         745 Fort Street
(9)         Honolulu, Hawaii 96813
(10)
(11) For Defendants     J. DOUGLAS ING, ESQ.
(12) Mauna Kea Development   Watanabe Ing Kawashima &
(13) Corporation:     Komeiji
(14)         23rd Floor
(15)         999 Bishop Street
(16)         Honolulu, Hawaii 96813

### Page 3

(1)     I N D E X
(2)
(3) EXAMINATION BY:         PAGE
(4)
(5) Mr. Beaman         4
(6)
(7)     EXHIBITS FOR IDENTIFICATION
(8)
(9) Deposition Exhibit A31
(10) Letter, 12/14/98.       16
(11)
(12) Deposition Exhibit A32
(13) Addendum, additional disclosures.     27
(14)
(15) Deposition Exhibit A33
(16) Letter, 2/3/99.       40
(17)
(18) Deposition Exhibit A34
(19) Letter, 2/5/99.       42
(20)
(21) Deposition Exhibit A35
(22) Letter, 1/8/02.       66
(23)
(24) Deposition Exhibit A36
(25) Letter, 1/8/02, design, construction requirements.  70

### Page 4

(1)     KATHRIN KOHLER
(2) called as a witness at the instance of the Plaintiffs,
(3) being first duly sworn to tell the truth, the whole
(4) truth and nothing but the truth, was examined and
(5) testified as follows.
(6)     EXAMINATION
(7) BY MR. BEAMAN:
(8) Q   Please state your name and address for the
(9) record.
(10) A   Kathrin Kohler, P.O. Box 358, Kamuela, Hawaii
(11) 96743.
(12) Q   Ms. Kohler, I know that you've been deposed
(13) previously in the other case so you're familiar with
(14) the procedure. I'd like to remind you that you're
(15) under oath today, the same as you would be if you were
(16) testifying in a court of law.
(17)     I would also like to remind you that since
(18) the proceeding today is being transcribed, it is
(19) important for you to wait until you hear me finish my
(20) question before you give an answer so we can keep the
(21) record clear and also so your counsel, Mr. Ing, may
(22) interpose any objections that may be appropriate.
(23)     I'd also like to remind you that if you don't
(24) understand any of my questions, please tell me that and
(25) I'll try to rephrase or restate them so that we can

RALPH ROSENBERG COURT REPORTERS, INC.   (808) 524-2090   Page 1 to Page 4

Page 37

(1) Q You would not have told buyers that because
(2) you disagree with that statement; is that right?
(3) A I don't disagree with it, but, again, I have
(4) to emphasize that it was the height restriction above
(5) sea level. Again, I mean if you want to have very low
(6) ceilings, maybe you could fit a two story anywhere,
(7) three story. I don't know. I'm not an architect. I
(8) don't deal with it.
(9) I say you can build 44 or 48 feet above sea
(10) level and that's the height restriction for this
(11) particular piece of property because that's what we
(12) were selling, property.
(13) Q Did you ever have any discussions with
(14) prospective buyers about how many stories the homes on
(15) the front row could be?
(16) A I don't remember because we very rarely got
(17) that far in our discussion because we sold vacant
(18) parcels. And most people have at that moment still not
(19) decided which architect, what type of house so no.
(20) Q Are you aware of the fact that landscaping
(21) credits have been given to certain purchasers?
(22) A Yes.
(23) Q Did Mr. Gifford receive a landscaping credit?
(24) A I don't remember.
(25) Q Do you remember whether the Robertsons

Page 38

(1) received a landscaping credit?
(2) A No, I don't remember.
(3) Q What was the purpose of the landscaping
(4) credit?
(5) A The purpose of the landscaping credit was --
(6) probably was that we maintained the integrity of the
(7) prices.
(8) Q What do you mean when you say maintain the
(9) integrity of the prices?
(10) A That the asking prices and the sales prices
(11) would be the same or similar. It was a sales and
(12) marketing tool.
(13) Q I see. So were the landscaping credits
(14) required to be kept confidential?
(15) A Yes.
(16) Q And has Mauna Kea Properties or Mauna Kea
(17) Realty maintained the confidentiality of the
(18) landscaping credits?
(19) A Yes, as far as I know.
(20) Q And the reason for the landscaping credits
(21) was so that Mauna Kea Realty could, in your words,
(22) maintain the integrity of the pricing?
(23) A Uh-huh.
(24) Q Meaning that you would be able to tell
(25) prospective buyers that all of the lots had been sold

Page 39

(1) for full price?
(2) A Well, after a sale closes it becomes public
(3) knowledge what the lot sold for and this credit,
(4) obviously, was not reflective in the tax records.
(5) Q I see. So the purpose of the landscaping
(6) credit was for you to be able to give discounts below
(7) the purchase price to buyers but to be able to continue
(8) to tell later purchasers that the lots had all sold for
(9) full price?
(10) A It was basically a discount, yes.
(11) Q But it was a discount that was given in a way
(12) that it could be -- that it would not have to be
(13) reflected in the public records?
(14) A I don't recall exactly how it worked, but I'm
(15) sure it was given at the beginning, mainly to get this
(16) project up and running because times were not that
(17) great in those years as you might recall. The '90s
(18) were pretty rough.
(19) And I'm sure that the powers that were then
(20) decided to do it that way to kick start this project.
(21) Q When you say "the powers that were then," who
(22) were you referring to?
(23) A There were people above me, obviously. I was
(24) not in the loop on any of that.
(25) Q Was that Mr. Stifler, as far as you know?

Page 40

(1) A I don't know if he was involved in that kind
(2) of decision making.
(3) Q Let me go on to the exhibit which is the one
(4) that I mistakenly gave you, Doug, a letter of -- wait a
(5) second. Let's go off the record.
(6) (Off the record.)
(7) (Deposition Exhibit A33
(8) marked for identification.)
(9) Showing you what's been marked as Exhibit A33
(10) to your deposition, Ms. Kohler.
(11) A Yes, I have it.
(12) Q Do you recognize that document?
(13) A Yes, I do.
(14) Q And is Exhibit A33 a copy of a letter that
(15) you sent to Mr. and Mrs. Robertson on February 3rd,
(16) 1999?
(17) A Yes, it is.
(18) Q You say: Enclosed please find the following,
(19) copy of a fully executed sales contract, reference date
(20) February 1st, 1999.
(21) Do you see that?
(22) A Yes.
(23) Q And that's the sales contract that contained
(24) the handwritten provision that a flat roof will be
(25) acceptable; is that right?

73

```
 1  STATE OF HAWAII        )
                           ) SS.
 2  CITY & COUNTY OF HONOLULU )

 3       I, DEBORAH A. NG, RPR, CSR 336 Notary Public,
 4  State of Hawaii, hereby certify:
 5       That on May 29, 2003, at 11:05 a.m. appeared
 6  before me KATHRIN KOHLER, the witness whose deposition
 7  is contained herein;
 8       That prior to being examined, the witness was by
 9  me duly sworn;
10       That the deposition was taken by me in machine
11  shorthand and was thereafter reduced to typewriting by
12  me;
13       That the foregoing represents, to the best of my
14  ability, a full, true and correct transcript of said
15  deposition.
16       I further certify that I am not attorney for any
17  of the parties hereto, nor in any way concerned with
18  the cause.
19       Dated:  Kailua-Kona, Hawaii, March 10, 2004.

              _____
              DEBORAH A. NG, CSR 336
              Registered Professional Reporter
              Notary Public, State of Hawaii
              My commission expires 6/20/2006
```

RALPH ROSENBERG COURT REPORTERS, INC.