

COPY

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF HAWAII

 3   WESTERN SUNVIEW PROPERTIES, )Civil No. CV03-00463 DAE LEK
     LLC; GUY HANDS; AND JULIA    )
 4   HANDS,                       )
                                  )(Contract; Injunction;
 5            Plaintiffs,         ) Other Non-Vehicle
                                  ) Tort; Declaratory
 6   IRWIN FEDERMAN, CONCEPCION S.) Judgment; Other
     FEDERMAN; THE BLUFFS AT MAUNA) Civil Action)
 7   KEA COMMUNITY ASSOCIATION;   )
     MAUNA KEA PROPERTIES, INC.;  )
 8   MAUNA KEA DEVELOPMENT CORP.; )
     COUNTY OF HAWAII; JOHN DOES  )
 9   1-100; JANE DOES 1-100; DOE  )
     PARTNERSHIPS 1-100 AND DOE   )
10   CORPORATIONS 1-100,          )
                                  )
11            Defendants.         )
     _____)

12

13

14              DEPOSITION OF BYRON GANGNES

15

16   Taken on behalf of Plaintiffs Western Sunview Properties,

17   LLC, Guy Hands, and Julia Hands at Motooka Yamamoto &

18   Revere, 1000 Bishop Street, Suite 801, Honolulu, Hawaii,

19   commencing at 2:00 p.m. on October 24, 2005, pursuant to

20   Notice.

21

22      Before:  WILLIAM T. BARTON, RPR, CSR #391
                 Notary Public, State of Hawaii
23
                PACIFIC REPORTING SERVICES UNLIMITED
24                  Suite 1470, Makai Tower
                       733 Bishop Street
25                  Honolulu, Hawaii 96813
                       (808) 524-PRSU
```

EXHIBIT 9a

80

1    Q.    In particular, what I'm asking you to do is read

2    from Page 79, Line 5, through Page 81, Line 11.  And then

3    just let me know when you're done.

4    A.    Okay.

5         (Pause.)

6         MR. ING:    Counsel, this is a deposition of

7    Mr. Mielcke, taken in which case?

8         MR. REVERE:    This would be in the Mauna Kea --

9    excuse me -- Robertson versus Mauna Kea case.  It's on the

10   bottom of Page 81, where it has the court reporter's

11   certificate down there.

12   A.    Where am I reading through?

13   Q.    Page 81, Line 11.

14   A.    Okay.

15   Q.    No rush.  Just let me know when you're done.

16   A.    Okay.

17   Q.    The testimony that you just read from

18   Mr. Mielcke, you don't have any reason to believe that it's

19   anything other than the truth, correct?

20   A.    Correct.

21   Q.    Based upon what you read, doesn't that sound like

22   fraud on the market to you, what he just described?

23        MR. ING:    Objection to the form of the question.

24   Calls for a legal conclusion.

25   A.    Well, I guess I'm uncomfortable with the notion

81

1   of trying to draw a legal conclusion.  It clearly says that

2   they wanted to maintain the official list prices, keep any

3   discounts confidential, these discounts confidential.  And

4   that those discounts would not become part of the public

5   record.

6           And he says that he did that so that the next

7   purchaser would see the list price.

8       Q.   And so doesn't that sound like a fraud on the

9   market to you?

10          MR. ING:  Objection to the form of the question.

11  Calls for a legal conclusion.

12      A.   I guess I don't feel like I can comment on

13  whether it's fraud on the market, because I don't know what

14  that means from a legal standpoint.

15      Q.   Forgetting about the legalities which we'll be

16  arguing until kingdom come, apparently.  But from an

17  economic perspective, doesn't that sound like a --

18  forgetting about the legalities or any consequences of it.

19  From an economic perspective, doesn't that sound like a

20  fraud on the market?

21          MR. ING:  Objection to the form of the question.

22  Vague and ambiguous.

23      A.   It sounds to me --

24          MR. ING:  Calls for speculation.

25      A.   It sounds to me to be deliberately misleading.

82

1      Q.   But fraud on the market, you don't want to get

2  bogged --

3      A.   I'm uncomfortable with the word "fraud," because

4  I don't know the law.

5           (Discussion off the record.)

6  BY MR. REVERE:

7      Q.   Going back to your report here.  On Page 6.

8      A.   You're doing this just to keep me off balance?

9      Q.   No.  You heard the noise.

10     A.   I'm back on Page 6.

11     Q.   I'm too dumb to trick people.  Trust me.

12          Page 6, Paragraph 2.  Your conclusion, "There was

13  an immediate and substantial rise in the value of Lot 5 and

14  other high end properties on the Big Island in the period

15  subsequent to its purchase by Western Sunview."

16          Do you see that?

17     A.   Yes.

18     Q.   And, again, when you are talking about the period

19  subsequent to, are you talking about -- let me back up.

20          You're not making a representation that the

21  prices substantially rose, and they're going to stay that

22  way forever, correct?

23     A.   Correct.

24     Q.   And even now, as of 2005, you're not making any

25  representation as to what the value is today?

109

CERTIFICATE

1

2  STATE OF HAWAII        )

3                          )     SS.

4  COUNTY OF HONOLULU  )

5      I, WILLIAM T. BARTON, RPR, Certified Shorthand

6  Reporter, State of Hawaii, do hereby certify that on

7  October 24, 2005 at 2:00 p.m. there appeared before me

8  BYRON GANGNES, the witness whose deposition is contained

9  herein; and that prior to being examined was duly sworn;

10  that I am neither counsel for any of the parties herein,

11  nor interested in any way in the outcome of this action;

12      That the deposition herein was by me taken down in

13  machine shorthand and thereafter reduced to print via

14  computer-aided transcription under my supervision; that the

15  foregoing represents a complete and accurate transcript of

16  the testimony of said witness to the best of my ability.

17      Dated this 3rd day of November 2005 at Honolulu,

18  Hawaii.

19

20  _____

21      WILLIAM T. BARTON, CSR No. 391

22      Notary Public, State of Hawaii

23      My Commission expires August 7, 2009

24

25

CASE: __WESTERN SUNVIEW VS FEDERMAN, ETAL__    NO: CV03-00463 DAE LEK
DEPOSITION OF: __BYRON GANGNES__    DATE TAKEN OCTOBER 24, 2005

| PAGE | LINE | CORRECTION | REASON |
|------|------|------------|--------|
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |
|      |      |            |        |

(If additional space is needed, attach a blank sheet)

Signature of Deponent: _____ Date: _____

### CERTIFICATE

__XX__ Please be advised that the deponent signed and/or made corrections to the deposition within 30 days of notification.

____ Please be advised that 30 days have expired and the deponent has failed to read and sign the deposition.

____ Please be advised that signature and/or corrections were received and/or signed after 30 days of notification.

____ Please be advised that the above-named case is going to trial and/or hearing and the deponent has not read and signed the deposition before the filing of this transcript with the Court.

Dated: __DECEMBER 5, 2005__ , Honolulu, Hawaii.

PACIFIC REPORTING SERVICES UNLIMITED

CASE: Western Sunview vs. Federman, et al.  NO.: CV03-00463 DAE LEK
DEPOSITION OF: Byron Gangnes                DATE TAKEN: 10/24/05

| PAGE | LINE | CORRECTION | REASON |
|---|---|---|---|
| 7 | 9 | Halvorson | spelling |
| 8 | 11 | refereed | fix tense |
| 8 | 13 | " | " |
| 6 | 7 | Alan | spelling |
| 13 | 9 | Data@Work | spelling |
| 13 | 17 | change "where" to "with" | transcr. error |
| 15 | 4 | change "worked" to "work" | fix tense |
| 16 | 9-10 | Maui Pineapple Co, Ltd | correct co. name |
| 19 | 7 | change "could" to "do" | transcr. error |
| 31 | 7 | Add: "Although, because I was looking at a specific real estate market, this might be considered in part microeconomic analysis." | clarifying terminology |
| 37 | 3 | Manna Lani | spelling |
| 38 | 16 | change "president" to "press" | transcr. error |
| 72 | 25 | add comma after "go up"; remove comma after "basis" | |
| 73 | 1 | add comma after "least" | (clarify meaning) |
| 105 | 24 | change "post" to "prices" | transcr. error |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

(If additional space is needed, attach a blank sheet)

Signature of Deponent: _Byron S. Mg_           Date: 11/29/05

RECEIVED

108

```
 1          I, BYRON GANGNES, hereby certify that I have read

 2    the foregoing typewritten pages; and corrections, if any,

 3    were noted by me; and the same is now an accurate and

 4    complete transcript of my testimony.

 5

 6              Dated at ___Honolulu___ Hawaii

 7         this 29th day of November , 2005

 8

 9         _____

10              BYRON GANGNES

11

12

13    Signed before me this 29th day

14    of November 2005.

15

16    _____

17    Witness to Deponent's Signature

18

19

20

21    Western Sunview Properties, LLC, et al. vs.

22    Irwin Federman, et al.

23    Civil No. CV03-00463 DAE LEK, October 24, 2005

24    by William T. Barton, RPR, CSR.

25
```

RECEIVED