FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Tel. No. (415) 986-2800
Fax No. (415) 986-2827
Email address: ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE 5857-0
BRIANNE L. ORNELLAS 8376-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email Address: terry@myrhawaii.com

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>    Plaintiffs,<br><br> vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT | Civil No. 03-00463 JMS LEK<br>(Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br><br><br>(*caption continued*) |

| | |
|---|---|
| MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,<br><br>            Defendants. | **PLAINTIFFS' SUPPLEMENTAL BRIEF IN OPPOSITION TO THE ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>TRIAL: To Be Determined |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND .................................................................................................. 4

    A. This Action And *Leone* Both Require A Determination Of Whether The Association Could Allow Homeowners To Build Pools And Other Structures In The Special Setback Area .................. 4

    B. In *Leone*, The Jury Heard Largely The Same Evidence That Has Been Presented Here .................................................................. 6

    C. In Ruling On Jury Instructions, The *Leone* Court Rejected The Association's Argument That Section 12.10 Applied To The Association's Conduct, And Instead Agreed With Plaintiff That Section 8.14 Applied ....................................................................... 7

    D. The *Leone* Court Instructed The Jury That Violations Of Design Requirements May Constitute Evidence Of Unreasonableness ......... 9

    E. The *Leone* Jury Awarded Western Sunview $700,000 In Damages ............................................................................................. 9

III. ARGUMENT ....................................................................................................... 10

    A. Section 8.14 Of The CC&Rs Applies To The Design Committee's Conduct ...................................................................... 10

    B. An Association Ordinarily Must Make Decisions In Conformity With The Design Requirements, And Evidence That It Did Not Constitutes Evidence That It Acted Unreasonably .......................... 12

    C. The *Leone* Verdict Establishes That A Reasonable Jury Could Find In Favor Of Plaintiffs Here ..................................................... 13

    D. The *Leone* Verdict Shows That The Law Of The Case Doctrine Does Not Apply ............................................................................... 14

IV. CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

Page

## CASES

*Allen v. McCurry*
    449 U.S. 90 (1980) .................................................................................. 11

*Chabner v. United of Omaha Life Ins. Co.*
    225 F.3d 1042 (9th Cir. 2000) .................................................................. 13

*Martinez v. City of Los Angeles*
    141 F.3d 1373 (9th Cir. 1998) .................................................................. 13

*Pedrina v. Chun*
    906 F. Supp. 1377 (D. Haw. 1995). .......................................................... 11

*Santos v. State, Dep't of Transp., Kauai Div.*
    64 Haw. 648 ............................................................................................. 11

*Western Sunview Properties, LLC v. Leone-Perkins Family Trust, et al.*
    (Civ. No. 04-1-212, Circuit Court of the Third Circuit, State of
    Hawaii) .............................................................................................. passim

*Wilgard Tempering, Inc. v. Selas Corp. of Am.*
    902 F.2d 703 (9th Cir. 1990) .................................................................... 14

## I.   INTRODUCTION

The State Court has already ruled against the Association on important issues of Hawaii state law raised by Defendant The Bluffs at Mauna Kea Community Association's (the "Association") Motion for Summary Judgment (the "Motion"). The principles supporting the doctrines of issue preclusion and comity do not justify re-litigating these same issues in this forum. Indeed, it would create even further difficulties in The Bluffs to have different legal standards depending on in which forum[1] a case is brought.

In *Western Sunview Properties, LLC v. Leone-Perkins Family Trust, et al.*, Civ. No. 04-1-212, Circuit Court of the Third Circuit, State of Hawaii ("*Leone*"), the State Court found that Section 8.14 of the CC&Rs (specific standard of good faith and due diligence) applied to the Association's conduct, instead of Section 12.10 (general standard of lack of good faith and malice). The *Leone* court also instructed the jury that ordinarily an association's decision must conform to design requirements; that the approval of plans in violation of the Design Requirements may be evidence that an association acted unreasonably; and that in determining whether a decision was unreasonable, the jury must consider both the decision-making process and the consequences of the decision. The State Court's rulings are not only persuasive authority – as soon as a judgment is entered and final (for

---

[1]   The present case was originally filed in State Court and was removed to this Court.

1

purposes of collateral estoppel) in *Leone* – these rulings will have preclusive effect against the Association.

Moreover, the Association's argument that no reasonable Hawaii jury could find against it here is belied by the jury's unanimous verdict in *Leone*. In *Leone*, all twelve jurors unanimously found – after needing less than two-and-a-half hours of deliberation – that the Association acted unreasonably or in bad faith in allowing a pool and other structures to be built in the special setback area of the Leone lot (the lot neighboring Plaintiffs'). Before reaching this verdict, the *Leone* jury considered much of the same evidence that Plaintiffs have cited in opposing the Association's Motion in this case. Likewise, the Association defended itself in *Leone* in the same manner that it has here – arguing that it had the absolute authority to allow structures to be built in the special setback area. Declaration of Denelle M. Dixon-Thayer ("Dixon-Thayer Decl.") Exhibit ("Ex.") 158 at 41:1-43:11; Ex. 156 at 6:13-17, 13:25-14:9. The State Court judge and the unanimous jury rejected the Association's arguments. The Association should be held to the same standard in this action, and Plaintiffs should be allowed to have their claims heard in this diversity case by a Hawaii jury, just as they were in *Leone*.

The Association's Motion should be denied, and the State Court's determinations in *Leone* should be followed for the following four reasons:

2

First, the *Leone* Court's ruling that Section 8.14 of the CC&Rs, rather than Section 12.10, applies to the Design Committee's conduct will have collateral estoppel effect once the judgment in *Leone* is final. Plaintiffs request that this Court give deference to this ruling of the *Leone* Court on what is indisputably a matter of state law.

Second, this Court should defer to the State Court's determinations that homeowners associations ordinarily must comply with covenants and restrictions, that violations of the Design Requirements may constitute evidence that the Association acted unreasonably, and that both the decision-making process and the consequences of the decision should be taken into account in determining whether it was unreasonable. Application of these principles demonstrates the existence of triable issues here.

Third, the jury in *Leone* heard largely the same facts as those presented here. The *Leone* jury's unanimous verdict against the Association demonstrates that there is at least a triable issue of fact concerning whether the Association could properly allow the Federmans to build a pool and other structures in the special setback area – the same actions challenged in *Leone*.

Finally, the unanimous *Leone* verdict shows that the law of the case doctrine is inapplicable: Twelve reasonable jurors have already found that the Association acted unreasonably or in bad faith in allowing a pool and other

structures to be built in the special setback area on the lot next door to Plaintiffs' lot. As such, it would be clearly erroneous and a manifest injustice to rule that a reasonable jury could never make such a finding in this case involving the other property neighboring Plaintiffs' lot, where the Association allowed the same building, under even more egregious circumstances.

## II.   BACKGROUND

### A.   This Action And *Leone* Both Require A Determination Of Whether The Association Could Allow Homeowners To Build Pools And Other Structures In The Special Setback Area.

Both this action and *Leone* require a determination of the meaning of The Bluffs' governing documents. The Bluffs' governing documents provide that in order to protect view planes, "[n]o building or structure shall be placed within the special setback areas . . . ." Plaintiffs' Concise Statement of Facts in Opposition to the Association's Motion, filed January 5, 2006 ("Plaintiffs' CSOF") 43. Plaintiffs argue this language means what it says. The Association argues – here, and in *Leone* – that read in conjunction with other provisions in the governing documents, this language means that the Association can allow building in the special setback area. *See, e.g.*, Dixon-Thayer Decl., Ex. 158 at 41:1-43:11. The *Leone* jury unanimously rejected the Association's argument. *Id.* at 85:16-91:21.

Furthermore, this action requires a determination of whether the Association acted unreasonably or in bad faith in disregarding this promise by allowing Plaintiffs' neighbors – the owners of Lot 6 – to build a pool and other structures in the special setback area. In *Leone* the jury was asked to determine whether the Association acted unreasonably or in bad faith by allowing Plaintiffs' other next-door neighbors – the Leones, the owners of Lot 4 – to build a pool and other structures in the special setback area. Dixon-Thayer Decl., Ex. 159 (Special Verdict Form). The *Leone* jury unanimously found that the Association acted unreasonably or in bad faith. *Id.*; Dixon-Thayer Decl., Ex. 158 at 85:16-91:21.

Even the Association recognized the similarities between this action and *Leone*. In *Leone*, the Association's attorney explained to the jury in his opening statement that:

> Lot 4 is the Leone property. This is what we're here for. Doug Leone purchased Lot 4 and he asked, there was a pool here, right inside here, but he asked for the committee's approval to build his pool in the special setback area. . . .
>
> Right next to Lot 5 is Lot 6; the Federmans. The Federmans also asked for and received permission to build their pool in the special setback area. A pool with stairs and everything.
>
> . . . .
>
> Plaintiff's expert will come up here and testify that Mr. Leone's pool and Mr. Federman's pool, both of them, block views

5

of this ocean. You'll get a chance to look at the photos yourself. You'll make that determination.

Dixon-Thayer Decl., Ex. 153 at 25:21-26-13, 27:13-17.

> **B.    In *Leone*, The Jury Heard Largely The Same Evidence That Has Been Presented Here.**

The *Leone* jury heard much of the same evidence that Plaintiffs have presented in opposing the Association's Motion here, including that:

- Plaintiffs purchased Lot 5 in reliance on the Design Requirements' promise that, in order to protect view planes, no building would be permitted in the special setback areas. Dixon-Thayer Decl., Ex. 154 at 24:23-25:11 (Mrs. Hands); Plaintiffs' CSOF 23.

- Despite the clear directive of Section 4.17 of the Design Requirements, Plaintiffs' neighbors the Leones and the Federmans were allowed to build pools and other structures in the special setback area. Dixon-Thayer Decl., Ex. 154 at 12:21-13:11, 14:21-15:9 (Mrs. Hands); *id.* at 149:8-14 (Mr. Reinhardt – Western Sunview's expert); Ex. 155 at 101:24-102:4, 102:9-12 (Mr. Ayer – Association's expert); Plaintiffs' CSOF 43, 47.

- The Leones' and the Federmans' construction in the special setback area obstructs Plaintiffs' views. Dixon-Thayer Decl., Ex. 154 at 71:2-72:19, 105:11-106:8 (Mrs. Hands); Plaintiffs' CSOF 22.

- The Design Committee that allowed the Leones and the Federmans to build in the special setback area was rife with conflicts of interests. For example, Mr. Gunderson served on the Design Committee and was the lawyer for both Mr. Leone's and Mr. Federman's companies. Dixon-Thayer Decl., Ex. 154 at 17:20-18:3, 112:15-25 (Mrs. Hands); Plaintiffs' CSOF 31.

- The Design Committee gave special consideration to its members and its members' clients. Dixon-Thayer Decl., Ex. 154 at 69:6-25, 112:15-25 (Mrs. Hands); Plaintiffs' CSOF 50.

- The Design Committee did not visit Plaintiffs' lot prior to allowing the Leones or the Federmans to build in the special setback area. Dixon-Thayer Decl., Ex. 154 at 63:6-10; 73:2-4 (Mrs. Hands); Plaintiffs' CSOF 51, 52.

- Plaintiffs were provided with no notice or opportunity to be heard regarding the Leones' or the Federmans' plans. Members of the Design Committee, however, were allowed to make presentations to the Design Committee regarding proposals for their own or their neighbors' properties. Dixon-Thayer Decl., Ex. 154 at 69:6-25, 72:20-74:1 (Mrs. Hands); Ex. 155 at 24:10-23 (Mr. Krueger – Association's lawyer); Ex. 156 at 86:9-21 (Mr. Ayer – Association's expert); Plaintiffs' CSOF 9.

- Once the Homeowners took control of the Design Committee, the only people allowed to install their entire pool complexes within the special setback areas were Mr. Gunderson (a member of the Design Committee) and two of his clients (Mr. Leone and Mr. Federman). Dixon-Thayer Decl., Ex. 154 at 22:4-12 (Mrs. Hands); Ex. 156 hereto (2/8/06 trans.) at 51:20-22, 52:13-16, 54:13-16 (Mr. Ayer – Association's expert); Plaintiffs' CSOF 50.

In many respects Plaintiffs' case against the Association is even stronger here than it was in *Leone*. For example, here, the Federmans' own engineer, Belt Collins, advised the Design Committee as to the Federman's plans, which is a clear conflict of interest. Plaintiffs' CSOF 28.

### C. In Ruling On Jury Instructions, The *Leone* Court Rejected The Association's Argument That Section 12.10 Applied To The Association's Conduct, And Instead Agreed With Plaintiff That Section 8.14 Applied.

In *Leone*, the Association argued – as it does here – that Section 12.10 of the CC&Rs insulates the Association from liability such that the Association can be liable only for bad faith and malicious conduct. Dixon-Thayer Decl.,

7

Ex. 157 at 6:13-17, 7:23-8:1. In ruling on jury instructions, the *Leone* court rejected the Association's argument and determined that Section 8.14 applied and that the Association was liable for failing to act in good faith and with due diligence:

> THE COURT: I understand that the argument is being made by defendant that the Court should apply Section 12.10 of the CC & R's, and that is relating to the lack of good faith and the existence or not of malice.
>
> However, the Court believes that Section 8.14 applies and that the standard applies, standard of good faith and due diligence, as to design committee members. It can be argued that the case has no claim against the design committee members individually. The claims in this case are made against the Association.
>
> However, the claims against the Association are based upon the design committee members' conduct or alleged conduct. Accordingly, it would seem that Section 8.14 applies as – as a provision which specifically applies to design committee member conduct.
>
> Section 8.14 adds to the standard of due diligence. According to Black's Dictionary "due diligence" is defined as,
>
>> "Such a measure of prudence, activity, or assiduity . . . as is properly to be expected from, and ordinarily exercised by, a reasonable and prudent man under the particular circumstances; not measured by any absolute standard, but depending on the relative facts of the special case."
>
> It would seem that due diligence is essentially equated with a reasonableness as set forth in the *Village Park* decision. So that's the reason for the – in other words, you can argue and the Court is determining due diligence to be transmuted into a standard of reasonableness under the circumstances.

Dixon-Thayer Decl., Ex. 157 at 7:23-9:6.

### D. The *Leone* Court Instructed The Jury That Violations Of Design Requirements May Constitute Evidence Of Unreasonableness.

The *Leone* court also gave the jury other relevant instructions. First, the Court instructed the jury that "[o]rdinarily a homeowners association or design review committee must exercise its authority to approve or disapprove an individual homeowner's construction or improvement plans in conformity with the covenants or restrictions." Dixon-Thayer Decl., Ex. 157 at 11:23-12:8, 12:25-13:10. Second, the Court instructed the jury that "[t]he approval of plans, in violation of the covenants or restrictions, may be considered as evidence that the homeowner's association or design review committee acted unreasonably." *Id.* at 13:11-18. Third, the Court instructed the jury that "[i]n determining whether or not the decision was reasonable, you are to take into consideration both the process used in reaching the decision and the consequences of the decision." Dixon-Thayer Decl., Ex. 158 at 10:15-19.

### E. The *Leone* Jury Awarded Western Sunview $700,000 In Damages.

In *Leone*, the jury found, by a preponderance of the evidence, that the decision made by the Association's Design Committee "was unreasonable or made in bad faith," that the decision made by the Design Committee was "a legal cause of harm or damages" to Western Sunview, and that Western Sunview suffered $700,000 in damages "as a result of the decision of the Design Committee." Dixon-Thayer Decl., Ex. 159 (Special Verdict Form).

9

The *Leone* jury's verdict was unanimously reached after less than two-and-a-half hours of deliberation. Dixon-Thayer Decl., Ex. 158 at 83:11-12, 85:16-91:21.

### III. ARGUMENT

#### A. Section 8.14 Of The CC&Rs Applies To The Design Committee's Conduct.

Section 8.14 of the CC&Rs – which appears in the Article of the Design Requirements that is expressly applicable to the Design Committee – imposes a standard of good faith and due diligence on the Design Committee and its members. It states:

> Provided that Design Committee members act in good faith and with due diligence, neither the Design Committee nor any member thereof shall be liable to . . . any Owner . . . for any damage, loss or prejudice suffered or claimed on account of:
>     (a) the approval or disapproval of any plans, specifications and other materials . . . ; or . . .
>     (c) the construction or performance of any work, whether or not pursuant to approved plans, specifications, or other materials . . . .

Revere Decl., Ex. 32 § 8.14.

In this action and in *Leone*, the Association argued that Section 8.14 does not apply to the Design Committee's conduct, and that its conduct is governed by Section 12.10 – which appears in the "Miscellaneous" Article of the CC&Rs and generally purports to limit liability to only those actions or failures to act that were not in good faith or were with malice. Dixon-Thayer

Decl., Ex. 157 at 6:13-17, 7:23-8:1. The *Leone* Court rejected the Association's argument. *See id.* at 7:16-8:14. The *Leone* Court's ruling provides an additional basis for this Court to do the same.[2]

When the judgment against the Association in *Leone* becomes final for purposes of collateral estoppel, the Association will be precluded from challenging the *Leone* Court's rulings concerning Sections 8.14 and 12.10 of the CC&Rs. *Santos v. State, Dep't of Transp., Kauai Div.*, 64 Haw. 648, 653 (1982).[3] The purpose of collateral estoppel is to "conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Where, as here, a federal case involves issues previously decided by a state court, collateral estoppel "also promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Id.* at 96.

Plaintiffs respectfully submit that this Court should give deference to the State Court's ruling on a matter of state law. Doing so would avoid inconsistent decisions and promote comity between federal and state courts.

---

[2] In Plaintiffs' Opposition to the Association's Motion, Plaintiffs discussed why Section 12.10 does not limit the Association's liability in this action. Plaintiffs' Opposition to the Association's Motion (filed 1/5/06) at 30-33. Plaintiffs will not repeat those same arguments here.

[3] In determining whether a state decision precludes a party from litigating an issue, federal courts apply the res judicata rules of the state court in which the prior judgment was rendered. *Pedrina v. Chun*, 906 F. Supp. 1377 (D. Haw. 1995).

### B. An Association Ordinarily Must Make Decisions In Conformity With The Design Requirements, And Evidence That It Did Not Constitutes Evidence That It Acted Unreasonably.

As discussed above, the *Leone* court instructed the jury that a homeowners association ordinarily must act in conformity with Design Requirements, and that the approval of plans in violation of these requirements may be viewed as evidence that an association acted unreasonably. Dixon-Thayer Decl., Ex. 157 at 13:11-18. The *Leone* court further instructed the jury that both the process used in making a decision and the consequences of that decision must be taken into consideration when determining whether that decision was unreasonable. Dixon-Thayer Decl., Ex. 158 at 10:15-19.

For the reasons discussed above, this Court should give deference to the State Court's rulings on these matters of state law. The Association's violation of Section 4.17 of the Design Requirements – which provides that "[n]o building or structure shall be placed within the special setback areas" – creates at least a triable issue of fact as to whether the Association acted unreasonably. Triable issues of fact also are created both by the Association's decision-making process – one that was rife with conflicts of and interest and that did not provide Plaintiffs with notice or an opportunity to be heard – and by the consequences of the Association's decision – including the Federmans' construction of a 3,500 square feet pool complex entirely within the special

12

setback area, where "no building or structure" was to be placed. Plaintiffs' CSOF 9, 28, 31, 32, 43, 47, 50, 51, 53.

### C. The *Leone* Verdict Establishes That A Reasonable Jury Could Find In Favor Of Plaintiffs Here.

"'Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998) (ellipsis in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Put another way, summary judgment is appropriate only if <u>no reasonable jury</u> could find in favor of the plaintiff. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1053 (9th Cir. 2000) (citing *Anderson*, 477 U.S. at 248-50).

The *Leone* jury unanimously found in ***favor*** of Plaintiff Western Sunview based on much of the same evidence that is presented here: In failing to enforce the Design Requirements as written – and in giving special privileges to the Design Committee and its members while also failing to provide Plaintiffs with an opportunity to be heard – the Association acted unreasonably or in bad faith. Given the similarities between the evidence in *Leone* and the evidence here, the *Leone* verdict establishes that a reasonable jury could find in Plaintiffs' favor based on the evidence in this action.

### D. The *Leone* Verdict Shows That The Law Of The Case Doctrine Does Not Apply.

Manifest injustice would result if the law of the case doctrine were applied here.[4] The jury's verdict in *Leone* demonstrates why the law of the case doctrine should <u>not</u> apply. Where "the first decision was clearly erroneous and would result in manifest injustice," the law of the case cannot be applied. *Wilgard Tempering*, 902 F.2d at 715. The Association's Motion can only be granted if no reasonable jury could find in favor of Plaintiffs. Twelve reasonable jurors unanimously found in favor of Plaintiff Western Sunview based largely on the same evidence that has been presented here. Since a reasonable jury already has found in Western Sunview's favor on largely the same facts, it would be clearly erroneous and a manifest injustice to bar Plaintiffs' claims against the Association in this case.

---

[4] In ruling on Plaintiffs' Motion for Reconsideration *regarding the claims against the Federmans*, Judge Ezra found that the Association acted reasonably and in good faith in allowing the Federmans to plant <u>two or three trees</u> in their special setback area. Order on Motion for Reconsideration (2/22/05), at 22-23. Plaintiffs' case against *the Association* is about more than two or three trees: It is about a pool complex constructed entirely in the special setback area and numerous clusters of trees that were installed *after* Judge Ezra's ruling. Since the relevant portion of the Order on the Motion for Reconsideration dealt only with two or three trees, and Judge Ezra's ruling was expressly limited to those trees, *id.*, if it were to be applied at all (and it should not be) the law of the case doctrine could <u>not</u> apply to anything other than those trees and those trees alone. *Wilgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715-16 (9th Cir. 1990) (holding that the law of the case does not apply to matters not specifically addressed and "the law of the case doctrine gives no preclusive effect to dicta").

14

A Federal Court in a diversity case should not relieve the Association from liability, when a trial on the merits – based on same conduct – was held in a Hawaii state court. The mere fortuity of this case being in Federal Court should not lead to a different result when the case involves: (1) the same Plaintiff (Western Sunview) who was not given notice or an opportunity to be heard by the Design Committee; (2) the same Defendant; (3) the same neighborhood; (4) the same rules regarding the special setback area; and (5) the same wrongful conduct (failing to inspect or provide a hearing while allowing committee members – and their friends and clients – a hearing and better treatment). To grant the Association's Motion would invite further chaos to The Bluffs – as no one could be sure what standard applies – and would promote forum shopping for future litigation in the neighborhood.

## IV. CONCLUSION

For the foregoing reasons, and for the reasons discussed in Plaintiffs' Opposition to the Association's Motion, this Court should deny the Association's Motion for Summary Judgment.

DATED: April 7, 2006.

_____
DENELLE M. DIXON-THAYER

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC;
GUY HANDS; and JULIA HANDS

# ATTORNEY CERTIFICATION

I have reviewed (1) Plaintiffs' Supplemental Brief in Opposition to the Association's Motion for Summary Judgment (the "Supplemental Brief"); and (2) the evidence relevant to the factual assertions made in the Supplemental Brief. I hereby certify that each factual assertion made in the Supplemental Brief has evidentiary support.

DATED: April 7, 2006.

_____
DENELLE M. DIXON-THAYER

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC;
GUY HANDS; and JULIA HANDS

42046\3001\490483.1