**EXHIBIT 157**

Page 1

C. 04-1-212, WESTERN SUNVIEW: WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.
COPIES WITHOUT AN ORIGINAL SIGNATURE ARE NOT CERTIFIED.


IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII


| | | |
|---|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC, | ) | CIVIL NO. 04-1-212 |
| Plaintiff, | ) | SETTLEMENT OF |
| vs. | ) | |
| LEONE-PERKINS FAMILY TRUST; | ) | JURY INSTRUCTIONS |
| BLUFFS AT MAUNA KEA COMMUNITY | ) | |
| ASSOCIATION; DOUGLAS LEONE AND | ) | |
| PATRICIA LEONE, Individually | ) | |
| and as Trustees of the | ) | |
| LEONE-PERKINS FAMILY TRUST; | ) | |
| JOHN DOES 1-100; JANE DOES | ) | |
| 1-100; DOE PARTNERSHIPS 1-100 | ) | |
| AND DOE CORPORATIONS 1-100, | ) | |
| Defendants. | ) | |


TRANSCRIPT OF PROCEEDINGS

before the HONORABLE GREG K. NAKAMURA Judge presiding,

First Division, on Wednesday, February 8, 2006.

APPEARANCES:


For the Plaintiffs:      TERRANCE M. REVERE, ESQ.
                         BRIANNE L. ORNELLAS, ESQ.
                         MOTOOKA YAMAMOTO & REVERE
                         1000 Bishop Street, Suite 801
                         Honolulu, Hawai'i  96813

For the Defendants:      RONALD M. SHIGEKANE, ESQ.
                         GAIL M. KANG, ESQ.
                         Ayabe, Chong, Nishimoto, Sia
                           & Nakamura
                         1001 Bishop Street
                         2500 Pauahi Tower
                         Honolulu, Hawai'i  96813


REPORTED BY:  CAROL KANESHIGE, CSR 140


CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT
STATE OF HAWAII

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 2

1    WEDNESDAY, FEBRUARY 8, 2006                5:06 P.M.

2                         --oOo--

3                    THE CLERK:  Okay.  We're back on the

4    record in Western Sunview Properties versus The Bluffs

5    at Mauna Kea Community Association.  So we're back on

6    the record.

7                    THE COURT:  And at this time we're going

8    to put the instructions on the record, and thank you

9    to Carol for volunteering to take down what's being

10   said at 5:05 in the afternoon.  So you folks can have

11   a seat.

12                   MR. REVERE:  Thank you, Judge.

13                   THE COURT:  And going over the Court form

14   instructions, 1.02 B is given by agreement.  2.1 is

15   given by agreement.  2.2 is given by agreement.  2.3

16   is given by agreement.  2.4 is given by agreement.

17   2.5 is given by agreement.  2.6 is given by agreement.

18                   2.7 is given as modified by agreement.

19   The third sentence is modified to reflect that,

20                   "In this case, the parties are

21                entitled to receive the same fair and

22                unprejudiced treatment that an

23                individual party would have" -- "would

24                receive under similar circumstances."

25                   2.9 is given by agreement.  3.1 is given

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 6

1   point to the Association, but that's my only

2   objection.

3             THE COURT:  Mr. Shigekane?

4             MR. SHIGEKANE:  Yes, Your Honor.  The

5   defendant has several objections to the Court's

6   proposed instruction.

7             First of all it imposes upon the

8   plaintiff the burden of proof to show that The Bluffs

9   is unreasonable or made in bad faith -- that decision

10  is unreasonable or made in bad faith.  The appropriate

11  standard is really arbitrary or made in bad faith if

12  you follow the, um, the -- the case law McNamee.

13            However, we have indicated in our

14  proposed instruction that the appropriate standard is

15  actually whether the committee's decision was made in

16  bad faith and with malice pursuant to the CCR's

17  themselves.

18            The second point that I want to make is

19  that it's worded in the disjunctive, "unreasonable or

20  made in bad faith."  We believe that it should be

21  both, "unreasonable and made in bad faith."

22            Finally, Your Honor, we believe that with

23  respect to the damages instruction, which is the --

24  the last paragraph, it doesn't accurately reflect the

25  state of the law.  It should be the diminution in

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:   WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 7

1    value before and after the, um, the event, and that's

2    the only objections we have.

3              THE COURT:  Okay.  I -- I ask you what is

4    the event?

5              MR. SHIGEKANE:  It was plaintiff's burden

6    to establish what was the event.

7              That, you know, we raised this in our

8    motion in limine.  We felt that the, uh, the expert

9    was not able to address that -- that issue, and that's

10   the precise issue which he had to address at the time

11   of his testimony.  He did not, and we feel that

12   there's no evidence sufficient to go to the jury.

13             And actually at the end of my case I will

14   be making another motion as a matter of law for a

15   verdict in -- in defendant's favor.

16             THE COURT:  Okay.  Regarding this

17   instruction, although I think that Mr. Shigekane's

18   point is well taken in terms of the -- the need to

19   identify some time frame, I -- and maybe we can look

20   at that -- the instruction reflects the standard set

21   forth in that Village Park case, and that standard is

22   specifically provided for by case law.

23             I understand that the argument is being

24   made by defendant that the Court should apply Section

25   12.10 of the CC & R's, and that is relating to the

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 8

1  lack of good faith and the existence or not of malice.

2          However, the Court believes that Section

3  8.14 applies and that the standard applies, standard

4  of good faith and due diligence, as to design

5  committee members.  It can be argued that the case has

6  no claim against the design committee members

7  individually.  The claims in this case are made

8  against the Association.

9          However, the claims against the

10  Association are based upon the design committee

11  members' conduct or alleged conduct.  Accordingly, it

12  would seem that Section 8.14 applies as -- as a

13  provision which specifically applies to design

14  committee member conduct.

15          Section 8.14 adds to the standard of due

16  diligence.  According to Black's Dictionary "due

17  diligence" is defined as,

18          "Such a measure of prudence,

19          activity, or assiduity, as to" -- "as

20          is properly to be expected from, and

21          ordinarily exercised by, a reasonable

22          and prudent man under the particular

23          circumstances; not measured by any

24          absolute standard, but depending on the

25          relative facts of the special case."

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 9

1          It would seem that due diligence is

2    essentially equated with a reasonableness as set forth

3    in the Village Park decision.  So that's the reason

4    for the -- in other words, you can argue and the Court

5    is determining due diligence to be transmuted into a

6    standard of reasonableness under the circumstances.

7          Okay.  Turning now to plaintiff's special

8    instructions, um, I think I don't have the binder.

9    That's a small problem.  Recess in place.

10          (Recess in place at 5:16 p.m.)

11          THE COURT:  Okay.  Why don't you tell me

12    what you're going to withdraw --

13          MR. REVERE:  Okay.

14          THE COURT:  -- Mr. Revere?

15          MR. REVERE:  Thank you, Your Honor.  With

16    regard to plaintiff's requested instructions, we

17    understand 2 and 3 are gonna be modified by the Court

18    so to the extent as written they are being withdrawn,

19    and we're going with what the Court said about 2 and

20    3.

21          THE COURT:  Okay.  So those will be given

22    as modified.

23          MR. REVERE:  Oh, I'm sorry.  Okay.  Those

24    will been given as modified, I guess, and we are

25    withdrawing numbers 1, 4, 5, 6, 7, 8, 9, 21, 25, and

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 11

1    "purpose, (2) faithfulness to one's

2    duty or obligation, (3) observance of

3    reasonable commercial standards of fair

4    dealing in a given trade or business,

5    or (4) absence of intent to defraud or

6    to seek unconscionable advantage.

7        "Good faith performance emphasizes

8    faithfulness to an agreed" -- "to an

9    agreed common purpose and consistency

10    with the justified expectations of the

11    other party."

12        And -- and those are from Black's and

13  Hawaii Leasing v. Klein.

14        THE COURT:  Mmm-hmm.  So what do you

15  really want from that?  To be included in the

16  definition of "bad faith"?

17        MR. REVERE:  Yeah, I -- I hear what

18  you're saying, Your Honor.  I just think that just

19  that they know what good faith is as compared to bad

20  faith would be the opposite of this.

21        THE COURT:  Okay.

22        MR. REVERE:  Yeah.  That's all.

23        THE COURT:  All right.  So with respect

24  to Plaintiff's Instruction Number 2, it's going to be

25  modified as follows:

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 12

1              "Ordinarily a homeowner's

2        association or a design review

3        committee must exercise its authority

4        to approve or disapprove an individual

5        homeowner's construction or improvement

6        plans in conformity with the

7        declaration of covenants and

8        restrictions."

9              I'm not sure if you are objecting to

10   this.

11              MR. REVERE:  (Nonverbal response)

12              THE COURT:  Mr. Shigekane?

13              MR. SHIGEKANE:  Yes, Your Honor.  The

14   defendant objects on the basis that it unduly focuses

15   on the, um, the declaration of covenants and

16   restrictions and does not give appropriate deference

17   to the design committee with respect to their process,

18   the entire approval process and the decision itself so

19   it allows the -- the jury to second-guess the design

20   committee.

21              THE COURT:  All right.  And you have no

22   objection to this, Mr. Revere?

23              MR. REVERE:  Oh, no, not as modified,

24   Your Honor.

25              THE COURT:  Do you want to delete the

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 13

1    words "Declaration of Covenants and Restrictions,"

2    just go with "Covenants and Restrictions"?

3              MR. REVERE:  I don't have any objection

4    to that.

5              THE COURT:  Okay.  Why don't we do that?

6    Otherwise, there might be some concern that --

7              MR. REVERE:  Oh, okay.

8              THE COURT:  -- you're just looking at the

9    declaration and not the design committee rules.

10             MR. REVERE:  Okay.

11             THE COURT:  Regarding instruction number

12   3, Court will, uh, intends to modify the instruction

13   to read as follows:

14             "The approval of plans in violation

15             of the covenants or restrictions may be

16             considered as evidence that the

17             homeowner's association or the design

18             review committee acted unreasonably."

19             And, Mr. Revere, I understand that as

20   modified you don't have an objection?

21             MR. REVERE:  Yeah.  No objection, Your

22   Honor.

23             THE COURT:  Mr. Shigekane, I understand

24   that you do have an objection?

25             MR. SHIGEKANE:  Yes, Your Honor.  Again

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 14

1    on the same basis as I stated with respect to

2    instruction number 2, it does not state the

3    appropriate law, and it allows the jury to

4    second-guess the decision of the design review

5    committee and --

6                THE COURT:  Okay.

7                MR. SHIGEKANE:  -- does not give

8    appropriate deference to the committee's actions.

9    Thank you.

10               THE COURT:  So with respect to

11   defendant's proposed instructions, are you withdrawing

12   any, Mr. Shigekane?

13               MR. SHIGEKANE:  Your Honor, yes.  We are

14   withdrawing --

15               THE COURT:  I'm sorry.  I have to pick up

16   the other plaintiff's special instructions so, um --

17               MR. SHIGEKANE:  All right.

18               THE COURT:  In terms of the instructions

19   that were not given and were not withdrawn, they are

20   refused.

21               MR. REVERE:  That's fine, Your Honor.  I

22   understand.

23               THE COURT:  All right.  Mr. Shigekane?

24   I'm sorry.

25               MR. SHIGEKANE:  Yes, Your Honor.  The

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 20

1                    C E R T I F I C A T E

2

3    STATE OF HAWAI'I       )

4    COUNTY OF HAWAI'I      )

5    _____  )

6

7          I, CAROL KANESHIGE, CSR 140, RPR, RMR, RDR,

8    and an Official Court Reporter for the Third Circuit

9    Court, State of Hawai'i, do hereby certify that the

10   foregoing comprises a full, true, and correct

11   transcription of my stenographic notes taken in the

12   above-entitled cause.

13         Dated this 17th day of March, 2006.

14

15              OFFICIAL COURT REPORTER

16

17

18

19

20

21

22

23

24         _____

25            CAROL KANESHIGE, CSR 140

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e