**EXHIBIT 157**

Page 1

    C. 04-1-212, WESTERN SUNVIEW: WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.
COPIES WITHOUT AN ORIGINAL SIGNATURE ARE NOT CERTIFIED.


IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC, | ) | CIVIL NO. 04-1-212 |
|     Plaintiff, | ) | SETTLEMENT OF |
|   vs. | ) | |
| LEONE-PERKINS FAMILY TRUST; BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; DOUGLAS LEONE AND PATRICIA LEONE, Individually and as Trustees of the LEONE-PERKINS FAMILY TRUST; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, | ) | JURY INSTRUCTIONS |
|     Defendants. | ) | |


TRANSCRIPT OF PROCEEDINGS

before the HONORABLE GREG K. NAKAMURA Judge presiding,

First Division, on Wednesday, February 8, 2006.

APPEARANCES:

For the Plaintiffs:    TERRANCE M. REVERE, ESQ.
                        BRIANNE L. ORNELLAS, ESQ.
                        MOTOOKA YAMAMOTO & REVERE
                        1000 Bishop Street, Suite 801
                        Honolulu, Hawai'i  96813

For the Defendants:    RONALD M. SHIGEKANE, ESQ.
                        GAIL M. KANG, ESQ.
                        Ayabe, Chong, Nishimoto, Sia
                          & Nakamura
                        1001 Bishop Street
                        2500 Pauahi Tower
                        Honolulu, Hawai'i  96813


REPORTED BY:  CAROL KANESHIGE, CSR 140


    CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
  OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT
           STATE OF HAWAII

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 2

1  WEDNESDAY, FEBRUARY 8, 2006                    5:06 P.M.
2                          --oOo--
3          THE CLERK:  Okay.  We're back on the
4  record in Western Sunview Properties versus The Bluffs
5  at Mauna Kea Community Association.  So we're back on
6  the record.
7          THE COURT:  And at this time we're going
8  to put the instructions on the record, and thank you
9  to Carol for volunteering to take down what's being
10 said at 5:05 in the afternoon.  So you folks can have
11 a seat.
12         MR. REVERE:  Thank you, Judge.
13         THE COURT:  And going over the Court form
14 instructions, 1.02 B is given by agreement.  2.1 is
15 given by agreement.  2.2 is given by agreement.  2.3
16 is given by agreement.  2.4 is given by agreement.
17 2.5 is given by agreement.  2.6 is given by agreement.
18         2.7 is given as modified by agreement.
19 The third sentence is modified to reflect that,
20         "In this case, the parties are
21         entitled to receive the same fair and
22         unprejudiced treatment that an
23         individual party would have" -- "would
24         receive under similar circumstances."
25         2.9 is given by agreement.  3.1 is given

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 6

1. point to the Association, but that's my only
2. objection.
3.    THE COURT:  Mr. Shigekane?
4.    MR. SHIGEKANE:  Yes, Your Honor.  The
5. defendant has several objections to the Court's
6. proposed instruction.
7.    First of all it imposes upon the
8. plaintiff the burden of proof to show that The Bluffs
9. is unreasonable or made in bad faith -- that decision
10. is unreasonable or made in bad faith.  The appropriate
11. standard is really arbitrary or made in bad faith if
12. you follow the, um, the -- the case law McNamee.
13.    However, we have indicated in our
14. proposed instruction that the appropriate standard is
15. actually whether the committee's decision was made in
16. bad faith and with malice pursuant to the CCR's
17. themselves.
18.    The second point that I want to make is
19. that it's worded in the disjunctive, "unreasonable or
20. made in bad faith."  We believe that it should be
21. both, "unreasonable and made in bad faith."
22.    Finally, Your Honor, we believe that with
23. respect to the damages instruction, which is the --
24. the last paragraph, it doesn't accurately reflect the
25. state of the law.  It should be the diminution in

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW: WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 7

1  value before and after the, um, the event, and that's
2  the only objections we have.
3          THE COURT: Okay. I -- I ask you what is
4  the event?
5          MR. SHIGEKANE: It was plaintiff's burden
6  to establish what was the event.
7          That, you know, we raised this in our
8  motion in limine. We felt that the, uh, the expert
9  was not able to address that -- that issue, and that's
10 the precise issue which he had to address at the time
11 of his testimony. He did not, and we feel that
12 there's no evidence sufficient to go to the jury.
13         And actually at the end of my case I will
14 be making another motion as a matter of law for a
15 verdict in -- in defendant's favor.
16         THE COURT: Okay. Regarding this
17 instruction, although I think that Mr. Shigekane's
18 point is well taken in terms of the -- the need to
19 identify some time frame, I -- and maybe we can look
20 at that -- the instruction reflects the standard set
21 forth in that Village Park case, and that standard is
22 specifically provided for by case law.
23         I understand that the argument is being
24 made by defendant that the Court should apply Section
25 12.10 of the CC & R's, and that is relating to the

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 8

1  lack of good faith and the existence or not of malice.
2              However, the Court believes that Section
3  8.14 applies and that the standard applies, standard
4  of good faith and due diligence, as to design
5  committee members.  It can be argued that the case has
6  no claim against the design committee members
7  individually.  The claims in this case are made
8  against the Association.
9              However, the claims against the
10 Association are based upon the design committee
11 members' conduct or alleged conduct.  Accordingly, it
12 would seem that Section 8.14 applies as -- as a
13 provision which specifically applies to design
14 committee member conduct.
15             Section 8.14 adds to the standard of due
16 diligence.  According to Black's Dictionary "due
17 diligence" is defined as,
18         "Such a measure of prudence,
19         activity, or assiduity, as to" -- "as
20         is properly to be expected from, and
21         ordinarily exercised by, a reasonable
22         and prudent man under the particular
23         circumstances; not measured by any
24         absolute standard, but depending on the
25         relative facts of the special case."

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:   WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 9

1    It would seem that due diligence is
2   essentially equated with a reasonableness as set forth
3   in the Village Park decision. So that's the reason
4   for the -- in other words, you can argue and the Court
5   is determining due diligence to be transmuted into a
6   standard of reasonableness under the circumstances.
7    Okay. Turning now to plaintiff's special
8   instructions, um, I think I don't have the binder.
9   That's a small problem. Recess in place.
10          (Recess in place at 5:16 p.m.)
11          THE COURT: Okay. Why don't you tell me
12   what you're going to withdraw --
13          MR. REVERE: Okay.
14          THE COURT: -- Mr. Revere?
15          MR. REVERE: Thank you, Your Honor. With
16   regard to plaintiff's requested instructions, we
17   understand 2 and 3 are gonna be modified by the Court
18   so to the extent as written they are being withdrawn,
19   and we're going with what the Court said about 2 and
20   3.
21          THE COURT: Okay. So those will be given
22   as modified.
23          MR. REVERE: Oh, I'm sorry. Okay. Those
24   will been given as modified, I guess, and we are
25   withdrawing numbers 1, 4, 5, 6, 7, 8, 9, 21, 25, and

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 11

1   "purpose, (2) faithfulness to one's
2   duty or obligation, (3) observance of
3   reasonable commercial standards of fair
4   dealing in a given trade or business,
5   or (4) absence of intent to defraud or
6   to seek unconscionable advantage.
7   "Good faith performance emphasizes
8   faithfulness to an agreed" -- "to an
9   agreed common purpose and consistency
10  with the justified expectations of the
11  other party."
12          And -- and those are from Black's and
13  Hawaii Leasing v. Klein.
14          THE COURT:  Mmm-hmm.  So what do you
15  really want from that?  To be included in the
16  definition of "bad faith"?
17          MR. REVERE:  Yeah, I -- I hear what
18  you're saying, Your Honor.  I just think that just
19  that they know what good faith is as compared to bad
20  faith would be the opposite of this.
21          THE COURT:  Okay.
22          MR. REVERE:  Yeah.  That's all.
23          THE COURT:  All right.  So with respect
24  to Plaintiff's Instruction Number 2, it's going to be
25  modified as follows:

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW: WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 12

1         "Ordinarily a homeowner's
2    association or a design review
3    committee must exercise its authority
4    to approve or disapprove an individual
5    homeowner's construction or improvement
6    plans in conformity with the
7    declaration of covenants and
8    restrictions."
9         I'm not sure if you are objecting to
10   this.
11        MR. REVERE:  (Nonverbal response)
12        THE COURT:  Mr. Shigekane?
13        MR. SHIGEKANE:  Yes, Your Honor.  The
14   defendant objects on the basis that it unduly focuses
15   on the, um, the declaration of covenants and
16   restrictions and does not give appropriate deference
17   to the design committee with respect to their process,
18   the entire approval process and the decision itself so
19   it allows the -- the jury to second-guess the design
20   committee.
21        THE COURT:  All right.  And you have no
22   objection to this, Mr. Revere?
23        MR. REVERE:  Oh, no, not as modified,
24   Your Honor.
25        THE COURT:  Do you want to delete the

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e

C. 04-1-212, WESTERN SUNVIEW: WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 13

1  words "Declaration of Covenants and Restrictions,"
2  just go with "Covenants and Restrictions"?
3          MR. REVERE: I don't have any objection
4  to that.
5          THE COURT: Okay. Why don't we do that?
6  Otherwise, there might be some concern that --
7          MR. REVERE: Oh, okay.
8          THE COURT: -- you're just looking at the
9  declaration and not the design committee rules.
10         MR. REVERE: Okay.
11         THE COURT: Regarding instruction number
12 3, Court will, uh, intends to modify the instruction
13 to read as follows:
14         "The approval of plans in violation
15     of the covenants or restrictions may be
16     considered as evidence that the
17     homeowner's association or the design
18     review committee acted unreasonably."
19         And, Mr. Revere, I understand that as
20 modified you don't have an objection?
21         MR. REVERE: Yeah. No objection, Your
22 Honor.
23         THE COURT: Mr. Shigekane, I understand
24 that you do have an objection?
25         MR. SHIGEKANE: Yes, Your Honor. Again

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 14

1  on the same basis as I stated with respect to
2  instruction number 2, it does not state the
3  appropriate law, and it allows the jury to
4  second-guess the decision of the design review
5  committee and --
6              THE COURT:  Okay.
7              MR. SHIGEKANE:  -- does not give
8  appropriate deference to the committee's actions.
9  Thank you.
10             THE COURT:  So with respect to
11 defendant's proposed instructions, are you withdrawing
12 any, Mr. Shigekane?
13             MR. SHIGEKANE:  Your Honor, yes.  We are
14 withdrawing --
15             THE COURT:  I'm sorry.  I have to pick up
16 the other plaintiff's special instructions so, um --
17             MR. SHIGEKANE:  All right.
18             THE COURT:  In terms of the instructions
19 that were not given and were not withdrawn, they are
20 refused.
21             MR. REVERE:  That's fine, Your Honor.  I
22 understand.
23             THE COURT:  All right.  Mr. Shigekane?
24 I'm sorry.
25             MR. SHIGEKANE:  Yes, Your Honor.  The

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

C. 04-1-212, WESTERN SUNVIEW:  WED., 2-08-06
Permission to Copy is Denied, HRS 606-13, ETC.

Page 20

```
 1                    C E R T I F I C A T E
 2
 3    STATE OF HAWAI'I        )
 4    COUNTY OF HAWAI'I       )
 5    _____     )
 6
 7          I, CAROL KANESHIGE, CSR 140, RPR, RMR, RDR,
 8    and an Official Court Reporter for the Third Circuit
 9    Court, State of Hawai'i, do hereby certify that the
10    foregoing comprises a full, true, and correct
11    transcription of my stenographic notes taken in the
12    above-entitled cause.
13          Dated this 17th day of March, 2006.
14
15                    OFFICIAL COURT REPORTER
16
17
18
19
20
21
22
23
24         _____
25             CAROL KANESHIGE, CSR 140
```

CAROL S. KANESHIGE, CSR, RPR, RMR, RDR
OFFICIAL COURT REPORTER, THIRD CIRCUIT COURT

1d014858-3471-452d-9e76-fdb033e1050e