MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation
TERRANCE M. REVERE  5857-0
JACQUELINE E. THURSTON  7217-0
JASON P. HEALEY  8068-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910

LOVE & NARIKIYO
A Limited Liability Law Company
CHAD P. LOVE  1617-0
BARBARA J. KIRSCHENBAUM  5825-0
1164 Bishop Street, Suite 1105
Honolulu, Hawaii 96813
Tel. No. (808) 546-7575
Fax No. (808) 546-7070

Attorneys for Plaintiff
WESTERN SUNVIEW PROPERTIES, LLC,

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> LEONE-PERKINS FAMILY TRUST; BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; DOUGLAS LEONE AND PATRICIA LEONE, INDIVIDUALLY AND AS TRUSTEES OF THE LEONE-PERKINS FAMILY TRUST; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, <br><br> Defendants. | Civil No. 04-1-0212 <br> (Declaratory Judgment; Other Civil Action) <br><br> PLAINTIFF WESTERN SUNVIEW PROPERTIES, LLC'S MEMORANDUM IN OPPOSITION TO DEFENDANT BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT, FILED NOVEMBER 23, 2005; DECLARATION OF TERRANCE M. REVERE; EXHIBITS 1 TO 34; CERTIFICATE OF SERVICE <br><br> HEARING: <br> Date: Dec. 15, 2005 <br> Time: 8:30 a.m. <br> Judge: Hon. Greg Nakamura <br><br> TRIAL: January 30, 2006 |

opp to AOAO's MSJ.doc (648-2)

EXHIBIT A

4. <u>Judge Ezra has explicitly ruled that the parties should not attempt to use rulings in one case in another, which is exactly what the Association does in its Motion.</u>

Plaintiff attempts to use one of Judge's Ezra's rulings in a federal case regarding the Association's actions pertaining to a different defendant than this case.[21] However, Judge Ezra explicitly stated "**The fact that material issues of fact remained in [the present Third Circuit case] does not have any effect on this Court's ruling, because the cases involve different parties, different properties, different conduct, and most importantly, different trial records.**" Ex. 28 at 29 (emphasis added). Hence, because Judge Ezra explicitly stated that rulings in the present case had no effect on the Federal District Court case, the same should be applicable vice-versa. The different parties, properties, conduct and trial records involved in each case preclude rulings from each case adversely affecting the other. In addition, the context of Judge Ezra's ruling was with regard to the <u>Federman</u> Defendants and <u>not</u> to the Association itself, as the Association <u>still</u> remains in the federal action. Finally, Judge Ezra's decision was not even a final, appealable order.

E. <u>If the Court questions whether these facts are sufficient to deny the MSJ, Plaintiff requests a continuance until it has had the opportunity to depose all committee members</u>

Plaintiff requests that this motion be continued until it has had the opportunity to depose all of the Design Committee members.

> (f) WHEN AFFIDAVITS ARE UNAVAILABLE. -- Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

HRCP, Rule 56. Plaintiff has sought to depose all of the Design Committee members who were present upon the dates that the Leones' variance was passed. They included, Douglas Leone, Robert Gunderson, Michael Hartley, John Reid, Jerry Elder, and Bob Acree. Thus far, the Association has only agreed to produce Robert Gunderson and Douglas Leone, which frankly, is the equivalent of presenting the foxes to guard the henhouse. The Association has sought a protective order prohibiting Plaintiff from deposing the remaining members which was granted

---

[21] *Western Sunview Properties, et. al. v. Federman et. al.*, Civil No. 03-00463 JMS LEK ("*Federman* lawsuit")