```
15        CREDIBILITY.
16             BUT, YOU KNOW, WHEN HE STARTS OFF WITH
17   $3.25 MILLION COST BASIS AND WITHIN TWO MONTHS THAT
18   PROPERTY WAS WORTH 6.5 MILLION -- HE JUST DISREGARDS IT.
19   IT'S NOT IN HIS ANALYSIS.
20             MR. REVERE:  THE REASON HE DISREGARDED IT
21   IS BECAUSE IT WAS ONE GUY MAKING ONE OFFER AND THAT'S
22   NOT WHAT APPRAISERS DO.  THEY GOT THESE -- THIS FORM
23   THEY'VE GOTTA FOLLOW.
24             THEY USE THIS COST ANALYSIS BECAUSE IT'S
25   THE MOST CONSERVATIVE ONE, BUT IF THEY WANNA MAKE IT
0025
 1   LARGER THAN THAT THAT'S FINE BY ME BUT....                    09:31
 2             THE COURT:  OKAY.
 3             SO ALTHOUGH MY RULING IS A LITTLE CLUNKY IN
 4   TERMS OF APPLICATION THAT WOULD BE THE RULING.
 5             MR. REVERE:  OKAY.
 6             MR. SHIGEKANE:  ALL RIGHT.
 7             THE COURT:  SO MR. REVERE, PLEASE SUBMIT A
 8   FORM OF THE ORDER.
 9             MR. REVERE:  YES, YOUR HONOR.
10             THE COURT:  OKAY.
11             NOW, PLAINTIFF'S MOTION IN LIMINE IN REGARD
12   TO -- IN REGARD TO PLAINTIFF'S MOTION IN LIMINE TO
13   EXCLUDE THE TESTIMONY OF WENDELIN CAMPBELL AND TO
14   PRECLUDE INTRODUCTION OF LEGAL OPINION TESTIMONY, THE
15   RULING WOULD BE THE SAME AS, UM, WITH RESPECT TO
16   MR. KRUEGER OTHER THAN THE CONFLICT -- CONFLICT ISSUE.
17   THE MOTION WILL BE GRANTED TO THE EXTENT THAT
18   MS. CAMPBELL CANNOT EXPRESS ANY LEGAL OPINIONS.  THE
19   MOTION WILL BE GRANTED TO THE EXTENT THAT MS. CAMPBELL
20   MAY NOT OPINE AS TO WHETHER THE DESIGN COMMITTEE'S
21   DECISION WAS UNREASONABLE OR IN BAD FAITH.
22             AND SO, UM, ANY RESPONSE TO THAT,
23   MR. REVERE?
24             MR. REVERE:  UM, NO.  SORRY.
25             THE COURT:  MR. SHIGEKANE?
0026
 1             MR. SHIGEKANE:  NO.  I THINK THAT'S            09:32
 2   APPROPRIATE, YOUR HONOR.
 3             THE COURT:  OKAY.  SO COURT WILL GRANT THE
 4   MOTION TO THAT EXTENT.
 5             NOW WE'RE TURNING TO PLAINTIFF'S MOTION IN
 6   LIMINE TO EXCLUDE A QUESTION ANSWER -- QUESTION AND
 7   ANSWERS DOCUMENT.
 8             OKAY, MR. SHIGEKANE, I -- I'M A LITTLE
 9   CONCERNED AS TO YOUR ARGUMENT THAT SOMEHOW NOTICE TO
10   WESTERN SUNVIEW IS SOMEHOW RELEVANT IN THIS CASE.
11             MR. SHIGEKANE:  YOUR HONOR, NOTICE TO THE,
12   UM, WESTERN SUNVIEW IS THE CRITICAL ASPECT OF THIS CASE,
13   YOUR HONOR.
14             HE'S SAYING, I BOUGHT THE PROPERTY.  I HAD
15   NO IDEA, ABSOLUTELY NO IDEA THAT ANYBODY COULD BUILD IN
16   THE SPECIAL SETBACK AREA.  FIRST OF ALL THE -- THE
17   DOCUMENTS THEMSELVES HAVE PROVISIONS FOR VARIANCES.
18   SECONDLY, UM, THERE WAS A POOL ALREADY EXISTING IN THE
19   SPECIAL SETBACK AREA.
```

EXHIBIT B

```
20           THE COURT: BUT ISN'T THIS A -- KIND OF
21   LIKE A SO WHAT SITUATION? BECAUSE THE QUESTION WOULD BE
22   WHETHER -- WHETHER OR NOT THE DESIGN COMMITTEE'S
23   DECISION WAS NOT UNREASONABLE OR NOT IN BAD FAITH, SO WE
24   JUST FOCUSING ON WHETHER THE DECISION WAS APPROPRIATE,
25   NOT WHAT MR. HANDS' EXPECTATION WAS.
0027
 1           MR. SHIGEKANE: OH, NO. IT -- IT -- THAT'S              09:34
 2   [SIC] IS THE OTHER SIDE OF THE COIN FOR MR. HANDS. HE'S
 3   SAYING HE EXPECTED THAT AREA TO BE CLEAR AND THAT'S NOT
 4   CORRECT, YOUR HONOR.
 5           WHY IS THAT RELEVANT?
 6           THE COURT: YEAH.
 7           MR. SHIGEKANE: YOUR HONOR, IF -- IF IT'S
 8   NOT RELEVANT THEN HE SHOULDN'T BE ALLOWED TO TESTIFY TO
 9   THAT AT ALL, THAT THIS IS IMPORTANT TO ME.
10           THE COURT: MAY BE. AND THAT'S WHAT I'M
11   THINKING.
12           MR. SHIGEKANE: IT -- BUT IT IS IMPORTANT.
13   I MEAN HE IS GOING TO SAY IT IS IMPORTANT. I MEAN IF HE
14   IS WILLING TO SAY -- TO TESTIFY THAT, OKAY, WE -- WE
15   BROUGHT THIS LAWSUIT AND THEY JUST VIOLATED IT --
16           MR. REVERE: WELL --
17           MR. SHIGEKANE: -- AND NOT SAY ANYTHING
18   ABOUT WHETHER OR NOT IT'S IMPORTANT TO HIM OR NOT, UM --
19   UH, YOU KNOW, THAT IS THE CRUX OF THIS CASE. IT'S
20   BECAUSE HE FEELS IT'S IMPORTANT TO HIM THAT HE'S
21   BRINGING THIS LAWSUIT. WE ARE GOING TO SHOW THAT IT'S
22   NOT IMPORTANT TO HIM AND HE DIDN'T FOLLOW THROUGH ON
23   THINGS THAT HE SHOULD HAVE, LIKE AFTER BEING PUT ON
24   NOTICE, UH, WHETHER OR NOT HE SHOULD HAVE CHECKED.
25           I MEAN THE DOCUMENT ITSELF SAYS, HEY, CAN A
0028
 1   SWIMMING POOL BE BUILT IN THE SPECIAL SETBACK AREA OF          09:35
 2   LOT 3 AND 4? 4 IS THE ONE WE'RE TALKING ABOUT. THE
 3   ANSWER IS YES AS LONG AS IT DOESN'T BLOCK VIEWS. AND
 4   HE'S SAYING VIEW WAS SO IMPORTANT TO ME I CHECKED ALL
 5   THESE OTHER THINGS BUT I -- I DIDN'T CHECK THIS ONE. HE
 6   HAS ATTORNEYS TO CHECK, TO DO DUE DILIGENCE ON MANY MANY
 7   ASPECTS BUT HE DOESN'T CHECK ON THIS. WHY?
 8           THE COURT: OKAY.
 9           SO MR. REVERE, YOU WANT TO -- WHAT WAS YOUR
10   THEORY GOING TO BE? YOU GOING TO SAY THAT THERE WAS
11   THIS EXPECTATION?
12           MR. REVERE: WELL -- WELL, YOUR HONOR, I
13   THINK THAT --
14           THE COURT: HOW DOES IT WORK?
15           MR. REVERE: OKAY.
16           WELL, GOING BACK TO, YOU KNOW, WHAT HIS --
17   RON'S, EXCUSE ME, MR. SHIGEKANE'S ARGUMENT IS THIS Q&A
18   DOCUMENT IS IMPORTANT 'CAUSE IT PUT HANDS ON NOTICE OF
19   THE DOCUMENT. HANDS ISN'T GONNA ARGUE THAT HE DIDN'T
20   HAVE NOTICE -- ACTUAL OR CONSTRUCTIVE NOTICE OF THOSE
21   DOCUMENTS.
22           THE PROBLEM THAT WE HAVE IS WHAT HE'S
23   SAYING IS, OH, WELL, NOW YOU'RE ON NOTICE. ON NOTICE --
24           THE COURT: FOR WHAT PURPOSE, IS WHAT I'M
```