AYABE, CHONG, NISHIMOTO,
   SIA & NAKAMURA
A Limited Liability Law Partnership

SIDNEY K. AYABE    968-0
RONALD SHIGEKANE   1945-0
1001 Bishop Street, Pauahi Tower 2500
Honolulu, Hawaii 96813
Telephone:  808-537-6119
Facsimile:  808-526-3491
E-mail:     Ronald.Shigekane@hawadvocate.com

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

## IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> LEONE-PERKINS FAMILY TRUST; BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, <br><br> Defendants. | CIVIL NO. 04-1-0212 <br> (Declaratory Judgment, Other Civil Action) <br><br> DEFENDANT THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S **RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR NEW TRIAL** ; NOTICE OF HEARING AND CERTIFICATE OF SERVICE <br><br> HEARING: <br><br> Date:  April 4, 2006 <br> Time:  8:30 a.m. <br> Judge:  Greg K. Nakamura <br><br> Trial Held:  January 30, 2006 |

2004-069/294134

DEFENDANT THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S
**RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
OR, IN THE ALTERNATIVE, FOR NEW TRIAL**



EXHIBIT C

Defendant THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION, by and through its attorneys, Ayabe, Chong, Nishimoto, Sia & Nakamura, hereby moves this Court for Judgment as a Matter of Law or, in the Alternative, for New Trial.

This motion is made pursuant to Rules 50 and 59 of the Hawaii Rules of Civil Procedure and is based upon the records and files herein.

DATED: Honolulu, Hawaii, FEB 2 8 2006.

                                      _____
                                      SIDNEY K. AYABE
                                      RONALD SHIGEKANE
                                      Attorneys for Defendant
                                      THE BLUFFS AT MAUNA KEA
                                      COMMUNITY ASSOCIATION

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................... 1

II. STANDARD OF REVIEW ....................................................................... 1

    A. Judgment as a Matter of Law ........................................................ 3

    B. New Trial ....................................................................................... 4

III. ARGUMENT ............................................................................................ 4

    A. Judgment as a Matter of Law Should be Granted in Favor of Defendant The Bluffs at Mauna Kea Community Association ......... 4

    B. A New Trial Should be Granted to Cure Errors of Law .................. 5

        1. The Court Erred in Refusing to Give Defendant's Proposed Instruction No. 2 .............................................. 5

        2. The Court's Own Instruction Regarding the Plaintiff's Burden of Proof was Erroneous ........................... 6

        3. The Verdict is Against the Manifest Weight of the Evidence 8

        4. The Court Improperly Gave limiting Instructions Regarding the Significance of the Question & Answer Document, Exh. 508 ............................................. 9

IV. CONCLUSION ...................................................................................... 10

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> LEONE-PERKINS FAMILY TRUST; BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, <br><br> Defendants. | ) CIVIL NO. 04-1-0212 <br> ) (Declaratory Judgment, Other Civil Action) <br> ) <br> ) MEMORANDUM IN SUPPORT OF <br> ) RENEWED MOTION FOR JUDGMENT <br> ) AS A MATTER OF LAW OR, IN THE <br> ) ALTERNATIVE, FOR NEW TRIAL |

2004-069/285603

MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, FOR NEW TRIAL

I.   **INTRODUCTION**

Defendant THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION, by and through its attorneys, Ayabe, Chong, Nishimoto, Sia & Nakamura, hereby renews its motion for Judgment as a Matter of Law as to all claims asserted by Plaintiff. The motion was made pursuant to Rule 50 of the Hawaii Rules of Civil Procedure by Defendant at the close of Plaintiff's case and at the end of Defendant's presentation. Alternatively, Defendant hereby moves for a new trial pursuant to Rule 59, H.R.C.P.

1

II. **STANDARD OF REVIEW**

Rule 50 of the Hawaii Rules of Civil Procedure provides:

(a) Judgment as a matter of law.

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

(2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

(b) **Renewing motion for judgment after trial; alternative motion for new trial.** If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. **The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment — and may alternatively request a new trial or join a motion for a new trial under Rule 59.** In ruling on a renewed motion, the court may:

(1) if a verdict was returned:
    (A) allow the judgment to stand,
    (B) order a new trial, or
    (C) direct entry of judgment as a matter of law; or

(2) if no verdict was returned:
    (A) order a new trial, or
    (B) direct entry of judgment as a matter of law.

(c) Granting renewed motion for judgment as a matter of law; conditional rulings; new trial motion.

(1) If the renewed motion for judgment as a matter of law is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the

2

motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court. (2) Any motion for a new trial under Rule 59 by a party against whom judgment as a matter of law is rendered shall be filed no later than 10 days after entry of the judgment.

(d) Same: Denial of motion for judgment as a matter of law. If the motion for judgment as a matter of law is denied, the party who prevailed on that motion may, as appellee, assert grounds entitling the party to a new trial in the event the appellate court concludes that the trial court erred in denying the motion for judgment. If the appellate court reverses the judgment, nothing in this rule precludes it from determining that the appellee is entitled to a new trial, or from directing the trial court to determine whether a new trial shall be granted.

### A.  Judgment as a Matter of Law

The standard for granting a motion for judgment notwithstanding the verdict (now referred to as a Motion for Judgment After Trial) is the same as that for granting a motion for Judgment as a Matter of Law (previously referred to as a motion for directed verdict.) A directed verdict may be granted only when, after disregarding conflicting evidence, giving to the plaintiff's evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn from the evidence in plaintiff's favor, it can be said that there is no evidence to support a jury verdict in his favor. <u>Realty Mart, Inc. v. Aina Alii, Inc.</u>, 61 Haw. 526, 607 P.2d 408, (1980).

The denial of a motion for a directed verdict does not foreclose entry, upon the same grounds, of judgment n.o.v. <u>Winter v. Scherman</u>, 57 Haw 279, 554 P.2d 1137 (1976).

B.  **New Trial**

Rule 59 of the H.R.C.P. provides, inter alia:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the State; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the State. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

The standard for granting a new trial is much more relaxed from that of a motion for directed verdict. When the grounds asserted for a new trial is that the verdict is against the weight of the evidence, the movant need not show that there was no substantial evidence supporting his opponent's case; all that is required is that the verdict rendered for the opponent is against the manifest weight of the evidence.

> Thus, if each party has introduced enough evidence to make a jury case, but one party's evidence clearly outweighs the other party's evidence, a motion for a new trial could be granted even though a motion for a directed verdict would have to be denied.

Petersen v. City & County of Honolulu, 53 Haw. 440, 496 P.2d 4 (1972)

III.  **ARGUMENT**

A.  **Judgment as a Matter of Law Should be Granted in Favor of Defendant The Bluffs at Mauna Kea Community Association**

The arguments presented in Defendant's previous motion for Judgment as a Matter of Law, filed at the end of plaintiff's case-in-chief and renewed after the close of all evidence, is hereby incorporated by reference. Essentially, the evidence at trial established that the Design Committee's decision in approving the proposed improvements to Lot # 4 was made **in good faith and without malice**.

4

The Design Committee gave final approval to the Leone improvements on October 7, 2004 – more than 2 years after the initial submittal. **[Exh. 501, pgs. T138-139]** The consultant's initial comments recommended a denial of the Leone's June 12, 2002 original request for a variance to build a swimming pool in the special setback area. **[Exh. 501, pgs. T2-4]** The Leones persevered and submitted numerous revisions to address the concerns of the Design Committee and its architect consultant. By October 7, 2004, the Leones' submittal addressed all of the concerns articulated by the Design Committee's consultant at the outset of the application.

The evidence also established that the Design Committee was consistent in its approvals – its guiding principle was to allow swimming pools and related improvements to be built in the special setback area as long as they did not block views. The evidence clearly shows that the swimming pool in Lot # 4 does not block Plaintiff's views.

There is also no evidence that the Design Committee's judgment in allowing a swimming pool to be built in the special setback area was in any way "unreasonable." Although Plaintiff argued that the Design Committee's members were somehow biased in favor of the owner of Lot 4, there was no evidence supporting such a claim.

### B. A New Trial Should be Granted to Cure Errors of Law

#### 1. The Court Erred in Refusing to Give Defendant's Proposed Instruction No. 2

Defendant's proposed instruction No. 2 was denied over Defendant's objection, in favor of the Court's instruction. Defendant's Proposed Instruction No. 2 provided:

> In order to prevail in its case, Plaintiff Western Sunview Properties, LLC must prove that the Design Review Committee's decision to grant a

5

variance to the owners of Lot # 4 to build a swimming pool and related improvements in the Special Setback Area was not made in good faith and that it was made with malice.

The foregoing language is derived from § 12.10 of the Declaration of Covenants, Conditions and Restrictions (CCRs). The Court's refusal to enforce the limitation of liability provisions of the CCRs was erroneous and without legal foundation. The CCRs provided the basis for Plaintiff's claim – the parties rights and responsibilities emanated from the document, yet the Court ignored a critical aspect of the parties' agreement.

2. The Court's Instruction Regarding the Plaintiff's Burden of Proof was Erroneous

Even if the Association's CCRs did not have an express limitation of liability provision, the burden of proof for someone challenging an Association's design committee decision is a heavy one:

> The trial court's focus on the reasonableness of the Committee's actions rather than on the reasonableness of plaintiffs' plans was well taken. Plaintiffs' presentation of their case was directed towards showing that their plans for construction were reasonable. However, this is not a question for a court either at the trial or appellate level to consider. The body most suited for this determination was the WPCA's designated board – the Managing Committee. **The trial court's task was to see that the Committee's decision was not arbitrary or made in bad faith.** In turn we are limited in our review to whether this determination was supported by substantial evidence.
>
> (Emphasis added)
> McNamee v. Bishop Trust Company, Limited, 62 Haw. 397, 402, 616 P.2d 205 (1980)

Under McNamee (absent a contractual limitation of liability), the burden of proof to invalidate a design committee's decision is to show that the decision was **arbitrary or made in bad faith**. This gives the design committee appropriate deference in matters

of aesthetics. The Design and Construction Requirements for Homes, Plaintiff's Exhibit 8, gave the Design Committee authority to grant variances with the proviso that it be the "sole judge of the suitability of such variations" in relation to the broad objectives of the Design and Construction Requirements.

Instead of Defendant's Proposed Instruction No. 2 or the standard articulated in McNamee, the Court gave its own instruction, which provided, inter alia:

> In order to recover damages in this cases [sic], Plaintiff Western Sunview Properties, LLC has the burden of proving, by a preponderance of the evidence,: (1) that the decision made by the Design Committee of Defendant The Bluffs of Mauna Kea was unreasonable *or* made in bad faith, and (2) that the decision was a legal cause of injury or damages to Plaintiff.

The Court's standard of "unreasonable or made in bad faith" appears to be derived from Village Park Community Association v. Nishimura, 108 Haw. 487, 122 P.3d 267, (Haw. App. 9/16/05), *cert. dismissed* 11/14/05. In Village Park Community Association, the Hawaii Intermediate Court of Appeals attempted to restate McNamee's rule, but actually deviated from the Supreme Court's holding:

> We conclude that when the property owner is the plaintiff and has the burden of proof, the plaintiff-property owner's burden is to prove that the committee/association's decision was **unreasonable and/or made in bad faith**. In contrast, when the association is the plaintiff and has the burden of proof, the plaintiff-association's burden is to prove that the committee/association's decision was reasonable **and** made in good faith.

Emphasis added, Id.

Even this pronouncement is internally inconsistent – the ICA's ruling in Village Park suggests that when the Association is the plaintiff, it must show that its decision was reasonable **and** made in good faith. In contrast, when an owner is the plaintiff, the owner's standard is less – that the decision was unreasonable *or* made in bad faith.

7

More fundamentally, <u>Village Park</u> markedly deviates from the Supreme Court's <u>McNamee</u> standard of "*arbitrary* or made in bad faith", by replacing it with a simple "*unreasonable* or made in bad faith." With the disjunctive "or", all that becomes necessary to show is that the Association's decision was "unreasonable."

When the jury was allowed to determine whether the Committee's action was "unreasonable", it was erroneously given the authority to decide the matter *de novo* and to replace the Committee's judgment with its own determination of what should be allowed or not allowed in the community. No deference was given to the Committee's decision, despite the provision of the Design and Construction Requirements that the Committee, "shall be the sole judge of the suitability of such variations in relation to the established objectives." [Exh. 8, Article VI]

    3.    <u>The Verdict is Against the Manifest Weight of the Evidence</u>

The jury's verdict did not comport with the evidence presented – rather, it reflected a substitution of the jury's own judgment that no variance should have been given to Lot # 4. The evidence established that *all* requests for improvements in the special setback areas were granted, as long as the improvements did not block views. Even Plaintiff's request for a variance was granted. The evidence also established that the swimming pool in Lot # 4 did not block views. Finally, as noted in Defendant's prior motion for judgment as a matter of law, the evidence established that a great deal of consideration was given to various aspects of the requested improvements before it was ultimately granted.

The Design Committee meeting minutes of October 7, 2004 state, inter alia:

> DGS [David G. Stringer] reminded the Committee that Leone Residence had previously submitted plans which were approved with conditions and

8

that the Leones have made those adjustments and revisions as requested. DA [David Ayer of David Stringer Architects] summarized the six review items and conditions that the Committee had requested be revised by the Leones and all items were addressed and satisfied. DA noted that the Leones had submitted a thatch roofing material for the outdoor bar and stated that it was aesthetically acceptable to DSA. There was a brief discussion in which the rational for granting the original variance for final approval was recited, i.e., the unique topography of the site, that the proposed additions and improvements were at or below the existing grade of the buildable area of the lot (in contrast to Lot 5, where the existing grade was elevated) and numerous view channel studies were done indicating that view channels of adjoining lots were not adversely impacted.

[Exhibit 501, pg. T138-139]

4.  The Court Improperly Gave limiting Instructions Regarding the Significance of the Question & Answer Document, Exh. 508

Plaintiff was given notice as to how the Design Committee interpreted its own rules and conditions under which it would likely grant variances for building within the special setback areas – essentially, that swimming pools would be allowed in the special setback areas, as long as they did not block views. [Exhibit 508]. This evidence was relevant for the substantive purpose of showing that Plaintiff had prior notice of the Committee's interpretation of the suitability of improvements in the special setback area and its treatment of requested variances -- that Plaintiff had no reason to expect that special setback areas would remain totally undeveloped; it was relevant to show that the Committee's action in approving the swimming pool in the special setback area of Lot 4 was consistent with its decisions for other lots; it was relevant to show at least one Committee member's rational thought process (Robert Gunderson); it was relevant to demonstrate that the value of the property, when purchased by Plaintiff, already reflected the potential impact of swimming pools in its neighbors' special setback areas.

Despite the relevance of the Q & A document on various different grounds, the Court instructed the jury on several occasions that the document *could not* be considered for any purpose other than impeaching the testimony of Plaintiff's managers.

## III. CONCLUSION

For the foregoing reasons, Defendant asks that this Court set aside the jury's verdict and **a)** direct entry of judgment in favor of Defendant, or **b)** order that a new trial be held.

DATED: Honolulu, Hawaii, FEB 2 8 2006 .

                 _____
                 SIDNEY K. AYABE
                 RONALD SHIGEKANE
                 Attorneys for Defendant
                 THE BLUFFS AT MAUNA KEA
                 COMMUNITY ASSOCIATION

IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> LEONE-PERKINS FAMILY TRUST; BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, <br><br> Defendants. | CIVIL NO. 04-1-0212 <br> (Declaratory Judgment, Other Civil Action) <br><br> NOTICE OF HEARING AND CERTIFICATE OF SERVICE |

2004-069/285603

## NOTICE OF HEARING

TO: TERRANCE M. REVERE, ESQ.
BRIAN A. BILBERRY, ESQ.
JACQUELINE E. THURSTON, ESQ.
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813

And

CHAD P. LOVE, ESQ.
1164 Bishop Street, Suite 1105'
Honolulu, Hawaii 96813
    Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC
GUY HANDS AND JULIA HANDS

NOTICE IS HEREBY GIVEN that Defendant's Renewed Motion for Judgment as a Matter of Law or, I the Alternative, for New Trial shall come on for hearing before The Honorable Greg K. Nakamura, Judge of the above-entitled Court, in

his respective courtroom on  Tue. April 4 , 2006 at 8:30 a.m., or as soon thereafter as counsel can be heard.

DATED: Honolulu, Hawaii  FEB 28 2006 .

*Ron H*
SIDNEY K. AYABE
RONALD SHIGEKANE
Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  FEB 28 2006  a true and correct copy of the foregoing document was duly served upon the following parties listed below, at their last-known address, as indicated below:

|  | MAIL | HAND-DELIVERY |
|---|---|---|
| TERRANCE M. REVERE, ESQ.<br>BRIAN A. BILBERRY, ESQ.<br>JACQUELINE E. THURSTON, ESQ.<br>1000 Bishop Street, Suite 801<br>Honolulu, Hawaii 96813 | [ x ] | [ ] |

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC
GUY HANDS AND JULIA HANDS

DATED: Honolulu, Hawaii  FEB 28 2006 .

*Ron H*
SIDNEY K. AYABE
RONALD SHIGEKANE
Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION