371686.6

WATANABE ING & KOMEIJI LLP
A Limited Liability Partnership

J. DOUGLAS ING        # 1538-0
BRIAN A. KANG        # 6495-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawai'i  96813
Telephone No.  (808) 544-8300
Facsimile No.   (808) 544-8399
E-mail:  bkang@wik.com

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, )<br>LLC; GUY HANDS; AND JULIA )<br>HANDS, )<br> )<br> )<br>           Plaintiffs, )<br> )<br> )<br>     vs. )<br> )<br> )<br>IRWIN FEDERMAN; CONCEPCION )<br>S. FEDERMAN; THE BLUFFS AT )<br>MAUNA KEA COMMUNITY )<br>ASSOCIATION; MAUNA KEA )<br>PROPERTIES, INC.; MAUNA KEA )<br>DEVELOPMENT CORP.; COUNTY )<br>OF HAWAII; JOHN DOES 1-100; )<br>JANE DOES 1-100; DOE )<br>PARTNERSHIPS 1-100; DOE )| CIVIL NO. CV03-00463 JMS (LEK)<br><br>MAUNA KEA PROPERTIES, INC.<br>AND MAUNA KEA<br>DEVELOPMENT CORP.'S<br>SUPPLEMENTAL<br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR SUMMARY<br>JUDGMENT AS TO ALL SPECIAL<br>SETBACK AND PUNITIVE<br>DAMAGES CLAIMS FILED<br>NOVEMBER 3, 2005; ATTORNEY<br>CERTIFICATION; DECLARATION<br>OF BRIAN A. KANG;<br>DECLARATION OF KATHRIN<br>"CHACHA" KOHLER; EXHIBITS<br>37-42; CERTIFICATE OF SERVICE |

CORPORATIONS 1-100,      )
                                      )
                Defendants.     )   **No Trial Date**
_____)

[CONTINUED ON NEXT PAGE]

# TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................1

II.   ARGUMENT.....................................................................................2

    A.    Prior similar arguments made by Plaintiffs were rejected by this Court and law of the case requires that they be rejected again.......................2

    B.    Plaintiffs should be precluded from seeking to introduce the evidence and jury verdict in the *Leone* case..........................................................4

    C.    Giving preclusive effect to the rulings and verdict in the *Leone* case is not permissible and would severely prejudice Mauna Kea..................6

        1.    The facts and issues decided by the court and jury in the *Leone* case are not identical to those in this case...................................7

        2.    Mauna Kea was *not* a party or in privity with a party in the *Leone* case.................................................................................11

    D.    Restatement § 6.20 does not supercede law of the case....................12

        1.    Law of the case establishes that Mauna Kea operated within the framework of the governing documents...................................13

        2.    Law of the case establishes the reasonableness of actions in this matter...............................................................................14

III.  CONCLUSION...............................................................................15

# TABLE OF AUTHORITIES

**Cases**

Bush v. Watson, 81 Hawaii 474, 918 P.2d 1130 (1996) . . . . . . . . . . . . . . . . . . . 11

Casumpang v. ILWU Local 142, 108 Hawaii 411, 121 P.3d 391 (2005)  . . . . . . 13

Flores v. Barretto, 99 Hawaii 270, 54 P.3d 441 (2002)  . . . . . . . . . . . . . . . . . . . 7

Fong v. Hashimoto, 92 Hawaii 568, 994 P.2d 500 (2000 . . . . . . . . . . . . . . . . . . 12

Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003)  . . . . . . . . . . . . . . . . . . . . . . . 11

Hiner v. Hoffman, 90 Hawaii 188, 977 P.2d 878 (1999) . . . . . . . . . . . . . . . . . . 12

Lee v. Puamana Cmty. Ass'n, 109 Hawaii 561, 128 P.3d 874 (2006) . . . . . . . . . 12

Lingle v. Hawaii Government Employees Association, 107 Hawaii 178, 111 P.3d 587 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 11

Macuba v. Deboer, 193 F.3d 1316 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . 11

Orr v. Bank of Am., 285 F.3d 764 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . 11

Roxas v. Marcos, 89 Hawaii 91, 969 P.2d 1209 (1998) . . . . . . . . . . . . . . . . . . . 4

Western Sunview Properties, LLC v. Federman, 338 F. Supp. 2d 1106 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Zamarripa v. City of Mesa, 125 F.3d 792 (9th Cir. 1996) . . . . . . . . . . . . . . . . . 6

**Rules**

Fed. R. Civ. P 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Fed. R. Evid. 804(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## **Other Authorities**

Restatement (Third) of Property:  Servitudes § 6.20  . . . . . . . . . . . . . . . . . . 12, 13

Restatement (Third) of Property: Servitudes § 7.4 . . . . . . . . . . . . . . . . . . . . . . . 13

Restatement (Third) of Property: Servitudes § 7.6 . . . . . . . . . . . . . . . . . . . . . . . 13

**MAUNA KEA PROPERTIES, INC. AND MAUNA KEA DEVELOPMENT
CORP.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT AS TO ALL SPECIAL SETBACK AND
PUNITIVE DAMAGES CLAIMS FILED NOVEMBER 3, 2005**

COME NOW Defendants MAUNA KEA PROPERTIES, INC. and

MAUNA KEA DEVELOPMENT CORP. (collectively, "Mauna Kea"), by and

through their attorneys, WATANABE ING & KOMEIJI LLP, and hereby submit

this supplemental memorandum in support of their Motion for Summary Judgment

as to All Special Setback and Punitive Damages Claims filed November 3, 2005

("Mauna Kea's Motion").

## I.    INTRODUCTION

Despite Plaintiffs' prior failed attempt to submit evidence and rulings

from the *Leone* case,[1] Plaintiffs continue to seek to introduce such evidence even

---

[1]    See Plaintiffs' (1) Second Motion for Reconsideration of the "Order
Granting in Part and Denying in Part Defendants' Motion for Summary Judgment
and Denying Plaintiffs' Counter Motion for Summary Judgment," filed 9/15/04;
(2) Motion for Reconsideration of "Order Denying Plaintiffs' Objections to Order
Granting Defendants' Motion for Reconsideration," filed 8/19/04, and "Order
Adopting Magistrate's Findings and Recommendation," filed 8/24/04; or (3) in the
Alternative, Motion for FRCP 41(a)(2) Dismissal, filed November 30, 2004
("Plaintiffs' Second Motion for Reconsideration"); Order Denying Plaintiffs'
Motion for Clarification and Reconsideration Filed September 21, 2004; Order
Denying Plaintiffs' Second Motion for Reconsideration Filed November 30, 2004;
Order Denying Defendants' Motion for Entry of Final Judgment and Rule 54(b)
Certification, filed February 22, 2005 ("2/22/05 Order").

-1-

though the *Leone* case is irrelevant and introduction of such evidence would severely prejudice Mauna Kea. Plaintiffs' Supplemental Brief in Opposition to Mauna Kea's Motion ("Plaintiffs' Supplemental Brief") sets forth arguments that were previously rejected by this Court, largely ignores the principles of collateral estoppel, and should be given no weight by this Court.

## II.    ARGUMENT

### A.    Prior similar arguments made by Plaintiffs were rejected by this Court and law of the case requires that they be rejected again.

In Plaintiffs' Second Motion for Reconsideration, Plaintiffs argued that this Court should reconsider its rulings in Western Sunview Properties, LLC v. Federman, 338 F. Supp. 2d 1106 (2004) ("9/15/04 Order"), and deny the Federmans' Motion for Summary Judgment based on the state court's ruling in *Leone* denying the Leones' motion for summary judgment in that case. See Plaintiffs' Supplemental Brief. To wit, the Plaintiffs argued:

> Judge Nakamura's ruling in the *Leone* case involves the same community association, the same governing documents, the same §4.17, the same counsel (counsel for Plaintiff and all defendants in the *Leone* action also represent parties in the *Federman* action), and the same alleged acts of abandonment as in the *Federman* case.

Id. at 4 (emphases in original).

Ruling on Plaintiffs' Second Motion for Reconsideration, this Court

first noted, "Hawaii state courts have established a clear policy of disfavoring the treatment of unpublished lower court opinions that have not been reviewed on appeal as binding precedent in other unrelated matters." 2/22/05 Order at 28 (citations omitted). Moreover, this Court recognized that the *Leone* rulings did not conflict with this Court's decision in the 9/15/04 Order, or change controlling Hawaii law. Id. In relevant part, this Court found:

> The Hawaii court and this Court agreed regarding the two key facts - that the covenant provided that construction would not occur in the setback, but in fact construction has been consistently permitted to occur in the setback area. The Hawaii court did not rule as to whether or not abandonment had occurred, and did not rule as to whether the design committee's decision to grant a variance to that Defendant [the Leones] was reasonable. **The fact that material issues of fact remained in that case does not have any effect on this Court's ruling, because <u>the cases involve different parties, different properties, different conduct, and most importantly, different trial records</u>.**

Id. at 29 (emphasis added). This Court also found that "**resolution in the state proceedings will do <u>nothing</u> to resolve the conflict between the parties in the instant matter**, because each case involves a highly fact-specific inquiry, that would turn on the difference in the properties and the actions of the parties." Id. at 32 (emphasis added).

Here, Plaintiffs again ask this Court to consider rulings and evidence from the *Leone* case. Similar to this Court's ruling in the 2/22/05 Order, the *Leone*

case cannot be considered precedential because the *Leone* rulings and verdict are unpublished and have not yet been reviewed on appeal. Moreover, the rulings in the state case would not conflict with this Court's decision to apply the law of the case. As set forth in the 2/22/05 Order, the *Leone* matter involved a completely different set of facts and issues. Any attempt by Plaintiffs to argue that the *Leone* matter is somehow relevant to this case should, therefore, be rejected.

**B.    Plaintiffs should be precluded from seeking to introduce the evidence and jury verdict in the *Leone* case.**

Pursuant to the doctrine of judicial estoppel,

> [a] party will not be permitted to maintain inconsistent positions or to take a position in a matter which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts, and another will be prejudiced by his action.

Roxas v. Marcos, 89 Hawaii 91, 124, 969 P.2d 1209, 1242 (1998) (citations omitted). Judicial estoppel "partakes . . . of positive rules of procedure based on manifest justice" and prevents parties from "playing 'fast and loose' with the court or blowing 'hot and cold' during the course of litigation." Id.

In the *Leone* case, the Leones sought to introduce this Court's rulings in the 9/15/04 Order on a motion for summary judgment. In opposition, Plaintiffs painstakingly distinguished this case from *Leone*, arguing, among other things,

that (1) the Leones' planned construction was "**apples-and-oranges** different"
from the Federmans' construction, (2) this case [WSP v. Federman, et. al.] was
"irrelevant," and (3) this Court's ruling that the Federmans' pool and terrace did
not block views was distinguishable because "Leone's pool/plantings WILL
*significantly* block Plaintiff's view of the ocean and coastline." See Exhibit 37 at
2-4 (some emphasis added; some in original) (attached hereto).  Plaintiffs also
argued against the application of collateral estoppel, arguing that there was "**no
identity of issues**," and that the "Leones and Federmans' situations are **different
and involve different issues**." Id. at 3, 18 (emphases added).[2]

       Based on the foregoing, Plaintiffs should be precluded from arguing
here that the cases are similar enough to require the introduction of evidence and
rulings from *Leone*.  Plaintiffs are clearly continuing in their quest to "forum
shop," as this Court has already recognized:

> [T]he instant federal proceeding was pending for almost a year before
> Plaintiffs filed the state court action against their other neighbors.
> Both the parties and the Court have already invested a great deal of
> resources in the litigation of this case in federal court.  These facts
> raise the question as to whether Plaintiffs are attempting to forum
> shop or avoid the adverse rulings of the federal court.  The record of
> this case would provide strong circumstantial evidence in favor of

---

[2]     Plaintiffs even argued **during** the *Leone* trial that the two cases were
different.  See Exhibit 38 (25:17-26: 2) (attached hereto) ("[I]rrelevant.  Different
case.").

such a conclusion[.]

2/22/05 Order, at 32-33.  This Court should not permit Plaintiffs to take such fast,

loose and adverse positions in their quest to "shop" for the most favorable rulings.

C.     **Giving preclusive effect to the rulings and verdict in the *Leone* case is not permissible and would severely prejudice Mauna Kea.**

Without using the term "collateral estoppel" and perhaps realizing

that such an argument would fail, Plaintiffs argue that the rulings and jury verdict

in the *Leone* case should be applied here.  See Plaintiffs' Supplemental Brief at 2.

As Hawaii case law establishes,[3] however, it is clear that the evidence and rulings

in the *Leone* case cannot be considered by this Court in ruling on Mauna Kea's

Motion, as (1) the facts and issues are completely different, and (2) doing so

would severely prejudice Mauna Kea, who was not a party to the *Leone* case and

did not have the opportunity to submit arguments, testimony, or evidence, and

most importantly to cross-examine any of the witnesses in that case.

"Collateral estoppel is an aspect of *res judicata* which precludes the

relitigation of a fact or issue which was previously determined in a prior suit on a

different claim between the same parties or their privies."  Lingle v. Hawaii

---

[3]     "Federal courts must apply the collateral estoppel rules of the state that rendered the underlying judgment."  Zamarripa v. City of Mesa, 125 F.3d 792, 793 (9th Cir. 1996) (citations omitted).

Government Employees Association, 107 Hawaii 178, 186, 111 P.3d 587, 595

(2005) (citations omitted).  The party asserting collateral estoppel has the burden

of establishing **each and every one** of the following elements:

> (1) [T]he issue decided in the prior adjudication is identical
> to the one presented in the action in question; (2) there is
> a final judgment on the merits; (3) the issue decided in the
> prior adjudication was essential to the final judgment; and
> (4) the party against whom collateral estoppel is asserted
> was a party or in privity with a party to the prior
> adjudication[.]

Id. (citations omitted).  "Because the requirements of collateral estoppel are

conjunctive, rather than disjunctive, only one element need be disproved" to defeat

Plaintiffs' assertion that collateral estoppel should apply in this case.  Flores v.

Barretto, 99 Hawaii 270, 275, 54 P.3d 441, 446 (2002).  Here, Plaintiffs cannot

meet their burden.[4]

### 1.    The facts and issues decided by the court and jury in the *Leone* case are not identical to those in this case.

The first and crucial element requires that "the issue decided in the

prior adjudication [be] identical to the one presented in the action in question."

Lingle, 107 Hawaii at 186, 111 P.3d at 595.  This element is not present because

the verdict in *Leone* was the result of evidence involving different lots with

---

[4]     Due to the limited space of this brief, Mauna Kea reserves argument
regarding finality and essentiality.

different views,[5] Design Committees made up of different and unrelated

individuals, wholly different structures, Design Committee actions occurring at

different times for different lots, and questions for the jury based on non-

transferable case-specific facts.  See Plaintiffs' Exhibit 159 (Special Verdict Form

addressing Design Committee's decisions with respect to **Lot 4**).

      Indeed, Plaintiffs' own theory of the case in the *Leone* trial proves

that the *Leone* case is inapposite here.  Plaintiffs' theory in the *Leone* case was that

the Design Committee, made up solely of homeowners, was giving "favors" by

allowing major construction for only a limited number of homeowners.[6]  That has

---

[5]     Guy Hands testified at the *Leone* trial, "I said to [Mr. Leone], 'Look, if you put your pool all the way out there we're going to be able to see you, you're going to be able to see us.  And, you know, it's going to ridiculous.'  He says, 'Well you're absolutely right, I don't want you seeing me because, you know, sometimes' -- he might have been joking, but he said, 'sometimes I like to run around naked.  I don't think neither one of you want to watch me run around naked...'"  Exhibit 38 (10:11-19) (attached hereto).  This Court has noted a very different view with respect to Lot 6.  Exhibit 39 (57:20-62:25) (attached hereto).

[6]     Plaintiffs' attorney argued, "And the evidence will show that over and over again **this** committee [the committee under the control of the Association] gave exceptions to their friends and their buddies and themselves."  "And you're going to hear four of these guys on this eight member committee are all from Silicon Valley, they all know each other, and... they have very very little respect for their neighbors..." Plaintiffs' Exh. 153(16:8-10, 22:19-25).  Julia Hands testified that Mr. Leone, Mr. Federman and Mr. Gunderson were members the Design Committee, that Mr. Gunderson was the lawyer for the firms of Mr. Leone and Mr. Federman.  Plaintiffs' Exh. 154(12:21-23, 15:10-14, 18:2-3, 112:16-22).

never been Plaintiffs' theory in this case, as the Design Committee managed by Mauna Kea did not have any homeowners sitting on the review panel.

Additionally, the state court's rulings in *Leone* regarding the jury instructions are not identical to the issues to be decided by this Court in ruling on Mauna Kea's Motion. Specifically, Plaintiffs seek to introduce two rulings: (1) "in determining whether a design review committee's decision was unreasonable, the decision-making process must be taken into account"; and (2) "in assessing unreasonableness, the consequences of a decision must also be taken into account." Plaintiffs' Supplemental Brief at 2-3. The issues decided by these two rulings are not only irrelevant and moot, as set forth in section II.D. of this brief,[7] but are also completely different than the issue in the instant case.

Here, the issue is whether the Court should reconsider the issues previously decided in the 9/15/04 Order and the 2/22/05 Order. See Mauna Kea's Motion at 14-15. Moreover, the issues decided in *Leone* are irrelevant here since Mauna Kea revoked its final approval on Lot 6, notified the Federmans of its revocation **twice**, and was not involved in the final approval of the structures in

---

[7]    The Court has already determined that the Design Committee acted reasonably and that the process was fair. 2/22/05 Order at 22.

Lot 6's special setback area.[8]  William Mielcke, who was appointed to the Design

Committee by Mauna Kea, was not even a member of the Design Committee by

the time the Leones purchased Lot 4 in February 2002 from the Gundersons,

having resigned from the Design Committee by letter July 2001.  See Plaintiffs'

CS at Exhibit 96; Exhibit 41 (attached hereto).  Thus, the Design Committee's

decisions and actions with respect to the structures in the Leones' special setback

area have nothing to do with Mauna Kea.[9]

      Based on the above, there can be no dispute (1) that Plaintiffs have

---

[8]     Plaintiffs' allegation that "there is no dispute that part of the decision-making associated with the Federman's lot occurred when the MK Defendants controlled the Design Committee" is a patent half-truth.  See Plaintiffs' Supplemental Brief at 2.  Although Mauna Kea gave its preliminary approval with respect to the Federmans' construction, **that approval was revoked, as recognized by Plaintiffs' own expert**, David Callies.  See Plaintiffs' Separate Concise Statements of fact in Opposition to Mauna Kea's Motion ("Plaintiffs' CS") at Exhibit 36, ¶ 5; Exhibit 64; Exhibit 65.

      Further, it is undisputed that Mr. Mielcke and Mauna Kea were not involved in granting final approval of the Federmans' variance to build in their special setback area.  See Mauna Kea's Motion at 18-19.  As the Court previously recognized, it was **not** the design committee under the control of Mauna Kea that ultimately approved what was done in the Federman's special setback area.  See Exhibit 40 (74:7-13) (attached hereto).  Therefore, Mauna Kea did not participate in the preliminary or final approval granting the Federmans' construction.

[9]     Plaintiffs' argument Mauna Kea's decisions contributed to the decisions made by the Association (Plaintiffs' Supplemental Brief at 3) is facetious.  **If Plaintiffs truly believed their own argument, they would have sued Mauna Kea in the *Leone* action.**

failed in their burden to prove a crucial element required for collateral estoppel (identical issues), (2) that the *Leone* case is wholly irrelevant, and (3) that the *Leone* case should not be considered by this Court in this case.

### 2. Mauna Kea was *not* a party or in privity with a party in the *Leone* case.

The last and arguably most important element requires that "the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication." Lingle, 107 Hawaii at 186, 111 P.3d at 595. Preclusion is only fair "where the nonparty and party had the same practical opportunity to control the course of the proceedings." Bush v. Watson, 81 Hawaii 474, 480, 918 P.2d 1130, 1136 (1996). It is reversible error for the court to consider evidence where no such opportunity was present.[10]

Again, Plaintiffs cannot satisfy this element because it is undisputable that Mauna Kea was **not** a party or in privity with a party in the *Leone* case, and

---

[10]    A trial court must not consider inadmissible evidence in ruling on a motion for summary judgment. Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003) (citing FRCP 56(e); Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir. 2002)). Inadmissible evidence includes hearsay testimony from a separate trial, where the party against whom the testimony is now offered did not have an opportunity to develop the testimony by direct, cross, or redirect examination. Fed. R. Evid. 804(b)(1); cf. Macuba v. Deboer, 193 F.3d 1316, 1325 (11th Cir. 1999) (holding that the district court committed reversible error in considering hearsay testimony in ruling on motion for summary judgment).

use of the rulings or verdict in that case against Mauna Kea would be patently

unfair.  Mauna Kea was **not** allowed to participate in argument on the various

motions before the *Leone* court, present its evidence and case to the *Leone* jury, or

examine and cross-examine witnesses during the course of the *Leone* trial.  As

such, Mauna Kea did not have the same opportunity as Plaintiffs to control the

proceedings before the *Leone* court and would be severely prejudiced by the

introduction or consideration of any evidence or rulings from *Leone*.  Accordingly,

Plaintiffs have failed to prove the necessary elements required for the application

of collateral estoppel and law of the case should apply in favor of granting Mauna

Kea summary judgment.

### D.     <u>Restatement § 6.20 does not supercede law of the case.</u>

Plaintiffs essentially argue that the law of the case should be

abandoned in favor of applying Restatement (Third) of Property:  Servitudes §

6.20.  As an initial matter, Section 6.20 has not been adopted in Hawaii.  In fact, it

has been clearly recognized that the Restatement's approach in interpreting

restrictive covenants departs from the view adopted by the Hawaii Supreme Court

in <u>Hiner v. Hoffman</u>, 90 Hawaii 188, 977 P.2d 878 (1999), and reiterated in <u>Fong</u>

<u>v. Hashimoto</u>, 92 Hawaii 568, 994 P.2d 500 (2000), favoring the unrestricted free

use of land.  The recent decision in <u>Lee v. Puamana Cmty. Ass'n</u>, 109 Hawaii 561,

128 P.3d 874 (2006), did not overrule <u>Hiner</u> or <u>Fong</u> and did not explicitly adopt Section 6.20 or the Restatement generally. Even if applied, Section 6.20 does not change the law of the case.[11]

### 1.   Law of the case establishes that Mauna Kea operated within the framework of the governing documents.

Section 6.20 provides that a developer should "operate within the framework of the governing documents . . . ." Restatement § 6.20, cmt. e. Whether a developer has operated within the framework of the governing documents involves the interpretation of contractual provisions, which is a question of law. <u>See</u> <u>Casumpang v. ILWU Local 142</u>, 108 Hawaii 411, 420, 121 P.3d 391, 400 (2005) (noting that contractual interpretation is a question of law).

This Court has already interpreted the unambiguous provisions of the governing documents and ruled that Mauna Kea and the Association operated within the framework of the governing documents:

> [T]he covenant clearly gives the design committee the power to grant variances to the design requirements contained in Article IV, which include the establishment of the special setback area. Plaintiffs were

---

[11]    Section 6.20 cannot be viewed in a vacuum. The Restatement also contains provisions permitting abandonment of covenants by lot owners, <u>see</u> Restatement (Third) of Property: Servitudes § 7.4, and extinguishment or modification of covenants by estoppel, <u>see id.</u> at § 7.6, both of which are additional bases for this Court's law of the case determining that Plaintiffs' setback claims fail as a matter of law. <u>See</u> 9/15/04 Order at 1115-17.

aware that the committee had this authority when they purchased their property. Moreover, <u>Plaintiffs were aware that the committee exercised this authority</u> to grant variances, because they themselves received a variance for landscaping and other improvements within their setback area.

2/22/05 Order, at 21-22 (citations omitted) (emphases added). Plaintiffs' citations to Section 6.20 are thus inapposite at this point and any jury decision cannot change this matter of law.

### 2. Law of the case establishes the reasonableness of actions in this matter.

Section 6.20 and the jury verdict in the State case have no bearing on the reasonableness of actions in this case. As set forth above and as recognized by this Court and the state court, the "**cases turn on the reasonability** of the actions of the parties involved in each dispute, and . . . **the cases are largely unrelated as regards this issue**[.]" 2/22/05 Order at 32 (emphases added); <u>see also</u> Exhibit 42 (21:11-14) (attached hereto) ("Determining whether the design control powers have been unreasonably exercised requires a fact-specific, case-by-case inquiry.").

Furthermore, unlike Plaintiffs' claim, this Court's law of the case, determining that the variance was reasonably granted, applied broadly to the entire design review process and not just two or three trees:

The evidence reveals that the <u>committee carefully considered the impact of **Defendants' plans**</u> on Plaintiffs' viewplane. Indeed, the committee

-14-

required the Defendants to lower their <u>terrace area</u> by an additional eight feet in an effort to safeguard Plaintiffs' view.  The committee sought the advice of professional architectural consultants in reaching their decisions.  Moreover, the committee's decision to allow Defendants to construct their <u>terrace and pool</u> in the setback area is consistent with their decisions before and after to allow such improvements by other landowners in their setback areas.  The Court finds that **<u>the process followed by the committee was reasonable</u>**, and that there is simply no evidence that it acted in bad faith.

2/22/05 Order at 22 (emphases added).  The Court could not have made it clearer that Mauna Kea and the Association's actions were reasonable with respect to the design review process and that Plaintiffs' setback claims were without merit.  Accordingly, Section 6.20 and the state jury verdict are simply irrelevant, and Plaintiffs' attempt to re-litigate settled law of the case should be precluded.

## III.  CONCLUSION

For the foregoing reasons, and those expressed in previously filed memoranda, Mauna Kea respectfully requests that its motion for summary judgment as to all special setback and punitive damages claims be granted.

DATED:  Honolulu, Hawai'i, April 21, 2006.

J. DOUGLAS ING
BRIAN A. KANG

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

-15-

## **Attorney Certification**

I have read (1) Mauna Kea Properties, Inc. and Mauna Kea Development Corp.'s Supplemental Memorandum in Support of Motion for Summary Judgment as to All Special Setback and Punitive Damages Claims filed November 3, 2005 (the "Supplemental Memorandum"); and (2) the evidence relevant to the factual assertions made in the Supplemental Memorandum.  I hereby certify that each factual assertion made in the Supplemental Memorandum has evidentiary support.

DATED:  Honolulu, Hawai'i, April 21, 2006.

BRIAN A. KANG

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS, | ) ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) |
| vs. | ) ) |
| IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) ) ) |

CIVIL NO. CV03-00463 JMS (LEK)

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the

foregoing Supplemental Memorandum in Support of Mauna Kea's Motion for

Summary Judgment as to All Special Setback and Punitive Damages Claims was

duly served upon the following attorneys:

/

/

TERRANCE MATTHEW REVERE, ESQ.   (ELECTRONICALLY)
BRIAN A. BILBERRY, ESQ.
JACQUELINE E. THURSTON, ESQ.
Motooka Yamamoto & Revere LLLC
1000 Bishop Street, Suite 801
Honolulu, Hawai‘i 96813

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, and JULIA HANDS


SIDNEY K. AYABE, ESQ.                    (ELECTRONICALLY)
RONALD SHIGEKANE, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street, Pauahi Tower 2500
Honolulu, Hawai‘i 96813

Attorneys for Defendants
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION


Dated: Honolulu, Hawai‘i, April 21, 2006.

J. DOUGLAS ING
BRIAN A. KANG

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.