```
                                                                    1

 1                IN THE UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF HAWAII

 3

 4   WESTERN SUNVIEW PROPERTIES, LLC  ) CIVIL NO. 03-00463DAE
                                      )
 5               Plaintiff,           )
                                      )
 6        vs.                         )
                                      )
 7   IRWIN FEDERMAN, et al.,          )
                                      )
 8               Defendants.          )
                                      )
 9   _____)

10                   TRANSCRIPT OF PROCEEDINGS

11       The above-entitled matter came on for hearing on

12   Monday, August 23, 2004, at 10:38 a.m., at Honolulu, Hawaii,

13   BEFORE:         THE HONORABLE DAVID ALAN EZRA
                     Chief United States District Judge
14
     REPORTED BY:    STEPHEN B. PLATT, RMR, CRR
15                   Official U.S. District Court Reporter

16   APPEARANCES:    TERRANCE M. REVERE, ESQ.
                     Motooka Yamamoto & Revere
17                   1001 Bishop Street, Suite 801
                     Honolulu, Hawaii  96813
18
                     CHAD P. LOVE, ESQ.
19                   BARBARA JEAN KIRSCHENBAUM, ESQ.
                     Love & Narikiyo
20                   1164 Bishop Street
                     Finance Factors Center, Suite 1105
21                   Honolulu, Hawaii  96813

22
                              Attorneys for the Plaintiff
23

24

25
```

**EXHIBIT 39**         SEP 08 2004

```
 1   APPEARANCES (Continued):

 2

 3

 4                    ANDREW V. BEAMAN, ESQ.
                      LEROY E. COLOMBE, ESQ.
 5                    Chun Kerr Dodd Beaman & Wong
                      745 Fort Street, 9th Floor
 6                    Honolulu, Hawaii  96813

 7                              Attorneys on behalf
                                  Mr. and Mrs. Federman
 8

 9                    MARK B. DESMARAIS, ESQ.
                      Tom Petrus & Miller
10                    1164 Bishop Street
                      Finance Factors Center, Suite 650
11                    Honolulu, Hawaii  96813

12                              Attorney on behalf
                                  Mr. and Mrs. Federman
13

14                    RONALD M. SHIGEKANE, ESQ.
                      Ayabe Chong Nishimoto Sia & Nakamura
15                    1001 Bishop Street
                      Pauahi Tower, Suite 2500
16                    Honolulu, Hawaii  96813

17                              Attorney on behalf of The
                                  Bluffs at Maunakea Association
18

19                    J. DOUGLAS ING, ESQ.
                      EMI M. KAIMULOA, ESQ.
20                    Watanabe Ing Kawashima & Komeiji
                      999 Bishop Street
21                    First Hawaiian Center, 23rd Floor
                      Honolulu, Hawaii  96813
22
                                Attorneys on behalf of Defts
23                                Maunakea Properties and
                                  Maunakea Development Corp.
24

25
```

1  knew was going to be there, and there were, obviously, people
2  going to be living there.  And there was a lot to their left,
3  and they knew that people were going to be living there.  Now,
4  I think that they would -- if the argument was that they had
5  an expectation that nobody would be behind them and it turned
6  out that something ugly went up there, I think your clients
7  would have a much stronger case --
8           MR. REVERE:  Okay, well --
9           THE COURT:  I mean --
10          MR. REVERE:  May I address that point?
11          THE COURT:  Yes.
12          MR. REVERE:  All of the lots have nothing in front
13  of them, every single one of them --
14          THE COURT:  Well, of course not, because there's
15  nothing there.
16          MR. REVERE:  Right.  And, however, to protect
17  this -- even if you were to call it a peripheral view, each of
18  them has the special setback area that is imposed to protect
19  their neighbors' views.
20          THE COURT:  Yes, but in looking at this picture --
21  now, this is your own picture, not what you call their
22  idealized picture --
23          MR. REVERE:  Yeah?
24          THE COURT:  -- looking at that picture, I see a
25  swimming pool which is decidedly below the view plain.  You

1  have to actually look from your clients' home -- actually, is
2  this from their home?  Or is this outside their home?
3          MR. REVERE:  This is from their lot.
4          THE COURT:  Their yard.  You have to walk way out on
5  their yard, and then you have to look right and down --
6          MR. REVERE:  Your Honor --
7          THE COURT:  You actually have to be looking down
8  there.
9          MR. REVERE:  Your Honor, it's actually -- it's
10 from -- well, where their home was -- basically, it's right on
11 the corner of their lot -- or their home, their home.
12         THE COURT:  Is their physical home there?
13         MR. REVERE:  Yes, it's being constructed, also.
14         THE COURT:  So, where that picture was taken from,
15 you are representing to the court, would be from inside their
16 home?
17         MR. REVERE:  No, it's from the lanai, back lanai.
18         THE COURT:  All right.  So they would have to go out
19 on their back lanai and look to the hard right, and then, not
20 only that, but look down.
21         MR. REVERE:  Well, Your Honor --
22         THE COURT:  That's down; now, there's no question
23 about that.
24         MR. REVERE:  I understand.  The problem is, what was
25 promised here was a coastal view.

```
 1              THE COURT:  They have a coastal view.
 2              MR. REVERE:  And this area where the swimming pool
 3    is, is part of that coast.  And it's not only a swimming pool,
 4    that's not minor; it's 3,500 square feet.
 5              THE COURT:  Well, let me ask you this question.  Can
 6    you give me the -- leave the picture there.  Where is the
 7    laser?
 8              (Discussion off the record.)
 9              THE COURT:  Okay, do you see those trees there?
10              MR. REVERE:  Those are Mr. Gunderson's, yes.
11              THE COURT:  Those don't have anything to do with
12    Mr. Federman, do they?
13              MR. REVERE:  No.
14              THE COURT:  Now, they block out the view
15    substantially, don't they?
16              MR. REVERE:  Uh -- my clients -- those were, again,
17    installed after my clients' purchase, but --
18              THE COURT:  Are they suing Mr. Gunderson?
19              MR. REVERE:  No.
20              THE COURT:  Okay.  That is, in my view, more of an
21    insult to their view than this is down here.  This is an
22    insult to their view, right there, because this is what they
23    want to see.
24              Now, I would agree with you that this palm tree here
25    and this palm tree here may be an insult to their view.  And
```

1  this certainly is an insult to their view. Now, whether that
2  comes within something they can or cannot do within the
3  special setback zone is a whole 'nother story because that's
4  foliage, and maybe they can or they can't. I don't know.
5  We'll have to look at that carefully. But, I'll tell you,
6  that, in my view, is not an insult to the coastal view.
7         MR. REVERE: Okay.
8         THE COURT: It may be what they don't like to see.
9  Maybe they don't want to see it. But, then, they don't want
10 to see this either.
11        MR. REVERE: They've got no problem with the house.
12        THE COURT: They have no problem with the house?
13        MR. REVERE: No.
14        THE COURT: Well, the house is more of an insult to
15 their view than that is.
16        MR. REVERE: Well, they are going to be looking out,
17 so --
18        THE COURT: Well, they are not, actually. They are
19 looking -- I don't want to give anybody a "laser eye" here...
20 but they are looking out, actually, where you're standing,
21 counsel. They have to walk out on their side and look to the
22 hard right, and then there's this pool down here which isn't,
23 actually, that huge a pool, I don't think.
24        MR. REVERE: It's -- it's -- uh, the whole complex
25 is 3,500 square feet --

1            THE COURT:  Well, I know, but that includes all
2   that -- the pool itself looks like a normal --
3            MR. REVERE:  It's 780 square feet.
4            THE COURT:  All right, so it's a normal pool for --
5   it's a normal residential pool.  It's not an Olympic sized
6   swimming stadium here, right?
7            MR. REVERE:  That's pretty large, but, yeah, not an
8   Olympic pool.
9            THE COURT:  Definitely not an Olympic pool.
10           MR. REVERE:  Right.
11           THE COURT:  So you have a normal-sized -- or maybe a
12  slightly -- certainly a normal sized pool for a home of this
13  quality.  You've got that down here.
14           MR. REVERE:  Uh-huh.
15           THE COURT:  And then you've got the view plain
16  that's way over it, looking out this way.  I mean, I am just
17  having a really hard time --
18           MR. REVERE:  Well, Your Honor, I guess --
19           THE COURT:  -- finding how this -- the real insult
20  to their view is over here on somebody else's lot.
21           MR. REVERE:  Your Honor --
22           THE COURT:  These trees here -- I don't know.
23           MR. REVERE:  Your Honor, just to address that issue
24  of is a cluster of trees a "structure" or not, a California
25  appellate court did come out and say, only God can make a

1   tree, but anyone with a shovel and some saplings can make a
2   cluster of trees, and clearly a cluster of trees is a
3   structure, because -- it has the same effect as if you put up
4   deadwood, which is a house, or -- whatever, a rail, and so
5   those clearly are structures that shouldn't be allowed. And,
6   in fact, the design rules specifically state, palm trees are
7   not encouraged in the special setback area.
8           And, Your Honor --
9           THE COURT: It says they can't do it?
10          MR. REVERE: Well, it says you can't place a
11  structure. Under Rule 4.17, we cited case law that says, a
12  cluster of trees is a structure. And the California court
13  went through the whole analysis as to why a cluster of trees
14  is considered a structure.
15          And, Your Honor, I believe that --
16          THE COURT: The only -- I don't know, I'm not going
17  to decide this case upon my own view of things, obviously; I'm
18  going to look at the law, and I'm going to look at what the
19  facts are. But, just looking at this, if I were a meditator,
20  I would say take the two palm trees out, get rid of the
21  cluster of trees, and that's it. That would be it.
22          MR. REVERE: All right.
23          THE COURT: So far as the house is concerned -- if I
24  was just mediating this case. Because, to me, this swimming
25  pool doesn't seem, to me, to block any type of plain or view.

1
2
3
4
5
6
7                              -ooOoo-
8        I, Stephen B. Platt, Official Court Reporter,
9   United States District Court, District of Hawaii, do hereby
10  certify that the foregoing is a true and correct transcript of
11  proceedings before the Honorable David Alan Ezra, Chief United
12  States District Judge.
13
14
15
16
17
18
19
20                              _____/s/ Stephen B. Platt_____
21  WEDNESDAY, SEPTEMBER 8, 2004   STEPHEN B. PLATT, CSR NO. 248
22
23
24
25