```
                IN THE CIRCUIT COURT OF THE THIRD CIRCUIT

                             STATE OF HAWAII
```

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC, | ) CIVIL NO. 04-1-0212 <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| vs. | ) <br> ) |
| LEONE-PERKINS FAMILY TRUST; BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; DOUGLAS LEONE AND PATRICIA LEONE, INDIVIDUALLY AND AS TRUSTEES OF THE LEONE-PERKINS FAMILY TRUST, JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

<u>TRANSCRIPT OF PROCEEDINGS</u>

held in connection with the above-entitled cause before the Honorable Greg K. Nakamura, First Division Judge, presiding on the 12th day of November, 2004.


REPORTED BY:     GERALDINE L. SAFFERY, CSR 328, RPR

**EXHIBIT 42**

GERALDINE L. SAFFERY, CSR 328, RPR

```
 1  APPEARANCES:

 2  TERRANCE M. REVERE, AAL       For Plaintiffs
    1000 Bishop Street
 3  Suite 801
    Honolulu, HI 96813

 4

 5


 6  CHAD P. LOVE, AAL
    1164 Bishop Street
 7  Suite 1105
    Honolulu, HI 96813

 8

 9


10  ANDREW V. BEAMAN, AAL         For Defendants Douglas Leone
    LEROY E. COLOMBE, AAL           and Patricia Leone-Perkins
11  745 Fort Street, 9th Floor
    Honolulu, HI 96813
12

13


14  RONALD SHIGEKANE, AAL         For Defendant Bluffs at
    1001 Bishop Street              Mauna Kea Community
15  2500 Pauahi Tower               Association
    Honolulu, HI 96813
16

17

18

19

20

21

22

23

24

25
```

GERALDINE L. SAFFERY, CSR 328, RPR
Transcript Authenticated by Original Signature & Seal

```
 1  papers, a California case, says that the committee          11:22
 2  members are presumed to act in good faith.  Obviously
 3  the plaintiffs has the burden to -- to rebut that, that
 4  presumption.  We don't think they've done that here.
 5              Um, finally, there's a question about
 6  whether -- about whether Mr. Hands' E-mails with
 7  Mr. Leone are governed by Rule 408 of the, um, Hawaii
 8  Rules of Evidence.  Um, if you refer to our Exhibit 5,
 9  question at page 262 of Mr. Hands' deposition:
10              "Q.  Is this e-mail exchange
11        part of an effort to settle or resolve a
12        dispute or controversy between Western
13        Sunview Property and the Leones?
14              "A.  No."
15              So these communications were not made in
16  the course of settlement negotiations.  They're clearly
17  admissible.
18              That's all I have, Your Honor.
19              MR. REVERE:  May I have two minutes?
20              THE COURT:  Actually you ran out of time.
21              MR. REVERE:  All right.
22              THE COURT:  I'm going to deny both motions.
23  On its face §4.17 of the CC&Rs prohibit -- prohibits
24  construction of a structure in the special setback area.
25  However, whether the prohibition has been abandoned or
```

11:23

1  whether the Design Committee can grant a variance for
2  construction in the special setback area, construction
3  has been, and court's -- in Court's view is allowed in
4  the special setback area despite §4.17. The question is
5  whether the Design Committee properly granted approval
6  for the construction in Defendants Leone's special
7  setback area.
8           The Design Committee had the obligation to
9  exercise its discretion and powers reasonably and treat
10 members of the Association fairly. This is according to
11 Restatement of Property, Third, §6.13(1). Determining
12 whether the design control powers have been unreasonably
13 exercised requires a facts-specific, case-by-case
14 inquiry. This is according to comment D, Restatement of
15 Property, Third, §6.9.
16           There are genuine issues of material fact
17 as to whether the Design Committee acted reasonably.
18 The issues raised by the memoranda, such as
19 Mr. Gunderson's participation in the Design Committee's
20 deliberations, and whether plaintiff had the opportunity
21 to participate in the proceedings, are not dispositive
22 as to whether or not the Design Committee acted
23 reasonably; rather, they are factors to consider in
24 making that determination.
25           So I'm asking that counsels submit forms of

```
 1  COUNTY OF HAWAII      )
 2  STATE OF HAWAII       )
 3                    CERTIFICATE
 4          I, Geraldine L. Saffery, CSR 328, RPR,
 5  Official Court Reporter of the Third Circuit Court, do
 6  hereby certify that the foregoing pages numbered 3 to
 7  25, inclusive, contains a true and accurate
 8  transcription, done to the best of my ability, of the
 9  proceedings held in connection with the aforementioned
10  cause; and
11          To protect the transcript's integrity, this
12  certification of authenticity and accuracy is valid only
13  with an original inked signature and an unbroken
14  transcript seal.
15          Dated this 14th day of November, 2004.
16
17
18          _____
19          GERALDINE L. SAFFERY, CSR 328, RPR
20
21
22
23
24
25
```

GERALDINE L. SAFFERY, CSR 328, RPR