IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; and JULIA HANDS, | ) ) ) ) | CIVIL NO.  03-00463 JMS/LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER GRANTING DEFENDANT THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S |
| IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORPORATION; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) | MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS MAUNA KEA PROPERTIES, INC.'S AND MAUNA KEA DEVELOPMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO ALL SPECIAL SETBACK AND PUNITIVE DAMAGES CLAIMS |
| Defendants. _____ | ) ) ) | |

ORDER GRANTING DEFENDANT THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING IN PART AND DENYING IN PART DEFENDANTS
MAUNA KEA PROPERTIES, INC.'S AND MAUNA KEA DEVELOPMENT
CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO ALL
SPECIAL SETBACK AND PUNITIVE DAMAGES CLAIMS

The Bluffs at Mauna Kea Community Association ("Association")

seeks summary judgment on all claims remaining against it.  For the reasons

discussed herein, the motion is GRANTED.

Mauna Kea Properties, Inc., and Mauna Kea Development Corporation ("the MK Defendants") seek summary judgment as to claims involving construction in special setback areas, attorneys' fees, and punitive damages.   For the reasons discussed herein, their motion is GRANTED as to the claims related to the special setback areas and attorneys' fees and DENIED as to the claim for punitive damages.

## I. BACKGROUND

This dispute arises out of the purchase of real estate in the Bluffs at Mauna Kea ("the Bluffs"), a community association located in South Kohala, Hawaii.  Plaintiff Western Sunview Properties, LLC ("WSP") owns lot five at the Bluffs; the Hands are the managers of WSP.

All lots at the Bluffs are covered by a Declaration of Protective Covenants, Conditions and Restrictions ("CCRs").  The CCRs designate "special setback areas" on beachfront lots at the Bluffs.  In order to maintain views and preserve shorelines, the CCRs prohibit residents on beachfront lots from building structures within their special setback areas.  The CCRs also create a Design Committee ("Committee").   The Committee reviews plans for proposed homes at the Bluffs and has the power to grant variances to CCRs, including variances allowing structures in special setback areas.

The original Committee was appointed by the MK Defendants in 1996 and consisted of James Bell and William Mielcke.  In July 2001, after Mielcke resigned from the Committee, the MK Defendants assigned the power to appoint members to the Committee to the Association.

In February 2002, the Federmans, owners of the lot adjacent to WSP's and the Hands' ("plaintiffs") property, obtained approval from the Committee to build a pool, spa, and terrace in their special setback area.  The Federmans also received permission to plant a few palm trees in the setback area.  The Federmans made their initial proposal to the Committee while it was still under the control of the MK Defendants' appointees, but the variances were not granted until after the Association took over the Committee.  The plaintiffs contend that the Committee's decision to grant the variances violated the CCRs as well as an implied easement; they seek to hold both MK Defendants and the Association liable for the Committee's decision.

This case was originally assigned to Judge David Alan Ezra, who entered two orders of significance to the instant motions.  Judge Ezra presided over the Federmans' motion for summary judgment against the plaintiffs in which the Federmans argued that they did not violate the CCRs when they made improvements to their special setback area with the approval of the Committee.  In

3

his Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment and Denying Plaintiffs' Counter Motion for Summary Judgment ("Summary Judgment Order"), Judge Ezra held that the section of the CCRs prohibiting construction in special setback areas had been abandoned with respect to pools and terraces that did not block views. *Western Sunview Props., LLC, et al., v. Federman, et al.*, 338 F. Supp. 2d 1105, 1114-15 (D. Haw. 2004).  The Federmans therefore prevailed on their motion with respect to the spa, pool, and terrace that they constructed in the special setback area.

The plaintiffs then filed a motion for reconsideration in which they sought clarification regarding whether Judge Ezra's abandonment ruling applied to palm trees that the Federmans planted in their setback area.   In his Order Denying Plaintiffs' Motion for Clarification and Reconsideration ("Reconsideration Order"), entered on February 22, 2005, Judge Ezra concluded that the Association acted reasonably and in good faith when it permitted the Federmans to plant palm trees in their special setback area.  Judge Ezra's Reconsideration Order applied only to the palm trees that had been expressly approved by the Association and briefed to the court; he did not rule on additional palm trees that the Federmans allegedly planted after the law suit was filed.

The MK Defendants filed the instant motion together with two other

motions concerning the remaining claims asserted by the plaintiffs.  After hearing

arguments and taking all three of the MK Defendants' motions and the

Association's motion under advisement, the plaintiffs requested the opportunity to

file additional briefing concerning the issue of alleged violation of the CCRs.  The

plaintiffs argued that a recent jury verdict in a Hawaii state court case may have

some bearing on the two pending motions.  The court granted all parties the

opportunity to submit additional briefing based on the recent verdict.

The supplemental briefing demonstrates that the plaintiffs are

pursuing claims based on the alleged violation of the same CCRs at issue in this

case against the Association and the Leones, another of the plaintiffs' neighbors,

in a separate state court proceeding ("the Leone case").  In the Leone case, the

plaintiffs alleged that the Association and the Leones violated the CCRs when the

Association approved the Leones' request to make certain improvements in their

special setback area.  A jury in the Leone case recently returned a verdict in favor

of the plaintiffs concerning the Association's alleged violation of the CCRs.

Though the legal claims are similar, the instant case and the Leone case involve

separate, factually distinct decisions made by the Association.  The instant case

and the Leone case involve different neighbors who submitted different plans for

construction in their special setback areas; the Association issued separate

5

decisions as to each proposed plan.

In their supplemental briefing, the plaintiffs contend that the Leone verdict demonstrates that a reasonable jury could conclude that the Association is liable to the plaintiffs' for its decision to allow the Federmans to build in their special setback area. The plaintiffs make this argument notwithstanding the fact that the Leone verdict pertained to different neighbors with different plans for their special setback area. Given the obvious factual differences between the Association's approval of the Leones' and the Federmans' plans, the court does not find the jury verdict regarding the Association relevant to deciding the instant motion.

The plaintiffs also argue in their supplemental briefing that the court should apply the standard of review adopted by the Leone court to its review of the Association's decision in the instant motions. As an initial matter, the court is not bound by the unreviewed decision of a state trial judge on a issue of state law. The court has nonetheless reviewed the supplemental briefing from all parties on this legal issue and considered the arguments advanced.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"One of the principal purposes of the summary judgment rule is to

isolate and dispose of factually unsupported claims or defenses[.]"  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 323-324 (1986).  The burden initially lies with the

moving party to show that there is no genuine issue of material fact.  *T.W. Elec.*

*Serv., Inc. v. Pac. Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).

Nevertheless, "summary judgment is mandated if the non-moving party 'fails to

make a showing sufficient to establish the existence of an element essential to that

party's case.'"  *Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th

Cir. 1999) (quoting *Celotex*, 477 U.S. at 322).

## III.  <u>ANALYSIS</u>

A.      <u>The Association's motion for summary judgment as to all claims remaining against it is GRANTED</u>

The Association has moved for summary judgment as to all of the

plaintiffs' claims.  Based on the court's review of the Amended Complaint and

plaintiffs' counsel's representations at the January 24, 2006 hearing, the only

counts in this case currently pending against the Association are counts II, IX, X,

XI, XII, and XIV of the Amended Complaint.[1]  All of these claims pertain to

alleged violations of the CCRs.  Count II alleges that the Association breached the

CCRs when it allowed plaintiffs' neighbors, the Federmans, to make

improvements in the special setback area of their property.  Count IX states a

claim for violation of an easement; the plaintiffs acknowledge that their easement

claim also regards the alleged prohibition on construction in the special setback

area and is therefore contingent on count II.  Count X alleges negligence in failing

to enforce the CCRS, count XI alleges a breach of the covenant of good faith and

fair dealing, and count XII alleges breach of fiduciary duty.  Count XIV is a claim

for "Conspiracy/Joint and Several Liability."  The only facts alleged against the

Association concern its alleged violation of the CCRs.  Any joint liability or

liability for conspiracy is therefore premised on a violation of the CCRs.  Because

the court concludes that the Association is entitled to summary judgment on the

issue of whether it violated the CCRs, the court need not separately discuss the

remaining contingent claims alleged in counts IX, X, XI, XII, and XIV.

The plaintiffs allege that the Association violated the CCRs when it

---

[1]Several counts in the Amended Complaint simply list forms of relief sought by the plaintiffs, including attorneys' fees, injunctive relief, and declaratory relief (counts XV, XVII, VIII).  The court also dismisses these counts against the Association insofar as the court rules that no reasonable trier of fact could conclude that the Association violated the CCRs.

allowed the Federmans to make various improvements to the special set back area of their property.  Specifically, the plaintiffs' object to variances that the Association granted permitting the Federmans to plant palm trees and construct a pool, spa, and terrace in the setback area.  The Association contends the Judge Ezra already ruled in his Reconsideration Order that the Association's decision to grant variances to the Federmans was reasonable and made in good faith as a matter of law.  The Association therefore urges the court to apply Judge Ezra's decision to the instant motion as law of the case.  The court agrees with the Association that Judge Ezra's ruling is law of the case and concludes that the Association is therefore entitled to summary judgment as to all counts contingent on plaintiffs' allegation that the Association violated the CCRs with respect to the Federmans' improvements in their special setback area.

### 1.  Standard of review

As an initial matter, the parties dispute the legal standard pursuant to which liability may be imposed on the Association for its decisions.  Section 12.10 of the CCRs expressly bars imposing liability on the Association "for any action or for any failure to act with respect to any matter if the action taken or failure to act was in good faith and without malice."  (Ex. 3 to Glazier Decl. at 46.)  In their supplemental briefing on the Leone case, the plaintiffs urge the court to follow the

Leone court in applying § 8.14 of the CCRs to the Association's decision.  Section

8.14, titled "Liability of Design Committee Members," states that neither the

Design Committee nor its member shall be liable for acts undertaken "in good

faith and with due diligence[.]"  (*Id.* at 33.)

The Association, which is in the process of appealing the Leone

court's ruling on the standard of liability, contends that the court should apply

§ 12.10.  Section 12.10 by its terms applies to liability of the *Association*.  Section

8.14, on the other hand, applies to the liability of the Design Committee and its

members.  Though the plaintiffs' claim in count II is based on a decision of the

Committee, the Association contends that § 12.10 should apply as long as the

Association rather than the Committttee is being sued.

The Association also argues that the Leone court applied an even

lower standard for liability than called for in § 8.14 of the CCRs.  Section 8.14

protects decisions that are made with due diligence and in good faith.  The Leone

court, however, instructed the jury to decide whether the Committee acted

*reasonably* and in good faith.  The Association contends that reasonableness was

an inappropriate standard, though it fails to articulate how reasonableness differs

from due diligence.

In his Reconsideration Order, Judge Ezra did not specify which

10

section of the CCRs applies to the court's review of the Association's decision.

Rather, he briefly reviewed the Hawaii Supreme Court precedent concerning

liability for the decisions of homeowners' associations.  The limitations on

liability articulated by the Hawaii Supreme Court and the Intermediate Court of

Appeals are largely consistent with both standards in the CCRs.  In *McNamee v.*

*Bishop Trust Company*, 62 Haw. 397, 402, 616 P.2d 205, 208 (1980), the Hawaii

Supreme Court noted that courts should determine whether a committee's decision

on a homeowner's request was arbitrary or made in bad faith.  The court remarked

that courts are ill-suited to substitute their own judgment in matters of a private

community's aesthetics.  *See also Village Park Cmty. Ass'n v. Nishimura*, 108

Haw. 487, 501, 122 P.3d 267, 281 (Haw. App. 2005) (noting that a homeowners'

committee is the appropriate body to rule on proposed designs and that the court

should not disturb a committee's decision so long as it is reasonable and in good

faith).

      As discussed below, Judge Ezra concluded as a matter of law that the

Association acted both reasonably and in good faith when it granted variances to

the Federmans.  Given his conclusion that the Association cannot be held liable

under what is arguably the most searching standard of review, there was no need

for Judge Ezra to analyze the various standards in the CCRs.  Furthermore, as

discussed below, the court concludes that Judge Ezra's ruling applies to the

Association's motion as law of the case.  It is therefore unnecessary for the court

to resolve whether a different standard of review should apply since Judge Ezra

has already concluded that the Association cannot be held liable for its decisions

under even the most searching standard of review.

### 2.  Law of the case

The Association contends that Judge Ezra's ruling that the

Association acted reasonably and in good faith in the Reconsideration Order

should apply to this motion as law of the case.  The court agrees.

The law of the case doctrine holds that "a court is generally precluded

from reconsidering an issue previously decided by the same court[.]"  *United

States v. Lummi Indian Tribe,* 235 F.3d 443, 452 (9th Cir. 2000).  For the doctrine

to apply, the issue must have been decided "explicitly or by necessary implication"

in the previous decision.  *Id.*  A district court may apply the law of the case

doctrine as a matter of discretion; a court abuses its discretion only if:  "(1) the

first decision was clearly erroneous; (2) an intervening change in the law occurred;

(3) the evidence on remand was substantially different; (4) other changed

circumstances exist; or (5) a manifest injustice would otherwise result."  *Ingle v.

Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).

Because Judge Ezra already concluded in his Summary Judgment Order that the CCRs had been abandoned with respect to structures that did not block views, the Reconsideration Order specifically pertained only to the palm trees planted in the setback area that allegedly blocked views.   However, in determining that the Committee acted reasonably and in good faith in allowing the palm trees, Judge Ezra's analysis "by necessary implication" went beyond the palm trees to the overall plans that were presented to the Committee.   Judge Ezra examined the Committee's process for investigating and ultimately approving the Federmans' requested variances and found that the Association conducted a thorough review of the proposals and reasonably considered the views from Western Sunview's lot when it approved each of the variances.   Judge Ezra found:

> The evidence reveals that the committee carefully considered the impact of Defendants' plans on Plaintiffs' viewplane.  Indeed, the committee required the Defendants to lower their terrace area by an additional eight feet in an effort to safeguard Plaintiffs' view.  The committee sought the advice of professional architectural consultants in reaching their decisions.  Moreover, the committee's decision to allow Defendants to construct their terrace and pool in the setback area is consistent with decisions before and after to allow such improvements by other landowners in their setback areas.

*Reconsideration Order* at 22, Civ. No. 03-000463 (Feb. 22, 2005) (citations

13

omitted).  The court concluded that "the process followed by the committee was reasonable[.]"  *Id.*

Judge Ezra's ruling in the Reconsideration Order thus relied on the Design Committee's review of *all* of the Federman's plans, not just the approval of a few palm trees.  The plaintiffs have not demonstrated any clear error in Judge Ezra's ruling nor any change in law or facts that would necessitate a reconsideration of the reasonableness of the Association's decision.

The plaintiffs make much of the fact that certain members the Committee were associated with the Federmans; the plaintiffs argue that, because of their relationship with the Federmans, those Committee members were biased in favor of the Federmans' plans.  Nonetheless, Judge Ezra found "no evidence that the committee acted in bad faith" when it granted variances to the Federmans.  *Id.* Judge Ezra was aware of the plaintiffs' allegations regarding bias on the Committee when he made this finding.  In his Summary Judgment Order, issued before his Reconsideration Order, he clearly laid out the plaintiffs' allegations of conflict of interest:

> Plaintiffs argue that the reason Defendants felt confident
> in building the structures at issue here was because they
> allege that Defendants had connections on the
> Committee that enabled them to get the required
> approval. Defendants allegedly stated that they were

14

> 'associated' with members of the Committee.  Plaintiffs
> state that Defendants' attorney, engineer, and
> co-conspirator on the alleged scheme, were all on the
> Committee at some point during the approval process.
> Plaintiffs claim that none of the alleged conflicts were
> disclosed.

*Western Sunview Props., LLC v. Federman*, 338 F. Supp. 2d 1106, 1112 (D. Haw. 2004).  The plaintiffs have presented no new evidence of conflicts or bias on the Committee that was not before Judge Ezra when he issued the Reconsideration Order.   After reviewing the same allegations the plaintiffs present in the instant motion, Judge Ezra concluded that the Association acted in good faith when it granted the variances.  The plaintiffs offer no basis for this court to revisit Judge Ezra's decision.

Accordingly, the Association's motion for summary judgment with respect to violation of the CCRs (count II) is granted.  The Association, therefore, is also entitled to summary judgment as to all counts contingent on plaintiffs' allegation that the Association violated the CCRs with respect to the Federmans' improvements in their special setback area.

### 3.  Additional palm trees

The plaintiffs also argue, as they did before Judge Ezra in their motion for reconsideration, that the Federmans have planted additional palm trees

15

in their special setback area.  In their opposition papers, the plaintiffs contend that

the Federmans have planted even more palm trees since Judge Ezra's

Reconsideration Order.

In his Reconsideration Order, Judge Ezra noted that his ruling did not

apply to any additional palm trees not included as part of the plans approved by

the Committee and submitted to the court.  Judge Ezra stated, "[t]o the extent that

Plaintiffs seek a ruling regarding other trees generally, this issues was not properly

before the court."  *Reconsideration Order* at 23.

Despite Judge Ezra's refusal to issue a ruling without evidence, the

plaintiffs have done little to supplement the record regarding the alleged additional

palm trees in their opposition to the instant motion.  Plaintiffs now urge this court

to conclude that there are material issues of fact concerning the Association's

liability for certain additional trees planted by the Federmans.  Again, however,

they fail to offer sufficient evidence to allow the court to consider the issue

properly.  For example, though they have included a declaration indicating that

additional palm trees were planted and that the trees block views, they have not

informed the court when these trees were planted, whether the Committee

approved the trees, or under what theory the Association is liable for the additional

trees.

16

Given the state of the record, the court orders the parties to meet and confer regarding these alleged additional trees.  If the parties cannot agree whether a factual issue regarding these alleged trees remains for the jury, they should submit supplemental briefing to the court with sufficient factual support such that this issue can be resolved.  The briefing should address:  (1) whether the alleged additional palm trees were approved by the Committee in February 2002; (2) if the additional trees were not approved in February 2002, whether the Committee subsequently approved the additional trees; (3) when the additional trees were planted; (4) how many additional trees were planted; (5) if the Committee approved the additional trees, the decision making process employed; and (6) if the Committee did not approve the additional trees, under what theory alleged in the Complaint, if any, the Association may be held liable to the plaintiffs on account of the additional trees.  The parties should contact the court within five business days of the issuance of this order and inform the court whether they plan to submit additional briefing on this issue.  A briefing schedule will be determined at that time, if necessary.

B.   <u>The MK Defendants' motion for summary judgment as to the special setback and punitive damages claims is GRANTED IN PART and DENIED IN PART</u>

The MK Defendants filed three motions for summary judgment.  In

its March 6, 2006 Order, the court dealt with the first two of these motions.  Of the

claims surviving the court's March 6, 2006 Order, the MK Defendants seek

dismissal of the following in the instant motion: (1) violation of the CCRs (count

II); (2) breach of contract (count VII); (3) negligence (count X); (4) breach of

covenant of good faith and fair dealing (count XI); (5) injunctive relief (count

XVII); (6) declaratory relief (count XVIII); attorney's fees pursuant to the holding

in *Uyemura v. Wick*, 57 Haw. 102, 551 P.2d 171 (1976) (count XV); and punitive

damages (count XVI).[2]  Counts II, VII, X, XI, XVII, XVIII are premised on the

Association's and the MK Defendants' alleged violation of the CCRs.  Because

the court concludes that Judge Ezra's decision regarding the CCRs governs as law

of the case in this matter, the MK Defendants are entitled to summary judgment as

to counts II, VII, X, XI, XVII, XVIII.  Though the MK Defendants do not address

the plaintiffs' claim for violation of easement (count IX) in their motion, the court

---

[2]The MK Defendants also seek dismissal of plaintiffs' claims for nuisance (count IV) and takings (count XIII).  At the hearing on this matter, the plaintiffs represented to the court that, based on Judge Ezra's order, counts IV and XIII are no longer pending in this case.  Therefore, the court need not address these counts.

Additionally, the MK Defendants seek dismissal of any claim the plaintiffs' may have concerning the violation of an alleged 100-foot shoreline setback.  The Amended Complaint does not address this alleged shoreline setback.  Judge Ezra addressed the issue of the 100-foot shoreline setback in his Summary Judgment Order and concluded that "there is no private right of action to enforce a shoreline setback."  *Western Sunview*, 338 F. Supp. 2d at 1118.  To the extent that this issue remains before the court, the court concludes that law of the case applies and therefore the plaintiffs have no private right to enforce a shoreline setback.

18

grants summary judgment in favor of the MK Defendants as to this claim as well because the plaintiffs have acknowledged that their easement claim is contingent on violation of the CCRs.[3]  For the reasons stated below, the court grants summary judgment as to count XV insofar as the plaintiffs seek attorneys' fees based on *Uyemura v. Wick*.  Additionally, the court denies summary judgment as to count XVI.

### 1.    Violation of CCRs and easement (counts II, VII, IX, X, XI, XVII, XVIII)

Like the Association, the MK Defendants argue that law of the case should apply to the plaintiffs' claims for violation of the CCRs.  The court agrees.

As an initial matter, the MK Defendants were not responsible for the Design Committee when the variances were granted to the Federmans.  Though the MK Defendants controlled the Committee when the Federmans initially sought variances, the Association took control of the Committee before the variances were actually granted.  Plaintiffs argue, however, that the MK Defendants are liable for the role they played leading up to the final decision.  As discussed

---

[3]The court also notes that some counts in the Amended Complaint, for example counts III (negligent or intentional misrepresentation/fraud), VIII (breach of warranty and/or guarantee), XII (breach of fiduciary duty), and XIV (conspiracy), relate to the plaintiffs' allegations of both fraudulent pricing and violation of the CCRs with respect to special setback areas.  Though these counts remain in the case insofar as they relate to the alleged fraudulent pricing scheme, the court grants summary judgment for MK Defendants on all counts of the Amended Complaint insofar as any count asserts a claim based on the Federmans' improvements in their special setback area.

above, however, Judge Ezra has already decided that the Association acted

reasonably and in good faith when it granted variances to the CCRs to the

Federmans.  Because any variances granted to the Federmans did not violate the

CCRs, the MK Defendants cannot be held liable for any role they played in

considering the variances.  Moreover, because the plaintiffs' easement claim is

predicated on a violation of the CCRs, the MK Defendants cannot be held liable

for violating any alleged easement.  The court therefore grants the MK

Defendants' motion as to counts II, VII, IX, X, XI, XVII, XVIII.

## 2.    Attorneys' Fees (count XV)

The plaintiffs claim that they are entitled to attorneys' fees based on

*Uyemura v. Wick*, 57 Haw. 102, 551 P.2d 171 (1976), in which the Hawaii

Supreme Court held that attorneys' fees may be recovered against a party when

that party's conduct necessitates litigation with a third party.  The plaintiff must

establish the following in order to be entitled to attorneys' fees under this theory:

> (1) that the plaintiff had become involved in a legal
> dispute either because of a breach of contract by the
> defendant, or because of defendant's tortious conduct,
> that is, that the party sought to be charged with the fees
> was guilty of a wrongful or negligent act or breach of
> agreement; (2) that the litigation was with a third party,
> not with the defendant from whom the fees are sought to
> be recovered; (3) that the attorneys' fees were incurred in
> that third-party litigation; and (4) whether the fees and

20

> expenses were incurred as a result of defendant's breach
> of contract or tort, that they are the natural and necessary
> consequences of the defendant's act, since remote,
> uncertain, and contingent consequences do not afford a
> basis for recovery.

*Uyemura v. Wick*, 57 Haw. 102, 109, 551 P.2d 171, 176 (1976) (citations omitted).

Judge Ezra addressed this issue, as it pertained to the Federmans, in his Summary Judgment Order.  Judge Ezra concluded that the Federmans' conduct did not cause the plaintiffs to enter into litigation with third parties; the only litigation that the plaintiffs alleged they were involved in as a result of the Federmans' conduct was a case in which the Federmans were defendants.  *Western Sunview*, 338 F. Supp. 2d at 1128.

Judge Ezra's analysis applies equally to this case.  The plaintiffs have brought the same claims against three co-defendants in one lawsuit. The plaintiffs are not entitled to attorneys' fees from the Federmans under *Uyemura* because the Federmans are defendants in this action.  Likewise, the plaintiffs are not entitled to attorneys' fees from the MK Defendants because the MK Defendants are also defendants in this action.

### 3.      Punitive damages (count XVI)

Though the court grants the MK Defendants' motion for summary judgment as to the special setback claims, the court previously denied the MK

21

Defendants' motion for summary judgment as to the plaintiffs' fraud and

misrepresentation claims.  In its March 6, 2006 Order, the court held that material

issues of fact remain concerning the plaintiffs' allegations that the MK Defendants

misrepresented the selling prices of lots at the Bluffs to the plaintiffs.  Through the

instant motion, the MK Defendants seek dismissal of plaintiffs' claim for punitive

damages on all counts, including the fraud and misrepresentation claim.

      The MK Defendants claim that the plaintiffs have not produced

evidence of the sort of oppressive or malicious conduct necessary to support a

claim for punitive damages.  *See Musaki v. Gen. Motors Corp.*, 71 Haw. 1, 16-17,

780 P.2d 566, 575 (1989) (holding that a plaintiff must prove that the defendant

"acted wantonly or oppressively or with such malice as implies a spirit of mischief

or criminal indifference").

      In his Summary Judgment Order, Judge Ezra held that the plaintiffs

could not pursue punitive damages against the Federmans.  Like the MK

Defendants in the instant motion, the Federmans sought summary judgment as to

the plaintiffs' claims that the Federmans participated in the alleged

misrepresentation of the purchase price of their lot.  Though Judge Ezra denied the

Federmans summary judgment as to the plaintiffs' fraud and misrepresentation

claims, he granted summary judgment as to the plaintiffs' claim for punitive

damages.  He concluded that "although Plaintiffs have presented some evidence that Defendants made a misrepresentation about the purchase price of their home, they have not presented any evidence that Defendants' conduct was malicious." *Western Sunview*, 338 F. Supp. 2d at 1129.

Because the MK Defendants' alleged conduct differs substantially from the Federmans' alleged conduct, Judge Ezra's conclusion regarding punitive damages does not apply to the MK Defendants.  The plaintiffs contend that the Federmans agreed to keep the discount they obtained on the purchase price of their lot confidential and misrepresented their purchase price to the plaintiffs.  The MK Defendants, on the other hand, allegedly *conceived* of the plan to offer confidential discounts to numerous buyers, drafted confidentiality agreements for each of the buyers who obtained a discount, and then represented to the plaintiffs that other lots had sold for the list price.  Given these facts, the court concludes that a reasonable jury could find that the MK Defendants acted wantonly, oppressively, or maliciously.

## IV.  CONCLUSION

For the reasons stated herein, the court GRANTS the Association's motion for summary judgment and GRANTS IN PART and DENIES IN PART the MK Defendants' motion for summary judgment.

Following this Order, all counts against the Association are dismissed except that the parties are ordered to comply with part III.A.3 of the court's Order so as to clarify whether a claim for additional palm trees remains against the Association.

All claims related to improvements in the Federmans' special setback area are dismissed as to the MK Defendants. Following this Order and the court's March 6, 2006 Order, the following claims remain against the MK Defendants:

(1)     Count 3:  the plaintiffs' (WSP's and the Hands') claims for Negligent or Intentional Misrepresentation/Fraud;

(2)     Count 5:  the Hands' HRS § 480-2 claim;

(3)     Count 6:  the plaintiffs' HRS chapter 484 claim;

(4)     Count 8:  WSP's claim for Breach of Warranty and/or Guarantee;

(5)     Count 12:  WSP's claim for Breach of Fiduciary Duty;

(6)     Count 14:  WSP's claim for Conspiracy/Joint and Several Liability;

(7)     Count 15:  plaintiffs' claim for attorneys' fees, except the plaintiffs may not collect attorneys's fees under the theory in *Uyemura v. Wick*; and

///

///

///

24

(8)     Count 16:  plaintiffs' claim for punitive damages.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, June 21, 2006.



J. Michael Seabright
United States District Judge

*Western Sunview Properties, et al., v. Federman*, *et al.*, Civ. No. 03-00463 JMS/LEK, Order Granting Defendant The Bluffs at Mauna Kea Community Association's Motion for Summary Judgment and Granting in Part and Denying in Part Defendants Mauna Kea Properties, Inc.'s and Mauna Kea Development Corporation's Motion for Summary Judgment as to All Special Setback and Punitive Damages Claims