# EXHIBIT 4

## The Bluffs at Mauna Kea Homeowners Association
## Design Review Committee
## Teleconference Meeting Minutes
## July 1, 2003

Members Present:   Bob Acree, Jerry Elder, Michael Hartley, Bob Gunderson, Douglas Leone and John Reid

Members Excused/Absent:

By Invitation:   Dennis Krueger of Ashford & Wriston; David Stringer of David Stringer Architects; David Ayer of David Stringer Architects; and May Hiraoka-Tomita of David Stringer Architects

| Item | Description | Action |
|---|---|---|
| 0701.1 | Meeting was called to order at 9:05 a.m. Hawaii time to review submittals for the Federman, Gifford, Bochco and Leone Residences. | |
| 0701.2 | The revised June 3, 2003 Meeting Minutes was moved, seconded and approved. | |
| 0701.3 | **Federman Residence Construction Modification Request:** The Federmans are requesting a guardrail comprised of 18" high rock wall with an 18" wood rail above it adjacent the pool at the western edge of the spa terrace. It is adjacent to an uphill retaining wall and, therefore, is obstructed from the Hands view for most of the length of the guardrail. Since the guardrail is below the original existing grade, it does not violate the 30" above existing grade requirement and does not obstruct the view of the ocean or shoreline of anyone. It was moved, seconded and approved to accept David Stringer Architects' ("DSA") recommendation of acceptance. | |
| | The Federmans also submitted a request for a dish antenna to be installed on a flat-roofed area surrounded by sloped roofs. The antenna is 24" diameter and does not extend above the lowest ridge of the roof. With the sloped roofs surrounding it, as well as proposed landscaping, it will not be plainly visible to others. The Committee was advised that Section 207 of the Telecommunications Act of 1996 entitled "Restrictions on Over-The-Air Reception Devices", makes it almost impossible for a homeowners' association to prevent an owner from installing a small satellite dish (one meter in diameter or less), as long as the installation is on property owned by, or for the exclusive use of, the property owner. Under the law, an Association cannot "impair" the installation of a satellite dish. The rules define "impair" as follows: (1) unreasonably delays or | DSA |

prevents installation, maintenance or use, (2) unreasonably increases the cost of installation, maintenance or use, or (3) precludes reception of an acceptable quality signal." Even by making a homeowner pay a fee for the DRC to review the placement of the dish could arguably be deemed to "impair" the installation by making it more costly for the homeowner. A motion was made to accept the installation of the antenna as submitted if, after further discussion with the homeowner and/or their architect, no better location can be found. It was seconded and approved.

0701.4   The Committee decided that a guideline should be made as to the installation of antennas for other homeowners. It was suggested that DSA write a statement/paragraph to be distributed to all homeowners regarding the guidelines for the installation of same to avoid individual submittal reviews by the Committee. Review would be addressed administratively by the reviewing architect. It was decided that the antenna should be 18" – 24", "hidden" from view from both upper and lower tiers with DSA given permission to review and approve unless the antenna is placed in a location that requires the Committee's approval.

0701.5   **Gifford Residence Non-Approved Construction:** There currently is a stair for beach access being built on the Gifford property for which there has been no approval application submitted to the Committee.
There are three issues/violations:
   1. Staircase has not been approved.
   2. Staircase does not comply with side yard nor Special Setback area requirements.
   3. Plant material in the setback exceeds the 30" approved height.
It was noted that the Giffords have had many other violations previously. A letter is to be issued to the Giffords to have them stop work on the construction of the staircase as well as make them aware that they are also in violation due to the landscape growth in the special setback area. Also, it was requested by the Committee to check if the Giffords have a permit to build the stairs. *(There is no recorded County permit to build the stairs per Dennis Krueger.)*     DK

0701.6   **Bochco Residence Variance Request:** The Bochcos have submitted a variance request to construct a 4 FT. high rock retaining wall within the Special Setback Area, backfill and raise the grade behind the wall and landscape the raised area. DGS recommended that the upper tier homeowners master plan a common wall, since the 30" rule in the Special Setback Area applies more easily to the upper tier, as view occlusion is not an issue as with the lower tier. The Committee approved the retaining wall at 30" as recommended rather than the 48" proposed wall, that if pool separation height is required, a ha-ha be constructed in front of the wall, and no landscaping shall exceed the wall height or 30" above existing grade.

0701.7   **Federman-Western Sunview Property Mediation:** DGS informed the Committee that DSA was asked to sit in on the mediation. The Committee was also informed that parties were negotiating medium high

S  467

trees with canopy which are not allowed and, therefore, making it a larger problem.

It was requested that DSA draft a letter for DSA's signature to be forwarded to the mediation board thanking the parties for working issues out themselves, that any modifications that are decided upon need to submitted to the Committee for approval, and to remind them of the landscape requirements.    DSA

0701.8    **Hartley Residence Variance Request Follow-Up:** DA informed the Committee that letters were received from the Hartleys and the Ludwicks that they, as individual homeowners and neighbors, did not oppose the variance request, and therefore, by previous action, the request is approved.

0701.8    **Leone Residence Revised Conceptual Review Submittal:** The Leones have submitted a revised conceptual review which maintains the design of the previous submittal with the exception of a different design for the pool terrace extension into the Special Setback. The Leones have addressed some of the comments from the previous submittals. Although Mike Hartley and Bob Gunderson both gave their approval before leaving the meeting, the Committee decided to defer making a decision until a site line study is provided by DSA.

Meeting adjourned at 11:20 a.m.

The meeting minutes generated for this meeting are believed to be an accurate representation of discussions held at this morning. Please contact the undersigned should you have any corrections or additions.

Submitted by:

May Hiraoka-Tomita
Recording Secretary, Pro-Tem

cc:    file

S    468