# EXHIBIT 6

OCT 20 '97  08:27AM

**MAUNA KEA REALTY**

Mauna Kea Properties, Inc., dba Mauna Kea Realty

October 16, 1997
8:00am


Diane Paulson
MacArthur, Worrall & McCarter
P.O. Box 1958
Kamuela, HI  96743


By Fax to:  885-5538

Re:    Gifford Investments
       Bluffs at Mauna Kea, Lot 12

Dear Diane,

This will respond to Mr. Gifford's fax dated October 15, 1997.

1.  The purchase price is $2,500,000 with a purchaser's credit of $500,000 at closing.  This credit is being given to your client because he has agreed to a cash purchase to close within 30 days of opening escrow.  As stated to you in our first correspondence, we are unable to go below this price.  It is firm.

2.  Article XVI
    17.1 We thank Mr. Gifford for accepting easements 28, 8 & 9 as defined. Mauna Kea Development Corporation has no control of the location of the fire hydrants and water easement.  They were placed in strict conformity with the County of Hawaii subdivision code and Department of Water standards.
    We have no objection to the modification of the water easement or the relocation of the fire hydrant if the County of Hawaii and the Department of Water will allow such variances.  Further, in order to attempt to accommodate Mr. Gifford's wishes, and at our expense we will make application to the County/Dept. of Water for the variances.  If granted we would expect Mr. Gifford to pay for the cost of physically relocating the hydrant.

    With reference to paving past the cul-de-sac, we do not intend to do any further paving.  However, there is an existing asphalt drive that goes past the cul-de-sac.  Does Mr. Gifford wish this existing driveway removed?

**MKR 05508**

1

OCT 20 '97  08:27AM

With reference to the request to landscape and irrigate the setback and easement areas, we first have to point out that the special setback areas are proposed to be maintained in their natural state. In addition, there are to be no large plants or trees in the setbacks that might interfere with the views of the neighboring lot owners. In other words, the setbacks are designed to protect the ocean views of all the homeowners.

The drainage easement must be planted so that water may flow through it in the event of heavy rains. Whatever Mr. Gifford plants would have to satisfy this requirement.

The foregoing being said, we would have no objection to irrigating the setbacks/easements so long as the plan was approved by the design review committee as part of Mr. Gifford's general landscape plan per the CC&R's. Finally, we could not be responsible for irrigation systems put in by a homeowner. They would be his responsibility.

17.3 Agreed

17.4 We will agree to this paragraph except for the words: "regardless of Mauna Kea Development Corp. change in hotel or property ownership."

The possibility of a sale of the resort or portions thereof is covered in the Sales Contract in Section 15.2 (b). It states in part:

> "(b) in the event of the sale of either the Mauna Kea Beach Hotel or the Hapuna Beach Prince Hotel, or both, Seller will use its best efforts to cause the purchaser of the Mauna Kea Beach Hotel and/or the Hapuna Beach Prince Hotel to assume such obligation to make available such membership to Buyer; provided, that upon such sale, Seller shall be released from all obligations to Buyer with respect to The Club and shall have no further liability under this Section 15.2."

The portion of Mr. Gifford's language with which we have agreed assures your client that he will not be treated any differently than any homeowner in the Mauna Kea Resort with regard to Club membership. He, as a homeowner in the Bluffs will have the same rights to Club membership as the homeowners in Mauna Kea Fairways North and South and the Villas.

2

MKR 05509

OCT 20 '97  08:27AM

On the other hand we cannot create a <u>preference</u> for him which would put him in a better position than our current homeowners.  The additional language he requested would create such a preference and would be unfair to our present homeowners.

Accordingly, as you first requested, the included language will insure equal treatment of all.

If Mr. Gifford is agreeable to the above please advise and we will reduce the agreement to writing in an addendum, secure signatures and open escrow.

Aloha,

Tom Stifler
Principal Broker

3

MKR 05510