IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>        Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,<br><br>        Defendants. | Case No. CV03-00463 JMS/LEK<br><br>DECLARATION OF ANDREW V. BEAMAN |

## DECLARATION OF ANDREW BEAMAN

1. I am ANDREW V. BEAMAN. I have personal knowledge of the following facts.

2. I am an attorney, licensed to practice law in the State of Hawaii, and I represent Defendants Irwin Federman and Concepcion S. Federman in the above-captioned action.

3. I have also represented Bluffs homeowners Douglas Leone and Patricia Leone-Perkins in <u>Western Sunview Properties LLC v. Leone-Perkins Family Trust</u>, Civil No. 04-1-000212, Circuit Court of the Third Circuit, Hilo Division, State of Hawaii as well as in <u>WSP v. County of Hawaii Director of Public Works</u>, Case No. BOA 04-025, County of Hawaii Board of Appeals.

104839.5

4.  Attached hereto as *Exhibit B* and made a part hereof is a true copy of the Settlement and Release Agreement dated October 7, 2005, between Irwin and Concepcion Federman, on the one hand, and Guy and Julia Hands and Western Sunview Properties, LLC, on the other. A copy of this document was attached as Ex. A to Plaintiff Western Sunview Properties, LLC's Motion for Determination of Good Faith Settlement Regarding Defendants Irwin Federman and Concepcion S. Federman filed herein on October 26, 2005. On January 10, 2006, the Court entered an Order Granting Plaintiff Western Sunview Properties, LLC's Motion for Determination of Good Faith Settlement Regarding Defendants Irwin Federman and Concepcion S. Federman Filed October 26, 2005. The Federmans were dismissed from this action pursuant to the Stipulation for Dismissal with Prejudice as to all Claims against Federman Defendants entered herein on February 14, 2006.

5.  Section 5, in which Plaintiffs agreed to make no claim that the Federmans' landscaping fails to conform to the project documents, was material to the agreement. It was intended, in part, to prevent Plaintiffs from seeking through the back door what they had agreed to give up through the front door. We and the Federmans were concerned, for example, that the Bluffs Community Association, the Design Committee, or the County of Hawaii might be coerced, threatened or intimidated by the Plaintiffs; that these other parties might not have the same incentive to defend the Federmans' interests in this case or in other future proceedings; and that any number of foreseeable or

unforeseeable adverse consequences might flow from some erroneous factual finding here or in some other administrative or judicial tribunal.

6. When I wrote the first draft of the Settlement Agreement, I proposed that Plaintiffs indemnify the Federmans against the consequences of such claims. Plaintiffs' counsel objected and we had discussions with the mediator, Judge Eugene Lynch. Judge Lynch was aware of our concerns, but Plaintiffs refused to give such an indemnity. In a later draft of the settlement agreement, I prepared the first draft of the clause in question. It was clear from our discussions with Judge Lynch and from the context of the case and the negotiations (and I think it is clear also from the language of the agreement itself) that the word "claim" is used in its ordinary sense and that the provision is not limited to claims made against the Federmans. In lieu of the indemnity we had included in the first draft, the Federmans ultimately agreed to accept section 5 of the Settlement Agreement; but this clause was the subject of much debate.

7. In response to my draft, Plaintiffs' counsel Dennelle Dixon-Thayer advised me that Plaintiffs wanted to be able to continue to pursue the claims they had pled against the Bluffs Community Association. At that time, we understood that Plaintiffs were continuing to make efforts to obtain a monetary settlement from the Association's D&O carrier. We also understood that Plaintiffs did not want to sign a settlement agreement with the Federmans that would prevent them from

continuing to negotiate with the carrier. At that time, we understood the "claims as pled," as far as the Federmans' landscaping was concerned, to be limited to the three coconut palm trees at the Southwest corner of the Federmans' property. It was my view at the time that Judge Ezra's orders essentially disposed of the "claims as pled" and that the Plaintiffs' request for a carve-out of such claims was not objectionable because I expected that such claims would be "dead on arrival" in any event. At that time, Plaintiffs did not disclose to us that they intended to pursue the false and misleading claims related to the Federmans' other trees that are set forth, for example, at page 30 of their January 5, 2006 memorandum. (In retrospect, had we been paying closer attention to what was being filed in this case, we might have recommended to the Federmans last January that they bring this motion.) That was the reason we consented to this carve-out. In the end, this was the last provision negotiated before the agreement was signed. Attached hereto as *Exhibit C* is a true copy of the e-mail exchange I had with Dennelle Dixon-Thayer, shortly before the parties signed the Settlement Agreement.

      8. Attached hereto as *Exhibit A* is a true copy of the Federmans' final approved landscaping plan (sheet L-13, revised planting plan as of 5/6/04). Our office produced this plan to counsel for Plaintiffs on May 24, 2004, as shown by the letters from our files attached hereto as *Exhibits Q and R*, which are

true copies of letters sent by our paralegal, Laura Warfield under my direction.

9. Attached hereto as **Exhibit X** and made a part hereof are true copies of excerpts (pages 66, 149, Exhibits 12, 13, and 14, correction page) of the deposition upon oral examination of Loriann Gordon taken on December 12, 2003. I attended the deposition and can verify that the transcript is accurate.

10. Attached hereto as **Exhibit D** and made a part hereof are true copies of two aerial photographs of the Federman, WSP and Leone properties that, according to the representations of Plaintiffs' counsel, were taken by WSP's agents in December 2004. These photos were used as exhibits at the hearing in <u>WSP v. County of Hawaii Director of Public Works</u>, Case No. BOA 04-025, County of Hawaii Board of Appeals.

11. Attached hereto as **Exhibit E** and made a part hereof are true copies of photographs taken by Michael Stewart of Molten Images Photograph under my direction on or about March 8, 2005, which accurately depicts the view North from Lot 5.

12. Attached hereto as **Exhibit F** and made a part hereof is a true copy of the First Amended Complaint; Demand for Jury Trial; Certificate filed herein on April 27, 2004.

13. Attached hereto as **Exhibit G** and made a part hereof is a true copy of Plaintiff Western Sunview Properties, LLC's Second Amended Response to Defendants Irwin Federman and Concepcion S. Federman's First Request for Answers to

Interrogatories to Plaintiff Western Sunview Properties, LLC Dated September 5, 2003.

14. Attached hereto as **Exhibit H** and made a part hereof is a true copy of Plaintiff's Rule 26(e) Supplementation of Disclosures and Responses; Certificate of Service filed herein on September 15, 2004.

15. Attached hereto as **Exhibit I** and made a part hereof is a true copy of a Declaration of James Reinhardt dated January 4, 2006, filed as Ex. 152 by Plaintiffs herein on January 5, 2006 as part of Plaintiffs' Exhibits 1 to 152 to Their Four Separate Concise Statements of Fact in Opposition to Mauna Kea and Mauna Kea Community Association's Motion for Summary Judgment; Declaration of Terrance M. Revere, along with the cover page thereto.

16. Attached hereto as **Exhibit J** and made a part hereof is a true copy of a Declaration of James Reinhardt dated July 17, 2006, which was attached as Exhibit 21 to the Declaration of Terrance M. Revere filed herein on July 17, 2006.

17. Attached hereto as **Exhibit L** and made a part hereof is a true copy of a letter I sent on or about June 16, 2003 to Dennis A. Krueger, Esq.

18. Attached hereto as **Exhibit M** and made a part hereof is a true copy of the Federmans' January 15, 2004 landscape plan (sheet L-13).

19. Attached hereto as *Exhibit N* and made a part hereof is a true copy of a letter I sent Mr. Stringer on or about January 30, 2004, regarding those landscape planting plans.

20. Attached hereto as *Exhibit O* and made a part hereof is a true copy of a letter dated March 23, 2004, to Ms. Renee Catian from Laura E. Warfield informing her that documents were available for production in this case. These documents included my January 30, 2004 letter to Mr. Stringer and enclosures.

21. Attached hereto as *Exhibit P* and made a part hereof is a true copy of a letter dated May 18, 2004, to Mr. David Stringer regarding approval by the committee of the Federmans' final Landscaping Plan, sheet L-13 of the landscaping plans prepared by Greg Boyer Landscaping, Inc. dated May 6, 2004 (F027475-76).

22. Attached hereto as *Exhibit Q* and made a part hereof is a true copy of a letter that our paralegal Laura E. Warfield sent, under my direction, on or about May 24, 2004, to Mr. Revere's secretary Renee Catian informing her that additional documents were available to Plaintiffs for production in this case. Those documents included the landscape plans and the request for design committee approval.

23. Attached hereto as *Exhibit R* and made a part hereof is a true copy of a Memorandum my paralegal Laura E. Warfield sent on or about May 25, 2004 to New Tech directing the

copying service to copy the same documents (F 027416-F027484) and deliver them to Rene Catian of Motooka, Yamamoto & Revere.

24. Attached hereto as **Exhibit S** and made a part hereof is a true copy of a letter I received on or about June 22, 2004, confirming that the Design Committee had approved the Federmans' final landscaping plans.

25. Attached hereto as **Exhibit T** and made a part hereof is a true copy of a May, 2004 photograph filed herein on August 5, 2004 as Exhibit 69 to Plaintiffs' CSOF.

26. Attached hereto as **Exhibit U** and made a part hereof is a true copy of a rendering showing view from WSP property under approved landscaping plan. This document was produced to counsel for Plaintiffs on May 24, 2004, submitted to the Court as Exhibit 48 to Defendants Irwin Federman and Concepcion S. Federman's Concise Statement of Facts in Support of Motion for Summary Judgment filed herein on July 20, 2004, and discussed in the Declaration of Raymond Neal and the Declaration of Robert Glazier attached thereto.

27. Attached hereto as **Exhibit V** and made a part hereof is a true copy of a Declaration of Robert Glazier dated July 16, 2004, the original of which was attached to Defendants Irwin Federman and Concepcion S. Federman's Concise Statement of Facts in Support of Motion for Summary Judgment filed herein on July 20, 2004.

28. Attached hereto as **Exhibit W** and made a part hereof is a true copy of a Declaration of Raymond Neal dated July

14, 2004, the original of which was attached to Defendants Irwin Federman and Concepcion S. Federman's Concise Statement of Facts in Support of Motion for Summary Judgment filed herein on July 20, 2004.

  I, ANDREW V. BEAMAN, do declare under penalty of law that the foregoing is true and correct.

  DATED: Honolulu, Hawaii, July 26, 2006.

         /S/ANDREW V. BEAMAN
         ANDREW V. BEAMAN