# EXHIBIT B

## SETTLEMENT AND RELEASE AGREEMENT

The undersigned parties to this document agree as follows:

1. Agreement. This document (hereinafter, the "Agreement") is a Settlement and Release Agreement.

2. The date of this agreement is October 7, 2005.

3. Named Parties. The contact information for the persons named below (the "Named Parties") is set forth below.

| Name | Contact Information |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC ("WSP") | c/o Terrance M. Revere, Esq. Motooka, Yamamoto & Revere 1000 Bishop Street, Suite 801 Honolulu, HI 96813 (808) 532-7900 |
| GUY HANDS and JULIA HANDS (collectively, the "Hands") | |
| IRWIN FEDERMAN and CONCEPCION S. FEDERMAN (collectively, the "Federmans") | c/o Andrew V. Beaman, Esq. Chun, Kerr, Dodd, Beaman & Wong, a Limited Liability Law Partnership 745 Fort Street, 9th Floor Honolulu, HI 96813 (808) 528-8200 |

4. Definition of Terms.

   A. Named Parties. The terms "WSP," "Hands," and "Federmans" shall mean and be deemed to include the Named Parties and their respective past, present, and future agents, experts, consultants, engineers, architects, attorneys, executors, administrators, representatives, successors and assigns. The term "Named Parties" in this Agreement shall mean and be deemed to include the Named Parties individually, singly, collectively, severally, jointly, and jointly and severally.

   B. Number. In this Agreement, the singular shall include the plural and the plural shall include the singular.

   C. Gender. In this Agreement, the use of any gender shall include all genders.

**EXHIBIT B**

D. **Captions or Headings.** In this Agreement, the captions, paragraph headings and sub-paragraph headings are for convenience, reference and identification purposes only and shall not control, define, limit or affect any provision of this Agreement.

5. **Consideration.** The consideration for this Agreement includes the mutual covenants and releases contained herein. As further consideration, WSP agrees to pay $16,838.06 to the Federmans as contribution to the attorneys' fees incurred by the Federmans in the Subject Lawsuit. Thereafter, the Federmans covenant and agree to donate the entire $16,838.06 payment to a Hawaii charity of the Federmans' choosing, and further agree to provide WSP's counsel with the name of the designated charity.

In further consideration of this Agreement, WSP, the Hands and the Federmans hereby covenant and agree that they shall make no claim in any legal or administrative action that the improvements (including the landscaping in the condition that it exists on either property as of the date of this Agreement) constructed by the Federmans on Lot 6 or by WSP on Lot 5 (as of the date of this Agreement) do not conform to any laws, codes, ordinances and regulations, or to the recorded Declaration of Protective Covenants, Conditions and Restrictions for the Bluffs at Mauna Kea (the "Declaration") and the unrecorded Design and Construction Requirements for Homes promulgated thereunder, and that they shall take no action seeking to change, modify, remove, alter, or reconstruct any such improvements (including the landscaping in the condition that it exists on either property as of the date of this Agreement); provided that WSP and the Hands shall be free to pursue a claim for damages only against the Bluffs Community Association, Mauna Kea Properties, Inc., and Mauna Kea Development Corp. as pled in the Lawsuit.

In further consideration of this Agreement, WSP and the Hands hereby covenant and agree that, within thirty (30) days from the date of this Agreement, they shall cause all claims asserted by them against the County of Hawaii in the Subject Lawsuit (defined below) to be dismissed, and that they shall not assert any similar claims against the County of Hawaii, or any other claims against the County of Hawaii relating to the existing improvements (including the landscaping in the condition that it exists on Lot 6 as of the date of this Agreement) on Lot 6, against the County of Hawaii in the Subject Lawsuit or in any other forum.

In further consideration of this Agreement, the Named Parties agree that they shall abide by the Declaration and the unrecorded Design and Construction Requirements for Homes promulgated thereunder on a forward basis, and further agree to provide written notice to each other, at the addresses set forth in section 3 above, not less than fifteen (15) business days prior to any meeting of the Bluffs at Mauna Kea Design Committee at which any Named Party intends to seek Design Committee approval for any changes or additions to the Special Setback Area. The foregoing agreements shall be personal to the Named Parties and shall not be recorded and shall not run with the land.

It is understood and agreed that the above consideration is subject to and conditioned upon all of the following conditions precedent: (a) the entry of a Good Faith Settlement Order described herein (at ¶7 below); and (b) the dismissal with prejudice of all

97935.1

claims between WSP and the Hands, on the one hand, and the Federmans, on the other, in the Subject Lawsuit, with each party to bear its own attorneys' fees and costs except as set forth in this section.

6. <u>Release</u>. WSP, the Hands and the Federmans hereby release and forever discharge one another (hereinafter referred to as the "Settling Parties") from and on account of any and all claims, actions, causes of action, claims for legal and/or equitable relief, damages, injunctions, injuries, losses, punitive, exemplary or treble damages, liens, debts, costs, interest, attorneys' fees, experts' or consultants' fees, expenses, and other relief, whether at law or in equity, known or unknown, suspected or unsuspected, fixed or contingent, whether past, present or future, whether sounding in tort or in contract, whether statutory or otherwise based upon or arising out of any fact, matter, action or event occurring up through the date of the execution of this Agreement, including any matter resulting from, arising out of, or connected with that certain lawsuit filed by WSP against the Federmans in the Circuit Court of the Third Circuit, State of Hawaii, entitled <u>Western Sunview Properties, LLC v. Federman, et al.</u>, under Civil No. 03-1-0220, and removed to the United States District Court for the District of Hawaii, under Case No. CV-03-00463 DAE/LEK (the "Subject Lawsuit"), and all complaints and amendments thereto filed in the Subject Lawsuit, including but not limited to:

A. All claims and damages alleged by WSP or the Hands against the Federmans in the Subject Lawsuit relating to, based upon or arising out of any of the following: (a) any and all contracts, agreements, representations, statements and/or warranties relating to, concerning or arising out of the purchase by WSP of Lot 5 at the Bluffs at Mauna Kea subdivision located at South Kohala on the Island of Hawaii (the "Bluffs"); (b) any and all contracts, agreements, representations, statements and/or warranties relating to, concerning or arising out of the purchase by the Federmans of Lot 6 at the Bluffs; (c) the design and construction of the Federmans' improvements to Lot 6 up through the date of the execution of this Agreement; and

B. Any and all allegations, causes of action, claims for relief and claims contained or alleged, or which could have been contained or alleged, by the Settling Parties against one another, in, arising out of, or related to the Subject Lawsuit.

It is understood and agreed that the Settling Parties are not releasing, but rather are expressly reserving, any claims against Mauna Kea Properties, Inc., Mauna Kea Development Corp., and The Bluffs at Mauna Kea Community Association (collectively, the "Remaining Defendants"), including without limitation the claims asserted by WSP and the Hands against the Remaining Defendants in the Subject Lawsuit.

The Settling Parties hereby warrant and represent that they are the owners of all asserted and unasserted claims, actions, causes of action and claims for relief against one another in, arising out of, or related to the Subject Lawsuit, and that they have not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, or by operation of law, any claims, actions, causes of action or claims for relief herein released, or any portion thereof. The Settling Parties hereby warrant and represent that neither they, nor any other person

97935.1

claiming by, through or under them, shall make any claim or demand or file any action against any other settling Party based in whole or in part upon any such claim, action, cause of action or claim for relief.

7. **Conditions.** This Agreement and the consideration described above are subject to and conditioned upon: (a) the entry of a judgment, order or decree by the United States District Court for the District of Hawaii in the Subject Lawsuit approving this settlement and finding that this settlement was made in good faith as contemplated in HRS §663-15.5 ("Good Faith Settlement Order"); and (b) the dismissal with prejudice of all claims against the Federmans in the Subject Lawsuit, with each party to bear its own attorneys' fees and costs, with the exception of the amount described in ¶5 above. WSP shall file a motion for approval of this Agreement in the Subject Lawsuit no later than October 31, 2005, and the Federmans shall join in such motion. WSP shall take all other actions and file all other papers necessary to obtain and defend the Good Faith Settlement Order. If there is any appeal from the Good Faith Settlement Order, WSP and the Hands shall, at their cost and expense, defend the appeal on their behalf and on behalf of the Federmans.

8. **Understandings and Agreements.** The Named Parties acknowledge, agree and understand that:

A. **Denial of Liability.** The Settling Parties deny any liability, negligence, breach of duty, breach of any agreement or contract, misconduct, violation of statute and/or wrongdoing of any kind, character or nature whatsoever. The consideration provided herein is solely in compromise of disputed claims.

B. **No Representation.** None of the Named Parties has made any representation of fact, opinion or promise to any other party to induce this compromise, and no party is relying upon any statements, representations, opinions or promises made by any other party or their agents, employees, representatives, attorneys, consultants or experts concerning the nature, extent or duration of the alleged injuries, losses, loss of profits, damages, exemplary damages, punitive damages, treble damages, or the legal liability therefor, or concerning any other thing or matter. With the exception of the attorneys' fees and costs described in ¶5, the above-mentioned consideration is all the money that shall be paid herein and is received as a compromise settlement in full satisfaction of all aforesaid claims, demands, actions and causes of action whatsoever, as set forth in ¶6 above.

C. **Knowledge.** Inasmuch as all of the injuries, damages and losses may not be fully known and hence may be more numerous or more serious than is now understood or expected, the Settling Parties agree that this Agreement applies to all injuries, damages and losses resulting from matters covered in ¶6, even though now unanticipated, unexpected and unknown, as well as to all injuries, damages and losses which have already developed and which are now known and anticipated. The Settling Parties make this compromise with full knowledge of the facts and possibilities of any lawsuit, commenced or that could be commenced, are represented by counsel, and execute and deliver this Agreement being fully informed as to its terms, content and effect.

97935.1

D. <u>Complete Bar</u>. Acceptance of the consideration above mentioned and execution of this Agreement is a complete and final bar to any and all claims, actions, causes of action, claims for relief, liability, liabilities, costs, expenses, fees, demands, injuries, losses, and damages of whatever name or nature, against the parties or persons being released, in any manner arising, growing out of, connected with or in any manner involving, concerning or relating to the matters covered by this Agreement; and this Agreement forever and finally compromises, settles and terminates any and all disputes, claims, claims for injury, loss, damage, costs, expenses and fees of whatever nature, known or unknown, in any manner arising, growing out of, connected with or in any manner involving, concerning or relating to the matters covered by ¶6 above.

E. <u>Merger and Amendments</u>. This Agreement contains the entire agreement between the Settling Parties and supersedes all prior and contemporaneous agreements and understandings in connection therewith. This Agreement shall not be altered, amended, modified or otherwise changed in any respect or particular whatsoever, except in a writing duly executed by the Settling Parties. The Settling Parties agree that they will make no claim, at any time or place, that this Agreement has been orally altered or modified in any respect whatsoever.

F. <u>Governing Law and Forum Selection</u>. This Agreement shall be subject to, governed by, construed and enforced pursuant to the laws of the State of Hawaii, and any action to enforce this Settlement Agreement shall be brought in the United States District Court for the District of Hawaii.

G. <u>Construction</u>. This Agreement shall be construed without regard to the identity of the person(s) who drafted the provisions contained herein. Each and every provision of this Agreement shall be construed as though each of the parties participated equally in the drafting thereof. As a result of the foregoing, any rule of construction against the drafting party shall not be applicable.

H. <u>Representation of Authority</u>. Each individual executing this Agreement on behalf of a party expressly represents and warrants to the others that he has authority to do so and thereby to bind the party to the terms of this Agreement.

I. <u>Counterpart And Facsimile Signatures</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same instrument. In making proof of this Agreement, it shall not be necessary to produce or account for more than a single counterpart containing the respective signatures of each of the parties hereto. The parties hereto are entitled to rely upon a facsimile signature of any other party to this Agreement upon receipt by facsimile transmission via telecopier.

J. <u>Mediation</u>. If there are any claims, issues or disputes between the Settling Parties regarding this Agreement, or the settlement between the Settling Parties, before the commencement of any litigation regarding the same, all such claims, issues or disputes may be referred to and mediated by Eugene Lynch of JAMS or, if he is unable to do so, then such

97935.1

other mediator associated with JAMS as is mutually agreeable to the Settling Parties. A request for mediation may be submitted to JAMS in writing and shall be provided to the other Settling Parties. The mediation shall be conducted in accordance with the mediation rules, procedures or and protocols of JAMS then in effect. The Settling Parties involved in any such claim, issue or dispute shall share the mediator's fee equally. The mediation shall be held in Honolulu, Hawaii, unless another location is mutually agreed upon. Any agreement reached in mediation shall be enforceable as a settlement agreement in any court having jurisdiction thereof.

9. <u>Dismissal with Prejudice</u>. Within 14 days after entry of the Good Faith Settlement Order, WSP and the Hands shall dismiss with prejudice all of the claims against the Federmans in the Subject Lawsuit, with each party to bear its own attorneys' fees and costs except as set forth in ¶5 above.

DATED: 9th October, 2005 at Sevenoaks Kent England

APPROVED AS TO FORM:

/s/ TM
_____
TERRANCE M. REVERE, ESQ.
Attorney for WESTERN SUNVIEW
PROPERTIES, LLC, GUY HANDS and
JULIA HANDS

WESTERN SUNVIEW PROPERTIES, LLC

By Guy & Julia Hands
Its Managers

_____
GUY HANDS

_____
JULIA HANDS

97935.1

DATED: 10/13/05, 2005 at _____

APPROVED AS TO FORM:

_____
ANDREW V. BEAMAN, ESQ.
Attorney for IRWIN FEDERMAN and
CONCEPCION S. FEDERMAN

_____
IRWIN FEDERMAN

_____
CONCEPCION S. FEDERMAN

97935.1