# EXHIBIT F

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE  5857-0
BRIAN A. BILBERRY  7260-0
JACQUELINE E. THURSTON  7217-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii  96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email Address:    terry@myrhawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 2 7 2004
at __2__ o'clock and ___ min. ___M
WALTER A. Y. H. CHINN, CLERK

LOVE & NARIKIYO
A Limited Liability Law Company

CHAD P. LOVE  1617-0
BARBARA J. KIRSCHENBAUM  5825-0
1164 Bishop Street, Suite 1105
Honolulu, Hawaii  96813
Tel. No. (808) 546-7575
Fax No. (808) 546-7070
Email Address:    love@lava.net

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC.; GUY HANDS; AND JULIA HANDS, <br><br> Plaintiffs, <br><br> vs. | Civil No. CV03-00463 DAE LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action) <br><br> FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |

**EXHIBIT F**

IRWIN FEDERMAN; CONCEPCION
S. FEDERMAN; THE BLUFFS AT
MAUNA KEA COMMUNITY
ASSOCIATION; MAUNA KEA
PROPERTIES, INC.; MAUNA KEA
DEVELOPMENT CORP.; COUNTY
OF HAWAII; JOHN DOES 1-100;
JANE DOES 1-100; DOE
PARTNERSHIPS 1-100 AND DOE
CORPORATIONS 1-100,

Defendants.

Complaint02 Federal-pld.doc

# FIRST AMENDED COMPLAINT

## COUNT I
### (Common Facts)

1.    Plaintiff Western Sunview Properties, LLC, is a Hawaii Limited Liability Company (hereinafter referred to as "Western Sunview"), and it owns Lot 5 at The Bluffs at Mauna Kea (also referred to as "The Bluffs"), a community association located in South Kohala, Hawaii.

2.    Plaintiffs Guy and Julia Hands, husband and wife (hereinafter referred to as "the Hands" and/or individually as "Mr. Hands" and "Mrs. Hands", respectively), are residents of the United Kingdom. The Hands committed money in a personal investment to buy a lot for personal, family and household use, and committed their own funds in a sales contract to buy Lot 5 at The Bluffs. The Hands are also the managers of Plaintiff Western Sunview.

2

3.    Defendants Irwin Federman and Concepcion S. Federman (hereinafter referred to as the "Federmans") are residents of California, and own Lot 6 at The Bluffs.

4.    Defendant The Bluffs at Mauna Kea Community Association (hereinafter referred to as the "Association") is a Hawaii non-profit corporation with its principal place of business in the County of Hawaii, State of Hawaii.

5.    Defendant Mauna Kea Properties, Inc. (hereinafter referred to as "MKP") is a Hawaii Corporation with its principle place of business in the County of Hawaii, State of Hawaii.

6.    Defendant Mauna Kea Development Corp. (hereinafter referred to as "MKDC") is a Hawaii Corporation with its principle place of business in the County of Hawaii, State of Hawaii.

7.    Defendant County of Hawaii (hereinafter referred to as "County of Hawaii") is a political subdivision of the State of Hawaii.

8.    Plaintiffs have reviewed records that were made available to them in order to ascertain the true and full names and identities of all defendants in this action, but no further knowledge or information regarding the parties responsible is available at this time and Plaintiffs are unable to ascertain the identity of the defendants in this action designated as John Does 1-100, Jane Does 1-100, Doe Partnerships 1-100 and Doe Corporations 1-100 (hereinafter referred to as "Doe

3

Defendants"):  said defendants are sued herein under fictitious names for the reason that their true names and identities are unknown to Plaintiffs except that they may be connected in some manner with Defendants and may be agents, attorneys, servants, employees, employers, representatives, co-venturers, co-conspirators, associates, or independent contractors of Defendants and/or were in some manner responsible for the injuries or damages to Plaintiffs and their "true names, identities, capacities, activities, and/or responsibilities" are presently unknown to Plaintiffs or their attorneys.

9.    Lots 5 and 6 at The Bluffs adjoin each other.

10.    Lot 6 as well as all of the lots, are subject to The Bluffs' governing documents, including its Declaration of Protective Covenants, Conditions and Restrictions for the Bluffs at Mauna Kea ("Declaration"), its By-Laws of the Bluffs at Mauna Kea Community Association ("By-Laws") and its Design and Construction Requirements for Home ("Design Requirements") as well as other statutory and common law obligations owed to Plaintiffs.

11.    Plaintiff Western Sunview, as the owner of a lot at The Bluffs, is both the explicit and implied beneficiary of the restrictions, obligations and duties contained in The Bluffs' governing documents referred to in paragraph 10.

12.     The Federmans, MKP, MKDC, Association and possibly other Defendants have failed to observe requirements required by law and the governing documents of The Bluffs by placing or allowing illegal objects with/or in the "special setback" area of Lot 6, by engaging in or allowing actions that will cause glare or reflection onto Lot 5 and a obstruction, destruction, or impairment, of views from Lot 5. The Federmans have also taken steps to construct a second residence on their lot without obtaining the proper approvals from the County and again in violation of the governing documents, and the Association has failed to enforce the single family home restrictions of the governing documents.

13.     MKP, MKDC, and the Federmans and possibly other Defendants falsely reported the sale price of the Federman lot at The Bluffs, by falsely reporting prices: (a) to Deborah Au, the Hands' and Plaintiff Western Sunview's realtor, on or about September 20, 1999; (b) to the multiple listing service; and (c) to tax authorities, by stating that the sale of the Federman lot was for $3 million. In reality a confidential addendum to the Federman sales contract dated December 27, 1998, reveals that the lot actually sold for $2.55 million. The scheme was perpetrated by the Defendants named in this paragraph, all of whom had an economic interest in the scheme, via the use of bogus or artificial "landscaping credits"; thus depriving Plaintiffs and potentially other subsequent

purchasers of accurate market information.    Plaintiffs relied upon the false information supplied to them when purchasing Lot 5 in The Bluffs.

14.    The Bluffs is located within the coastal zone of the County of Hawaii and a special management area ("SMA") permit was required for the development of The Bluffs.

15.    A requirement of the SMA use permit that allowed the existence of The Bluffs was the requirement that The Bluffs receive final plan approval from the County of Hawaii.

16.    The only Final Plan Approval issued by the County of Hawaii for The Bluffs is dated November 19, 1991, and requires a 100 foot setback from the shoreline.

17.    When Defendant MKP or MKDC changed or modified The Bluffs from a condominium to a single family concept in 1995 Defendant MKP (a) promised and agreed to build The Bluffs in the same "footprint" and (b) promised and agreed that it would continue to comply with the conditions of the SMA permit, which included the Final Plan Approval in 1991 for The Bluffs.

18.    The Hands have used and plan on continuing to use the shoreline trail located at The Bluffs.    The Federmans have moved or plan on moving the shoreline trail that is located in The Bluffs, despite the fact that it is public right of way and the Federmans have no right to relocate the trail.

19.    The Federmans constructed, placed, or made (or caused to be constructed, placed, or made) a pool, deck, spa, cluster of palm trees and other structures on Lot 6 that obstruct, destroy, or impair the view from Lot 5. And one or more Defendants allowed, permitted, encouraged, or assisted Federmans in such action. Defendants have failed to comply with the 100 foot shoreline setback requirement, and have further breached their obligations under the SMA permit and otherwise required by law by allowing the trail that is located within the shoreline setback of The Bluffs to be relocated as some individual owners within The Bluffs see fit, regardless of safety or the public interest, and despite the fact that there is a public access easement for the shoreline trail established under the SMAs 231 and 142 and the Settlement Agreements in Civil Nos. 3072, 4961 and 5935 as well as the easement Agreement recorded at Liber 16982 at page 320' in the Bureau of Conveyance; the trail may also be of important historic and cultural significance as there are archaeological sites located in The Bluffs that the trail passes through, including an archaeological site at the makai borders of Lot 5 and Lot 6.

## COUNT II
### (Breach of Governing Documents and Protective Covenants, Conditions and Restrictions)

20.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 19 above.

21.   One or more Defendants (excepting the County) have breached the covenants, conditions and restrictions as set forth in The Bluffs' governing documents, including its Declaration and Design Requirements.

22.   One or more Defendants have violated Hawaii common or statutory law with regard to the covenants, conditions and restrictions, the governing documents, the Declaration and Design Requirements.

23.   As a direct, proximate, and foreseeable result of this breach and/or violation, Plaintiffs have suffered damage and loss, including diminution in value, loss of view plane, loss of enjoyment of Lot 5, and other damages in an amount to be shown at trial.

## COUNT III
### (Negligent or Intentional Misrepresentation/Fraud)

24.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 23 above.

25.   The Federmans, MKP and MKDC and possibly other Defendants made intentional and/or negligent misrepresentations, and/or engaged in a fraud by falsely reporting (through their agent "Mauna Kea Realty" a dba of MKP and possibly other ways) the sale price of the Federman lot to various people or entities including: (a) Deborah Au, the Hands' and Western Sunview's realtor, on or about September 20, 1999; (b) the multiple listing service; and (c) State of Hawaii tax

authorities. These misrepresentations included MKP, MKDC, and the Federmans and possibly other Defendants stating that the sale of the Federman lot was for $3 million, when in reality a secret addendum to the Federman sales contract, dated December 27, 1998, reveals that the lot actually sold for $2.55 million. MKP, MKDC, and the Federmans' scheme was perpetrated by these Defendants, all of whom had an economic interest in the scheme, via the use of bogus "landscaping credits"; thus depriving Plaintiffs and potentially other subsequent purchasers of accurate market information.

26.    MKP and MKDC and possibly other Defendants also negligently or intentionally failed to disclose and or misrepresented the actual conditions in the neighborhood by representing that setback rules would be enforced to protect view planes and by failing to inform Plaintiffs that it was not enforcing the setback rules as set forth in the governing documents.

27.    Plaintiffs   relied   upon   said   intentional   and/or   negligent misrepresentations when purchasing Lot 5 in The Bluffs.

28.    As a direct, proximate, and foreseeable result of these intentional and/or negligent misrepresentations, Plaintiffs have suffered damage, including but not limited to diminution in value, loss of view plane, loss of enjoyment of Lot 5, inflated sale price and other damages in an amount to be shown at trial.

## COUNT IV
### (Nuisance)

29.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 28 above.

30.    The acts and omissions of one or more of the Defendants' created and constitute an unreasonable and substantial interference with Plaintiffs' use and enjoyment of Lot 5; such interference inconvenienced, damaged, and disturbed Plaintiffs' enjoyment of Lot 5 and is a nuisance.

31.    As a direct, proximate, and foreseeable result of the foregoing, Plaintiffs have suffered damage, including diminution in value, loss of view plane, loss of enjoyment of Lot 5, and other damages in an amount to be shown at trial.

## COUNT V
### (Violation of Hawaii Revised Statutes Chapter 480)

32.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 31 above.

33.    Plaintiff Western Sunview is a "person" injured in its business or property as defined in Hawaii Revised Statutes Chapter 480.

34.    Plaintiffs the Hands are "consumers" and "persons" as those terms are used in Hawaii Revised Statutes Chapter 480 and are persons injured in their business or property as those terms are used in Hawaii Revised Statutes Chapter 480. The Hands committed money in a personal investment to buy a lot for personal, family,

10

and household use and committed their own funds in a sales contract to buy Lot 5 at The Bluffs.

35.    One or more Defendants (excepting the County) participated, agreed to, conspired, and/or contracted in restraint of trade to misrepresent, among other things, the sale prices of lots to Plaintiffs and/or to fix, control, or maintain the price of the lots at The Bluffs and the physical status of the special setback areas.

36.    One or more of the Defendants' acts and omissions amounted to violations of Chapter 480, Hawaii Revised Statutes, including but not limited Hawaii Revised Statutes §§ 480-2 and 480-4 and Plaintiffs suffered damage. Therefore, Plaintiffs are entitled to treble damages and attorneys fees from one or more Defendants in an amount to be shown at trial.

## COUNT VI
### (Violation of Uniform Land Sales Practices Act)

37.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 36 above.

38.    One or more of the Defendants (excepting the County) violated the Uniform Land Sales Practices Act, Chapter 484, Hawaii Revised Statutes, including but not limited to negligent, willful, and/or intentional violations.

39.    One or more Defendants violated Hawaii Revised Statutes §484-4 and/or made untrue statements of material fact and/or omitted material facts required to be stated in a registration, statement, an application or public offering statement or necessary to make the statements made not misleading.

40.    One or more Defendants knew, or could have known in the exercise of reasonable care, of the untruths or omissions.

41.    Plaintiffs did not know of the untruths or omissions and relied on the untruths or omissions in the purchase of Lot 5 in The Bluffs and suffered damages. Therefore, Plaintiffs are entitled to penalties and damages in an amount to be shown at trial.

## COUNT VII
### (Breach of Contract)

42.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 41 above.

43.    Plaintiffs entered into contracts with one or more Defendants (excepting the County) including but not limited to the purchase agreement for Lot 5 and/or were third-party beneficiaries or assignees of such contracts.

44.    One or more Defendants breached said contracts and as a direct, proximate, and foreseeable result of the foregoing, Plaintiffs have suffered damage, including diminution in value, loss of view plane, loss of enjoyment of Lot 5, and other damages in an amount to be shown at trial.

## COUNT VIII
### (Breach of Warranty and/or Guarantee)

45.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 44 above.

46.    One or more Defendants (excepting the County) made express and/or implied warranties or guarantees to Plaintiffs, including but not limited to warranties or guarantees that Plaintiffs' would have certain view plane protection, that the governing documents would be followed and enforced, and that certain sales prices were paid for certain lots.

47.    One or more Defendants breached their express and/or implied warranties and/or guarantees.

48.    As a direct, proximate, and foreseeable result of the foregoing, Plaintiffs have suffered damage, including diminution in value, loss of view plane, loss of enjoyment of Lot 5, and other damages in an amount to be shown at trial.

## COUNT IX
**(Violation of Easement)**

49.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 48 above.

50.    Plaintiffs have an express or implied easement with regard to the setback area in Lot 6, the construction of a second house on Lot 6, and the use and construction on Lot 6; one or more Defendants (excepting the County) have breached said express and/or implied easement.

51.    As a direct, proximate, and foreseeable result of the foregoing, Plaintiffs have suffered damage, including diminution in value, loss of view plane, loss of enjoyment of Lot 5 , and other damages in an amount to be shown at trial

## COUNT X
**(Negligence)**

52.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 51 above.

53.    Defendants owed Plaintiffs a duty to exercise reasonable care and skill. One or more Defendants breached that duty and were negligent in various ways, including but not limited to constructing or allowing to be constructed a pool, deck, spa, cluster of palm trees and other structures in violation of the SMA and "special setback" area of Lot 6, by engaging in or allowing actions that will

14

cause glare or reflection onto Lot 5 and a obstruction, destruction, or impairment, of views from Lot 5.

54.     As a direct, proximate, and foreseeable result of the foregoing, Plaintiffs have suffered damage, including diminution in value, loss of view plane, loss of enjoyment of Lot 5, and other damages in an amount to be shown at trial

## COUNT XI
### (Breach of Covenant of Good Faith and Fair Dealing)

55.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 54 above.

56.     One or more Defendants (excepting the County) owed to Plaintiffs a duty to exercise good faith and fair dealing toward Plaintiffs; one or more Defendants breached their implied covenants of good faith and fair dealing.

57.     As a direct, proximate, and foreseeable result of the foregoing, Plaintiffs have suffered damage, including diminution in value, loss of view plane, loss of enjoyment of Lot 5, and other damages in an amount to be shown at trial.

## COUNT XII
### (Breach of Fiduciary Duty)

58.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 57 above.

59.    One or more of the Defendants, including but not limited to MKP, MKDC and Association, owed Plaintiffs a fiduciary duty.

60.    One or more Defendants have breached their fiduciary duty toward Plaintiffs in various ways, including but not limited to failing to enforce the governing documents, and misrepresenting the sales prices of other lots.

61.    As a direct, proximate, and foreseeable result of the foregoing, Plaintiffs have suffered damage, including diminution in value, loss of view plane, loss of enjoyment of Lot 5, and other damages in an amount to be shown at trial.

### COUNT XIII
### (Taking)

62.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 61 above.

63.    The conduct of the Defendants has led to a diminution in value of Lot 5, as well as an uncompensated and illegal taking of a portion of Lot 5 without due process in violation of the Hawaii Constitution.

64.    As a result of the foregoing, Plaintiffs have been damaged in an amount to be shown at trial.

### COUNT XIV
### (Conspiracy/Joint and Several Liability)

65.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 64 above.

66.    One or more Defendants conspired or acted in concert to commit the foregoing acts and omissions and accordingly each are jointly and severally liable to Plaintiffs.

## COUNT XV
### (Attorneys' Fees)

67.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 66 above.

68.    The wrongful acts of one or more Defendants have caused Plaintiffs to become involved in litigation with others or placed them in such relationship with others as made it necessary to incur expenses to protect their interests and, pursuant to *Uyemura v. Wick*, 57 Haw. 102 (1976) and other authority, Plaintiffs are entitled to recovery all of such expenses and attorneys' fees from Defendants.

69.    Pursuant to statutory law or common law, Plaintiffs are otherwise entitled to recover all of their attorneys' fees and expenses from Defendants.

## COUNT XVI
### (Punitive or Exemplary Damages)

70.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 69 above.

71.    One or more Defendants acted wantonly and/or oppressively and/or maliciously and/or with reckless indifference and/or in bad faith to the rights of others and/or with that entire want of care which would raise the presumption of a conscious indifference to the consequences and/or grossly negligent and/or characterized by some aggravating circumstances with regard to Plaintiffs and are, therefore, liable to Plaintiffs for punitive or exemplary damages.

## COUNT XVII
### (Injunctive Relief)

72.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 71 above.

73.    As a direct result of the aforesaid acts and omissions of Defendants, Plaintiffs have suffered and will continue to suffer irreparable injury and have an inadequate remedy at law.

74.    Federmans, and possibly other Defendants, had actual or constructive knowledge of the restrictions in question and took a chance in violating, or deliberately violated the covenants, conditions and restrictions in question and a mandatory injunction should be issued.

75.    As a result of the foregoing, preliminary, permanent and mandatory injunctions should be issued including but not limited to the following: (a) requiring that the swimming pool, spa, deck, cluster of palm trees and related

structures within the special setback of Lot 6 be permanently removed; (b) requiring that the second residence on Lot 6 be permanently removed; (c) requiring that the County enforce the SMA and 100 foot setback and single family requirements as they apply to Lot 6; and (d) requiring that the Association enforce the covenants, conditions and restrictions, Design Requirements, By-Laws and other governing documents of The Bluffs as they apply to Lot 6.

## COUNT XVIII
### (Declaratory Relief)

76.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 thru 75 above.

77.    An actual controversy exists and this Court has jurisdiction to hear this matter pursuant to Hawaii Revised Statutes §632-1 and otherwise.

78.    Plaintiffs are entitled to a declaration of its rights and benefits pursuant to Chapter 632 of the Hawaii Revised Statues and Rule 57 of the Hawaii Rules of Civil Procedure with regard to view planes, setback areas, SMA permit, and related issues. Wherefore, Plaintiffs pray that they receive:

a.    A declaration that the Defendants have violated the governing documents of The Bluffs and have breached other obligations owed to Plaintiffs as well the general public;

19

  b. Preliminary, mandatory and permanent injunctions including but not limited to the following: (1) requiring that the swimming pool, deck, spa cluster of palm trees and related structures within the special setback on Lot 6 be permanently removed; (2) requiring that the second residence on Lot 6 be permanently removed; (3) requiring that the shoreline trail not be relocated and/or be restored; (4) requiring that the County enforce the 100 foot shoreline setback; and (5) requiring that the Association enforce the covenants, conditions and restrictions, Design Requirements, By-Laws and other governing documents of The Bluffs as they apply to Lot 6;

  c. General, special, treble and punitive damages;

  d. An award of attorneys' fees costs and interest;

  e. For declaratory relief and a proclamation against Defendants in favor of Plaintiffs including but not limited to: (1) declaring that the relocation of the shoreline trail was in violation of the governing documents and the 100 foot setback; (2) a declaration barring the construction of a second residence on the Federman lot; (3) a declaration that the construction of the pool, deck, spa and cluster of palm trees was a violation of SMA permits 231 and 142; (4) a declaration and injunction barring other structures from being constructed within 100 feet of the shoreline or within the special setback area of Lot 6; and (5) declaring that Defendants have violated the governing documents of The Bluffs

and have breached other obligations owed to Plaintiffs as well the general public; and

      f.     Such other and further relief as may be ordered by the Court.

DATED: Honolulu, Hawaii,      APR 27 2004                    .

                                    TERRANCE M. REVERE
                                    CHAD P. LOVE
                                    BARBARA J. KIRSCHENBAUM

                                    Attorneys for Plaintiffs
                                    WESTERN SUNVIEW PROPERTIES, LLC,
                                    GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC.; GUY HANDS; AND JULIA HANDS,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,<br><br>　　　　　　　　Defendants. | Civil No. CV03-00463 DAE LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>DEMAND FOR JURY TRIAL |

Complaint02 Federal-pld.doc

## **DEMAND FOR JURY TRIAL**

Plaintiffs WESTERN SUNVIEW PROPERTIES, LLC., GUY HANDS, and

JULIA HANDS hereby demand a trial by jury on all of the issues herein.

DATED: Honolulu, Hawaii, _____APR 2 7 2004_____.

_____
TERRANCE M. REVERE
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC.; GUY HANDS; AND JULIA HANDS,<br><br>        Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,<br><br>        Defendants. | Civil No. CV03-00463 DAE LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>CERTIFICATE OF SERVICE |

Complaint02 Federal-pld.doc

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document in the above-entitled action was served upon the following via hand delivery at the address indicated on _____ APR 2 7 2004 _____ :

      Andrew V. Beaman, Esq.
      Chun Kerr Dodd Beaman & Wong
      Fort Street Tower, Topa Financial Center
      745 Fort Street, 9th Floor
      Honolulu, Hawaii  96813

Mark B. Desmarais, Esq.
Goodsill Anderson Quinn & Stifel
Alii Place, 18th Floor
1099 Alakea Street
Honolulu, Hawaii 96813

Attorneys for Defendants
Irwin Federman and Concepcion S. Federman

DATED: Honolulu, Hawaii, _____ APR 2 7 2004 _____.


_____
TERRANCE M. REVERE
CHAD P. LOVE
BARBARA J. KIRSCHENBAUM

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

2