SIDNEY K. AYABE         968-0
RONALD SHIGEKANE        1945-0
1001 Bishop Street, Pauahi Tower 2500
Honolulu, Hawaii  96813
Telephone: 808-537-6119
Facsimile: 808-526-3491
E-mail: Ronald.Shigekane@hawadvocate.com

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC.; GUY HANDS; AND JULIA HANDS,<br><br>        Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,<br><br>        Defendants. | CIVIL NO. CV 03-00463 DAE LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>DEFENDANT THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S **SUPPLEMENT TO MOTION TO STRIKE** PLAINTIFFS' SUPPLEMENTAL BRIEF (FILED JULY 17, 2006); DECLARATION OF RONALD SHIGEKANE; **EXHIBITS G -K**; CERTIFICATE OF SERVICE<br><br>**Judge: Hon. J. Michael Seabright**<br><br>Trial Date: December 5, 2006 |

2004-069/307866

DEFENDANT THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION'S **SUPPLEMENT TO MOTION TO STRIKE
PLAINTIFFS' SUPPLEMENTAL BRIEF ( FILED JULY 17, 2006)**

I.   **INTRODUCTION**

On July 26, 2006, Defendant THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION (hereinafter, "Association") filed its Motion to Strike Plaintiffs' Supplemental Brief (filed July 17, 2006). On the same date, Defendants Irwin Federman and Concepcion S. Federman (hereinafter referred to as the "Federmans") filed their Motion to Enforce Settlement Agreement against the Plaintiffs, based upon the allegations and assertions made by Plaintiffs in their Supplemental Brief.

The Federmans' motion contains factual information which conclusively demonstrates that Plaintiffs did not seriously object to any of the Federmans' landscaping, except for the "two or three trees" identified during hearing on the Federmans' Motion for Summary Judgment on August 23, 2004. It was only after this court required Plaintiffs to identify specific plants which were purportedly 'in issue', that Plaintiffs decided to object to additional plants. It appears that Plaintiffs' identification of plants in the Supplemental Brief (the 6 "additional" coconut trees and the cluster of buttonwood trees) was *not* done in good faith, but rather for the sole purpose of prolonging the lawsuit against the Association.

In brief, the Federmans' motion and supporting documents establish that the Federmans provided the Plaintiffs with their plans showing 6 coconut trees in their Special Setback Area ("SSA") even before this lawsuit was filed in August, 2003. Yet, the only specific landscaping objections made by Plaintiffs (until Plaintiffs filed their Supplemental Brief on July 17, 2006) involved the "cluster of 3 palm trees" ruled upon by Judge Ezra.

**II.    ARGUMENT**

Mr. Irwin Federman's declaration of July 25, 2006 states that Plaintiffs knew about the Federmans' 6 coconut trees before the lawsuit was filed against them in August, 2003. [Exh. G, Declaration of Irwin Federman, 6/25/06, ¶¶ 3, 4.] As early as April, 2003, the Federmans learned that Plaintiffs were "unhappy" with the pool, terrace and 3 coconut palm trees in the Southwest corner of their property. [Exh. G, ¶ 6]

Plaintiffs were provided with the Federmans' fully revised and complete landscaping plans on May 25, 2004. See, **Exh. H** (Declaration of Andrew Beaman, 7/26/06, ¶¶ 21, 22, 23 and his attached Exhs. P, Q and R). It reflects a total of 6 coconut trees in the Special Setback Area – a cluster of 3 on the South side of the property and a cluster of another 3 on the North side of the property. Therefore, Plaintiffs had full knowledge of the planned landscape **before** they filed this lawsuit (**Exh. G,** ¶¶ 3,4,6] and were **again** provided with the plans in May,

2004, more than two years ago. Throughout this time, however, they only complained of the 3 coconut trees *on the South side* of the Federmans' property:

**Plaintiffs' First Response to Federmans' Interrogatories (undated):**

5.  Identify each and every "illegal objects" that you allege, in paragraph 7 of the Complaint, were placed "within the special setback" area of Lot 6".

  ANSWER:

  The objects include: a pool, spa, bar, mechanical room, *palm trees on the south side* of the Federman's lot that are within the setback area, a large expanse of a concrete deck and other structures appurtenant to the objects listed above.

9.  Identify each and every actions that you allege, in paragraph 7 of the Complaint, "will cause a destruction of views from Lot 5."

  ANSWER:

  Please see previous objections and responses. The trees are blocking views. The other objects are blocking and spoiling views over what is supposed to be a setback area designed to preserve views. Additionally the view will be further harmed by glare from the pool.

    [emphasis added, **Exh. I**]

**Plaintiffs' First Amended Response to Federmans' Interrogatories (12/29/03):**

5.  Identify each and every "illegal objects" that you allege, in paragraph 7 of the Complaint, were placed "within the special setback" area of Lot 6".

  ANSWER:

  The objects include: a pool, spa, bar, mechanical room, *palm trees on the south side* of the Federman's lot that are within the setback area, a large expanse of a concrete deck and other structures appurtenant to the objects listed above.

9.       Identify each and every actions that you allege, in paragraph 7 of the Complaint, "will cause a destruction of views from Lot 5."

ANSWER:

The ***cluster of three palms trees on the South*** side of the lot within the special setback area are blocking views. The other ***structures*** are blocking and spoiling views over what is supposed to be a setback area designed to preserve views. Additionally the view will be further harmed by glare from the pool.

[Emphsis added, **Exh. J**]

**Plaintiffs' Second Amended Response to Federmans' Interrogatories (7/30/04):**

5.       Identify each and every "illegal objects" that you allege, in paragraph 7 of the Complaint, were placed "within the special setback" area of Lot 6".

ANSWER:

The objects include: a pool, spa, bar, mechanical room, palm trees on the south side of the Federman's lot that are within the setback area, a large expanse of a concrete deck and other structures appurtenant to the objects listed above.

9.       Identify each and every actions that you allege, in paragraph 7 of the Complaint, "will cause a destruction of views from Lot 5."

ANSWER:

The ***palm trees on the South side*** of the lot within the special setback area are blocking views. The other ***structures*** are blocking and spoiling views over what is supposed to be a setback area designed to preserve views. Additionally the view will be further harmed by glare from the pool.

[Emphsis added, **Exh. K**]

5

## III. CONCLUSION

Plaintiffs' objections to the Federmans' improvements in the Special Setback Area, from the very beginning, have always been to the man-made swimming pool and other structures and to a "cluster of 3 palm trees on the South side" of the property.

Plaintiffs were fully apprised and knew exactly what plants were being planted inside and outside the SSA, yet they only objected to the 3 palm trees. Although their opposition memorandum filed in January, 2006 contained objections to, "many more palm trees", the references were deliberately vague and were made only with the intention that it would help to create questions of fact sufficient to defeat a motion for summary judgment. They were never concerned with the Federmans' palm trees, other than the cluster of 3 palm trees on the south side of the property – their Supplemental Brief does not reflect a good-faith position with respect to the controversy and should therefore be stricken.

DATED: Honolulu, Hawaii; _August 1, 2006_

_/s/ Ronald_
SIDNEY K. AYABE
RONALD SHIGEKANE
Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC.; GUY HANDS; AND JULIA HANDS,<br><br>        Plaintiffs,<br><br>   vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,<br><br>        Defendants. | CIVIL NO. CV 03-00463 JMS-LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>CERTIFICATE OF SERVICE |

2004-069/307866

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _August 1, 2006_ a true and correct copy of DEFENDANT THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL BRIEF was duly served upon the following parties listed below, at their last-known address, as indicated below:

| | | |
|---|---|---|
| TERRANCE M. REVERE, ESQ. | U.S. Mail | [ ] |
| JACQUELINE E. THURSTON, ESQ. | Hand-Delivery | [X] |
| 1000 Bishop Street, Suite 801 | Electronically | [X] |
| Honolulu, Hawaii 96813 | | |

And

| | | |
|---|---|---|
| DENELLE M. DIXON-THAYER | U.S. Mail | [ ] |
| 275 Battery Street, 23rd Floor | Hand-Delivery | [ ] |
| San Francisco, California 94111 | Electronically | [X] |

    Attorneys for Plaintiffs
      WESTERN SUNVIEW PROPERTIES, LLC
      GUY HANDS AND JULIA HANDS

| | | |
|---|---|---|
| J. DOUGLAS ING, ESQ. | U.S. Mail | [ ] |
| BRIAN A. KANG, ESQ. | Hand-Delivery | [X] |
| First Hawaiian Center, 23rd Floor | Electronically | [X] |
| 999 Bishop Street | | |
| Honolulu, Hawaii 96813 | | |

    Attorneys for Defendants
      MAUNA KEA PROPERTIES, INC. and
      MAUNA KEA DEVELOPMENT CORP.

    DATED: Honolulu, Hawaii _August 1, 2006_.

_____
SIDNEY K. AYABE
RONALD SHIGEKANE
Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

2