MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE 5857-0
BRIAN A. BILBERRY 7260-0
JACQUELINE E. THURSTON 7217-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email Address: terry@myrhawaii.com

Attorneys for Plaintiff
WESTERN SUNVIEW PROPERTIES, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WESTERN SUNVIEW PROPERTIES, LLC, | Civil No.: CV03-00463 DAE LEK |
|---|---|
| Plaintiff, | PLAINTIFF WESTERN SUNVIEW PROPERTIES, LLC'S FIRST AMENDED RESPONSE TO DEFENDANTS IRWIN FEDERMAN AND CONCEPCION S. FEDERMAN'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF WESTERN SUNVIEW PROPERTIES, LLC |
| vs. | |
| IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; JOHN DOES 1-100, JANE DOES 1-100, DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, | |
| Defendants. | |

Response to 1st RATI AMENDED.doc

ORIGINAL

EXHIBIT J

**PLAINTIFF WESTERN SUNVIEW PROPERTIES, LLC'S FIRST AMENDED RESPONSE TO DEFENDANTS IRWIN FEDERMAN AND CONCEPCION S. FEDERMAN'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF <u>WESTERN SUNVIEW PROPERTIES, LLC</u>**

Plaintiff Western Sunview Properties, LLC hereby amends its responses, served on or about October 20, 2003, to Defendants Irwin Federman and Concepcion Federman's First Request for Answers to Interrogatories to Plaintiff Western Sunview Properties, LLC.

DATED: Honolulu, Hawaii, _____DEC 29 2003_____.

_____/s/_____
TERRANCE M. REVERE
Attorney for Plaintiff
WESTERN SUNVIEW PROPERTIES, LLC

**PLAINTIFF WESTERN SUNVIEW PROPERTIES, LLC'S FIRST AMENDED RESPONSE TO DEFENDANTS IRWIN FEDERMAN AND CONCEPCION S. FEDERMAN'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES TO PLAINTIFF WESTERN SUNVIEW PROPERTIES, LLC**

1. Identify each and every "requirements required by law" that you allege, in paragraph 7 of the Complaint, were not observed by the Federmans.

ANSWER:

Objection: This interrogatory calls is vague ambiguous and overbroad and calls for attorney thought processes which are irrelevant not likely to lead to the discovery of admissible evidence and are protected by the attorney-client and work product privileges. Additionally, discovery is continuing.

_____
TERRANCE M. REVERE

Without waiving the above objections, the Defendants have violated the Declaration of Protective Covenants Conditions and Restriction for the Bluffs at Mauna Kea, The Design and Construction Requirements for Homes for the Bluffs at Mauna Kea and The Bluffs at Mauna Kea Homeowners Rules by installing palm trees and structures within the Special Setback Area. Defendants have also violated the November 19, 1991, Final Plan Approval issued by the County of Hawaii for The Bluffs at Mauna Kea and Special Management Area Use Permit Number 231 Issued on December 30, 1985, by the County of Hawaii.

2. Specify all facts which support the allegation in paragraph 7 of your Complaint that "[defendants have breached their restrictions, obligations and duties owed to Plaintiff by failing to observe requirements required by law," and identify all persons with knowledge pertaining thereto and all documents which relate or refer in any way thereto.

ANSWER:

Objection: This interrogatory calls is vague ambiguous and overbroad and calls for attorney thought processes which are irrelevant not likely to lead to the discovery of admissible evidence and are protected by the attorney-client and work product privileges. Additionally, discovery is continuing.

_____
TERRANCE M. REVERE

Without waiving the above objections, the Defendants have violated the Declaration of Protective Covenants Conditions and Restriction for the Bluffs at Mauna Kea, The Design and Construction Requirements for Homes for the Bluffs at Mauna Kea and The Bluffs at Mauna Kea Homeowners Rules by installing palm trees and structures within the Special Setback Area. Defendants have also violated the November 19, 1991, Final Plan Approval issued by the County of Hawaii for The Bluffs at Mauna Kea and Special Management Area Use Permit Number 231, issued on December 30, 1985. Defendants' actions also constitute a nuisance.

Numerous witnesses support these allegations and this response should not be construed as a limitation all witness that may be identified pursuant to the Court's rules. However, witnesses that Plaintiff is aware of at this time include Guy Hands, Julia Hands, Loriann Gordon, Joel Laber, Ronda Kent, Terry Tusher, David Stringer, Katherin "Chacha" Kohler, William Mielcke, Robert Gunderson, the Elders, the Reddys, the Robertsons, John Reid and the Federmans.

Documents which have been given to both parties by Mr. Stringer's office support these contentions, as well as including the Declaration, the Design Requirements and the Homeowners Rules. Additionally, the Special Management Area Use Permit 231 and the 1991 County Final Plan Approval for The Bluffs at Mauna Kea support these allegations. Additionally, discovery is continuing.

3

3.  Identify each and every "requirements required by the governing documents of The Bluffs at Mauna Kea" that you allege, in paragraph 7 of the Complaint, were not observed by the Federmans.

ANSWER:

Objection: This interrogatory calls is vague ambiguous and overbroad and calls for attorney thought processes which are irrelevant not likely to lead to the discovery of admissible evidence and are protected by the attorney-client and work product privileges. Additionally, discovery is continuing.

_____
TERRANCE M. REVERE

Without waiving the above objections, the Defendants have violated the Declaration of Protective Covenants, Conditions and Restriction for The Bluffs at Mauna Kea, the Design and Construction Requirements for Homes for The Bluffs at Mauna Kea and The Bluffs at Mauna Kea Homeowners Rules by installing palm trees and structures within the Special Setback Area. These documents must be read as a whole. Without limiting the fact that the documents must be read as a whole, Article I and Sections 4.10.2, 4.11 and 4.17 of the Design Requirements have been violated. Section 2.8 of the Declaration has also been violated. Sections 2.1, 2.4, 3.2, 3.7 and 4.4 of the Homeowners Rules have also been violated.

Documents which have been given to both parties by Mr. Stringer's office support these contentions, as well as the Declaration, the Design Requirements and the Homeowners Rules. Additionally, discovery is continuing.

4

4. Specify all facts which support the allegation in paragraph 7 of the Complaint that "defendants have breached their restrictions, obligations and duties owed to Plaintiff by failing to observe requirements required by the governing documents of The Bluffs at Mauna Kea," and identify all persons with knowledge pertaining thereto and all documents which relate or refer in any way thereto.

ANSWER:

Objection: This interrogatory calls is vague ambiguous and overbroad and calls for attorney thought processes which are irrelevant not likely to lead to the discovery of admissible evidence and are protected by the attorney-client and work product privileges. Additionally, discovery is continuing.

_____
TERRANCE M. REVERE

Without waiving the above objections, the Defendants have violated the Declaration of Protective Covenants, Conditions and Restriction for The Bluffs at Mauna Kea, The Design and Construction Requirements for Homes for The Bluffs at Mauna Kea and The Bluffs at Mauna Kea Homeowners Rules by installing palm trees and structures within the Special Setback Area. These documents must be read as a whole. Without limiting the fact that the documents must be read as a whole, Article I and Sections 4.10.2, 4.11 and 4.17 of the Design Requirements have been violated. Section 2.8 of the Declaration has also been violated. Sections 2.1, 2.4, 3.2, 3.7 and 4.4 of the Homeowners Rules have also been violated.

Numerous witnesses support these allegations and this response should not be construed as a limitation all witness that may be identified pursuant to the Court's rules. However, witnesses that Plaintiff is aware of at this time include Guy Hands, Julia Hands, Loriann Gordon, Joel Laber, Ronda Kent, Terry Tusher, David Stringer, Katherin "Chacha" Kohler, William Mielcke, Robert Gunderson, the Elders, the Reddys, the Robertsons, John Reid and the Federmans.

Documents which have been given to both parties by Mr. Stringer's office support these contentions, as well as including the Declaration, the Design Requirements and the Homeowners Rules. Additionally, discovery is continuing.

5

5. Identify each and every "illegal objects" that you allege, in paragraph 7 of the Complaint, were placed "within the 'special setback' area of Lot 6."

ANSWER:

The objects include: a pool, spa, bar, mechanical room, palm trees on the South side of the Federmans' lot that are within the setback area, a large expanse of a concrete deck and other structures appurtenant to the objects listed above.

_____
TERRANCE M. REVERE

6. Specify all facts which support the allegation in paragraph 7 of the Complaint that the Federmans have "placed illegal objects within the 'special setback' area of Lot 6," and identify all persons with knowledge pertaining thereto and all documents which relate or refer in any way thereto.

ANSWER:

Objection: This interrogatory calls is vague ambiguous and overbroad and calls for attorney thought processes which are irrelevant not likely to lead to the discovery of admissible evidence and are protected by the attorney-client and work product privileges. Additionally, discovery is continuing.

_____
TERRANCE M. REVERE

Without waiving the above objections, the Defendants have violated the Declaration of Protective Covenants, Conditions and Restriction for The Bluffs at Mauna Kea, the Design and Construction Requirements for Homes for The Bluffs at Mauna Kea and The Bluffs at Mauna Kea Homeowners Rules by installing palm trees and structures within the Special Setback Area. These documents must be read as a whole. Without limiting the fact that the documents must be read as a whole, Article I and Sections 4.10.2, 4.11 and 4.17 of the Design Requirements have been violated. Section 2.8 of the Declaration has also been violated. Sections 2.1, 2.4, 3.2, 3.7 and 4.4 of the Homeowners Rules have also been violated.

Numerous witnesses support these allegations and this response should not be construed as a limitation all witness that may be identified pursuant to the Court's rules. However, witnesses that Plaintiff is aware of at this time include Guy Hands, Julia Hands, Loriann Gordon, Joel Laber, Ronda Kent, Terry Tusher, avid Stringer Katherin "Chacha" Kohler, William Mielcke, Robert Gunderson, the Elders, the Reddys, the Robertsons, John Reid and the Federmans.

Documents which have been given to both parties by Mr. Stringer's office support these contentions, as well as including the Declaration, the Design Requirements and the Homeowners Rules. Additionally, discovery is continuing.

7. Identify each and every actions that you allege, in paragraph 7 of the Complaint, "will cause glare onto Lot 5."

ANSWER:

The placement of the Federmans' pool and deck within the special setback, in an area that is roughly west by northwest and makai of the Western's Lot will cause glare into Lot 5.

_____
TERRANCE M. REVERE

8. Specify all facts which support the allegation in paragraph 7 of the Complaint that the Federmans have "engag[ed] in actions that will cause glare onto Lot 5," and identify all persons with knowledge pertaining thereto and all documents which relate or refer in any way thereto.

ANSWER:

The placement of the Federmans' pool and deck within the special setback, in an area that is roughly west by northwest and makai of the Western's Lot will cause glare into Lot 5.

_____
TERRANCE M. REVERE

7

9. Identify each and every actions that you allege, in paragraph 7 of the Complaint, "will cause a destruction of views from Lot 5."

ANSWER:

→ The cluster of three palms trees on the South side of the lot within the special setback area are blocking views. The other structures are blocking and spoiling views over what is supposed to be a setback area designed to preserve views. Additionally the view will be further harmed by glare from the pool.

10. Specify all facts which support the allegation in paragraph 7 of the Complaint that the Federmans have "engaged in actions that will cause . . . a destruction of views from Lot 5," and identify all persons with knowledge pertaining thereto and all documents which relate or refer in any way thereto.

ANSWER:

The cluster of palm trees are blocking views. The other structures are blocking and spoiling views over what is supposed to be a setback area designed to preserve views. Additionally the view will be further harmed by glare from the pool.

11. Identify all of the past and present members of Western Sunview Properties, LLC.

ANSWER:

Objection: This request is neither relevant nor likely to lead to the discovery of relevant evidence.

_____
TERRANCE M. REVERE

Without waiving the above objections, Western Responds as follows:

Sunbury Properties, Limited

8

12. Identify all of the past and present managers of Western Sunview Properties, LLC.

ANSWER:

Objection: This request is neither relevant nor likely to lead to the discovery of relevant evidence.

_____
TERRANCE M. REVERE

Without waiving the above objections, Western Responds as follows:

Guy Hands
Julia Hands


13. If your answer to any of the requests for admission contained in Defendants Irwin Federman and Concepcion Federman's First Request for Admissions to Plaintiff Western Sunview Properties, LLC served concurrently herewith is anything other than an unqualified admission, explain in detail your reasons for such a response, specify all facts relating to the matter as to which admission was requested, and identify all persons with knowledge pertaining thereto and all documents which relate or refer in any way thereto.

ANSWER:

Objection, this request is overbroad, vague and ambiguous, compound and exceeds both the twenty five interrogatories allowed under the Federal Rules of Civil Procedure as well as the sixty interrogatories the parties agreed to. (The questions ask for at least four sub-questions for each of the twenty requests for admission that were denied). In addition, the request calls for purely questions of law and attorney thought processes which are both irrelevant and privileged under the attorney-client and work-product privileges. Western incorporates herein by reference the objections set forth in its responses to the requests for admissions.

_____
TERRANCE M. REVERE

Without waiving the above objections, and subject to the fact that discovery is continuing Plaintiff responds as follows:

Plaintiff denied Request for Admission Number 6, because neither Guy nor Julia Hands are members of Western Sunview. Western Sunview's Corporate Document and Filings support this contention.

Plaintiff denied Request for Admission Numbers 10 and 11 because the assertions regarding Guy and Julia Hands owning Western Sunview and Sunbury are simply not true and are vague and ambiguous.

Plaintiff denied Request for Admission Number 12 because the request called for a legal conclusion, was compound, vague and ambiguous as well as irrelevant and it was unlikely to lead to the discovery of admissible evidence. Western Sunview is the legal and beneficial owner of the property. It does not "hold" the asset on behalf of any other person. Therefore the request was denied.

Plaintiff denied Request for Admission Number 16 as it called for a purely legal conclusion and Plaintiff was not in a position to admit or deny the allegation being made.

Plaintiff denied Request for Admission Number 19 because while Western acknowledged that the document has been recorded, that its terms speak for themselves. However, certain provisions may not necessarily be deemed valid (e.g., terms which attempt to limit or the liability of certain entities). Therefore the request was overbroad and compound and called for a purely legal conclusion and must be denied.

Plaintiff denied Request for Admission Number 25 because the paragraph in question must be read in the context of the entire document and the other constituent documents of the Association and the plain language of such documents are clear and speaks for themselves, and Western objects to and disagrees with the context-less, false, hypothetically incomplete and inaccurate attempt at paraphrasing the plain language of the document in question and because the question calls for Plaintiff to ignore other relevant sections of the governing documents

Plaintiff denied Request for Admission Number 26 because , the paragraph in question must be read in the context of the entire document and the other constituent documents of the Association and the plain language of such documents are clear and speaks for themselves, and Western objects to and disagrees with the context-less, false, hypothetically incomplete and inaccurate attempt at paraphrasing the plain language of the document in question and because the question calls for Plaintiff to ignore other relevant sections of the governing documents

Plaintiff denied Request for Admission Number 27 because , the paragraph in question must be read in the context of the entire document and the other constituent documents of the Association and the plain language of such documents are clear and speaks for themselves, and Western objects to and disagrees with the context-less, false, hypothetically incomplete and inaccurate attempt at paraphrasing the plain language of the document in question and because the question calls for Plaintiff to ignore other relevant sections of the governing documents

Plaintiff denied Request for Admission Number 28 because , the paragraph in question must be read in the context of the entire document and the other constituent documents of the Association and the plain language of such documents is clear and speaks for themselves, and Western objects to and disagrees with the context-less, false, hypothetically incomplete and inaccurate attempt at paraphrasing the plain language of the document in question and because the question calls for Plaintiff to ignore other relevant sections of the governing documents

Plaintiff denied Request for Admission Number 29 because the paragraph in question must be read in the context of the entire document and the other constituent documents of the Association and the plain language of such documents are clear and speaks for themselves, and Western objects to and disagrees with the context-less, false, hypothetically incomplete and inaccurate attempt at paraphrasing the plain language of the document in question and because the question calls for Plaintiff to ignore other relevant sections of the governing documents

Plaintiff denied Request for Admission Number 30 because it has no personal knowledge as to what went on between the Design Review Committee and the Federmans. Additionally, what information Western received from the files that were given to both Parties by Mr. Stringer's office appear to indicate that the Federmans' submitted several incomplete plans so the request was vague ambiguous and overbroad and assumed facts that may not be in existence.

Plaintiff denied Request for Admission Number 32 because it called for a legal conclusion and Plaintiff has no personal knowledge as to what went on between the Design Review Committee and the Federmans. Additionally, what information Western received from the files that were given to both Parties by Mr. Stringer's office appears to indicate that reveals that the Federman's submitted several incomplete plans so the request was vague ambiguous and overbroad and assumed facts that may not be in existence. Moreover, it appears that when the Design Committee was controlled by the Developer it rejected approval of the plans submitted to it and the Association-controlled committee did not and could not properly approve the plans submitted to it.

Plaintiff denied Request for Admission Number 33 because it called for a purely legal conclusion and was additionally overbroad, vague and ambiguous. It is Plaintiff's understanding that the Committee has no right to waive Plaintiff's rights. This understanding is supported by the Declaration of Protective Covenants, Conditions and Restriction for The Bluffs at Mauna Kea, the Design and Construction Requirements for Homes for The Bluffs at Mauna Kea and The Bluffs at Mauna Kea Homeowners Rules. These documents must be read as a whole. Without limiting the fact that the documents must be read as a whole, Article I and Sections 4.10.2, 4.11 and 4.17 of the Design Requirements have been violated. The preamble to the Declaration and Section 2.8 and 12.5 of the Declaration have also been violated. Sections 2.1, 2.4, 3.2, 3.7 and 4.4 of the Homeowners Rules have also been violated. The Design Committee has no power to waive such legal requirements or to take away an owner's rights to enforce the above. In addition to all of the above, Plaintiff has recently discovered that Mr. Gunderson, a member of the Committee who apparently deliberated with the rest of the Committee and voted on the construction in question is the attorney for Mr. Federmans' company in California and this conflict of interest was either not disclosed or ignored by the Committee and Mr. Federman.

Plaintiff denied Request for Admission Number 34 because the question was compound, called for purely legal conclusions and the structures in question clearly and simply are not in compliance with the provisions of the governing documents cited in the previous paragraph.

Plaintiff denied Request for Admission Number 35 because the question was compound, called for purely legal conclusions and the structures in question clearly are simply are not in compliance with the provisions of the governing documents.

Plaintiff denied Request for Admission Number 36 because Plaintiff's primary concern is the destruction of its views over the special setback area and it has no personal knowledge as to what other violations exist. However, the deposition of Joel Laber and the Federmans makes it appear that Defendants are at least contemplating other violations including installing a second kitchen and installing pavilions in the setback and calling them "movie sets" or "art sets." Additionally, according to Joel Laber in his deposition, the grading within the setback is apparently off by at least a foot than what was represented to the Design Review Committee, and Plaintiff is unaware of any corrections.

Plaintiff denied Request for Admission Number 37 because the other structures in addition to the pool are also not in compliance with the Governing documents, as discussed above in the response to this interrogatory.

Plaintiff denied Request for Admission Number 38 because it was vague ambiguous and overbroad and again called for a purely legal opinion or conclusion, and was simply wrong.

Plaintiff denied Request for Admission Number 39 because it was vague ambiguous and overbroad and again called for a purely legal opinion or conclusion, and was simply wrong.

14. Identify each and every "other obligations owed under law" that you allege in paragraph 9 of the Complaint, the violation of which entitle Plaintiff to remedy.

ANSWER:

Objection: This interrogatory is vague, ambiguous and overbroad and calls for attorney thought processes which are irrelevant not likely to lead to the discovery of admissible evidence and are protected by the attorney-client and work product privileges. Additionally, discovery is continuing.

_____
TERRANCE M. REVERE

Without waiving the above objections, the Defendants have violated the Declaration of Protective Covenants, Conditions and Restriction for The Bluffs at Mauna Kea, the Design and Construction Requirements for Homes for The Bluffs at Mauna Kea and The Bluffs at Mauna Kea Homeowners Rules by installing structures within the Special Setback Area. Defendants have also violated the November 19, 1991 Final Plan Approval issued by the County of Hawaii for The Bluffs at Mauna Kea and Special Management Area Use Permit Number 231 issued on December 30, 1985.

15. Identify each and every fact which supports the allegation in paragraph 9 of the Complaint that "Defendants' actions constitute. . . a violation of other obligations owed under law which entitle Plaintiff" to remedy, and identify all persons with knowledge pertaining thereto and all documents which relate or refer in any way thereto.

ANSWER:

Objection: This interrogatory is vague, ambiguous and overbroad and calls for attorney thought processes which are irrelevant not likely to lead to the discovery of admissible evidence and are protected by the attorney-client and work product privileges. Additionally, discovery is continuing.

_____
TERRANCE M. REVERE

Without waiving the above objections, the Defendants have violated the Declaration of Protective Covenants, Conditions and Restriction for The Bluffs at Mauna Kea, the Design and Construction Requirements for Homes for The Bluffs at Mauna Kea and The Bluffs at Mauna Kea Homeowners Rules by installing trees and structures within the Special Setback Area. Defendants have also violated the November 19, 1991 Final Plan Approval issued by the County of Hawaii for The Bluffs at Mauna Kea and Special Management Area Use Permit Number 231 issued on December 30, 1985.

16. Identify each and every action that you allege, in paragraph 9 of the Complaint, "constitute[s] a nuisance."

ANSWER:

By putting structures in an area where they promised they would not do so and which blocks and ruins the view of Plaintiff is an unreasonable use by the Federmans of their property and is a substantial interference with Western's use and enjoyment of its property and will impact the marketability of its property. Additionally the glare from the pool area is also a nuisance.

17. Identify each and every fact which supports the allegation in paragraph 9 of the Complaint that the "Defendants' actions constitute a nuisance," and identify all persons with knowledge pertaining thereto an all documents which relate or refer in any way thereto.

ANSWER:

By putting structures in an area where they promised they would not do so and which blocks and ruins the view of Plaintiff is an unreasonable use by the Federmans of their property and is a substantial interference with Western's use and enjoyment of its property and will impact the marketability of its property. Additionally the glare from the pool area is also a nuisance.

## ACKNOWLEDGMENT

COUNTRY OF GREAT BRITAIN     )
                             ) SS.
COUNTY OF KENT               )

Guy Hands, declares under penalty of law that he is the manager of WESTERN SUNVIEW PROPERTIES, LLC, that he has read the foregoing answers to interrogatories, and they are true to the best of his information and belief, and that he is authorized to execute these presents.

_____
(Signature)

_Guy Hands_____
(Print Name)