FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Tel. No. (415) 986-2800
Fax No. (415) 986-2827
Email address: ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE 5857-0
JACQUELINE E. THURSTON 7217-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii 96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email Address:    terry@myrhawaii.com

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS, | Civil No. 03-00463 JMS LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action) |
| Plaintiffs, | |
| vs. | |
| IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT | (*caption continued*) |

MAUNA KEA COMMUNITY
ASSOCIATION; MAUNA KEA
PROPERTIES, INC.; MAUNA KEA
DEVELOPMENT CORP.; COUNTY
OF HAWAII; JOHN DOES 1-100;
JANE DOES 1-100; DOE
PARTNERSHIPS 1-100 AND DOE
CORPORATIONS 1-100,

TRIAL:  December 5, 2006

Defendants.

**PLAINTIFF WESTERN SUNVIEW LLC'S  REPLY BRIEF REGARDING
ADDITIONAL LANDSCAPING SUBMITTED IN OPPOSITION TO THE
ASSOCIATION'S MOTION FOR SUMMARY JUDGMENT**

The Association fails to meet its burden of showing that there are no triable issues of fact as to whether the Committee: (1) implicitly approved trees by failing to provide required disapproval notices, or approved trees on dates other than June 22, 2004; (2) based the approval of any trees on improper criteria; (3) ignored or violated the Design Requirements ("DRs"), its own rules, or longstanding policies; (4) failed to visit Plaintiff's lot and properly take Plaintiff's views into account; and (5) failed to take action against any non-approved trees.[1]

## A.     Since Defendants Withheld Important Evidence Until After Judge Ezra Ruled, The "Law Of The Case" Doctrine Should Not Apply.

The Association ignores crucial evidence, much of which was withheld from Plaintiff until <u>after</u> Judge Ezra's February 2005 ruling. <u>First</u>, the Association ignores the 1997 Stifler letter showing that landscaping that obstructs views has always been prohibited in the special setback area ("SSA"). Ex. 6.[2] <u>Second</u>, the Association ignores that the Committee violated the DRs by failing to provide notices of disapproval, and that such failures led the Federmans to assert that trees were approved. Ex. 1 at 5.3.1; Ex. 8; Ex. 14 at S 344. <u>Third</u>, the Association ignores evidence that any approval decision was improperly based on the Committee's past failures to provide required disapproval notices. Ex. 14 at S 365.

---

[1] The Association also filed a groundless Motion to Strike making unsupported allegations. Plaintiff will respond to that motion in a separate pleading.

[2] Unless otherwise noted, all Exhibits are to the 7/17/06 Revere Declaration.

<u>Fourth,</u> the Association largely ignores evidence that the Committee violated the DRs and its own rules by allowing trees that obstruct Plaintiff's views. *See, e.g.,* Ex. 1 at 4:17; Ex. 6; Ex. 7; Ex. 9; *see also* Ex. 21.D.

Mauna Kea did not produce the Stifler letter until ***July 2006***. Supp. Decl. at ¶ 3. The Association waited until ***October 2005*** to produce important evidence on (among other things) Committee failures to provide disapproval notices and the role such failures played in any approval. *Id.* ¶¶ 4, 5; Exs. 8, 14; .[3] Since Defendants withheld significant evidence until after Judge Ezra's ruling, that ruling should <u>not</u> be treated as "law of the case." *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005).[4]

The Association claims that the trees Judge Ezra considered were approved in June 2004. Response at 6. Yet, these trees were installed much earlier. Exs. 18, 20, 21. If these trees weren't approved until June 2004, then why were they already in the SSA before then? Triable issues exist as to whether the Committee knew that its failure to provide required disapproval notices led the Federmans to

---

[3] The Association also waited until October 2005 to produce a document in which the Committee's own architect noted that three of the Federmans' trees "were approved, but <u>the heights may not be sufficient to give the adjoining properties a clear view of the horizon.</u>" Supp. Decl. ¶ 7 & Ex. 23 (emphasis added).

[4] The Association also cannot fairly claim that Plaintiffs should have raised the additional trees in Plaintiffs' September 2004 Motion for Reconsideration since the Federmans did not finish their landscaping until December 2004. Moreover, the Association does not show that Plaintiffs received a copy of the alleged June 22, 2004 "approval letter" before December 2005. Response at 3.

2

install trees that the Committee knew were not approved, and whether trees were subsequently approved to cover up for the Committee's past mistakes.

**B.    The Association Falsely Claims That Plaintiff "KNOWS" That Certain Issues Are Not Disputed, When In Fact They Are.**

The responses to the Court's six questions also demonstrate triable issues:

(1) <u>Were the additional trees approved in February 2002?</u>  Plaintiff answers "no;" the Association admits that this is "technically correct." The Federmans, however, assert that six palm trees <u>were</u> approved in February 2002.

(2) <u>Did the Committee subsequently approve the trees?</u>  Plaintiff asserts that there is a factual dispute; the Association claims that "Plaintiffs KNOW" six palm trees were approved in June 2004.  However, the Association's contention ignores the evidence:  a Committee consultant testified in August 2004 that final approval was never given; a Committee member could not recall approving landscaping over 30 inches; the Federmans assert they received approval in February 2002 (and April 2004); and the Committee may have implicitly approved the trees before June 2004 by its failures to provide disapproval notices. Ex. 3 at 100:12-101:5; Ex. 5 at 32:9-11; Ex. 8; Ex. 14 at S 344.  Indeed, the Association <u>itself</u> concedes that approval dates "may be arguable." Response at 2.

(3) <u>When were the additional trees planted?</u>  Plaintiff responds:  after the initial briefing to Judge Ezra. The Association does not disagree; it simply accuses Plaintiff of "misrepresent[ing]" that a Reinhardt photograph (Ex. 21) was shown to

3

Judge Ezra.  The Association (and not Plaintiff) is misleading the Court.  Plaintiff

stated that Exhibit 20 was "previously filed," not Exhibit 21.  Suppl. Br., at 6.

(4)  How many additional trees were planted?  Plaintiff states at least six

palm trees[5] and a row of silver buttonwoods.  The Association claims this "is

demonstrably false;" yet, fails to show that.  The Association relies on Mr. Ayer's

marking of "the *approximate* location" of the SSA on a Federman landscaping

plan, and then argues two of the palm trees are not in the SSA.  Ayer Decl. ¶ 3 &

Ex. J.  If Mr. Ayer was off in his "approximation" then even on the drawing the

trees would be in the SSA.[6]  Moreover, unlike Mr. Ayer, Mr. Reinhardt's office

visited The Bluffs, and using reference points and plans concluded that the two

palm trees are in the SSA, and that a silver buttonwood is growing into it.

Declaration of Janelle Suyemura ¶ 4.  Triable issues therefore exist as to whether

there are non-conforming trees in the Federman SSA.

(5)  If the Committee approved the additional trees, what was its decision-

making process?  Plaintiff states that triable issues arise from (among other things)

the Committee's failure to keep proper records.  In claiming that "Plaintiffs

---

[5] The Association contends that Plaintiff missed one tree, and that two of the palm trees referred to by Mr. Reinhardt are on the Reddy property.  Mr. Reinhardt explained he could not conclusively determine the number of trees unless he visited the property.  If the Association is correct as to the number of trees on the Federman property, then Plaintiff contends there are five additional palm trees in the SSA.

[6] Even if no trees were in the SSA, the Committee disregarded DR 4.10.2 (tall-growing trees, such as palm trees, are "not encouraged").

KNOW" that missing meeting minutes are irrelevant, the Association ignores that it regards approval as a "process," that the Federmans assert that six trees were approved in February 2002, and that the Committee's notice failures led the Federmans to contend that landscaping was approved. The Committee's failures to keep, maintain, and provide proper documentation is relevant to this dispute and has only served to complicate the factual issues involved in this case.

The evidence shows that the Committee did not follow its own rules prohibiting a clusters of palm trees in the SSA. Ex. 3 at 206:1-5; Ex. 7. The Association concedes that the Committee approved such a "cluster" for the Federmans, and that "[n]othwithstanding" DR 4.10.2 (which expressly states that palm trees are "not encouraged"), palm trees "have typically been allowed."

(6) If the trees were not approved, under what theory in the Complaint may the Association be liable? Plaintiff states "breach of the governing documents, negligence, and breach of fiduciary duty." The Association does not contest these theories; it just claims Plaintiffs "KNOW" the trees were approved. As discussed above, this is not true. Since the Association does not contest liability for failing to take action against any non-conforming tree, its motion should be denied.

**C.    Conclusion**

The Association's motion should be denied, especially when all evidence is viewed in the light most favorable to Plaintiff – as it must be.

DATED:  August 1, 2006.


_____
TERRANCE M. REVERE
DENELLE DIXON-THAYER


Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC;
GUY HANDS; and JULIA HANDS

6

## <u>ATTORNEY CERTIFICATION</u>

I have reviewed PLAINTIFF WESTERN SUNVIEW LLC'S REPLY

BRIEF REGARDING ADDITIONAL LANDSCAPING SUBMITTED IN

OPPOSITION TO THE ASSOCIATION'S MOTION FOR SUMMARY

JUDGMENT.  I hereby certify that each factual assertion made in the Brief has

evidentiary support.

DATED: August 1, 2006.

_____
DENELLE M. DIXON-THAYER

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC;
GUY HANDS; and JULIA HANDS

42046\3001\507026.1

7