# EXHIBIT B

ATTORNEYS AT LAW

# FOLGER LEVIN & KAHN LLP

Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, California 94111
Telephone 415.986.2800
Facsimile 415.986.2827

August 1, 2006

Los Angeles Office:
1900 Avenue of the Stars, 28th Floor
Los Angeles, California 90067
Telephone 310.556.3700
Facsimile 310.556.3770

**VIA FACSIMILE AND MAIL (808) 536-5869**

www.flk.com

Andrew V. Beaman, Esq.
Chun, Kerr, Dodd, Beaman & Wong
745 Fort Street, 9th Floor
Honolulu, HI 96813

Re:     *Western Sunview Properties, et al. v. Federman, et al.*; Case No. 03-
00463 JMS/LEK

Dear Mr. Beaman:

I write concerning the Motion to Enforce Settlement Agreement (the "Motion") which was filed under your signature on July 26, 2005.

First, Plaintiffs' demand that you withdraw the Motion because it is frivolous, not supported by the evidence and improper. If you do not withdraw the Motion, Plaintiffs will seek sanctions under Rule 11 of the Federal Rules of Civil Procedure.

Second, the allegation that Western Sunview Properties, LLC, Guy Hands, and Julia Hands (collectively "Plaintiffs") somehow breached the Settlement Agreement is not only not supported by the evidence, but is preposterous. While Plaintiffs agreed not to make certain claims regarding the improvements constructed by the Federmans (*i.e.,* claims for removal), the Settlement Agreement expressly provides that Plaintiffs are entitled to seek claims for damages against the Bluffs Community Association ("The Association"). Indeed, at the end of the sentence setting forth the "restriction" in paragraph 5, it states:

> provided that WSP and the Hands shall be free to pursue a claim
> for damages only against the Bluffs Community Association,
> Mauna Kea Properties, Inc., and Mauna Kea Development Corp.
> as pled in the Lawsuit. (Emphasis added.)

Plaintiffs only seek claims of damages and not injunctive relief.

Likewise, in Paragraph 6B – which you failed to cite for the Court in your moving papers – the parties agreed:

FOLGER LEVIN & KAHN LLP

Andrew V. Beaman
August 1, 2006
Page 2

   It is understood and agreed that the Settling Parties are not
releasing, but rather are expressly reserving, any claims against
Mauna Kea Properties, Inc., Mauna Kea Development Corp., and
The Bluffs at Mauna Kea Community Association (collectively,
the "Remaining Defendants"), including without limitation the
claims asserted by WSP and the Hands against the Remaining
Defendants in the Subject Lawsuit. (Emphasis added).

   Additionally, the Stipulation and Order of Dismissal (dated February 14, 2006),
which was signed by Judge Seabright, states "[a]ll other claims and parties remain in this
action." Obviously, all parties and the Court understood that Plaintiffs would pursue its claim
for damages against The Association.

   Your assertion that "no claim related to the Federmans' landscaping was 'pled in
the lawsuit,' other than the claim related to the three trees that Judge Ezra already ruled upon,"
(Motion p. 6), is belied by the pleadings filed in this case – including the First Amended
Complaint. Indeed, the First Amended Complaint contains numerous allegations regarding the
Federmans' landscaping. For example, Paragraph 12 alleges that The Association "failed to
observe requirements required by law and the governing documents of The Bluffs by placing or
allowing illegal objects with/or in the "special setback" area of Lot 6, by engaging in or allowing
actions that will cause glare or reflection onto Lot 5 and a obstruction, destruction, or
impairment, of views from Lot 5." Similarly, Paragraph 19 alleges that The Association
"allowed, permitted, encouraged, or assisted" the Federmans in constructing or placing "a pool,
deck, spa, cluster of palm trees and other structures on Lot 6 that obstruct, destroy, or impair the
view from Lot 5." The notion that these allegations only relate to three trees is ridiculous.

   Third, the timing and content of the Motion shows that it was not filed in good
faith. In your moving papers, you allege that the first "breach" occurred on January 5, 2006, yet
you chose to file the Motion on July 26, 2006, over seven months after the alleged breach and at
the same time as The Association filed a response to Plaintiffs' Supplemental Opposition to The
Association's Motion for Summary Judgment. It is clear that you filed the Motion as part of a
concerted effort to assist The Association and to circumvent the Court-imposed page limitations
– and not because the Federmans are concerned about any alleged breach of the Settlement
Agreement.

   Furthermore, instead of contacting us, or seeking to resolve the "issue" through
mediation, you simply filed the Motion instead of an action for breach of the Settlement
Agreement.

   Finally, the Court lacks jurisdiction to hear this Motion. Your assertion that the
"Court has inherent authority to enforce the Settlement Agreement" (Motion p. 2) is simply
incorrect and flies in the face of well-settled authority. Enforcement of a settlement agreement

FOLGER LEVIN & KAHN llp

Andrew V. Beaman
August 1, 2006
Page 3

"is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 275, 114 S.Ct. 1673, 1675-1676 (1994). When the initial action is dismissed federal jurisdiction terminates. *See O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). Neither the parties nor the Court intended that the Court retain continuing jurisdiction to enforce the Settlement Agreement. Here, the Settlement Agreement and the Order of Dismissal in no way purport to allow the Court to retain jurisdiction to enforce the Settlement Agreement.

Your assertion that the court should exercise ancillary jurisdiction to "vindicate its authority," by preventing Plaintiffs from pursuing their claims against The Association is absurd, seeks to impose jurisdiction on this Court that does not exist, and is contrary to the Court's orders. Ancillary jurisdiction only exists "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *William Keeton Enterprises, Inc. v. All American Strip-O-Rama, Inc.*, 74 F.3d 178, 182 (9th Cir. 1996), *quoting Kokkonen* 114 S.Ct. at 1677. There is nothing to support the exercise of ancillary jurisdiction in this proceeding.

\*\*\*

Please notify me by Friday, August 4, 2006, of your intentions concerning the Motion.

Very truly yours,

*[signature]*

Denelle M. Dixon-Thayer

cc:     Terrance M. Revere, Esq.

42046\3001\507027.2