**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................2

II. FACTUAL AND PROCEDURAL BACKGROUND .......................................6

    A.  The MK Defendants Used Attorneys To Assist Them In Committing What They "Knew Or Reasonably Should Have Known" To Be Fraud. .........................6

    B.  After Special Master McConnell Stated By Email That He Would Order Production Of Attorney Documents, Judge Ezra Stayed All Deadlines In The Case Pending Mediation. ....................................................................................8

    C.  After The Stay Was Lifted, Special Master McConnell Formally Ordered The MK Defendants To Produce Attorney-Client Documents. .............................9

    D.  After Extending The Discovery Cutoff Date And Setting Trial For Approximately Two Months After The Cutoff, This Court Adopted The Special Master's Order Without Review. .........................................................................9

    E.  In Their Summary Judgment Briefing, The MK Defendants Made Arguments That Are Directly Contradicted By Documents They Later Produced. 10

    F.  After The Discovery Cutoff Date, Judge Seabright Denied The MK Defendants' Appeal And Ordered The MK Defendants To Produce Attorney-Client Documents. ..............................................................................................11

    G.  After Judge Seabright's Order, The MK Defendants Produced Previously Withheld Documents – Many Of Which Are Clearly Non-Privileged – That Are Relevant Not Only To Plaintiffs' Claims Against The MK Defendants, But Also To Claims That Plaintiffs Asserted Against Other Parties. ...................................12

    H.  The Trial Date Is Almost Four Months Away – Or Almost Two Months Longer Than The Period Between The Discovery Cutoff Date And The Previous Trial Date. .............................................................................................................14

III. ARGUMENT......................................................................................................15

## TABLE OF CONTENTS
## CONTINUED

A. Allowing The Three Depositions Would Leave The Parties With Ample Time To Prepare For Trial .................................................................................. 15

B. Since The MK Defendants Will Not Be Surprised By The Testimony Of Its Three Agents, Allowing The Depositions Would Not Prejudice The MK Defendants. .................................................................................................... 16

C. Good Cause Exists For Allowing Plaintiffs To Take Ms. Lum's And Mr. Yamamoto's Depositions. ............................................................................. 16
   1. The MK Defendants Cannot Rely On The Attorney-Client Privilege In Objecting To The Depositions. ................................................................. 16

   2. The MK Defendants Should Not Be Allowed To Rely On The Discovery Cutoff Date In Objecting To The Depositions, Because It Would Have Been Futile For Plaintiffs To Notice The Depositions Prior To That Date. .............. 17

   3. It Would Be Unfair And Prejudicial To Plaintiffs If They Are Denied Access To Relevant, Non-Privileged Information Possessed By The MK Defendants. ................................................................................................. 19

D. Good Cause Exists To Allow Plaintiffs To Take The Deposition Of Mr. Stifler. ............................................................................................................ 20

   1. The MK Defendants Cannot Rely On The Discovery Cutoff, Because The Withheld Numerous Stifler Documents – Which Clearly Were Not Privileged – Until After That Date. ................................................................. 20

   2. Refusing To Allow The Deposition Both Would Be Unfair And Prejudicial To Plaintiffs And Would Reward The MK Defendants' Gamesmanship And Discovery Abuses. ......................................................... 21

IV. CONCLUSION ..................................................................................... 22

# TABLE OF AUTHORITIES

## CASES

*Imperial Finance Corp. Finance Factors, Ltd.,*
 53 Haw. 203 P. 2d 662 (Haw. 1971) ............................................................... 18

*Whittaker Corp. v. Execuair Corp., EMC,*
 736 F.2d 1341 (9th Cir. 1984) ....................................................................... 14, 20

## RULES

Fed. R. Civ. P. 16(b) ........................................................................................ 14

Local Rule 16.3 . ............................................................................................. 14