**EXHIBIT 5**

LEONARD M. KACHER, PCAM, CMCA, B
3652 HILO PLACE, HONOLULU, HAWAII 96816
BUSINESS PHONE 848-2376          HOME PHONE 734-6823          EMAIL: RMC@PIXI.COM

February 22, 2005

Chad P. Love, Esq.
Love & Narikiyo, LLLC
1164 Bishop Street, Suite 1105
Honolulu, HI 96813

Re:   Western Sunview Properties, LLC v. Irwin Federman, et al.;
      Civ. No. CV03-00463 DAE/LEK

Dear Mr. Love:

As requested, I have reviewed the following materials provided to me:

- Project Documents: Declaration of Protective Covenants, Conditions and Restrictions for the Bluffs at Mauna Kea, with exhibits; and Design and Construction Requirements for Homes, dated February 19, 1997, with exhibit.

- Tentative Seller Statement for Item A dated 12/28/98.

- Hawaii County Real Property Tax Office printout, dated 3/19/04, without Addendum B.

- The Bluffs at Mauna Kea Sales Contract for Lot No. 5, with addendums.

- Deposition transcript of Guy Hands taken on 11/29/03, with Concordance Report, exhibits, and Correction Sheet; Deposition transcript of Julia Hands taken on 12/02/03, with Concordance Report, exhibits, and Correction Sheet.

- Deposition transcript (condensed) of the deposition of Irwin Federman taken on 12/09/03; Deposition transcript (condensed) of the deposition of Concepcion S. Federman taken on 12/08/03; Joint exhibits to Volume I and Volume II to depositions of Irwin and Concepcion S. Federman.

- Deposition of Yoichi Asari (excerpts) taken on 05/16/03 in Robertson et al., v. Mauna Kea Development Corporation, et al, Civil No. 02-00207.

Page 2

- Deposition of Kathrin Kohler (excerpts) taken on 05/29/03 in Robertson et al., v. Mauna Kea Development Corporation, et al, Civil No. 02-00207.

- Deposition of William Mielcke (excerpts) taken on 05/16/03 in Robertson et al., v. Mauna Kea Development Corporation, et al, Civil No. 02-00207 (4 pages).

- Letter from Kathrin "Chacha" Kohler R to Irwin Federman dated September 15, 1998 (single page).

- Letter from Kathrin "Chacha" Kohler R to Janet Lum Won of Title Guaranty Escrow Services, Inc., dated January 25, 1999, with enclosure.

- Letter from Debi Au to Julia and Guy Hand dated September 20, 1999.

- First Amended Complaint; Defendant Irwin Federman's Answer to Complaint; Defendant Irwin Federman's Response to Plaintiff Western Sunview Properties, LLC's First Request For Answers to Interrogatories To Defendant Irwin Federman (44 pages).

- The Bluffs at Mauna Kea Sales Contracts for John Reid (Lot 14), Robert Gunderson (Lot 8), and Elsa and CN Reddy (Lot 7)

- Handwritten letter from Irwin Federman to County of Hawaii, Real Property Assessment Division, undated;

- Handwritten letter from Irwin Federman to Jane Grisham of the Real Property Department, undated;

- Conveyance Tax Certificate for the Federmans' lot, dated January 27, 1999;

- Amended Notice of Property Assessment, dated November 10, 1999;

- Real Property Tax Board of Review re tax appeal of Irwin Federman, dated November 10, 1999;

- Tentative Buyer Statement for the Federmans' lot, dated December 28, 1998;

- Taxpayer's Notice of Appeal on Real Property Assessment for the Federmans' lot, dated April 8, 1999;

- Notice of Property Assessment - 1999 for the Federmans' lot; and

- Real Property Assessment Information Screen printout for the Federmans' lot.

- Condensed transcript and concordance of the deposition of Jeanne Bulboltz taken on January 27, 2005, with exhibits. (29 pages)

Page 3

- Condensed transcript and concordance of the deposition of Kathrin Kohler taken on January 27, 2005, with exhibits. (120 pages)

- Condensed transcript and concordance of the deposition of Dodie MacArthur taken on November 22, 2004, with exhibits. (101 pages)

- Volumes I and II of the records deposition of Dodie MacArthur (MacArthur & Company) taken on November 10, 2004. (404 pages)

- Sales contracts redacted by Mauna Kea Development Corp./Mauna Kea Properties. (Bates stamped MKR 04359-04425)

- Conveyance Tax Certificates (19 pages total; 2 double sided) for:
  Hoffee (TMK 6-2-2-13 (sic)) Lots 1 and 2
  Marks (TMK 6-2-2-13 (sic)) Lot 3
  Leone (TMK 6-2-2-4) Lot 4
  Western Sunview Properties LLC (TMK 6-2-14-5) Lot 5
  Federman (TMK 6-2-14-6) (attached as Ex. 24 to Kohler deposition)
  Reddy (TMK 6-2-13-7) Lot 7
  Gunderson (TMK 6-2-14-8) Lot 8 signed by Mauna Development Corp.
  Gunderson (TMK 6-2-14-8) Lot 8 signed by Anne Gunderson
  Elder (TMK 6-2-14-9) Lot 9
  Engles (TMK 6-2-14-10) Lot 10
  Robertson (TMK 6-2-14-11) Lot 11
  SSI Properties (TMK 6-2-2-13) Lot 13
  Bakewell Assets (TMK 6-2-2-13) Lot 13
  Reid (TMK 6-2-14-14) Lot 14
  Sullivan (TMK 6-2-14-15) Lot 15
  Somogyi (TMK 6-2-14-16) Lot 16
  Acree (TMK 6-2-14-17) Lot 17
  Gamoran (TMK 6-2-14-18) Lot 18
  Hartley (TMK 6-2-14-20) Lot 20

In addition to researching the above, I have researched additional materials including pertinent Hawaii Revised Statutes, Hawaii Administrative Rules, and the Code of Ethics and Standards of Practice in the Real Estate Industry.

I have not published anything within the last ten years. My hourly rate for this study and any testimony is $150 per hour.

OPINION ON LOT PURCHASE PRICE ISSUE:

I have been serving as a member of the Real Estate Advisory Committee for the Regulated Industries Complaints Office of the Department of Commerce and Consumer Affairs. In this capacity, I provide assistance by reviewing and evaluating the records of each case provided to me by a Regulated Industries Complaints Office Investigator. The purpose of my

Page 4

review is to determine whether any actions or omissions constituted professional misconduct, unethical practices or were contrary to industry standards. A written opinion is then provided with testimony, if necessary, at a hearing.

In my opinion, the Developer and the Developer's sales representatives intentionally misrepresented lot sale prices and acted in violation of the following Hawaii Revised Statutes:

- 436B-19(2)   Engaging in False, fraudulent, or deceptive advertising, or making untruthful or improbable statements;

- 436B-19(8)   Failure to maintain a record or history of competency, trustworthiness, fair dealing, and financial integrity

- 436B-19(9)   Conduct or practice contrary to recognized standards of ethics for the licensed profession or vocation;

- 436b-19(12)  Failure to comply, observe or adhere to any law in a manner such that the licensing authority deems the applicant of holder to be an unfit or improper person to hold a license;

- 467-14(1)    Making any misrepresentation concerning any real estate transaction;

- 467-14(2)    Making any false promises concerning any real estate transaction of a character likely to mislead another;

- 467-14(3)    Pursuing a continued and flagrant course of misrepresentation, or making of false promises through advertising or otherwise

- 467-14(8)    Any other conduct constituting fraudulent or dishonest dealings;

- 467-14(18)   Failing to ascertain and disclose all material facts concerning every property for which the licensee accepts the agency, so that the licensee may fulfill the licensee's obligation to avoid error, misrepresentation, or concealment of material facts ...;

- 467-14(20)   Failure to maintain a reputation for or record of competency, honesty, truthfulness, financial integrity, and fair dealing.

They also acted contrary to the Code of Ethics and Standards of Practice of The National Association of Realtors:

Preamble - "In recognition and appreciation of their obligations to clients, customers, the public, and each other, realtors continuously strive to become and remain informed on issues affecting real estate and, as knowledgeable professionals, they willingly share the fruit of their experience and study with others. They identify

Page 5

and take steps, through enforcement of this Code of Ethics and by assisting appropriate regulatory bodies, to eliminate practice which may damage the public or which might discredit or bring dishonor to the real estate profession. Realtors having direct personal knowledge of conduct that may violate the Code of Ethics involving misappropriation of client or customer funds or property, willful discrimination or fraud resulting in substantial economic harm, bring such matters to the attention of the appropriate Board of Association of Realtors."

The term Realtor has come to connote competency, fairness, and high integrity resulting from adherence to a lofty ideal of moral conduct in business relations. No inducement of profit and no instruction from clients ever can justify departure from this ideal.

Article 1 - "When representing a buyer, seller, landlord, tenant, or other client as an agent, realtors pledge themselves to protect and promote the interests of their client. This obligation to the client is primary, but it does not relieve realtors of their obligation to treat all parties honestly. When serving a buyer, seller, landlord, tenant or other party in a non-agency capacity, realtors remain obligated to treat all parties honestly."

In addition, as a result of my review, it is clearly evident to me that the Developer and the licensed sales representatives intentionally and actively participated in a deception to misrepresent the selling prices of the house lots in order to fraudulently record higher sales prices so that future buyers would be misled. It is also evident from these documents that the Federmans participated in this deception by falsely declaring the sales price on the State of Hawaii Department of Taxation Conveyance tax Certificate.

These actions clearly violated the noted Hawaii Revised Statutes, as well as the Code of Ethics and Standards of Practice of the National Association of Realtors.

## OPINION ON VIEW IMPAIRMENT:

During my 23 years of experience in community association management in Hawaii I have worked with, been a consultant to, or assisted hundreds of homeowner's associations, Boards of Directors, and Design Review Committees.

Based upon that experience and my review of the "Design and Construction Requirements" for The Bluffs, the "Covenants, Conditions, and Restrictions", and the other materials, The Bluffs Design Committee and/or the Association had no right to let anyone build a swimming pool, spa, decking, bars or anything else in the Special Setback Area of Lot #6. Furthermore, the owner of Lot #6 had no right to build a swimming pool, spa, decking, bar or anything else in the Special Setback Area. That Special Setback Area was expressly established to protect the views of neighbors. The swimming pool, spa, decking etc should be removed from the Special Setback Area of Lot #6 so that the owner of Lot #5 receives what he was promised.

Case 1:03-cv-00463-JMS    Document 658-6    Filed 08/24/2006    Page 7 of 9

Page 6

The opinions above are a brief summary of my opinions. I may have opinions on related issues. There may be further amplifications, supplements, or amendments to these opinions. If I can be of further assistance, please feel free to contact me.

Sincerely,

Leonard M. Kacher
PCAM, CMCA

LEONARD M. KACHER, PCAM, CMCA, B
3652 HILO PLACE, HONOLULU, HAWAII 96816
BUSINESS PHONE 848-2376     HOME PHONE 734-6823     EMAIL RMC@PIXI.COM

---

## EXPERIENCE

**1990 - PRESENT**
**VICE PRESIDENT/GENERAL MANAGER & PRINCIPAL BROKER, REALTY MANAGEMENT CORPORATION**
- Developed & implemented business plan for diversified property management firm serving large-scale residential associations and rental properties of more than 400 units
- Responsible for residential rental leasing, management, maintenance, budgeting and tenant retention
- Efforts resulted in sustained growth, profitability and high military rental occupancy
- Consultant to State of Hawaii's Real Estate Commission in development of Salesman and Broker Exams
- Adviser to Regulated Industries Complaints Office on real estate matters including rental management
- Court-Approved Expert Witness for residential property management cases
- Keynote speaker, industry spokesman and instructor on property management issues
- Served as Owner's representative on sales & marketing and construction management

**1981 - 1990**
**SENIOR VICE PRESIDENT, PROPERTY MANAGEMENT, CHANEY, BROOKS & COMPANY**
- Responsible for the firm's largest and most profitable division with more than 200 residential, commercial and resort properties (representing 25,000 units and 500 site employees) and 40 corporate employees
- Increased department's growth and profitability by more than 100 per cent
- Achieved and sustained company ranking as the State's largest property management firm
- Assisted developers in preparation of management plans, proforma budgets and construction management
- Oversaw the fiscal and physical management, operations and mechanical systems

## MILITARY SERVICE

**LIEUTENANT COLONEL, UNITED STATES AIR FORCE**
- Served as Public Affairs Officer at The Pentagon; Hickam Air Force Base, Hawaii; McMurdo Sound, Antarctica (Operation Deep Freeze); Camp Smith (CINCPAC Headquarters), Hawaii; Wright-Patterson Air Force Base, Ohio; 7/13th Air Force Headquarters, Bangkok, Thailand
- Served with the Secretary of the Air Force, Pentagon responsible for public affairs offices worldwide
- Wright-Patterson Air Force Base, public affairs officer for largest and most complex air base in the world

## EDUCATION
- Master of Science, Mass Communications, Florida State University, Tallahassee, Florida
- Bachelor of Education, Journalism, University of Miami, Coral Gables, Florida
- Graduate Studies, Business Administration, Boston University, Boston, Massachusetts
- Industrial College of the Armed Forces and State Department Foreign Services Institute
- Community Associations Institute, successfully completed advance courses on Management of the Management Office, Safeguarding Company Assets, Risk Management, Real Estate Law
- Institute of Real Estate Management, advance courses in Financing and Real Estate Valuation
- Designation, Professional Community Association Manager (PCAM)
- Designation, Certified Manager of Community Associations (CMCA)

## AWARDS & AFFILIATIONS
- National Hall of Fame, Hawaii Chapter Founder, Past President, Community Associations Institute
- Recipient, Richard Murray Gourley Distinguished Service Award
- Licensed Real Estate Broker, State of Hawaii
- Chairman, Condominium Sub-Committee, Government Affairs, Hawaii Association of Realtors
- Panelist, Hawaii Blue Ribbon Legislative Panel (Advisory Group on property management issues)

LEONARD M. KACHER -- TESTIMONY IN THE PAST FOUR YEARS

April 2000 - *Wagner v. Wakoloa Village Condominium Association*; Civil No. 98-457

August 2000 - *Lyons v. AOAO Alexander Arms, et al.*; Civil No. 99-1808

March 2001 - *Ferguson v. Goodell*; Civil No. 99-0239

May 2001 - *Greenwell v. Certified Management, Inc., et al.*; Civil No. 99-3242-08

July 2001 - *Voralik v. DLS, Inc.*; Civil No. 99-3681-09

April 2002 - *AOAO Kaanapali Alii v. Williams*; Civil No. 02-1-0126(3)

October 2004 - *AOAO Twin Towers v. Graper, et al.*; Consolidated Civil No. 01-1-1948-06, 03-1-1109-05