Committee's position is that palm trees are not allowed in special setback areas.[11] Plaintiffs' CSOF 46.

While Plaintiffs were told not to put plants in their special setback area, the Federmans were allowed to plant numerous clusters of palm trees in theirs. Plaintiffs' CSOF 45, 47.   Many of these trees were submitted <u>after</u> the initial briefing on the previous summary judgment motions.[12]   The evidence establishes that, contrary to the Association's suggestion, <u>the additional trees block Plaintiffs' view</u>.  Plaintiffs' CSOF 54.  The evidence also shows that the Design Committee applied its standards inconsistently, creating at least a triable issue of fact as to whether the Association acted reasonably.

### e.    The Association Failed To Visit Plaintiffs' Lot To Determine The Impact That The Federmans' Plans Would Have On Plaintiffs' Views.

The case law also establishes that there is at least a triable issue of fact as to the Association's reasonableness.  In *Leonard v. Stobeling*, 728 P.2d 1358 (Nev.

---

[11] Clusters of palm trees are "structures" for purposes of Section 4.17.  *See, e.g.*, *Wilson v. Handley*, 119 Cal. Rptr. 2d 263, 267, 272 (Cal. Ct. App. 2002) (rows of trees may be structures for purposes of spite fence statute).

[12] This Court's ruling on the previous summary judgment motion did not address the Federmans' palm trees, and this Court's remarks about palm trees in the Order on the Motion for Reconsideration were expressly limited to two or three trees only.

Order Denying Plaintiffs' Motion for Clarification and Reconsideration, dated February 22, 2005, at 18-23. As this Court stated, "[t]he two or three trees addressed by the Court at the hearing are the only trees that have been sufficiently discussed by the parties in their arguments and factual evidence to enable this Court to reach a ruling. To the extent that Plaintiffs seek a ruling regarding other trees or trees generally, this issue was not properly before the Court." *Id.* at 23. To the extent that the Association argues that these remarks apply to more than the two or three trees that were the subject of this Court's Order, Plaintiffs respectfully submit that other issues were not before the Court and the Court did not fully consider or address the evidence presented in this Opposition.

After the initial briefing on the previous summary judgment motions, the Federmans planted numerous additional clusters of palm trees in the special setback area that this Court did not address in ruling on Plaintiffs' Motion for Reconsideration. These trees <u>do</u> block Plaintiffs' views, in direct contravention of Section 4.17 of the Design Requirements. The Association acted unreasonably in allowing the Federmans to plant them, for the reasons discussed above.

### C. The CC&Rs Do Not Insulate The Association From Liability For The Conduct At Issue Here.

The Association incorrectly relies on Section 12.10 of the CC&Rs to suggest that it can liable for bad faith, malicious conduct only, and that it is not liable here. Motion at 9. This suggestion is incorrect, for at least three reasons.