IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; and JULIA HANDS,<br><br>    Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORPORATION; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; and DOE CORPORATIONS 1-100,<br><br>    Defendants.<br>_____ | CIVIL NO.  03-00463 JMS/LEK<br><br>ORDER DENYING IRWIN AND CONCEPCION S. FEDERMAN'S MOTION TO ENFORCE SETTLEMENT AGREEMENT |

ORDER DENYING IRWIN AND CONCEPCION S. FEDERMAN'S MOTION
TO ENFORCE SETTLEMENT AGREEMENT

On July 26, 2006, Irwin and Concepcion Federman ("the Federmans") filed a motion to enforce settlement agreement. The Federmans contend that the Plaintiffs' Supplemental Brief Regarding Additional Landscaping Submitted in Opposition to the Association's Motion for Summary Judgment

violated the Federmans' settlement agreement with Plaintiffs insofar as the brief argued that the Federmans had installed impermissible landscaping.

On August 30, 2006, the court entered its Order Granting Defendant The Bluffs at Mauna Kea Community Association's Motion for Summary Judgment Regarding Landscaping and Denying their Motion to Strike ("Landscaping Order").  The court's Landscaping Order disposed of all of the Plaintiffs' claims regarding the Federmans' landscaping.  As a result of the court's order, the Federmans' landscaping is no longer relevant to this case.  The court therefore DENIES the Federmans' motion to enforce the settlement agreement as moot.  Without specifically ruling on whether this court retains jurisdiction to consider the instant motion, and in the unlikely circumstance that the landscaping issue should re-emerge, the Federmans are free to refile a motion to enforce the settlement agreement if and when they feel the settlement agreement is breached.

The court notes, however, that the terms of the settlement agreement between the Federmans and the Plaintiffs appear to require the parties enter into mediation prior to seeking judicial enforcement of the agreement.  The Federmans should consider this provision of the settlement agreement should an issue regarding the agreement arise in the future.

The court also notes that the Federmans seem to have an overly narrow understanding of the scope of the landscaping at issue in this lawsuit. In their motion to enforce settlement agreement, the Federmans state that "no claim related to the Federmans' landscaping was 'pled in the lawsuit,' other than the claim related to the three trees that Judge Ezra already ruled upon." Motion to Enforce Settlement Agreement at 6. The Federmans' description of the landscaping at issue in this lawsuit is undermined by both a plain reading of the Plaintiffs' First Amended Complaint and the court's Landscaping Order. *See* Landscaping Order at 4 n. 3 (noting that the parties have litigated and the court is considering evidence relating to the Federmans' proposed landscaping through the June 2004 approval letter).

Based on the foregoing, the Federmans' motion to enforce settlement agreement is denied as moot.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 5, 2006.



J. Michael Seabright
United States District Judge

Western Sunview Properties, et al., v. Federman, *et al.*, Civ. No. 03-00463 JMS/LEK, Order Denying Irwin and Concepcion S. Federman's Motion to Enforce Settlement Agreement