376920.4
WATANABE ING & KOMEIJI LLP
A Limited Liability Partnership

J. DOUGLAS ING       # 1538-0
BRIAN A. KANG        # 6495-0
EMI L. M. KAIMULOA   # 7794-0
LISA S. HIRAHARA     # 8150-0
First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawai'i  96813
Telephone No.  (808) 544-8300
Facsimile No.  (808) 544-8399
E-mail: lhirahara@wik.com

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE | CIVIL NO. CV03-00463 JMS (LEK)<br><br>MAUNA KEA PROPERTIES, INC. AND MAUNA KEA DEVELOPMENT CORP.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO TAKE ADDITIONAL DEPOSITIONS, FILED AUGUST 14, 2006; DECLARATION OF BRIAN A. KANG; EXHIBITS A-M; CERTIFICATE OF SERVICE |

| | |
|---|---|
| PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100, )<br>)<br>)<br>       Defendants.   )<br>)<br>)<br>_____) | Hearing:<br><br>Date: <u>September 25, 2006</u><br>Time: <u>9:30 a.m.</u><br>Judge: <u>Hon. Leslie E. Kobayashi</u><br><br>Trial Date: December 5, 2006 |

MAUNA KEA PROPERTIES, INC. AND MAUNA KEA DEVELOPMENT
CORP.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
<u>MOTION TO TAKE ADDITIONAL DEPOSITIONS, FILED AUGUST 14, 2006</u>

COME NOW Defendants MAUNA KEA PROPERTIES, INC. ("MKP") and MAUNA KEA DEVELOPMENT CORP. ("MKDC") (collectively, "Mauna Kea"), by and through their attorneys, WATANABE ING & KOMEIJI LLP, and hereby submit this memorandum in opposition to Plaintiffs' Motion to Take Additional Depositions, filed herein on August 14, 2006 ("Motion").

## I.   **INTRODUCTION**

Plaintiffs filed their Motion over seven months after the discovery cutoff date of January 13, 2006. See Amended Rule 16 Scheduling Order, filed October 20, 2005, at 3. Trial is set to begin on December 5, 2006--less than three months away. See Status Conference Minutes, filed July 6, 2006. Despite having information that they would need to depose Tom Stifler, Bettina Lum and Terrance Yamamoto long before these deadlines, Plaintiffs waited until after the discovery cutoff and on the eve of trial to bring this Motion and seek depositions

2

they could have, and should have, sought much earlier. As such, the Court should deny Plaintiffs' Motion.

## II. ARGUMENT

"Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." Goehring v. Brophy, 94 F.3d 1294, 1305 (9th Cir. 1996) (quoting Sablan v. Dept. of Fin., 856 F.2d 1317, 1321 (9th Cir. 1988)).

Trial courts also have "broad discretion regarding the completion of pretrial discovery." N. Feldman & Son, Ltd. v. Checker Motors Corp., 572 F. Supp. 310, 313 (S.D.N.Y. 1983). "The purpose of a discovery cutoff date is to protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial." Whittaker Corp. v. Execuair Corp., 736 F.2d 1341, 1347 (9th Cir. 1984).

In Forbes v. Hawaiian Tug & Barge Corp., this Court held that the Magistrate did not err in granting the defendant's motion for protective order where the discovery cutoff date had expired, the case had been active for one and one-half years, and the plaintiffs did not move to extend discovery or for an order allowing the taking of additional depositions **until after the discovery cutoff**.

125 F.R.D. 505 (D. Haw. 1989); see also 6 James Wm. Moore et al., Moore's Federal Practice § 26.60[4] (3d ed. 2005) (noting, "A court must limit the frequency or extent of use of the discovery methods otherwise permitted under the Federal Rules of Civil Procedure and by any local rule if the party seeking discovery has already had ample opportunity through discovery in the action to obtain the information sought.").

In addition to the Court's broad power regarding discovery, Federal Rule of Civil Procedure ("FRCP") Rule 26(c) provides that the court may make any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the... discovery not be had; (2) that the... discovery may be had only on specified terms or conditions... (3) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters..." "A district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required." 6 James Wm. Moore et al., Moore's Federal Practice § 26.101[1][c] (3d ed. 2005).

### A.  The Court should not allow Plaintiffs to depose Tom Stifler months after the discovery deadline.

#### 1.  For nearly two years, Plaintiffs have known about Mr. Stifler, and identified him in *2004* as a possible deponent.

Nearly *two years* ago, on October 13, 2004, Plaintiffs filed a Motion for Leave of Court to Take Additional Depositions. See Exhibit A, attached hereto. There, Plaintiffs requested leave to take additional depositions in excess of the ten provided for in FRCP Rules 30 and 31. Id. In their memorandum, Plaintiffs requested leave to take the depositions of Mauna Kea employees or officers. Id. at 10. In addition to naming Yoichi Asari and William Mielcke, officers of Mauna Kea, Plaintiffs represented to the Court that they would need to take the deposition of Thomas Stifler, among others. Id. at 10-14. Specifically, Plaintiffs described Mr. Stifler in the following manner:

> 4.  ***Thomas Stifler.*** He was the Principal Broker at Mauna Kea for the time in question and therefore must have extensive knowledge as to how the landscape credit scheme originated and who authorized it.

Id. at Memorandum, p. 13.

Subsequent to this motion, the parties were ordered to meet and confer on October 26, 2004. See Exhibit B. Thereafter, the parties entered into a stipulation allowing Plaintiffs to take a total of thirteen (13) depositions upon oral

examination and thirteen (13) depositions upon written questions, not including expert witnesses. See Exhibit C. To date, Plaintiffs have taken eleven (11) of the stipulated thirteen (13) depositions, not including expert witnesses.[1]

Although Plaintiffs argue that the recently produced documents[2] prompted Plaintiffs to seek to depose Mr. Stifler, the foregoing proves otherwise.

---

[1]  (1) Janet Lum Won, 12/1/05; (2) Kathrin "Chacha" Kohler, 1/27/05; (3) Jeanne Buboltz, 1/27/05; (4) Yoichi Asari, 2/11/05; (5) William Mielcke, 4/29/05; (6) Irwin Federman, 12/9/03; (7) Concepcion Federman, 12/8/03; (8) Joel Laber, 10/24/03; (9) John Reid, 2/23/04; (10) Lisa Reinke, 10/28/03; and (11) Terry Tusher, 2/24/04.

[2]  Plaintiffs claim that Mauna Kea's alleged delay in producing the documents related to the setback claims prejudiced their case against the Federmans and the Association. Motion at 12-13. It is important to note, however, that Plaintiffs failed to request documents relating to the setback claims from Mauna Kea. See Exhibits D - G.

Moreover, Plaintiffs' argument that it has been prejudiced in its case against the Association is without merit. Plaintiffs, in fact, cited to the October 1997 letter from Mr. Stifler to the Giffords' real estate agent on Page 12 of their Motion (also attached as Exhibit 11 to their Motion), to support their Supplemental Brief Regarding Additional Landscaping Submitted in Opposition to the Association's Motion for Summary Judgment. See Plaintiff Western Sunview Properties, LLC's Supplemental Brief Regarding Additional Landscaping Submitted in Opposition to the Association's Motion for Summary Judgment, filed July 17, 2006, at 5 and Exhibit 6.

Despite Plaintiffs' attempt to focus on this letter (which was placed in the record as part of the Plaintiffs' briefing), the Court granted the Association's motion for summary judgment regarding alleged additional landscaping on August 30, 2006. See Order Granting Defendant The Bluffs At Mauna Kea Community Association's Motion for Summary Judgment Regarding Landscaping and Denying Their Motion to Strike, filed August 30, 2006 at 8 (holding, "Thus, though the Design Requirements state that 'no buildings or structures shall placed within the special setback areas,' the Association has the power to grant variances on a case-by-[c]ase basis" and "*After reviewing the record*, the court *easily concludes* that the Association acted reasonably in approving the Federman's landscaping plans in June 2004.") (emphasis added). Therefore, it is clear that the recently produced documents would not have saved Plaintiffs' case. There was an abundance of evidence before the Court that led to the dismissal of Plaintiffs' setback claims against the Federmans and the Association.

That is, although Plaintiffs represented in *October 2004* that they wished to depose Mr. Stifler, Plaintiffs waited until *August 2006* to file the instant Motion, seven months after the discovery cutoff.[3]

### 2. Plaintiffs learned of Mr. Stifler's alleged relevance through depositions taken before the discovery deadline but failed to timely notice Mr. Stifler's deposition.

In addition to stating that they wished to take Mr. Stifler's deposition nearly two years ago, it is evident that Plaintiffs learned of Mr. Stifler's alleged relevance in this matter long before the discovery cutoff through various depositions.

For example, over one year before the discovery cutoff, Plaintiffs deposed Ms. Jeanne Buboltz, a realtor with Mauna Kea Realty, and Ms. Kathrin Kohler, the current Principal Broker at Mauna Kea Realty. Plaintiffs asked several questions of Ms. Buboltz and Ms. Kohler about the landscaping credits and Mr. Stifler's alleged involvement. See Deposition of Jeanne Buboltz, taken on January 27, 2005, attached as Exhibit H (8:2-8; 10:17-23; 11:12-24; 13:5-8; 14:21-15:9; 15:14-16; 16:10-15; 19:23-20:8; 29:21-30:7; 37:1-9; 38:10-15; 39:1-15);

---

[3] Although Plaintiffs claim it would be "inefficient" to examine Mr. Stifler at trial without the benefit of a pre-trial deposition (Motion at 20), Plaintiffs fail to justify why they should be entitled to further discovery and benefit in light of their failure to observe the discovery deadline.

5

Deposition of Kathrin Kohler, taken on January 27, 2005, attached as Exhibit I (8:23-9:6; 16:16-17:5; 18:5-19:5; 25:9-12; 31:21-32:5; 37:9-11; 60:5-8; 68:14-25; 70:19-71:10; 73:10-21; 74:19-75:1; 77:7-78:4; 78:22-79:6; 81:5-17; 83:20-25; 100:3-9).

On February 11, 2005, eleven months before the discovery cutoff, Plaintiffs deposed Mr. Yoichi Asari. Again, Plaintiffs asked multiple questions regarding Mr. Stifler's alleged involvement and the use of landscaping credits. See Deposition of Yoichi Asari, taken on February 11, 2005, attached as Exhibit J (11:22-25; 23:23-24:3; 25:3-21; 35:5-11; 41:1-18; 41:22-42:5; 71:20-23).

Further, on April 29, 2005, over eight months before the discovery cutoff, Plaintiffs deposed Mr. William Mielcke. As before, Plaintiffs asked multiple questions regarding Mr. Stifler's alleged involvement. See Deposition of William Mielcke, taken on April 29, 2005, attached as Exhibit K (45:8-23; 48:10-18; 50:7-22; 51:5-52:10; 53:14-54:17; 55:1-15; 56:15-57:4; 59:17-60:1; 72:10-19; 88:13-90:1; 91:15-92:14; 123:15-24).

On December 1, 2005, Plaintiffs deposed Ms. Janet Lum Won, the Vice-President and Branch Manger of the Title Guaranty Escrow Kona Branch. Ms. Lum Won testified to having contact with Mr. Stifler in relation to the landscaping credits. See Deposition of Janet Lum Won, taken on December 1,

2005, attached as Exhibit L (12:6-14; 18:14-19:21; 22:17-24:24; 26:16-27:3). Yet, even after receiving this testimony, Plaintiffs did not attempt to depose Mr. Stifler before the January 13, 2006 cutoff, which was, at that point, over a month away.

Through the depositions mentioned above, Plaintiffs learned about Mr. Stifler's alleged role in the Mauna Kea Realty office. Despite having deposition testimony that Mr. Stifler was allegedly involved in the use of landscaping credits, Plaintiffs now claim that they had no reason to depose Mr. Stifler before receiving the few pages attached to their Motion. This argument is unpersuasive, and meant only to extend the discovery cutoff, a deadline that they could have easily met given the discovery that they took in the months prior to the deadline.

Because Plaintiffs have had ample time to seek the deposition of Mr. Stifler before the discovery cutoff, and indeed, even mentioned his deposition as one they were seeking in their previous motion for additional depositions nearly *two years* ago, their ill-timed request should now be denied.

**B. The Court should not allow Plaintiffs to depose Mauna Kea's attorneys, Bettina Lum and Terrance Yamamoto.**

    **1. Plaintiffs failed to seek Mr. Yamamoto's deposition before the discovery deadline and had notice of Price Okamoto Himeno & Lum's involvement in the sales at The Bluffs far in advance of the discovery deadline.**

Plaintiffs have known about Ms. Lum's firm's alleged involvement in The Bluffs development since February 11, *2005* at the very *latest*, over eleven months before the discovery cutoff. Mr. Asari was asked at his deposition, "Do you know if Bettina Lum's law firm was involved in drafting [the confidentiality agreement]?" Deposition of Yoichi Asari, taken February 11, 2005, attached as Exhibit J (71:4-5). Mr. Asari confirmed that Ms. Lum's law firm was involved. Id. (71:6-8).

Plaintiffs could have, but did not, seek additional discovery at that time regarding any other attorneys in Ms. Lum's office that may have been involved in The Bluffs' confidentiality agreements and/or landscaping credits. Mr. Yamamoto was a member of Ms. Lum's firm, Price Okamoto Himeno & Lum, at that time the law firm assisted Mauna Kea in sales of lots at The Bluffs.

On September 26, 2005, Plaintiffs informed counsel that they were noticing the deposition of Ms. Lum, among others. See Exhibit M. Although Mauna Kea subsequently agreed not to object to Ms. Lum's deposition on the sole

basis that it was to be taken after the discovery cutoff, if allowed by the Court, Mauna Kea did not agree to waive its objections with respect to the depositions of other attorneys at Price Okamoto Himeno & Lum. Plaintiffs failed to provide such notice or move to compel the deposition of Mr. Yamamoto[4] before the discovery deadline of January 13, 2006.

Although Plaintiffs now claim that it would have been futile for Plaintiffs to seek to depose Ms. Lum and Mr. Yamamoto as Mauna Kea would have asserted attorney-client privilege grounds to block their testimony, it is important to note that despite this claimed futility, Plaintiffs argued strenuously to uncover confidential communications between Mauna Kea and its attorneys.

Plaintiffs failed to compel the deposition of Mr. Yamamoto concurrently with their motion to compel the production of privileged documents before the discovery cutoff. Indeed, Judge McConnell ruled on October 14, 2005, **"No request was made for the depositions of attorneys** and the Discovery

---

[4] FRCP Rule 30(b) states that the notice for oral depositions shall state "a general description sufficient to identify the person or the particular class or group to which the person belongs," if the name of that person is unknown. Therefore, even if Plaintiffs did not discover Mr. Yamamoto's name after the discovery cutoff date of January 13, 2006, Plaintiffs could have, and should have, noticed Mr. Yamamoto's deposition when they first knew of Price Okamoto Himeno & Lum's involvement, or February 11, 2005 (the date of Mr. Asari's deposition), at the very latest.

9

Master is not ordering that depositions of attorneys may be taken." See Exhibit 7 to Motion (emphasis added).

Six days after Judge McConnell's Order of October 14, 2005, the Court entered an Amended Rule 16 Order which extended the discovery cutoff to January 13, 2006. Despite the additional time to seek to compel the deposition of Mr. Yamamoto, Plaintiffs failed to do so. Plaintiffs' lack of diligence and failure to observe the discovery deadline should not be excused. Accordingly, Plaintiffs' Motion at this late juncture must fail. See also Harry A. v. Duncan, 223 F.R.D. 536, 539 (D. Mont. 2004) ("With respect to the needed evidentiary material, if an opposing party is not forthcoming in discovery responses, the remedy is to file a timely motion to compel, not to wait until the last minute to do scores of depositions and then to place blame on the other party for the lack of timeliness issues.").

### 2. Depositions of attorneys are disfavored and the scope of such depositions, if permitted, must be strictly limited.

Depositions of attorneys are generally disfavored. See Shelton v. American Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986) (limiting attorney depositions where (1) no other means exist to obtain the information sought, (2) the information sought is relevant and non-privileged, and (3) the information is

crucial to the case); see also Ellipsis, Inc. v. The Color Works, Inc., 227 F.R.D. 496, 497 (W.D. Tenn. 2005) ("[T]he taking of opposing counsel's deposition has been discouraged by many courts as a means of discovery.").

> While the Federal Rules do not prohibit the deposition of a party's attorney, experience teaches that countenancing unbridled depositions of attorneys constitutes an invitation to delay, disruption of the case, harassment, and perhaps disqualification of the attorney. In addition to disrupting the adversarial system, such depositions have a tendency to lower the standards of the profession, unduly add to the costs and time spent in litigation, personally burden the attorney in question, and create a chilling effect between the attorney and client.

N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 85 (M.D.N.C. 1987) (citations omitted).

For the foregoing reasons, courts have counseled against attorney depositions, especially where the information sought can be obtained through other alternatives. See Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp., 125 F.R.D. 578, 594 (N.D.N.Y. 1989) (granting a motion for protective order to prevent the deposition of an attorney where, inter alia, it was plausible that the information could be obtained via interrogatories or the deposition of a Rule 30(b)(6) representative). It has been stated, for instance, that

> the movant must demonstrate that the deposition is the only practical means available of obtaining the information. If

11

> there are other persons available who have the information, they should be deposed first. Also, other methods, such as written interrogatories which do not involve the same dangers as oral deposition, should be employed.

N.F.A. Corp. v. Riverview Narrow Fabrics, Inc., 117 F.R.D. 83, 86 (M.D.N.C. 1987). Courts have also recognized that placing the burden on the movant to show both propriety and need for the deposition "is superior to requiring the attorney to submit to a deposition and make his objections at that time." Id. at 85.

Here, allowing Plaintiffs to depose Ms. Lum and Mr. Yamamoto would invite Plaintiffs to harass Mauna Kea's attorneys, disrupt the case and unjustifiably intrude on the attorney-client privilege. Additionally, there were other means to obtain the information Plaintiffs seek. For example, Plaintiffs have not shown that the use of interrogatories would be any less effective or that a 30(b)(6) representative would not have provided the same information.

In any event, the fact that Plaintiffs were ultimately granted access to privileged documents does not give them unfettered power to depose Mauna Kea's attorneys. Plaintiffs simply have not met their burden to show "both propriety and need for the deposition[s]." N.F.A. Corp., 117 F.R.D. at 85. Accordingly, such depositions should not be ordered.

If the Court is inclined to allow Plaintiffs to depose Ms. Lum and/or Mr. Yamamoto, Mauna Kea respectfully requests that the Court enter an appropriate protective order to ensure that the scope of the depositions are strictly limited to questioning the deponents on landscaping credits and confidentiality agreements at The Bluffs development. Allowing Plaintiffs to depose Mauna Kea's attorneys on other topics would be irrelevant, prejudical and invade the attorney-client privilege, because the Court has ruled that only Plaintiffs' claims relating to landscaping credits or confidentiality agreements (i.e., Plaintiffs' fraud claims) against Mauna Kea remain. See Order Granting Defendant The Bluffs at Mauna Kea Community Association's Motion for Summary Judgment and Granting in Part and Denying in Part Defendants Mauna Kea Properties, Inc.'s and Mauna Kea Development Corporation's Motion for Summary Judgment as to All Special Setback and Punitive Damages Claims, filed June 21, 2006, at 24.

## III. CONCLUSION

For the foregoing reasons, Defendants Mauna Kea Properties, Inc. and Mauna Kea Development Corp. respectfully request that this Honorable Court deny Plaintiffs' Motion to Take Additional Depositions. In the alternative, if this Court is inclined to allow the depositions of Mr. Stifler, Ms. Lum or Mr. Yamamoto, Mauna Kea respectfully requests that the Court issue an appropriate

protective order strictly limiting the scope of such depositions.

Dated: Honolulu, Hawai'i, September 7, 2006.

*[signature]*

J. DOUGLAS ING
BRIAN A. KANG
EMI L. M. KAIMULOA
LISA S. HIRAHARA
Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

## Attorney Certification

I have read (1) Mauna Kea Properties, Inc. and Mauna Kea Development Corp.'s Memorandum in Opposition to Plaintiff's Motion to Take Additional Depositions ("Memorandum"); and (2) the evidence relevant to the factual assertions made in the Memorandum. I hereby certify that each factual assertion made in the Supplemental Memorandum has evidentiary support.

DATED: Honolulu, Hawai'i, September 7, 2006.

*[signature]*

BRIAN A. KANG

Attorneys for Defendants
MAUNA KEA PROPERTIES, INC. and
MAUNA KEA DEVELOPMENT CORP.

14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>         Plaintiffs,<br><br>    vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; DOE CORPORATIONS 1-100,<br><br>         Defendants. | CIVIL NO. CV03-00463 DAE (LEK)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing document was duly served upon the following attorneys to their last known addresses:

/

/

TERRANCE MATTHEW REVERE, ESQ.   (ELECTRONICALLY)
JACQUELINE E. THURSTON, ESQ.
Motooka Yamamoto & Revere LLLC
1000 Bishop Street, Suite 801
Honolulu, Hawai'i 96813

SAMUEL R. MILLER (*pro hac vice*)         (ELECTRONICALLY)
DENELLE M. DIXON-THAYER (*pro hac vice*)
Folger Levin & Kahn LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, and JULIA HANDS


SIDNEY K. AYABE, ESQ.                    (ELECTRONICALLY)
RONALD SHIGEKANE, ESQ.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street, Pauahi Tower 2500
Honolulu, Hawai'i 96813

Attorneys for Defendants
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

Dated: Honolulu, Hawai'i, September 7, 2006.

                            J. DOUGLAS ING
                            BRIAN A. KANG
                            EMI L. M. KAIMULOA
                            LISA S. HIRAHARA
                            Attorneys for Defendants
                            MAUNA KEA PROPERTIES, INC. and
                            MAUNA KEA DEVELOPMENT CORP.