# EXHIBIT

# G

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE  5857-0
JASON P. HEALEY  8068-0-0
JACQUELINE E. THURSTON  7217-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii  96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email Address:   terry@myrhawaii.com

FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE DIXON-THAYER (*pro hac vice*)
275 Battery Street, 23rd Floor
San Francisco, California 94111
Tel. No. (415) 986-2800
Fax No. (415) 986-2827
Email Address: ddixonthayer@flk.com

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC,
GUY HANDS, AND JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY | Civil No.: CV03-00463 JMS LEK<br><br>PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS AND OTHER THINGS TO DEFENDANTS MAUNA KEA PROPERTIES, INC., AND MAUNA KEA DEVELOPMENT CORP.<br><br>*(caption continues)* |

| | |
|---|---|
| ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, <br><br>　　　　　Defendants. | Trail: March 14, 2005 |

Mauna Kea - 4th RPOD.doc

## PLAINTIFFS' FOURTH REQUEST FOR PRODUCITON OF DOCUMENTS AND OTHER THINGS TO DEFENDANTS MAUNA KEA PROPERTIES, INC., AND MAUNA KEA DEVELOPMENT CORP.

Plaintiffs WESTERN SUNVIEW PROPERTIES, LLC, GUY HANDS AND JULIA HANDS hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Defendants MAUNA KEA PROPERTIES, INC., and MAUNA KEA DEVELOPMENT CORP., ("Defendants"), produce and permit Western Sunview to inspect and copy the documents that are in Defendants' (or any of its agents or representatives, including its attorneys) possession, custody or control and are described below in the Schedule of Documents and Things and list of Documents to be Produced attached hereto and incorporated herein by reference.

Plaintiffs requests that the above described documents be produced at the law offices of Motooka Yamamoto & Revere, Suite 801, 1000 Bishop Street, Honolulu, Hawaii 96813.

PLEASE TAKE FURTHER NOTICE that Defendants are required by Rule 34 of the Federal Rules of Civil Procedure to file a written response hereto within thirty (30) days after service of this Fourth Request For Production of Documents and that failure to respond will be grounds for a motion by Plaintiff, pursuant to the provisions of Rule 37 of the Federal Rules of Civil Procedure, to compel answers and impose sanctions.

Plaintiffs further notify Mauna Kea Properties, Inc., and Mauna Kea Development Corp., that the inspection and copying will take place in the following manner:

1. Defendants will produce the original of all documents when they are available. When the original is unavailable, the best available copy shall be produced.

2. If Defendants assert that any of the documents and things requested above is protected from discovery by any evidentiary privilege or by the attorney work product doctrine, specify in your written response as to each item withheld: (a) the grounds asserted as the reason for non-production; (b) the date the document was prepared; (c) the identity of the persons who (i) drafted and (ii) received the document(s) or thing(s); (d) the nature of the document or thing (e.g. letter, memo, etc.); and (e) the subject matter of the document or thing.

## SCHEDULE OF DOCUMENTS AND THINGS

For the purpose of this "Schedule of Documents and Things":

1. Each of these definitions and instructions are hereby incorporated into each of the requests to which it pertains.

2. The term "Defendants" refers to Mauna Kea Properties, Inc., and Mauna Kea Development Corp., their agents, attorneys, insurance companies, and other persons acting or purporting to act on their behalf.

3. The term "Subject Lawsuit" refers to the lawsuit entitled *Western Sunview v. Irwin Federman and Concepcion S. Federman, et al.*, Civil No 03-1-0220 filed on August 7, 2003 in the Circuit Court of the Third Circuit, State of Hawaii.

4. The term "Complaint" shall mean the Complaint filed by Plaintiffs Western Sunview Properties, LLC, Guy Hands and Julia Hands, on August 7, 2003, and any and all other claims or causes of action brought in the Subject Lawsuit by Plaintiffs against any other party.

5. "Conversation" means and includes, without limitation, any discussion, conversation, conference, meeting, interview, telephone call, and any statement or representation made therein.

6. "Communication" means and includes, without any limitation, any verbal or written exchange of information, whether telephonic, telegraphic, printed,

4

recorded, graphic, photographic, or otherwise, and includes "documents," "writings," and "conversations" as defined above.

7. "Any" shall include "all," and "all" shall include "any."

8. "Referring to" and "relating to" shall mean directly or indirectly concerning, constituting, comprising, containing information regarding, consisting of, setting forth, alluding to, proposing, showing, disclosing, describing, depicting, explaining, summarizing, reflecting, authorizing, mentioning, discussing, bearing upon, commenting upon, evidencing, detecting, or pertaining in any way.

9. The term "document" is defined in Rule 34 of the Federal Rules of Civil Procedure to include writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into reasonably usable form. "Documents" may therefore mean the original and copies of any and all tangible materials whether handwritten, typed, printed, copied, photographed, recorded or produced or reproduced in any manner, including but not limited to, books, records, letters, diaries, appointment books, calendars, itineraries, telegrams, wires, memoranda, interoffice communications, electronic mail ("e-mail"), reports, notes, drawings, charts, photographs, movies, tape recordings, electronic data (in any and all media) contracts, agreements, travel reports and vouchers, expense accounts and vouchers, ledgers, financial

statements, reports or worksheets, schedules, progress reports, bills, orders, receipts, journals, files, investigation reports, proposals, feasibility studies, estimates and/or projections which constitute, refer to, or concern the items listed in this "Schedule of Documents and Things."

10. For the purpose of this request and the "Schedule of Documents and Things," "you" and "your" shall mean Defendants together with all agents and/or representatives acting or purporting to act directly or indirectly on behalf of Defendants, including, but not limited to Defendants' employees, representatives, and/or attorney.

11. This request for production of documents includes a request to produce copies of each and every document formerly in existence and known to or possessed by you or within your control but since destroyed or lost. To the extent that no copies are available, please list any responsive documents you cannot produce and state when, by whom, and why the documents were destroyed.

12. If any of the documents cannot be produced in full, produce to the extent possible specifying your reasons for your inability to produce the remainder and stating whatever information, knowledge or belief you do have concerning the unproduced portion.

13. If any document requested was at one time in existence, but is no longer in existence, please so state, specifying for each document: (a) the type of

document, (b) the type of information contained herein, (c) the date upon which it ceased to exist, (d) the circumstances under which it ceased to exist, (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist, and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof.

14. In producing the requested documents, Defendants are instructed to produce them as they are kept in the usual course of business or to organize and label them to correspond with the categories set forth in this request.

15. In producing these documents, Defendants are requested to furnish all documents known or available to Plaintiffs regardless of whether these documents are possessed directly by Defendants or its agents, employees, representatives, investigators or attorney.

16. This request is a continual one to the fullest extent allowed under Federal Rules of Civil Procedure 26(e). If, after producing documents, Defendants obtain or become aware of any further documents responsive to this request, Defendants are required to produce to Plaintiffs such additional documents.

DATED: Honolulu, Hawaii, _____ DEC 12 2005 _____.

for TERRANCE M. REVERE
DENELLE DIXON-THAYER

Attorneys for Plaintiff
WESTERN SUNVIEW PROPERTIES

## **DOCUMENTS TO BE PRODUCED**

You are requested to produce for inspection and copying any and all of the following described documents and things, or which relate to or concern, directly or indirectly, the following matters, in your possession, custody and control:

1. Any and all documents and materials sent to, received from, or generated by any expert retained for this case including but not limited to emails, billings, notes and correspondence.

2. Any and all exhibits that Defendants may use in the trial in this matter.