FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Tel. No.: (415) 986-2800
Fax No.: (415) 986-2827
Email address:  ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE  5857-0
JACQUELINE E. THURSTON  7217-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii  96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email Address:  terry@myrhawaii.com

Attorneys for Plaintiffs WESTERN SUNVIEW PROPERTIES LLC, GUY HANDS, and JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES LLC; GUY HANDS; AND JULIA HANDS,<br><br>             Plaintiffs,<br><br>     v.<br><br>IRWIN FEDERMAN; | Civil No. 03-00463 JMS LEK<br><br>(Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>*(caption continued)* |

| | |
|---|---|
| CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; AND DOE CORPORATIONS 1-100, Defendants. | TRIAL:  December 5, 2006 |

# PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO TAKE ADDITIONAL DEPOSITIONS

I.   INTRODUCTION

The MK Defendants seeks to block three highly relevant depositions relying solely on the discovery cutoff and inapplicable case law concerning depositions of trial counsel.  However, the MK Defendants do <u>not</u> dispute that:

- They produced over 400 pages of documents <u>after</u> Judge Seabright's post-cutoff ruling regarding the crime fraud exception;

- Many of the documents should never have been labeled as "privileged" and should have been produced <u>before</u> the cutoff;

- The MK Defendants committed discovery abuse and unfair gamesmanship by withholding non-privileged documents until after the cutoff;

- The MK Defendants previously made arguments to the Court that are directly contradicted by documents they withheld;

- The MK Defendants will <u>not</u> be surprised by the deponents' testimony; and

- Plaintiffs <u>would</u> be prejudiced if they are denied pretrial access to such testimony.

Nonetheless, the MK Defendants seek to hide behind the discovery cutoff to preclude Plaintiffs from obtaining relevant and important testimony concerning the documents and the MK Defendants' secret, fraudulent scheme.  Falsely claiming that Plaintiffs waited until the "eve of trial" to request the depositions, the MK

-
-

Defendants ignore that Plaintiffs requested (and the MK Defendants denied) the additional discovery in June, even prior to Judge Seabright setting the trial date. *See* Declaration of Terrance M. Revere, filed August 14, 2006 ("Revere Decl."), Exh. 2.  And now, there is more than two-and-a-half months until trial commences – sufficient time to conduct these limited depositions.

In seeking to block the depositions, the MK Defendants also rely on authorities regarding depositions of <u>litigation</u> counsel.  Here, the attorneys that Plaintiffs seek to depose are <u>not</u> members of the MK Defendants' trial team, and their testimony is <u>not</u> privileged because the crime/fraud exception applies.  The MK Defendants accordingly have no basis for objecting to Plaintiffs' limited request, and the Court should grant Plaintiffs' Motion.

## II.  ARGUMENT

### A.  The Court Should Allow Plaintiffs To Take The Depositions, Both Because Plaintiffs' Request Is Based Upon Post-Cutoff Events, And Because Trial Is Still Months Away.

The MK Defendants acknowledge that the Court has "[b]road discretion" to permit discovery, *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1995), and that the purpose of a discovery cutoff is to assure the parties "adequate time to prepare <u>immediately</u> before trial."  *Whittaker Corp. v. Execuair Corp.*, 736 F.2d 1341, 1347 (9th Cir. 1984) (emphasis added).  *See* MK Opposition, at 1.  Since Plaintiffs' request is based upon post-cutoff events (Judge Seabright's crime/fraud ruling and

the MK Defendants' subsequent production), and since trial is still months away, Plaintiffs' Motion should be granted.

<u>First</u>, Plaintiffs could not have inquired into advice provided by Ms. Lum and Mr. Yamato prior to Judge Seabright's ruling, because the MK Defendants refused to allow testimony about such communications. *See* Declaration of Terrance M. Revere, filed August 14, 2006, ("Revere Decl.") Exh. 3 (Mielcke Depo.) at 79:7-21. Thus, Plaintiffs could not have deposed Ms. Lum or Mr. Yamamoto before the cutoff. Nor could they have deposed Mr. Stifler about the advice that Ms. Lum and Mr. Yamamoto gave him. Because of the ruling that the crime/exception applies, the MK Defendants now have no claim that this information is privileged. This information was unavailable Plaintiffs before the cutoff, and now, based on the Court's ruling and the MK Defendants' late production, Plaintiffs should have access to it.

<u>Second</u>, Plaintiffs could not have make pre-cutoff inquiries regarding documents that the MK Defendants withheld until after the cutoff. Plaintiffs should be allowed to make inquiries into documents (previously labeled privileged) that were unavailable to them prior to the cutoff.

<u>Third</u>, the MK Defendants do not dispute that many of the documents they withheld until after the cutoff – including ones sent to or from Mr. Stifler – were clearly not privileged, even prior to Judge Seabright's ruling. Nor do they dispute

that these documents should have produced before the cutoff. Plaintiffs should be allowed to take the depositions based upon the MK Defendants' pre-cutoff abuses.

Fourth, it is undisputed that the MK Defendants would not be surprised by the testimony of the three deponents. *See generally Imperial Finance Corp. v. Finance Factors, Ltd.*, 53 Haw. 203, 207, 490 P.2d 662, 664 (Haw. 1971) (stating general rule of imputing knowledge of an agent to the principal). Thus, the MK Defendants cannot argue that they themselves would somehow be prejudiced if the depositions are allowed.

Fifth, it is undisputed that Plaintiffs would be prejudiced if they are denied pretrial access to the deponents' testimony. The MK Defendants already have attempted to prejudice Plaintiffs by making arguments on summary judgment that are directly contradicted by documents that the MK Defendants were withholding at the time. *See* Plaintiffs' Motion to Take Additional Depositions, filed August 14, 2006, at 9-10. The depositions should be allowed in order to prevent any further prejudice to Plaintiffs.

Sixth, the depositions should be allowed because trial is still over two-and-a-half months away. *See Whittaker Corp. v. Execuair Corp., EMC*, 736 F.2d 1341, 1347 (9th Cir. 1984) (purpose of discovery cutoff is to assure parties "adequate time to prepare immediately before trial"); Local Rule 16.3 (discovery must be completed 30 days prior to trial date unless otherwise ordered).

The MK Defendants' argument against allowing the depositions is based on a misconstrual of authority. The MK Defendants falsely claim that a protective order was granted in *Forbes v. Hawaiian Tug & Barge Corp.*, 125 F.R.D. 505 (D. Haw. 1989), where the plaintiffs moved "for an order allowing the taking of additional depositions . . . after the discovery cutoff." *See* MK Opposition, at 1 (emphasis omitted). Yet, in *Forbes*, the plaintiffs did not move for an order allowing the depositions – they simply noticed depositions and served subpoenas despite the fact that cutoff had passed. *Forbes*, 125 F.R.D. at 506, 507. In ruling that the Magistrate did not abuse his discretion in entering a protective order, Judge Ezra referenced both the Magistrate's observation that the plaintiffs did not move for an order allowing the depositions, and the Magistrate's partial reliance "on the standing order in this district that all discovery be completed 30 days prior to trial." *Id.* at 507.

Here, Plaintiffs did move for an order allowing the depositions, and trial is still months away. Plaintiffs' Motion should therefore be granted.

> **B.     The Court Should Allow Plaintiffs To Take The Depositions Of Ms. Lum And Mr. Yamamoto – Two Attorneys Whose Work Was The Subject Of Judge Seabright's Crime/Fraud Ruling And Who Are Not Trial Counsel In This Action.**

Because the crime/fraud exception applies, Ms. Lum's and Mr. Yamamoto's testimony on the landscaping credits and confidentiality agreements is not protected by the attorney-client privilege. Their depositions should be allowed.

> **1.    Ms. Lum's And Mr. Yamamoto's Depositions Should Be Allowed, Because They Are Not The MK Defendants' Trial Counsel.**

Ms. Lum and Mr. Yamamoto are fact witnesses who possess non-privileged information on the MK Defendants' fraudulent scheme. Neither witness is the MK Defendants' trial counsel in this action. In arguing against their depositions, however, the MK Defendants rely on an out-of-Circuit case involving an attempt to depose an attorney who was the opposing party's litigation counsel. *See Shelton v. American Motors Corp.,* 805 F.3d 1323, 1325 (8th Cir. 1986) (plaintiffs sought to depose attorney "specifically assigned to the case at bar as AMC's supervising 'in-house counsel'"). As the MK Defendants' own authority makes clear, the Eighth Circuit later clarified that this case applies only where (1) trial or litigation counsel would be deposed; and (2) such depositions would expose trial strategy in the pending case. *See Ellipsis, Inc. v. The Color Works, Inc.*, 227 F.R.D. 496, 497 (W.D. Tenn. 2005).[1]

Indeed, under the MK Defendants' own authority, even an attorney in the same firm as the opponents' trial counsel may be deposed, if the attorney is not a

---

[1] The MK Defendants' other authorities involve attempts to depose trial counsel and/or rely on *Shelton*, which is inapposite for the reasons discussed above. *See Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 125 F.R.D. 578, 594 (N.D.N.Y. 1989) (plaintiffs sought to depose attorney "retained as trial counsel in the present litigation"); *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D.N.C. 1987) (citing *Shelton* for a portion of the passage quoted by the MK Defendants).

member of the trial team and the deposition would not involve questions that might expose the opponents' trial strategy. *See id.*[2] Since Ms. Lum and Mr. Yamamoto are not trial counsel in this action, their depositions should be allowed.

### 2. The MK Defendants Have No Argument Against Allowing Ms. Lum's Deposition, Because They Already Agreed Not To Rely On The Cutoff In Opposing It.

The MK Defendants concede that they already "agreed not to object to Ms. Lum's deposition on the sole basis that it was to be taken after the discovery cutoff." *See* MK Opposition, at 8-9. Thus, the discovery cutoff could not bar the deposition of Ms. Lum. Since Ms. Lum is not the MK Defendants' trial counsel, the MK Defendants have no argument whatsoever against allowing her deposition.

### 3. Plaintiffs Should Be Allowed To Take The Deposition Of Mr. Yamamoto, Because They Could Not Have Taken His Deposition Prior To The Discovery Cutoff.

Since Mr. Yamamoto is not a part of the MK Defendants' trial team, the MK Defendants only potential arguments for opposing his deposition relate to the

---

[2] Even if *Shelton* applied to depositions of attorneys who are not trial counsel in the present case – and the MK Defendants' own authority makes it clear that it does not – the Court should still allow the depositions. First, the attorneys' testimony would not be privileged because of the crime-fraud exception. Second, there is no other means to obtain information on Ms. Lum's and Mr. Yamamoto's advice to, and communications with, the MK Defendants. Indeed, the MK Defendants seek to block access to one other source of some such information by seeking to block the deposition of Mr. Stifler. Third, information on landscaping credits and confidentiality agreements is crucial to Plaintiffs' fraud claim – indeed, Judge Seabright already has ordered otherwise privileged documents on these issues to be produced under the crime/fraud exception.

discovery cutoff.  The Court should reject the MK Defendants' arguments concerning the discovery cutoff both for the reasons discussed above and for the following three reasons:

<u>First</u>, it is undisputed that the MK Defendants would <u>not</u> have allowed Mr. Yamamoto's deposition prior to Judge Seabright's post-cutoff ruling that the crime/fraud exception applies.

<u>Second</u>, it is undisputed that Plaintiffs had no reason to know the extent of Mr. Yamamoto's involvement in the landscaping credit/confidentiality scheme until <u>after</u> the MK Defendants' post-cutoff production.[3]

<u>Third</u>, prior to Judge Seabright's ruling, Plaintiffs would have been blocked from asking Mr. Yamamoto about his advice to the MK Defendants concerning the

---

[3] *Harry A. v. Duncan*, 223 F.R.D. 539 (D. Mont. 2004) is inapposite, because the plaintiffs there admitted they had the means for identifying potential witnesses. *Id.* at 539.  *Harry A.* also involved the noticing of <u>85</u> depositions in a relatively short time period.  *Id.* at 538-39.  Here, Plaintiffs seek only three limited (yet highly relevant) depositions based upon a post-cutoff ruling and the MK Defendants' post-cutoff production.

     The Court also should reject the MK Defendants argument that Plaintiffs could have served a "general" deposition notice that would have not named Mr. Yamamoto by name, and that instead would have allowed the MK Defendants the opportunity to discuss which attorney(s) Plaintiffs could depose.  As noted in Plaintiffs' Motion, Plaintiffs are entitled to base decisions on who to depose based upon the documents.  The MK Defendants did not produce the relevant documents until after the cutoff.   Given the MK Defendants conduct in this action – conduct that includes making arguments directly contradicted by non-privileged, responsive documents that they were withholding from Plaintiffs at the time – the MK Defendants should not be given discretion to decide who Plaintiffs may depose.

landscaping credits and confidentiality agreements (because of assertions of privilege), and from asking about at least 40 documents with his name on them (because the MK Defendants did not produce these documents until after the discovery cutoff).  Thus, the Court should allow Mr. Yamamoto's deposition.

        **4.**    **The Court Should Reject The MK Defendants' Request To Limit The Questioning Of Ms. Lum And Mr. Yamamoto To Advice Concerning "The Bluffs."**

Given Judge Seabright's crime/fraud ruling, Ms. Lum's and Mr. Yamamoto's testimony about the origin and history of the landscaping credits and confidentiality agreements is not protected by the attorney-client privilege.  Since such testimony is relevant to Plaintiffs' fraud claim, Plaintiffs are entitled to inquire as to (among other things) who originated the landscaping credit/secret discount scheme, whether this scheme was formulated solely for The Bluffs, or whether this scheme was first formulated for some other development controlled by The MK Defendants and then applied to The Bluffs.  As such, at this time, the Court should reject the MK Defendants' request to limit the testimony only to "landscaping credits and confidentiality agreements at The Bluffs development" since it is not at all clear whether this would allow Plaintiffs to sufficiently explore how the landscaping credits and confidentiality agreements came into existence.

**C.     Plaintiffs Should Be Allowed To Depose Mr. Stifler.**

    **1.     Plaintiffs Should Be Allowed To Depose Mr. Stifler Based Upon Judge Seabright's Post-Cutoff Ruling And The MK Defendants' Post-Cutoff Production.**

Mr. Stifler is the former President of Mauna Kea Realty, who referred to the confidentiality agreement as "infamous" in a facsimile to Mr. Yamamoto, which the MK Defendants produced after the cutoff. *See* Declaration of Denelle M. Dixon-Thayer, filed herewith, Exh. 13. The MK Defendants do not dispute that Mr. Stifler's name appears on over 50 of the documents contained in the MK Defendants' post-cutoff production. Nor do the MK Defendants dispute that many of these documents were clearly not privileged – even before the crime/fraud rulings – and should have been produced before the cutoff. *See, e.g.*, Revere Decl. Exh. 5 (letter from counsel for third-party MacArthur & Company to Mr. Stifler); Exh. 6 (letter from non-attorney to Mr. Stifler); Exh. 11 (letter from Mr. Stifler to non-attorney).

Plaintiffs should be allowed to depose Mr. Stifler based upon post-cutoff events. The MK Defendants' post-cutoff production reveals that Mr. Stifler was the MK Defendants' "point person" for communicating with attorneys regarding the MK Defendants' fraudulent scheme. Prior to Judge Seabright's crime/fraud ruling, it is undisputed that Plaintiffs would have been blocked from obtaining testimony about these communications. Plaintiffs also would have been unable to

question Mr. Stifler about the over 50 documents that the MK Defendants had not produced – many of which it is undisputed were not privileged.  Because the crime/fraud exception applies and numerous additional documents have been produced, Plaintiffs should be able to depose Mr. Stifler now.

Ignoring their own discovery abuse, the MK Defendants argue that Mr. Stifler should not be deposed because Plaintiffs previously expressed an interest in deposing him.[4]  This argument should be rejected.  Numerous people were identified as potential deponents by all parties.  The MK Defendants' post-cutoff production reveal that Mr. Stifler was involved in the MK Defendants' fraudulent scheme to an extent that Plaintiffs could not have been aware of prior to receiving the documents.  Given their own failures to produce responsive, non-privileged documents from Mr. Stifler before the cutoff, the Court should reject the MK Defendants' reliance on the cutoff in objecting to Mr. Stifler's deposition.

>   **2.    Plaintiffs Should Be Allowed To Depose Mr. Stifler, Because He No Longer Lives In Hawaii And Likely Cannot Be Compelled To Testify At Trial.**

As discussed above, the MK Defendants would suffer no prejudice from Mr. Stifler's deposition because they will not be surprised by his testimony.  Plaintiffs,

---

[4] Paradoxically, the MK Defendants argue that Mr. Yamamoto should not be deposed because Plaintiffs did <u>not</u> seek his deposition before the cutoff, and that Mr. Stifler should not be deposed because Plaintiffs <u>did</u> seek his deposition before the cutoff.

however, would be prejudiced if they are unable to depose Mr. Stifler because (among other reasons) he no longer lives in Hawaii. As such, Plaintiffs may be unable to compel his testimony at trial, although they would be able to take his deposition in the district where he lives. *See* FED. R. CIV. PROC. 45.

The real basis of the MK Defendants' desire to block Mr. Stifler's deposition is that he no longer works for them and therefore may provide frank testimony regarding their fraud. The MK Defendants have already sought to prejudice Plaintiffs by withholding responsive, non-privileged documents until after the cutoff, and by making arguments to the Court that were directly contradicted by documents they were withholding at the time. The MK Defendants should not be allowed to cause Plaintiffs further prejudice by blocking a trial deposition of Mr. Stifler – a witness who may be unable to be compelled to appear at trial.

## III.   CONCLUSION

For the foregoing reasons, and for the reasons discussed in Plaintiffs' Motion, the Court should enter an Order allowing Plaintiffs to take the depositions of Ms. Lum, Mr. Yamamoto, and Mr. Stifler.

DATED:   September 14, 2006

                                        /s/
                              DENELLE M. DIXON-THAYER
                              TERRANCE M. REVERE

                              Attorneys for Plaintiffs
                              WESTERN SUNVIEW PROPERTIES LLC,
                              GUY HANDS, and JULIA HANDS

## ATTORNEY CERTIFICATION

I have reviewed Plaintiffs' Reply Brief in Support of Motion to Take Additional Depositions. I hereby certify that each factual assertion made in the Supplemental Brief has evidentiary support.

DATED: September 14, 2006.

                                           /s/
                              DENELLE M. DIXON-THAYER

                              Attorneys for Plaintiffs
                              WESTERN SUNVIEW PROPERTIES, LLC;
                              GUY HANDS; and JULIA HANDS

42046\3001\512753.1