CORRESPONDENCE

ANDREW V. BEAMAN
ANDREW R. BUNN
ANDREW W. CHAR
LEROY E. COLOMBE
RAY K. KAMIKAWA
ALLEN H. SAKAI
DANTON S. WONG
_____
GEORGINA W. Y. KWAN
IVER N. LARSON
KALEEN S. H. MIYASATO
KARA B. MORAN
ADRIENNE S. YOSHIHARA

## CHUN, KERR, DODD, BEAMAN & WONG
A LIMITED LIABILITY LAW PARTNERSHIP
FORT STREET TOWER, TOPA FINANCIAL CENTER
745 FORT STREET, 9TH FLOOR
HONOLULU, HAWAII 96813-3815
TELEPHONE (808) 528-8200
FACSIMILE (808) 536-5869
www.ckdbw.com

SENIOR COUNSEL:
EDWARD Y. C. CHUN
WILLIAM H. DODD
_____
GEORGE L. T. KERR
1933-1998
GREGORY P. CONLAN
1945-1991

January 3, 2005

RECEIVED
U.S. M
JAN - 1 2005
at ____ o'clock and ___ min. ___ M.
DISTRICT OF HAWAII

Via Hand Delivery
The Honorable Leslie E. Kobayashi
Magistrate Judge
United States District Court for the District of Hawaii
300 Ala Moana Blvd.
Honolulu, Hawaii 96813

Re:    Western Sunview Properties, LLC v. Irwin Federman, et al.,
       Civil No. CV03-00463 DAE/LEK
       United States District Court for the District of Hawaii

Dear Judge Kobayashi:

This responds to Mr. Love's letter to you dated December 27, 2004, which contains another seven pages of argument related to the attorney-client privilege issue.

At our conference on October 14, the parties agreed to submit two letter briefs each on the pending discovery issues. The Court confirmed that agreement in the Minute Order of October 15. By letter dated November 17, Mr. Love requested an opportunity to submit additional briefing. In the December 6 Discovery Order, the Court found that the briefing already submitted was more than sufficient and denied Plaintiffs' request for additional briefing. Accordingly, we ask that the Court disregard Mr. Love's letter of December 27, 2004.

1. There is no need for a discovery master. Mr. Love's letter asks the Court to appoint a discovery master. The Court previously declined that request. We continue to oppose appointment of a discovery master. In any event, such a request should come in the form of a motion and not in the form of a cover letter submitting documents for *in camera* inspection.

2. Plaintiffs are not being unfairly "punished". Mr. Love suggests Plaintiffs are being unfairly "punished." The record in this case supports the Court's decision to sanction Plaintiffs. For example, Plaintiffs previously represented to the Court that all of Mr. and Mrs. Hands's files had been produced. However, Mr. Love now states that Mr. and Mrs. Hands:

> . . . were able to track down and retrieve from storage the two boxes of documents referred to in the discovery requests. They arrived from England late last week. We will go through the documents and make them available for inspection/draft a privilege log . . . .

CHUN, KERR, DODD, BEAMAN & WONG
A LIMITED LIABILITY LAW PARTNERSHIP

The Honorable Leslie E. Kobayashi
January 3, 2005
Page 2

We still have not received these documents (despite repeated written and oral requests, and despite repeated orders compelling production). Furthermore, it should be obvious from Mr. Love's statement that the privilege log delivered to the Court on December 27 does not include those records, so Plaintiffs have again failed to comply with a discovery order.

**Plaintiffs' excuse for their failure to comply with the December 6 Order is that the records they previously told the Court they had already produced are actually so voluminous that they need more time to review them.** Under these circumstances, Plaintiffs should not be heard to complain that they are being unfairly "punished."

3. The Federmans Did Not Waive the Right to Discovery. At pages 2-4 of his letter, Mr. Love argues that the Federmans waived the right to take discovery of non-privileged records because the parties previously agreed (consistent with the stipulation of the parties that inadvertent production of privileged records will not constitute a waiver of the privilege) that a privileged document inadvertently produced by the Federmans in discovery should be returned.

First, Mr. Love misrepresents the facts. The record shows that the document was not "snatched" from anyone's hands. More importantly, the Federmans have never taken the position that if an attorney's name "appears as a recipient/sender of any communication, it is automatically privileged." Instead, the transcript shows that after reading the contents of the e-mail (sent on the day Mr. Federman learned this lawsuit had been filed), both attorneys agreed that it was privileged. The record also shows that both counsel agreed that the original and all copies of the inadvertently disclosed document would be returned to the Federmans.

Second, Mr. Love's letter is more evidence of Plaintiffs' bad faith. On page 3, Mr. Love gives information about the inadvertently produced e-mail that he could not possibly have known unless Plaintiffs had kept a copy of it, in violation of Plaintiffs' agreement on the record that the original and all copies of the document would be returned.

Finally, the question of whether that document was privileged is completely irrelevant to the issue of whether the records withheld by Plaintiffs are privileged.

4. Independent Contractors are Rarely "Representatives of the Client". Mr. Love argues that various independent contractors – architects, landscape architects, contractors, subcontractors, development managers, and so on – acted as "representatives of" WSP for the purpose of rendering legal services under Haw. R. Evid. Rule 503. The Court's December 6 Discovery Order correctly points out that it is unlikely that such communications will be protected.

CHUN, KERR, DODD, BEAMAN & WONG
A LIMITED LIABILITY LAW PARTNERSHIP

The Honorable Leslie E. Kobayashi
January 3, 2005
Page 3

"[T]he attorney-client privilege may extend to protect communications between the lawyers for a company and the company's independent contractor" **if** that independent contractor "is the 'functional equivalent of an employee.'" Horton v. United States, 204 F.R.D. 670, 672 (D.Colo. 2002), *quoting* In re Bieter Co., 16 F.3d 929, 937-38 (8th Cir. 1994). The burden of establishing that an independent contractor is the "functional equivalent of an employee" falls on the party asserting the privilege, who "must make a detailed factual showing that the non-employee is the functional equivalent of an employee and that the information sought from the non-employee would be subject to the attorney-client privilege if he were an employee of the party." Horton, 204 F.R.D. at 672, *citing* Energy Capital Corp. v. United States, 45 Fed.Cl. 481, 488-94 (Fed.Cl. 2000).

Furthermore, as Mr. Love acknowledges, and as the Court's December 6 Discovery Order explains in greater detail, such communications would be privileged only if they were confidential communications and only if they were made "for the purpose of facilitating the rendition of professional legal services to the client."

5. The Crivello Documents Should be Produced. Mr. Love now argues that certain communications between WSP and its accountant, Barry Crivello, are irrelevant and contain sensitive tax and corporate information. It is too late for Mr. Love to raise these objections now, having failed to include them in his letter briefs. In any event, the relevancy of the records is no longer at issue because the Court has twice compelled WSP to produce them; and an unsupported statement that the information is "sensitive" is not sufficient to justify a protective order. If there was a genuine concern about the "sensitivity" of the information, then Mr. Love should have raised these objections in some form other than a cover letter submitting the records for *in camera* inspection.

6. The "Work Product Doctrine" Does Not Apply. Mr. Love now argues that many documents are protected by the "work product doctrine." Again, the Court's December 6 Discovery Order addresses these claims: to the extent that Mr. Love makes new arguments in his December 27 cover letter, that letter should be disregarded.

7. Relevance. Mr. Love now argues that some of the documents at issue are not relevant. Again, it is simply too late for Mr. Love to raise these arguments. The October 6, 2003 Stipulation and Order re Discovery required Plaintiff WSP to produce "all discoverable, non-privileged documents related to Lots 5 and/or 6 of the Bluffs . . .." The March 12, 2004 Discovery Order required Plaintiffs to produce "all non-privileged documents . . . no later than March 20, 2004." The December 6, 2004 Discovery Order notes that "the parties agree that the documents being sought are relevant to the claims and defenses being made in this action."

CHUN, KERR, DODD, BEAMAN & WONG
A LIMITED LIABILITY LAW PARTNERSHIP

The Honorable Leslie E. Kobayashi
January 3, 2005
Page 4


8. <u>Rule 408 Does Not Shield a Document from Discovery</u>.  Mr. Love argues that some of the records are protected under Fed. R. Evid. Rule 408.  Again, such an objection should have been made in the letter briefs and not in the cover letter submitting the records; but in any event, Rule 408 does not shield a document from discovery.  "Rule 408 is a preclusionary rule, not a discovery rule." <u>Computer Associates International, Inc. v. American Fundware, Inc.</u>, 831 F.Supp. 1516, 1531 (D. Colo. 1993).

9. <u>Plaintiffs' Privilege Log is Not Complete</u>.  It is clear from Mr. Love's letter that Plaintiffs have failed to comply with the December 6 Discovery Order, which requires Plaintiffs to submit declarations which "describe and identify which documents have not been produced and why these documents have not been produced."  No such declaration was filed, and in fact Mr. Love acknowledges in his cover letter of December 27 that many categories of documents were excluded from Plaintiffs' privilege log.

We have repeatedly complained to Plaintiffs' counsel of their failures to comply with the various discovery requests and orders in this case and requested a "meet and confer" for the purpose of resolving these matters.  Plaintiffs' counsel refuses to meet and confer.  Accordingly, we will be filing a motion for further sanctions under Rule 37.

Very truly yours,

Chun, Kerr, Dodd, Beaman & Wong
a Limited Liability Law Partnership

Andrew V. Beaman

AVB
88995.5
cc:    Mark B. Desmarais, Esq.
       Terrance M. Revere, Esq.
       Chad P. Love, Esq.
       Brian A. Kang, Esq.
       Ronald N. Shigekane, Esq.
       Joseph K. Kamelamela, Esq.
       (all via facsimile)