FOLGER LEVIN & KAHN LLP

SAMUEL R. MILLER (*pro hac vice*)
DENELLE M. DIXON-THAYER (*pro hac vice*)
Embarcadero Center West
275 Battery Street, 23rd Floor
San Francisco, CA  94111
Tel. No.: (415) 986-2800
Fax No.: (415) 986-2827
Email address:  ddixon-thayer@flk.com

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE  5857-0
JACQUELINE E. THURSTON  7217-0
1000 Bishop Street, Suite 801
Honolulu, Hawaii  96813
Tel. No. (808) 532-7900
Fax No. (808) 532-7910
Email address:   terry@myrhawaii.com

Attorneys for Plaintiffs WESTERN SUNVIEW PROPERTIES LLC, GUY HANDS, and JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES LLC; GUY HANDS; AND JULIA HANDS,<br><br>    Plaintiffs,<br><br>    v.<br><br>IRWIN FEDERMAN; | Civil No. 03-00463 JMS LEK<br><br>(Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action) |

| | |
|---|---|
| CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100; AND DOE CORPORATIONS 1-100, Defendants. | *(caption continued)*<br><br>Hon. Leslie E. Kobayashi |

# PLAINTIFFS' OPPOSITION TO THE ASSOCIATION'S MOTION FOR FEES AND COSTS

I.   **INTRODUCTION**

The Association's request for fees and costs is barred in its entirety by Hawaii's community association statutes.  Prior to filing the Complaint against the Association, Plaintiffs sought to resolve this dispute through mediation pursuant to H.R.S. § 421J-13.  Despite Plaintiffs' attempts to eliminate, or at least substantially limit, the expense associated with this litigation prior to its inception – and despite the Association's obligation under Section 421J-13(a) to participate –  the Association refused to do so.  After litigation commenced, Plaintiffs achieved settlement with all parties but the Association through mediation.  Now, after years of litigation, the Association ignores that its request is entirely barred by Section 421J-10(b), both because Plaintiffs sought pre-litigation mediation and because the Association refused.  Thus, the Association's request should be completely denied.

At the very least, the Association should recover only those attorneys' fees that were reasonable and necessary <u>in this case</u> and only those costs that are recoverable under the Federal and Local Rules.[1]  The Association requests, yet is not entitled to:  (1) fees for Mr. Krueger, a non-record attorney who testified he did <u>no</u> legal work in the case because of a conflict of interest; (2) fees and costs the

---

[1] Since this is a diversity case, the Association's request for attorneys' fees should be decided under Hawaii law.  *DeRoburt v. Gannett Co.*, 558 F. Supp. 1223, 1226 (D. Hawaii 1983).  The Association's request for costs, however, should be decided in accordance with federal rules and statutes.  *Id.* at 1228.

Association fails to show were attributable to this matter rather than *Leone*, a separate matter in which Western Sunview prevailed; (3) expert fees; (4) copying costs; (5) deposition transcript costs; (6) post-litigation mediation expenses; and (7) travel fees. Were the Court to award the Association any fees and costs at all – which the Court should not – the Court should greatly limit the Association's recovery.

## II.   ARGUMENT

### A.   The Association Is Barred From Recovering Any Fees Or Expenses, Because Plaintiffs Requested Mediation And The Association Refused.

#### 1.   Since Plaintiffs Requested Mediation Prior To Filing This Lawsuit, The Association Is Statutorily Barred From Recovering Fees Or Expenses.

Under Hawaii's community association statutes, an association is entirely barred from recovering fees and expenses if, pursuant to H.R.S. § 421J-13, a plaintiff seeks to mediate in good faith prior to filing suit. *See* H.R.S. § 421J-10(b) (emphasis added).[2] Plaintiffs requested mediation prior to commencing these

---

[2] Section 421J-10(b) provides:

> If a member is not the prevailing party in any court action against an association, . . . then all reasonable and necessary expenses, costs, and attorneys' fees incurred by the association shall be awarded to the association, <u>unless</u> . . ., prior to filing the action in a higher court, <u>the owner has first submitted the claim to mediation</u> pursuant to Section 421J-13, and made a good faith effort to resolve the dispute under any of those procedures.

(Continued…)

proceedings, expressly referencing H.R.S. § 421J-13.  *See* Declaration of Terrance M. Revere ("Revere Decl.") Exhibit ("Exh.") 1, at 1-2; Exh. 2, at 1.  The Association does not and cannot challenge Plaintiffs good faith in seeking pre-litigation mediation.  Indeed, Plaintiffs' good faith is demonstrated on the face of the letters.  *See id.*[3]  Thus, the Association's request should be denied in its entirety pursuant to H.R.S. § 421J-10(b).

### 2. Likewise, The Association Should Not Recover Any Fees Or Expenses, Because It Violated Hawaii Law In Refusing To Mediate.

The Association refused to participate in pre-litigation mediation.  *See* Revere Decl. Exh. 3.  In doing so, the Association violated H.R.S. Chapter 421J, Hawaii's community association statutes.  *See* H.R.S. § 421J-13(a) ("At the request of any party, any dispute concerning or involving one or members and an association . . . relating to the interpretation, application, or enforcement of . . . the association documents, <u>shall</u> first be submitted to mediation.") (emphasis added).  The Association's failure to follow the law provides an independent basis for denying its request.

---

H.R.S. 421J-(10)(b) (emphasis added).

[3]     Plaintiffs mediated this matter with the Federmans before litigation was commenced, but the Association refused to participate.  Plaintiffs made a good faith effort to resolve their dispute with the Federmans, despite the absence of the Association.

Allowing the Association any recovery would reward it for violating Hawaii law. Had the Association complied with its legal obligation to mediate, the fees and expenses might not have been incurred. The Association should be estopped from arguing that any fees and expenses were reasonable and necessary where those fees followed from the Association's violation of the law.

Allowing the Association any recovery also would contravene the strong policy in favor of encouraging alternative dispute resolution. *See, e.g.*, *Towey v. Catling*, 743 F. Supp. 738, 741 n.1 (D. Hawaii 1990). This policy has been codified in H.R.S. Chapter 421J, which <u>required</u> the Association to mediate here. *See* H.R.S. § 421J-13(a). The history of this case demonstrates the wisdom of the policy and the law. Again, recovery should be completely denied.[5]

---

[5] The Court should reject any argument that the governing documents somehow trump Hawaii state law. <u>First</u>, Section 421J-13(a) – which requires an association to mediate "at the request of any party" – does <u>not</u> state that this requirement is inapplicable if the governing documents provide otherwise. Nor does it state that fees and expenses may still be awarded pursuant to the governing documents if an association disregards its obligation to mediate. Indeed, H.R.S. Chapter 421J expressly applies to <u>all</u> community associations and expressly provides that it governs in the event of any conflict with another law. *See* H.R.S. §§ 421J-1, 421J-11. <u>Second</u>, even if Section 421J-13 did allow its requirements to somehow be "trumped" by the governing documents – which it does not – the governing documents would not do so here. Nothing in the governing documents states that the Association may disregard a legal obligation to mediate, or that the Association may be awarded fees and expenses "notwithstanding the requirements of H.R.S. § 421J-13." <u>Finally</u>, the governing documents should be interpreted consistently with the law. The CC&Rs' attorneys' fees provision purports to award the prevailing party its attorneys fees and expenses "[i]f any court (Continued…)

> B. **Even If The Association Were Entitled To Some Fees And Expenses, It Is Not Entitled To The Fees And Expenses That It Now Requests.**
>
>> 1. **The Association's Request For Mr. Krueger's Fees Is Patently Outrageous.**

The Association's request for $6,408.82 in legal fees billed by Mr. Krueger is an ethical outrage. Mr. Krueger admitted that he had an ethical obligation <u>not</u> to act adversely to Western Sunview in this matter, testified in a deposition that he did <u>no</u> legal work in this case, and was not counsel of record. *See* Revere Decl. Exh. 4 (Krueger Depo.) at 14:21-15:4, 16:16-17:1; Exh. 5.[6] The Association therefore is unable to meet its burden of showing that Mr. Krueger's fees were reasonable and necessary. *See* LR 54.3(e); *Tirona v. State Farm Mut. Automobile Ins. Co.*, 821 F. Supp. 632, 636 (D. Hawaii 1993).

>> a. **Mr. Krueger Was Ethically Obligated Not To Act Adversely To Western Sunview In This Matter, Which He Himself Acknowledged.**

Awarding the Association Mr. Krueger's attorneys' fees would reward the violation of ethical obligations. Mr. Krueger was ethically obligated <u>not</u> to act adversely to Western Sunview in this matter, because his firm had previously

---

proceedings are instituted." The purpose of Section 421J-13, however, is to avoid unnecessary court proceedings by requiring an association to mediate "at the request of any party." These proceedings may have been unnecessary had the Association simply followed the law.

[6] Plaintiffs' counsel specifically requested that the Association withdraw its request for Mr. Krueger's fees. This request was ignored.

represented Western Sunview on matters that are the subject of this dispute.  In particular, Ronda Kent of the law firm Ashford & Wriston represented Western Sunview in connection with the Association's governing documents.  Mr. Krueger was a partner at Ashford & Wriston both when Ms. Kent provided such representation, and when this litigation commenced.  Ms. Kent specifically objected to Mr. Krueger representing the Association in this matter and specifically withdrew any waiver that might have been given.  *See* Revere Decl. Exh. 4 (Krueger Depo.) at 15:23-16:3.

Because of this conflict of interest, Mr. Krueger was ethically obligated <u>not</u> to act adversely to Western Sunview in this matter.  *See, e.g.*, Hawaii Rules of Professional Conduct, Rules 1.7(a), 1.10(a).   Mr. Krueger himself has expressly acknowledged both in writing and under oath that he could not represent the Association in this matter because of this conflict.  *See* Revere Decl. Exh. 4 (Krueger Depo.) at 14:21-15:4; Ex. 5.

 To award the Association Mr. Krueger's fees would add insult to injury: Not only would Mr. Krueger have violated an ethical obligation to Plaintiff Western Sunview, ***Plaintiffs would also be inexplicably required to pay for this violation***.  The Association's request for Mr. Krueger's fees should be denied.

### b. Mr. Krueger Testified That He Provided No Legal Services In This Matter.

The Association's request for Mr. Krueger's attorneys' fees should also be

denied because Mr. Krueger testified that he did <u>no</u> legal work in this case.  For example, Mr. Krueger testified that after the litigation commenced, he "was no longer acting as [the Association's] attorney," and that "[e]very time there was a request or a question posed, I told them I had a conflict of interest and I couldn't do anything with it."  Revere Decl. Ex. 4 (Krueger Depo.) at 16:16-17:1.  Fees and expenses cannot be reasonable and necessary where an attorney testifies that he did nothing.  Mr. Krueger's deposition (in which he denies doing any legal work) shows that that his declaration (where he now claims to have done legal work after all) cannot be correct.

The Court should reject any belated attempt by the Association to "harmonize" its request for Mr. Krueger's fees with Mr. Krueger's own testimony and correspondence.  For example, the Court should reject any argument that Mr. Krueger did provide services in this matter, but that such services were somehow "non-legal."  First, the Association has represented in two declarations that Mr. Krueger's work was that of an attorney.  Mr. Shigekane's Declaration expressly states that Mr. Krueger's fees were "[l]egal fees."  Shigekane Decl. at 3.  Mr. Krueger's Declaration also references his "rate for providing <u>legal services</u> to The Bluffs." Krueger Decl. ¶ 4 (emphasis added).  Thus, the Association cannot deny that it is seeking recovery for Mr. Krueger's legal fees, despite the fact that Mr. Krueger testified that he did not and could not do any legal work in this case.

Second, the Association provides absolutely no authority for the proposition that fees for non-legal work may be recovered. The Association may recover only fees permitted by the law, and bears the burden of establishing its legal entitlement to fees. *See generally* LR 54.3(d)(3) ("[T]he moving party shall set forth the applicable authority entitling the moving party to such expense . . . ."). <u>Attorneys</u>' fees are the only fees referenced as recoverable in either Hawaii Community Association statutes or the Local Rules – the former of which prohibits the Association from recovering any fees or expenses at all. *See* H.R.S. §§ 421J-10, 421J-13.[7]

### c. Mr. Krueger Is Not The Association's Counsel Of Record.

The Association fails to cite any authority for the proposition that fees of non-record attorneys may be recovered. The Association also fails to establish that the non-record attorneys' fees were reasonable and necessary. In the *Leone* matter, Western Sunview used the services of attorneys who were not its attorneys of record. However, Western Sunview did <u>not</u> seek – and was <u>not</u> awarded – fees incurred by its non-record attorneys. The Association should similarly not recover

---

[7] Attorneys' fees also are the only fees mentioned in Section 12.5 of the CC&Rs.

Mr. Krueger's fees here.[8]

If the Court considers awarding fees for Mr. Krueger, Plaintiffs request an evidentiary hearing so they can cross-examine Mr. Krueger on the discrepancy between his deposition and his declaration.

### 2. The Association Should Be Denied Recovery Of Those Attorneys' Fees That The Association Fails To Establish Are Attributable To This Case.

The Association has failed to meet its burden of adequately describing "the services rendered, so that the reasonableness of the requested fees can be evaluated." LR 54.3(d)(2). Even if the complete bar to recovery contained in H.R.S. Chapter 421J is ignored, the only fees to which the Association might be entitled are those that it shows were reasonable and necessary in this case.

The Association fails to show that some of the fees and expenses incurred by Mr. Shigekane's firm were not attributable to *Leone*, in which Western Sunview

---

[8] Even if the Association were entitled to recover some of Mr. Krueger's fees – which it is not – it would fail to meet its burden of showing that it is entitled to all the fees it requests. For example, numerous of Mr. Krueger's time entries make reference to the ***Leone*** matter – a matter in which Plaintiff Western Sunview prevailed. *See, e.g.*, Ass'n Ex. F (time entries for Jul-06-05, Aug-01-05, Aug-11-05, Oct-05-05, Oct-14-05, Oct-19-05, Oct24-05, Nov-21-05, Dec-15-05, and Sept-07-06). Thus, the Association is asking to recover fees incurred in a case that the Association lost and in which it had to pay fees. Furthermore, the Association requests fees incurred by an attorney who (1) was ethically prohibited from working on this matter; (2) testified that he did no work; and (3) was a fact witness rather than counsel of record. The Association's request is completely absurd.

prevailed and which the Association was required to pay fees and expenses. For example, Mr. Shigekane's Declaration states that he "excluded costs which are <u>clearly attributable</u> the Leone matter," and that "[f]or the remainder of all costs, the amounts were allocated on a 50/50 basis." Shigekane Decl. ¶ 4. Mr. Shigekane does <u>not</u> state that he used any different method in determining which attorneys' fees he so allocated.

By using this method of allocation, the Association has flipped its burden. Rather than excluding only those fees and costs that were "clearly attributable" to *Leone*, the Association should have excluded all fees and costs that it could <u>not</u> "clearly attribute" to this case. The Association should therefore be denied recovery of all fees and costs that it allocated on a 50/50 basis.

Furthermore, the Association fails to show that those fees and expenses that it fully allocated to this case were for this case and this case alone. Numerous fees for which the Association seeks recovery should be attributed to *Leone*, either in full or in part. *See, e.g.*, Ass'n Exh. A at 002, 005, 036. The Association should be denied recovery of such fees.

Any uncertainty as to which entries are attributable to which case (or cases) was caused by the Association's own insurer – the entity that paid the bills. Mr. Shigekane states that "[a]t the request of the insurer for The Bluffs, billings were not separated between the Federman and the Leone lawsuit." Shigekane Decl. ¶ 3.

- 10 -

The Association's insurer should bear the consequences of the uncertainty that it demanded.

### 3.   The Association Should Not Recover Expert Fees.

Expert fees are not recoverable. *DeRoburt v. Gannett Co.*, 558 F. Supp. 1223, 1228 (D. Hawaii 1983). The Court should therefore deny the Association's request for (1) $8,555.02 in expert fees that were paid by its insurer; (2) $6,879.62 in expert fees that were paid by the Bluffs; and (3) $3,543.88 in expert fees that have incurred interest because they have not been paid. *See* Shigekane Decl. ¶ 4, at 5 (discussion of D 26- D 28 and E 1 – E 3); ¶ 7.[9]

### 4.   The Association Should Not Recover Copying Costs.

The Association also requests $1,476.68 referenced in its Exhibit C and $2,366.09 in copying costs referenced in its Exhibit D. *See* Ass'n Ex. C at 001; Shigekane Decl. ¶ 4, at 3 (description of D 12 – D 25). The Association is not entitled to such costs, because it failed to submit an affidavit "describing the documents copied . . . and the use of or intended purpose for the items copied." *See* LR 54.2(f)(4). Indeed, the Association fails to submit an affidavit that even states the <u>case</u> which these copies were made – this case and/or *Leone* – much less

---

[9] Furthermore, the Association's expert fees include at least $350.75 in interest. *See* the Association's Ex. E at 2. No rule allows for the recovery of interest on expert fees. Even if the Association could recover expert fees – which it cannot – it should bear the cost of interest caused by its own failure to pay its bills on time.

its intended use or purpose for that case.  These costs should also be denied.

### 5. The Association Should Not Recover Costs For Deposition Transcripts.

The Association requests deposition transcript costs in the amounts of $2,022.71 and $1,269.19.  These costs are not recoverable, because the Association fails to show that it reasonably expected to use the depositions for trial preparation, rather than for mere discovery.  *See* LR 54.2(f)(2).

### 6. The Association Should Not Recover Mediation Expenses.

No rule allows for the recovery of mediation expenses.[10]  The Association's request for $1,425.56 should therefore be denied.

### 7. The Association Should Not Recover Travel Fees.

Travel expenses are generally not recoverable.  *DeRoburt v. Gannett Co.*, 558 F. Supp. 1223, 1229 (D. Hawaii 1983); *see also* LR 54.2(f)(2) ("The expenses of counsel for attending depositions are not allowable.").  Since the Association cannot recover its travel expenses, it also should not recover its attorneys' fees for travel time.  *See, e.g*, Ass'n Exh. A, at 050 (entries for 6/22/2005 and 6/23/2005).

---

[10] Furthermore, even if Section 12.5 of the CC&Rs would allow recovery – which it does not because it is "trumped" by H.R.S. Chapter 421J – it would not allow recovery for mediation expenses.  Section 12.5 refers only to fees incurred "in connection" with "court proceedings."

- 12 -

## III.   CONCLUSION

For the foregoing reasons, the Association's request for attorneys' fees and expenses should be denied in its entirety.

DATED:    November 21, 2006

                                              /s/
                              DENELLE M. DIXON-THAYER
                              TERRANCE M. REVERE

                              Attorneys for Plaintiffs
                              WESTERN SUNVIEW PROPERTIES LLC,
                              GUY HANDS, and JULIA HANDS

42046\3001\522552.1

## **ATTORNEY CERTIFICATION**

I have reviewed Plaintiffs' Opposition to the Association's Motion for Fees and Costs ("Plaintiffs' Opposition"). I hereby certify that each factual assertion made in Plaintiffs' Opposition has evidentiary support.

DATED: November 21, 2006.

                                                  /s/
                                    DENELLE M. DIXON-THAYER

                                    Attorneys for Plaintiffs
                                    WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; and JULIA HANDS

42046\3001\522641.1