AYABE, CHONG, NISHIMOTO,
    SIA & NAKAMURA
A Limited Liability Law Partnership

SIDNEY K. AYABE            968-0
RONALD SHIGEKANE        1945-0
1001 Bishop Street, Pauahi Tower 2500
Honolulu, Hawaii  96813
Telephone: 808-537-6119
Facsimile: 808-526-3491
E-mail: Ronald.Shigekane@hawadvocate.com

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC.; GUY HANDS; AND JULIA HANDS,<br><br>     Plaintiffs,<br><br>    vs.<br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAII; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100,<br><br>     Defendants. | **CIVIL NO. CV 03-00463 JMS-LEK**<br>(Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>DEFENDANT THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S **REPLY MEMORANDUM** IN SUPPORT OF MOTION FOR FEES AND COSTS; DECLARATION OF RONALD SHIGEKANE; DECLARATION OF ANDREW BEAMAN; EXHIBITS "A" – "B"; CERTIFICATE OF SERVICE<br><br>**Judge:  Hon. J. Michael Seabright**<br><br>Trial Date:  December 5, 2006 |

2004-069/318268

DEFENDANT THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION'S REPLY MEMORANDUM
<u>IN SUPPORT OF MOTION FOR FEES AND COSTS</u>

Defendant The Bluffs at Mauna Kea Community Association, (hereinafter "The Association"), by and through its attorneys Ayabe, Chong, Nishimoto, Sia and Nakamura, hereby submits its reply to Plaintiffs' Opposition to Motion for Fees and Costs.

## I.    INTRODUCTION

In Plaintiffs' lawsuit against the Leones in the State Circuit Court, Plaintiffs asked for, and received an order granting more than $300,000 in fees and costs for prevailing against the Association.  In this case, where the Association has successfully defended itself, Plaintiffs argue that the Association is not entitled to any of its fees and expenses.

Plaintiffs' reliance on the restrictive provisions of Hawaii's community association statutes is misplaced, as discussed below.  Plaintiffs' alternative arguments to limit certain fees and expenses are equally unavailing.  Except for a revised figure of $3,937.25 instead of $6,408.82 attributed to fees paid by the Association to its in-house counsel, Dennis Krueger, Esq., the Association maintains that it is entitled to it's original request (less the foregoing amount), for a total of $139,861.02 (instead of $142,332.59).

For ease of reference, the paragraphs below track Plaintiffs' numbered arguments.

## II.    ARGUMENT

### A.    Defendant is Not Barred from Recovering its Costs and Expenses

#### 1.    Section 421J-13 Is Not Applicable

Plaintiffs argue that Defendant Association is entirely barred from recovering fees and expenses based on Hawaii's community association statutes, which exempts such recovery if the owner, "had first submitted the claim to mediation..."  Plaintiffs are wrong.

Section 421J-10 (b), H.R.S. provides:

> Nothing in subsection (a) shall be interpreted to mandate the mediation of any dispute involving:
> (1) Actions seeking equitable relief involving threatened property damage...

In this case, the mandatory mediation provisions of §421J-13, H.R.S. were not applicable, since Plaintiffs' action expressly sought equitable relief against the Association, as set forth in their First Amended Complaint:

**Count XII  (Breach of Fiduciary Duty)**

> 60.    One or more Defendants have breached their fiduciary duty toward Plaintiffs in various ways, including but not limited to failing to enforce the governing documents, and misrepresenting the sales prices of other lots.

> 61.    As a direct, proximate, and foreseeable result of the foregoing, Plaintiffs have suffered damage, including diminution in value, loss of view plane, loss of enjoyment of Lot 5, and other damages in an amount to be shown at trial.

**Count XVII (Injunctive Relief)**

73.    As a direct result of the aforesaid acts and omissions of Defendants, Plaintiffs have suffered and will continue to suffer irreparable injury and have an inadequate remedy at law.

75.    As a result of the foregoing, preliminary, permanent and mandatory injunctions should be issued including but not limited to the following:
(a) requiring that the swimming pool, spa, deck, cluster of palm trees and related Structures within the special setback of Lot 6 be permanently removed; (b) requiring that the second residence on Lot 6 be permanently removed; (c) requiring that the County enforce the SMA and 100 foot setback and single family requirements as they apply to Lot 6; and (d) requiring that the Association enforce the covenants, conditions and restrictions, Design Requirements, By-Laws and other governing documents of The Bluffs as they apply to Lot 6.

Additionally, at the time plaintiffs invited the Association to participate in the mediation between themselves and the Federmans, ***there was no dispute, controversy or claim against the Association***.   Section 421J-10 (b), H.R.S. provides, *inter alia*, that in certain actions, Associations may recover fees and costs against the owner:

> …unless, prior to filing the action…the owner has first submitted ***the claim*** to mediation pursuant to section 421J-13, ***and made a good faith effort to resolve the dispute*** under any of those procedures…

When the Association's architect, David Stringer, declined to participate at the mediation, the reason was very clear – it was a dispute between the Western Sunview Properties and the Federmans.  The only purpose for the Association's

participation at their mediation session would have been to approve (or disapprove) any change in planned improvements which were agreed upon by the parties. Thus, Mr. Stringer stated:

> …if both parties agree on a solution that is at variance with the Design Guidelines, a variance request may be submitted to the Design Committee for review along with necessary drawings and justification for variance.
>
> [Plaintiff's Exhibit 3]

Both Plaintiffs and Defendant Federmans were obviously satisfied with the Association's response, since there was no further "request" for the Association to participate in *their* mediation.

Prior to Plaintiffs filing of their First Amended Complaint to add the Association as a Defendant, however, Plaintiffs **did not ask to mediate** their newfound "claim" against the Association. They merely informed the Association's attorney, Mr. Sidney Ayabe, that they would be amending the complaint. Even then, Plaintiff's counsel explained that they still did not perceive their dispute to be against the Association itself, but that it would be named as a Defendant only to address the Defendant Federman's argument:

> We believe that, at most, a "variance" granted by the Design Committee is not an immunity to violate the rules, but merely an indication that the Association will not pursue a violation. Others who are impacted by the violation clearly do not lose their enforcement rights. Nevertheless, because the Federmans are adamant in their theory [that if plaintiffs are unhappy, they must take it up with the Association] we see no choice but to name the Association for failing to enforce the rules. We cannot afford to have the Federmans argue that any blame with the process should go to the empty chair of the Association. [emphasis added, footnotes omitted]…

5

[Exhibit A, 1/23/04 letter by Mr. Revere]

Thus, the sequence of events, which clearly shows there was no "claim" against the Association when it invited the Association to participate at the Federman/Western Sunview mediation was as follows:

| 6/20/03 | – letter from Mr. Revere (Plaintiff) to Mr. Beaman (Defendant Federmans)<br>– "formal" request for mediation between parties.<br>– via copy to Mr. Krueger (Association), request also made upon Association |
|---|---|

[Plaintiffs' Exhibit 1]

| 6/24/03 | – letter from Mr. Revere (Plaintiff) to Mr. Hunter (Mediator)<br>– Description: "This dispute involves two neighboring properties…" |
|---|---|

[Plaintiffs' Exhibit 2]

| 7/02/03 | – ("July 2, 2002" is obviously a typographical error)<br>– letter Mr. Stringer [Assoc] to Messrs. Beaman and Revere<br>– decline to participate, "best to have the individual property owners attempt a resolution of the issues themselves…" |
|---|---|

[Plaintiffs' Exhibit 3]

| 1/23/04 | – letter Mr. Revere (Plaintiff) to Mr. Ayabe (Defendant Assoc.)<br>– plan to name Association as a party unless it can provide compelling grounds not to do so. |
|---|---|

2.    The Association Did Not Violate Hawaii Law, Nor Did It Refuse To Mediate

6

Plaintiffs also argue that the Association refused to participate in pre-litigation mediation and that Plaintiffs made a good faith effort to resolve their dispute with the Federmans despite the absence of the Association.  Plaintiffs are incorrect on four points.

**First,** as noted above, the mandatory mediation provisions of the statute do not apply to disputes involving actions seeking equitable relief involving threatened property damage.  See, §421J-13(b).

**Second,** the Association did not refuse to engage in mediation as Plaintiffs now claim.  It responded to Plaintiff's request in the most reasonable manner possible.  Since the dispute was solely between Plaintiffs and the Federmans, it would have been senseless for the Association to participate in the mediation session - any proposed changes in hardscape and/or landscape  could not be acted upon or approved until presented to the full Design Committee.  Again, there was no *claim* being made against the Association at that time.

**Third,** Plaintiffs' contention that they engaged in a good faith effort to resolve their dispute with the Federmans is demonstrably false.  Plaintiffs' own Exhibit 2 (letter of Mr. Revere dated 6/24/03 to Mr. Hunter) stated:

> Additionally, especially in light of the fact that my client's request that work on the pool area be halted has been ignored, we do not intend to let this be a "floating" mediation, which drags on and the parties or the attorneys get back together once every couple of weeks; either the matter will be resolved before or on the day of the mediation, or it will not be resolved.

*               *               *

7

> Fourth, I understand that Mr. Beaman wants the parties to be present in person. After discussing the matter with my client, it will have at least one representative attending the mediation in person with full settlement authority provided that the Federmans do likewise.

The tone of Plaintiff's letter unmistakably stated that the matter had to be resolved *before*, or *on* the day of the mediation. ***Yet, Plaintiffs sent representatives to the mediation who had no real settlement authority.*** See declaration of Andrew V. Beaman, Esq.

**Fourth**, Plaintiffs argue that allowing the Association its recovery of fees and costs would contravene the "strong policy in favor of encouraging alternative dispute resolution." Plaintiffs' opposition Brief, at 4. However, allowing the Association to recover its fees and costs in this case would do nothing to encourage or discourage alternative dispute resolution, since the mediation provision of the statute did not apply to the situation. If Plaintiffs truly had a claim against the Association in June/July 2003, Plaintiffs could have simply pointed out to the Association that it was <u>mandated</u> to participate in the mediation session rather than merely inviting the Association to participate,.

Further, while there is generally a strong policy in favor of encouraging alternative dispute resolution, that policy was expressly not applicable here. See, §421J-13(b) (exempting situations involving equitable remedies/threatened property damage.)    In constrast, the interpretation of §421J-10 is subject to the well-established principle that statutes in derogation of common rights and

common law must be strictly construed. *See,* e.g. <u>Fonseca v. Pacific Construction Co. Ltd</u>, 54 Haw 578, 513 P.2d 156 (1973); *see also,* <u>Burns Int'l Security Services, Inc. v. Dept. of Transp.</u>, 66 Haw. 607, 671 P.2d 446 (1983).   Hawaii common law is well settled that prevailing parties are entitled to their attorneys fees and costs when provided for by contract.   See, <u>Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.</u>, 58 Haw 606, 575 P.2d 869 (1978).   While section 421J-10, H.R.S. presumably takes away that contractual right in limited, well defined situations, Plaintiffs simply fail to qualify – **a)** there was no "claim" against the Association, **b)** the matter was not actually "submitted …to mediation" and **c)** Plaintiffs did not make a good faith effort to resolve their dispute against the Association under the procedures specified in §421J-13.

Finally, by virtue of the Declaration of Protective Covenants, Conditions and Restrictions (adopted in February, 1997) ("CCRs"), the award of costs and expenses to the prevailing party is a contractual right.   The legislature enacted Chapter 421J, H.R.S. *subsequent* to the CCRs (Act 132, effective June, 1997). Thus, Plaintiffs' reliance on §421J-10 H.R.S. as a basis for denying the Association's recovery of attorneys fees pursuant to contract plainly implicates Article I, Section 10 of the United States Constitution, which prohibits the statutory impairment of contractual rights, entailing a multi-step analysis. See, <u>Application of Herrick</u>, 82 Haw. 329, 922 P.2d 942 (1996); <u>Anthony v. Kualoa Ranch</u>, 69 Haw. 112, 736 P.2d 55 (1987).

**B.    Defendant is Entitled to the Fees and Expenses Presented**

      **1.    The Association's Request for Mr. Krueger's Attorneys Fees is Reasonable**

Plaintiffs argue that the Association's request for $6,408.82 in legal fees billed by Mr. Dennis Krueger, Esq. is an "ethical outrage."   Plaintiffs argue that Mr. Krueger was ethically prevented from acting adversely to Western Sunview Properties, was not counsel of record, admitted he did no legal work in this case, and that his asserted fees should not be reimbursed.

None of the work performed by Mr. Krueger was adverse to Western Sunview.   Since he had been the Design Committee's in-house counsel since 2001, he was an obvious choice to serve as the litigation counsel's designated liaison with the Design Committee.   All of his time, as noted in the time sheets, shows that he acted in this capacity, engaging in activites such as reviewing and disseminating correspondence, answering inquiries from committee members and representing the Association in mediation proceedings.

Footnote 6 (page 5 of Plaintiffs' Opposition) states that "Plaintiffs' counsel specifically requested that the Association withdraw its request for Mr. Krueger's fees. This request was ignored."   Although counsel for Plaintiffs certified that, "each factual assertion made in Plaintiffs' Opposition has evidentiary support", this borders on a misrepresentation.   The Association did not ignore the request[1],

---

[1] In the Association's Statement of Consultation (filed November 7, 2006), it was noted that Plaintiffs objected, *inter alia,* to Mr. Krueger's fees on several grounds,

10

which was not a request, but more of a threat – i.e., that if the Association did not

withdraw its request for Mr. Krueger's fees, Plaintiffs would pursue further and

separate legal proceedings against the Association and/or Mr. Krueger.

While all of the costs are legitimately reimbursable, the Association has

agreed to reduce the request in order to avoid further controversy – only those

costs directly attributed to Mr. Krueger's participation in mediation matters are

now requested, for a total of **$3,937.25** ($3,780.00 plus 4.16% GET = $3,937.25)

instead of the originally requested $6,408.82.

### 2.    The Association's Method of Allocation Between the Leone (State Court) lawsuit and This Lawsuit is Reasonable

Plaintiffs complain that the Association should have excluded all fees and

costs that it could not "clearly attribute" to this case.   That is certainly

unreasonable.  For example, when depositions of various witnesses were taken,

including that of Mr. and Mrs. Hands and Mr. Dennis Krueger, it was agreed that

the depositions could be used in both the Leone (State Court) and the Federman

(Federal Court) case.  Plaintiffs would have this Court exclude all such fees.

While Plaintiffs purport to cite instances of "numerous fees which should be

---

but that the parties expected to engage in further discussions prior to the settlement
conference which was scheduled for November 19, 2006.  However, because of
subsequent changes in the date and scope of the settlement conference, these
further discussions did not occur.

attributed to Leone, either in full or in part" (see Opposition, page 10), no specific items are identified.[2]

It should further be noted that Mr. Krueger's declaration (¶ 6) states that his listing of fees already reflects an equal allocation between the Federman and Leone cases were work was performed for both cases.

### 3.     Expert Fees are Recoverable as Costs and "Expenses"

Plaintiffs apparently argue that expert fees are never recoverable, citing DeRoburt v. Gannett Co., 558 F. Supp. 1223 (D. Hawaii 1983).  However, DeRoburt involved a defamation action decided under Nauru/English law regarding the award of attorneys' fees.   Allowable costs were determined pursuant to the Federal Rules of Civil Procedure.   The expert fees requested here, however, are sought pursuant to the Association's right under the CCRs, which allows for the recovery of all costs and expenses.  See, e.g. SapaNajin v. Gunter, 857 F.2d 463, 465(8th Cir. 1988) (expert fees allowed not as taxable "costs", but as "expenses" allowed by statute.)

### 4.     Copying Costs Should be Allowed

Plaintiffs argue that none of the copying costs requested by the Association should be allowed, since it has not complied with LR 54.2(f)(4).   The cited rule,

---

[2] Plaintiffs broadly refer to designated pages of Exh. A, without presenting any arguments.  To illustrate, on the cited page 2 of Exhibit A, all fees incurred from January, 2004 to April 1, 2004 are requested for *this* case.  It is entirely reasonable *not* to allocate any of these fees to the Leone case, since the Leone case was not filed until July, 2004.

however, applies to the "taxation of costs" which are normally allowed to the prevailing party as a matter of course – which entails different procedures.   For example, under LR 54.2(d)(1), if no objection is filed to the Bill of Costs, the Clerk of Court may tax all of the requested costs without notice or hearing.  The Association's recovery of litigation expenses is not limited by statute or rule, but is governed by contract:

> …the prevailing party shall be entitled to recover from the losing party its ***costs and expenses in connection therewith***, including attorneys' fees.

> [emphasis added, CCRs, §12.5]

To the extent that the association's counsel has submitted a declaration that the fees and expenses were reasonably and necessarily incurred in representing the Association, recovery should be allowed.

### 5.    Deposition Transcript Costs Should be Allowed

Plaintiffs argue that the Association's deposition transcript costs are not recoverable, since it failed to show that it reasonably expected to use the depositions for trial preparation, rather than for mere discovery.   Again, Plaintiffs cite a rule which is not applicable to the Association's present request.   Even so, it is difficult to imagine which depositions could be characterized as taken  for the purpose of "mere discovery" rather than "trial preparation".   The Association submits that all of the deposition costs were incurred with the reasonable expectation that the depositions were taken for trial preparation.

13

### 6.    Mediation Expenses Should Be Allowed

Plaintiffs argue that there is no rule allowing for the recovery of mediation expenses and that section 12.5 of the CCRs refers only to fees incurred "in connection" with "court proceedings."   As noted above, however, the CCRs broadly provides for the recovery of the prevailing party's "costs and expenses in connection with" any court proceedings.   In this case, this court ordered the parties to engage in mediation.   Further, even if the parties voluntarily engaged in the mediation sessions, it would have assuredly been, "in connection with" the pending court proceedings of this case and the Leone case.

### 7.    Travel Fees Are Also Recoverable

Plaintiff argues that its attorneys' fees attributable to travel for the mediation sessions in Kona should not be allowed, citing DeRoburt  (supra)  558 F.Supp.  at 1229 (D. Hawaii 1983) for the proposition that expenses of counsel for attending depositions are not allowable.  The case, however, concerns the application of Nauru/English law regarding the award of "costs",  which includes attorneys fees and subject to the "considerable discretion" of the court.   The case contains no reference to the award of attorneys fees attributable to necessary travel.

DATED:  Honolulu, Hawaii;  __NOV 2 8 2006__ .

_____
SIDNEY K. AYABE
RONALD SHIGEKANE
Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WESTERN SUNVIEW PROPERTIES, )
LLC.; GUY HANDS; AND JULIA )
HANDS, )
                             )
           Plaintiffs, )
                             )
    vs. )
                             )
IRWIN FEDERMAN; CONCEPCION )
S. FEDERMAN; THE BLUFFS AT )
MAUNA KEA COMMUNITY )
ASSOCIATION; MAUNA KEA )
PROPERTIES, INC.; MAUNA KEA )
DEVELOPMENT CORP.; COUNTY )
OF HAWAII; JOHN DOES 1-100; )
JANE DOES 1-100; DOE )
PARTNERSHIPS 1-100 AND DOE )
CORPORATIONS 1-100, )
                             )
           Defendants. )
_____ )

2004-069/318268

**CIVIL NO. CV 03-00463 DAE LEK**

(Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____ NOV 2 8 2006 _____ a true and correct copy of Defendant The Bluffs at Mauna Kea Community Association's Reply Memorandum in Support of Motion for Fees and Costs was duly served upon the following parties listed below, at their last-known addresses, as indicated below:

| | | |
|---|---|---|
| TERRANCE M. REVERE, ESQ. | U.S. Mail | [  ] |
| JACQUELINE E. THURSTON, ESQ. | Hand-Delivery | [X] |
| 1000 Bishop Street, Suite 801 | Electronically | [X] |
| Honolulu, Hawaii 96813 | | |

And

| | | |
|---|---|---|
| DENELLE M. DIXON-THAYER, ESQ. | U.S. Mail | [  ] |
| 275 Battery Street, 23rd Floor | Hand-Delivery | [  ] |
| San Francisco, California 94111 | Electronically | [X] |

     Attorneys for Plaintiffs
     WESTERN SUNVIEW PROPERTIES, LLC
     GUY HANDS AND JULIA HANDS

| | | |
|---|---|---|
| J. DOUGLAS ING, ESQ. | U.S. Mail | [  ] |
| BRIAN A. KANG, ESQ. | Hand-Delivery | [  ] |
| First Hawaiian Center, 23rd Floor | Electronically | [X] |
| 999 Bishop Street | | |
| Honolulu, Hawaii 96813 | | |

     Attorneys for Defendants
     MAUNA KEA PROPERTIES, INC. and
     MAUNA KEA DEVELOPMENT CORP.

     DATED: Honolulu, Hawaii     NOV 2 8 2006   .

SIDNEY K. AYABE
RONALD SHIGEKANE
Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

2