# EXHIBIT "A"

# MOTOOKA YAMAMOTO & REVERE

MILTON M. MOTOOKA
MYLES T. YAMAMOTO
TERRANCE M. REVERE
RANDALL K. SING
BRIAN A. BILBERRY
JACQUELINE E. THURSTON

ATTORNEYS AT LAW
A LIMITED LIABILITY LAW CORPORATION

1000 BISHOP STREET, SUITE 801
HONOLULU, HAWAII 96813

TELEPHONE (808) 532-7900
FAX: (808) 532-7910
http://www.myrhawaii.com
eMail: terry@myrhawaii.com
Direct Line: (808) 532-7900 ext. 516

January 23, 2004

**VIA FAX: 526-3491**
**AND FIRST CLASS MAIL**

Sidney K. Ayabe, Esq.
Ayabe Chong Nishimoto Sia & Nakamura
1001 Bishop Street
2500 Pauahi Tower
Honolulu, Hawaii  96813

Re:   Western Sunview Properties, LLC v. Federmans;
      Civil No.: CV03-00463 DAE LEK

Dear Sid:

This letter is being written for settlement purposes only, pursuant to HRE and FRE 408. Thank you for contacting me recently regarding the 30(b)(6) witnesses of the Association. As you know, we have been attempting to get this deposition taken for quite a long time. We are still eager to take the deposition as soon as possible. However, I wanted to let you know that we will be moving to amend the complaint to add your client as a party.

My client certainly did not want to name its own Association as a party, as this case primarily involves the Federman's violation of a clear setback rule, and my client and I believe that a mandatory injunction should provide satisfactory relief for the violation. However, the Federmans are apparently proceeding under the erroneous theory that; (1) the special setback requirement can be completely ignored if the Design Committee says so; (2) my client has no right to do anything about the violation of the rules and the destruction of its views and (3) if it is unhappy it has to take it up with the Association. I believe that the Federman's theory is erroneous for a host of reasons including, but not limited to: (1) the fact that the plain language of the project documents and the case law doesn't support it; (2) because the adoption of the theory would raise the already high level of the fiduciary duty the Association owed my client through the roof; and (3) to be



EXHIBIT A

Sidney K. Ayabe, Esq.
January 23, 2004
Page 2

frank, the Association's approval process was handled terribly and violated every hallmark of fairness and due process.[1]

We believe that, at most, a "variance" granted by the Design Committee is not an immunity to violate the rules, but merely an indication that the Association will not pursue a violation.[2] Others who are impacted by the violation clearly do not lose their enforcement rights.[3] Nevertheless because the Federmans are adamant in their theory

---

[1] For example, (1) the Design Committee didn't give my client notice of the fact that the Federmans were intending on building over 3,500 square feet of visible structures in the coastal setback area; (2) the Committee didn't give my client any opportunity to be heard on the issue (3) it didn't authorize its architect to undertake any studies to examine the impact on my client's lot or the view from the lot; (4) it didn't even visit my client's lot to assess how it would impact my client's view and (5) to top it off, Mr. Gunderson, one of the Committee members who deliberated with the other members and voted to approve Mr. Federman's construction is an attorney for Mr. Federman's firm. I saw no evidence in Mr. Stringer's files that this conflict was disclosed to the other members of the committee or its consultants. In any event, since it is now known to the Association, I don't think that Mr. Gunderson should be participating in or making decisions on issues pertaining to the Federmans or Western Sunview from this point forward. I would appreciate it if you could inform me one way or another if Mr. Gunderson will still be allowed to participate in decisions regarding the Federmans. Additionally, I would appreciate it if you would please let me know if I am incorrect (ie. whether the relationship between Federman and Gunderson was disclosed to the other members of the committee).

[2] It is clear under the governing documents that in order to construct a structure at The Bluffs, Plaintiff's have to get both (1) approval of the Design Committee and (2) act in accordance with the rules. Section 2.8 of the Declaration of Protective Covenants and Restrictions provides that:

> No new improvements, or material alterations in existing improvements shall be constructed, placed or made on any Lot of any classification, except in accordance with plans, specifications, and other materials approved by the Design Committee, **and** in **accordance with the applicable Design Requirements.** The Design Committee **shall not approve** any work or improvements for a Lot or portion of a Lot for use which is inconsistent with the provisions of this Declaration. [Emphasis added].

[3] See, e.g., Section 12.5 of the Declaration which provides that:

> **In addition to any other remedies herein provided, each provision to this Declaration with respect to an Owner or the Lot of an Owner shall be enforceable by the Association, by Declarant, or by any Owner by a proceeding for a prohibitive or mandatory injunction or by a suit or action to recover damages.** If any court proceedings are instituted in connection with the right of enforcement and remedies provided in this Declaration, the prevailing party shall be entitled to recover from the losing party its costs and expenses in connection therewith, including attorneys' fees. Notwithstanding anything to the contrary contained herein, Declarant shall have no obligation to enforce any of the provisions of this Declaration. **The failure to enforce any provision hereof shall not constitute a waiver of any right to enforce such provision or any other provision hereof.** [Emphasis added].

Sidney K. Ayabe, Esq.
January 23, 2004
Page 3

we see no choice but to name the Association for failing to enforce the rules. We cannot afford to have the Federmans argue that any blame with the process should go to the empty chair of the Association. Therefore, unless the Association can provide us with compelling grounds not to do so, we intend to move to amend the complaint this week.

If you would like to discuss this matter with me, please do not hesitate to call.

Sincerely,

Terrance M. Revere

TMR:blo
ayabe01.ltr.doc

---

Consistent with the above, Section 5.3.2 of the Design and Constructive Requirements for Homes states that obtaining a variance by the Design Committee does not equate to a finding that the construction is actually legal:

> Compliance with Laws. **Any approvals** by the Design committee **shall not** constitute, or be a substitute for, **any approval required by county, state or federal law. The consent or approval of the Design Committee**, or of any architect, engineer or other consultant hired by the Design Committee, of any plans and specifications submitted to the Design committee **shall not** mean or be taken to mean or be deemed to **constitute a representation by the Design committee** that such plans and specifications of the buildings, structures or other improvements covered by such plans and specifications satisfy **any legal requirements** or meet all engineering or building safety requirements or are free from defective workmanship or materials. [Emphasis added].