IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; AND JULIA HANDS,<br><br>Plaintiffs,<br><br>vs.<br><br>IRWIN FEDERMAN ET AL.,<br><br>Defendants. | Civil No. CV03-00463 JMS LEK (Contract, Injunction; Other Non-Vehicle Tort; Declaratory Judgment, Other Civil Action)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.   SETTLING PARTIES**

The Settling Parties are Plaintiffs Western Sunview Properties, LLC; Guy Hands; and Julia Hands (collectively, "Plaintiffs") and Defendants Mauna Kea Properties, Inc. and Mauna Kea Development Corp. (collectively, the "Mauna Kea Defendants").

No other parties in this case are parties to the Settlement Agreement currently before the Court. Plaintiffs have previously settled with Defendants Irwin and Concepion Federman. *See* Order Granting Motion for Determination of Good Faith Settlement, dated January 10, 2006. The parties have also previously stipulated to the dismissal of Defendant the County of Hawaii. *See* Stipulation of

Dismissal, filed on October 25, 2005.  In addition, the Court has granted summary judgment to Defendant The Bluffs at Mauna Kea Community Association (the "Association").  *See* Order Granting Summary Judgment, filed on August 30, 2006.  Plaintiffs intend to appeal the grant of summary judgment to the Association and, if successful, pursue claims against it.

Other than the Settling Parties and the parties referenced in the previous paragraph, there are no other parties to this case.

## II.     Settlement Terms And Basis For The Settlement

The principal terms of the Settlement Agreement, which include a confidentiality provision, were stated on the record on October 30, 2006.  The October 30, 2006 proceedings were sealed by the Court.  *See* Minute Order, dated October 30, 2006.

The statutory provisions relating to the good faith determination of a settlement are set forth in Hawaii Revised Statutes § 663-15.5 ("Section 663-15.5").  Section 663-15.5 "does not require that the settling parties present a record to the court explaining the basis of the settlement.  In fact, the statute places the burden on the party challenging the good faith determination."  *Whirlpool Corp. v. CIT Group/Business Credit, Inc.*, 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003).

## III.    The Settlement Is Made In Good Faith

Plaintiffs respectfully submit that the Settlement Agreement between

Plaintiffs and the Mauna Kea Defendants was reached in good faith based upon the totality of circumstances, including the following factors: (1) the liability of the Mauna Kea Defendants was disputed; (2) this matter was heavily litigated amongst the Settling Parties; and (3) the settlement was the result of arms-length negotiation, which involved the efforts of the parties and mediators, including Keith Hunter and the Honorable Eugene Lynch (Ret.).

In *Troyer v. Adams*, 102 Haw. 399, 77 P.3d 83 (Haw. 2003), the Supreme Court of Hawaii considered Section 663.15-5 and referenced the Legislature's goals of "simplifying the procedures and reducing the costs associated with claims involving joint tortfeasors, while providing courts with the opportunity to prevent collusive settlements aimed at injuring non-settling tortfeasors' interests." 102 Haw. at 427, 77 P.3d at 11. The Court held that these goals are "best served by leaving the determination of whether a settlement is in good faith to the sound discretion of the trial court in light of the totality of the circumstances surrounding the settlement." *Id.*

In evaluating the good faith of a settlement, the Court may consider various factors:

> [T]he trial court may consider the following factors to the extent that they are known at the time of settlement: (1) the type of case and difficulty of proof at trial, e.g., rear-end motor vehicle collision, medical malpractice, product liability, etc.; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the

> plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose. The foregoing list is not exclusive, and the court may consider any other factor that is relevant to whether a settlement has been given in good faith.

*Id.*

Plaintiffs respectfully submit that the totality of the circumstances establish that the Settlement Agreement between Plaintiffs and the Mauna Kea Defendants was made in good faith. This matter was vigorously litigated by the parties, and the Settlement Agreement was not the product of collusion. Indeed, Plaintiffs and the Mauna Kea Defendants did not settle until after Plaintiffs settled with the Federmans, the County of Hawaii was dismissed, and the Association was granted summary judgment.

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that this Court make a determination that the Settlement Agreement between Plaintiffs and the Mauna Kea Defendants is made in good faith within the meaning of Hawaii Revised Statutes § 663-15.5.

DATED: March 9, 2007

          /s/
TERRANCE M. REVERE

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC;
GUY HANDS; and JULIA HANDS