IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC, | ) ) ) | CIVIL NO. 03-00463 JMS-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| IRWIN FEDERMAN; ET AL., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON DEFENDANT THE BLUFFS AT
MAUNA KEA COMMUNITY ASSOCIATION'S MOTION FOR FEES AND COSTS**

Before the Court, pursuant to a designation by United States District Judge J. Michael Seabright, is Defendant the Bluffs at Mauna Kea Community Association's ("the Association") Motion for Fees and Costs, filed October 24, 2006 ("Motion"). The Association requests $113,464.85 in attorneys' fees and $26,396.77 in costs/expenses, for a total of $139,861.62. In accord with Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawai`i ("Local Rules"), the Court finds this matter suitable for disposition without a hearing. After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion should be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court GRANT the Motion with respect to the Association's entitlement to fees and costs, but DENY the Motion without prejudice as to the amount of fees and costs.

**BACKGROUND**

The parties and the Court are familiar with the factual and procedural background of this case.  The Court will only address the events that are relevant to the motion currently before the Court.

Plaintiffs Western Sunview Properties, LLC ("Western Sunview"), Guy Hands, and Julia Hands (collectively "Plaintiffs") initially filed this action in state court against their neighbors, Defendants Irwin Federman and Concepcion Federman (collectively "Federmans").  The Federmans removed the action to federal court on August 28, 2003.  By way of letter dated June 20, 2003, Western Sunview formally requested that the Federmans and the Association participate in mediation regarding the dispute against the Federmans pursuant to Hawai`i Revised Statutes ("HRS") § 421J-13.  At the time, Plaintiffs had yet to assert any claims against the Association.  On April 24, 2004, Plaintiffs filed their First Amended Complaint adding the Association, Mauna Kea Properties, Inc. and Mauna Kea Developments Corp. as defendants.  Plaintiffs' primary claim against the Association was that it violated the Declaration of Protective Covenants, Conditions and Restrictions ("CCRs") by wrongfully approving various improvements to the Federmans' property.

2

On June 21, 2006, the district court granted the
Association's motion for summary judgment as to all claims
against it, with the exception of a possible claim based on the
approval of additional palm trees.  On August 30, 2006, the
district court granted the Association's motion for summary
judgment in its entirety and dismissed all remaining claims
against the Association.

The Association now seeks its attorneys' fees and
costs, pursuant to the terms of the CCRs.  Section 12.5 of the
CCRs provides:

> 12.5  <u>Enforcement and Remedies</u>.  In addition to
> any other remedies herein provided, each provision
> to this Declaration with respect to an Owner or
> the Lot of an Owner shall be enforceable by the
> Association, by Declarant, or by any Owner by a
> proceeding for a prohibitive or mandatory
> injunction or by a suit or action to recover
> damages.  If any court proceedings are instituted
> in connection with the right of enforcement and
> remedies provided in this Declaration, **the
> prevailing party shall be entitled to recover from
> the losing party its costs and expenses in
> connection therewith, including attorneys' fees.**

[Mot. at 3 (emphasis in original).]  The Association notes that
Western Sunview prevailed against the Association in a related
state court action arising from the Association's approval of
improvements by Western Sunview's other neighbors, the Leone-
Perkins Family Trust ("<u>Leone</u>").  The state court awarded Western

Sunview $308,180.00 in attorneys' fees and $26,062.16 in costs.[1]
The Association argues that the fees and costs it has requested
in the instant case are comparable to those awarded in the state
court action.  [Id. at 4.]

Plaintiffs filed their memorandum in opposition to the
Motion on October 21, 2006.  Plaintiffs first argue that Hawai`i
Revised Statutes § 421J-10(b) bars the Association from
recovering its attorneys' fees and costs because, pursuant to
§ 421J-13, Plaintiffs made a good faith request to mediate the
dispute prior to instituting this action and the Association
refused to participate.  [Mem. in Opp'n at 2-3.]  Plaintiffs
argue that awarding the Association attorneys' fees and costs
would reward it for violating Hawai`i law and would be contrary
to the strong policy favoring alternate dispute resolution.  They
emphasize that, had the Association agreed to mediate, it may
have avoided incurring the expenses it now requests.  [Id. at 4.]

Assuming, *arguendo*, that the Association is entitled to
attorneys' fees and costs, Plaintiffs argue that the Association
is not entitled to Dennis Krueger's attorneys' fees.  Another
attorney in Mr. Krueger's law firm represented Western Sunview in
connection with the Association's governing documents.
Plaintiffs argue that Mr. Krueger had an ethical obligation not

---

[1] The award represents 1,540.9 hours at $200 per hour.  In
contrast to the instant case, which was resolved on summary
judgment, Leone proceeded to a jury trial.  [Mot. at 4.]

to take any action that was adverse to Western Sunview in this matter.  He himself acknowledged in writing and in his deposition that he could not represent the Association in this action because of the conflict of interest.  Further, Mr. Krueger testified at his deposition that he did not do any legal work on this case.  [Id. at 5-7.]  Plaintiffs also point out that Mr. Krueger is not the Association's counsel of record in this case and the Association has not established that his work was reasonable and necessary in this action.  Plaintiffs acknowledge that, in Leone, Western Sunview used the services of attorneys who were not counsel of record, but Plaintiffs emphasize that they did not request, nor did they receive, attorneys' fees for those attorneys.  If the Court is inclined to find that the Association is entitled to Mr. Krueger's fees, Plaintiffs ask for an evidentiary hearing to cross-examine Mr. Krueger about the work he did in this case.  [Id. at 8-9.]

Plaintiffs also argue that the Association has failed to establish that some of the requested fees were not attributable to Leone.  They acknowledge that the Association excluded costs that were solely attributable to Leone and claimed one-half of costs that were attributable to both cases, but Plaintiffs argue that there is no evidence that the Association similarly excluded Leone attorneys' fees.  Plaintiffs assert that there are numerous fee entries that are attributable to Leone, in

whole or in part.  Further, the Association concedes that, at the
request of its insurer, it did not maintain separate billings for
this case and <u>Leone</u>.  The Association should therefore bear the
consequences of the inability to distinguish between the fees
incurred in the two cases.  [<u>Id.</u> at 9-11.]

      Plaintiffs also object to the costs that the
Association requests.  Plaintiffs argue that: expert fees,
mediation expenses, and travel expenses are not recoverable; the
Association did not provide adequate information to substantiate
its copying costs; and the deposition transcripts were not for
trial preparation.  [<u>Id.</u> at 11-12.]

      The Association filed its reply on November 28, 2006.
The Association first argues that the mandatory mediation
provisions of § 421J-13 did not apply because Plaintiffs sought
equitable relief involving threatened property damage.  Further,
when Plaintiffs requested the mediation, the pending dispute was
only between Plaintiffs and the Federmans; there was no claim
against the Association to mediate.  Plaintiffs did not request a
mediation with the Association prior to the filing of the First
Amended Complaint.  [Reply at 3-5.]  The Association therefore
argues that it was not obligated to participate in mediation with
Plaintiffs and that the contractual entitlement to attorneys'
fees and costs under the CCRs controls.  [<u>Id.</u> at 9.]

The Association also maintains that it is entitled to Mr. Krueger's fees because he did not act adversely to Western Sunview. He merely served as litigation counsel's liaison with the Design Committee. Although the Association believes that it is entitled to Mr. Krueger's full fees, in an attempt to avoid further controversy, it reduced its request for Mr. Krueger's fees and costs. The Association only seeks the fees and costs associated with Mr. Krueger's participation in mediation in this matter. [<u>Id.</u> at 10-11.] The Association also points out that it did allocate the fees incurred in <u>Leone</u> and the instant case and argues that the allocation was reasonable. [<u>Id.</u>]

The Association additionally argues that many of Plaintiffs' objections to its cost requests are unfounded because it seeks non-taxable expenses under the CCRs, not taxable costs pursuant to Federal Rule of Civil Procedure 54. Thus, expert fees, mediation fees, and travel expenses are recoverable; the requirements of Local Rule 54.2(f)(4) for the substantiation of copying costs do not apply; and the requirement that deposition transcripts be for trial preparation also does not apply. [<u>Id.</u> at 12-14.]

**DISCUSSION**

I.   <u>**Timeliness of the Motion**</u>

Motions for attorneys' fees and costs "must be filed no later than 14 days after entry of judgment[.]" Fed. R. Civ. P.

54(d)(2)(B); <u>see</u> <u>also</u> Local Rule 54.3(a).  "Rule 54(a) defines

'judgment' as including 'any order from which an appeal lies' and

'posits a relationship between a judgment and its appealability.'

<u>Pavlovich v. Nat'l City Bank</u>, 461 F.3d 832, 836 (6th Cir. 2006)

(quoting <u>Castro County, Texas v. Crespin</u>, 101 F.3d 121, 128 (D.C.

Cir. 1996)).  At the time the Association filed its Motion, it

was premature, insofar as the Court had not yet entered judgment.

Since then, on March 21, 2007, the Court entered judgment.  The

Court finds that the Association timely filed its Motion.

## II.  <u>Entitlement to Attorneys' Fees</u>

### A.   <u>CCRs and Hawai`i Revised Statutes § 421J-10</u>

The Association seeks attorneys' fees pursuant to the

terms of the CCRs.  Section 12.5 of the CCRs provides in

pertinent part:  "If any court proceedings are instituted in

connection with the right of enforcement and remedies provided in

this Declaration, **the prevailing party shall be entitled to**

**recover from the losing party its costs and expenses in**

**connection therewith, including attorneys' fees**."  [Mot. at 3.]

A federal court sitting in diversity must apply state law in

determining whether the prevailing party is entitled to

attorneys' fees.  <u>See</u> <u>Farmers Ins. Exch. v. Law Offices of</u>

<u>Conrado Joe Sayas, Jr.</u>, 250 F.3d 1234, 1236 (9th Cir. 2001).

Under Hawai`i law, "[o]rdinarily, attorneys' fees cannot be

awarded as damages or costs unless so provided by statute,

stipulation, or agreement." <u>Stanford Carr Dev. Corp. v. Unity</u> <u>House, Inc.</u>, 111 Hawai`i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

In the instant case, the CCRs clearly entitle the prevailing party to attorneys' fees and costs.  Notwithstanding this provision, Plaintiffs argue that HRS § 421J-10 precludes the Association from recovering its attorneys' fees and costs because Plaintiffs made a good faith request to mediate the dispute, under HRS § 421J-13, prior to instituting the action and the Association declined to participate.  The first issue is therefore whether Plaintiffs submitted their claim against the Association to mediation pursuant to HRS § 421J-13 prior to commencing the action against the Association such that HRS § 421J-10 would operate to foreclose the recover of fees and costs.  HRS § 421J-10(b) provides:

> If a member is not the prevailing party in any court action against an association, any of its officers or directors, or its board of directors, to enforce any provision of the association documents or this chapter, then all reasonable and necessary expenses, costs, and attorneys' fees incurred by the association shall be awarded to the association, unless . . . prior to filing the action in a higher court, the owner has first submitted the claim to mediation pursuant to section 421J-13, and made a good faith effort to resolve the dispute under any of those procedures.

Haw. Rev. Stat. § 421J-10.  In other words, when members of an association are not the prevailing party in the court action against the association and have not submitted their claims to

mediation prior to filing the action in court, the association shall be awarded fees and costs.

Here, Plaintiffs amended their Complaint on April 24, 2004, to add the Association as a defendant.  Prior to the amendment, Plaintiffs requested that the Association participate in mediation.  The requested mediation solely involved Plaintiffs' dispute with the Federmans, however, as Plaintiffs had not yet made any claims against the Association.[2]  Because Plaintiffs did not submit their claims against the Association to mediation prior to amending their Complaint, the Association is not barred from recovering attorneys' fees and costs under HRS § 421J-10(b).  In fact, § 421J-10(b) mandates that it recover reasonable and necessary expenses, costs and fees.  Thus, both the CCRs and § 421J-10(b) provide for a prevailing party's recovery of fees and costs.

B.   **Prevailing Party**

The second issue then is whether the Association is the

---

[2] Plaintiffs only submitted their dispute with the Federmans to mediation in the June 20, 2003 letter.  [See Ex. 1 to Opp'n.] David Stringer's letter declining to participate in the mediation between the Federmans and Western Sunview indicates that any participation by the Association in mediation would improperly suggest to the parties that opinions expressed by design consultants would be approved by the Design Review Committee. [Ex. 3 to Opp'n.]  It is therefore apparent that Plaintiffs sought the Association's participation not because of claims against the Association, but because they desired to consult with designers in an effort to facilitate resolution.  The Court notes that the letter drafted by Mr. Stringer appears to be improperly dated 2002, instead of 2003.

prevailing party.  "'In general, a party in whose favor judgment is rendered by the district court is the prevailing party in that court, plaintiff or defendant, as the case may be. . . .'"  MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at 54-323-54-324, (2d ed. 1992)) (some alterations in original); see also Village Park Cmty. Ass'n v. Nishimura, 108 Hawai`i 487, 503, 122 P.3d 267, 283 (Haw. Ct. App. 2005) (quoting MFD Partners).  The Hawai`i Supreme court has similarly pronounced a general rule that "where a party prevails on the disputed main issue [in a case], even though not to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees."  MFD Partners, 9 Haw. App. at 514 (quoting Food Pantry, Ltd. v. Waikiki Bus. Plaza, Inc., 58 Haw. 606, 620, 575 P.2d 869, 879 (1978)) (quotations omitted).

By way of its June 21, 2006 and August 30, 2006 orders, the district court granted summary judgment in favor of the Association and dismissed all remaining claims against it.  The Association thus obtained a total victory on all of Plaintiffs' claims.  The Court entered final judgment on March 21, 2007.  As such, this Court finds that the Association is the prevailing party.

III. **Calculation of Attorneys' Fees, Costs and Expenses**

After careful review of the Associations submissions, the Court finds that they fail to comply with the Local Rules in a number of respects.  For example, the Association's time sheets are not organized by litigation phase as required by Local Rule 54.3(d).  In addition, the time entries and invoices do not contain adequate descriptions to enable the Court to evaluate whether the litigation costs were incurred in this case or in the related Leone lawsuit.  Ronald Shigekane's Declaration indicates that the billings in this lawsuit and the <u>Leone</u> lawsuit were not separated.  While Mr. Shigekane has attempted to separate the billings to the best of his knowledge, he has not organized the billings or provided adequate descriptions for the Court to evaluate the reasonableness of the billings.  Thus, the Court is unable to discern whether the fees and costs requested by the Association are reasonable.  The Court consequently recommends that the Association's request for fees and costs be denied without prejudice and that the Association be permitted to refile its request in compliance with the Local Rules on or before July 20, 2007.

## **CONCLUSION**

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that the Association's Motion for Fees and Costs, filed October 24, 2006, be GRANTED IN

12

PART and DENIED IN PART.  The Court recommends that the district court GRANT the Motion to the extent that this Court finds that the Association is entitled to attorneys' fees and costs pursuant to the CCRs and HRS § 421J-10 and DENY the Motion WITHOUT PREJUDICE as it relates to the amount of fees and costs sought. In connection therewith, the Court recommends that the district court instruct the Association that if it elects to refile its Motion, it must do so on or before July 20, 2007, and it must comply with all Local Rules, including but not limited to Local Rule 54.3.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, July 3, 2007.



_/S/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States Magistrate Judge

**WESTERN SUNVIEW PROPERTIES, LLC, ET AL. V. FEDERMAN, ET AL.; CIVIL NO. 03-00463 JMS-LEK; REPORT OF SPECIAL MASTER ON DEFENDANT THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S MOTION FOR FEES AND COSTS**