AYABE CHONG NISHIMOTO SIA &
NAKAMURA

RONALD M. SHIGEKANE     1945-0
Pauahi Tower
1001 Bishop Street, Suite 2500
Honolulu, Hawaii 96813
Telephone: (808) 537-6119
Facsimile: (808) 526-3491

Attorney for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

MOTOOKA YAMAMOTO & REVERE
A Limited Liability Law Corporation

TERRANCE M. REVERE      5857-0
KAPONO P.H. KIAKONA     7691-0
Cades Schutte Building
1000 Bishop Street, Ste. 801
Honolulu, Hawaii 96813
Telephone: (808) 532-7900
Facsimile: (808) 532-7910

Attorneys for Plaintiffs
WESTERN SUNVIEW PROPERTIES, LLC., GUY HANDS
and JULIA HANDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC, GUY HANDS and JULIA HANDS<br><br>Plaintiffs,<br><br>vs.<br>_____ | ) CV-03-00463-JMS/LEK<br>)<br>)<br>)<br>) MEMORANDUM IN SUPPORT OF<br>) MOTION<br>)<br>)<br>)<br>) |

```
IRWIN FEDERMAN; et al.,        )
                               )
          Defendants.          )
                               )
_____)
```

## MEMORANDUM IN SUPPORT OF MOTION

Defendant THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION (the "Association") and Plaintiffs WESTERN SUNVIEW PROPERTIES, GUY HANDS and JULIA HANDS ("WSP Plaintiffs") (collectively referred to as the "Moving Parties") submit this memorandum in support of their Joint Motion to Vacate the Order Granting Defendant the Bluffs at Mauna Kea Community Association's Motion for Summary Judgment Filed on June 21, 2006 (the "Motion"). The Moving Parties request that the Court vacate the Order Granting Defendant the Bluffs at Mauna Kea Community Association's Motion for Summary Judgment entered on June 21, 2006 pursuant to the terms of the settlement agreement entered into between the Moving Parties allowing them to resolve this matter without further court intervention.

### I.   STATEMENT OF THE CASE

This case arises out of WSP's purchase of Lot 5 at The Bluffs at Mauna Kea in September 1999. The Bluffs at Mauna Kea is an exclusive residential development consisting of 22 lots in a resort area. All of the lot owners are members of the Association. A dispute arose between WSP and the Association

2

regarding the construction of a swimming pool in the special set back area of Lot 6.

On April 27, 2004, WSP Plaintiffs initially filed suit against their neighbors, Irwin and Concepcion Federman (the "Federmans"), owners of Lot 6, based on the Federmans' construction of a pool and planting of three coconut trees in the special setback area of their lot. The lawsuit was filed in the State Circuit Court and removed to the U.S. District Court, District of Hawaii. After discovering that other purchasers of lots at the development were given substantial "landscape credits" (discounts) which WSP Plaintiffs claimed were not disclosed to WSP Plaintiffs, WSP Plaintiffs amended their complaint to add the developers Mauna Kea Properties, Inc., and Mauna Kea Development Corporation (the "MK Defendants"), alleging that they engaged in fraud and unfair business practices. WSP Plaintiffs also added the Association as a defendant alleging that the Association breached the Declaration in allowing the Federmans to undertake their improvements in the special setback area.

The Federmans filed a Motion for Summary Judgment seeking a dismissal of the WSP Plaintiffs' claims alleging breach of the Declaration against them. In September of 2004, the Court dismissed the WSP Plaintiffs' claims against the Federmans relating to breach of covenants/restrictions. The Court found that § 4.17 of the Declaration, which provided that "[n]o building or structure, shall be placed within the special setback areas . . ." had been abandoned to the extent that

3

pools or terraces that did not block the views were consistently permitted in the special setback area. The Court noted that all of the oceanfront lots had received one or more variances to build or make improvements in the special setback area, including WSP.

The Association then filed its own Motion for Summary Judgment. While this motion was pending, a jury verdict in favor of WSP was returned in the a related action pending in the Third Circuit Court of the State of Hawaii, <u>Western Sunview Properties, LLC v. Leone-Perkins Family Trust, et al.</u>, Civil No. 04-1-0212, Third Circuit Court, State of Hawaii (the "State Action"). The court allowed the parties to file supplemental briefs regarding the impact of the State Court's jury verdict upon the WSP Plaintiffs' claims against the Association in the instant action. In June of 2006, the Court granted the Association's Motion for Summary Judgment and held that the verdict in the State Action did not impact the instant matter.

Thereafter, the WSP Plaintiffs timely filed their Notice of Appeal and the case was transferred to the United States Circuit Court for the Ninth Circuit ("Ninth Circuit"). While the appeal was pending before the Ninth Circuit on April 19, 2007, the Moving Parties participated in a mediation with JAMS' mediator, Judge Eugene L. Lynch (Ret.) in San Francisco, California. This mediation was an effort to resolve, not only the instant matter, but also the State Action and a third related action between the Association and its insurer, St. Paul Fire & Marine

Insurance Company ("St. Paul"), <u>St. Paul Fire & Marine Insurance Company v. The Bluffs at Mauna Kea Community Association, et al.</u>, Civil No. 06-641 (2006). In addition to the Moving Parties, St. Paul also participated in the mediation. As the result of the mediation, on July 18, 2007 the Moving Parties and St. Paul settled their claims. The settlement among the Moving Parties (hereinafter, the "Agreement") is attached hereto as Exhibit "A." According to the terms of the Agreement, the Moving Parties agreed to use their best efforts to vacate the Order. The Agreement states, "[u]pon remand back to the District Court, [the Moving Parties shall file] a Joint Motion to Vacate the Order Granting the Motion for Summary Judgment." <u>See</u> Exhibit "A." Thereafter, the Moving Parties will file a stipulation for dismissal with prejudice.

On August 13, 2007, the Moving Parties submitted their filed Stipulated Request for Dismissal of Appeal without Prejudice to Reinstatement and Immediate Issuance of Mandate ("Stipulation"). On August 14, 2007, the Circuit Mediator granted the Moving Parties' Stipulation and the case was subsequently remanded back to this Court for the purpose of effectuating the terms of the Agreement.

Pursuant to the terms of the Agreement, the Moving Parties now request that this Court vacate the Order Granting Defendant the Bluffs at Mauna Kea Community Association's Motion for Summary Judgment Filed on June 21, 2006.

## II. ARGUMENT

This Court has the authority to vacate the Final Judgment in order to effectuate the terms of the Agreement reached between the Moving Parties. Rule 60(b)(5) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides that the Court may relieve a party from a final judgment, order, or proceeding if "the judgment has been **satisfied, released, or discharged**, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." (Emphasis added). The trial court is afforded much discretion in deciding whether to set aside a judgment under Fed. R. Civ. P. Rule 60(b). The Ninth Circuit has previously stated, "We will not reverse a district court's decision to set aside a default judgment absent a '*clear showing* of abuse of discretion'" See Price v. Seydel, 961 F.2d 1470, 1473 (9th Cir. 1992) (emphasis in original).

In this case, the Agreement resolves all of the issues between the Moving Parties in the instant matter. The Agreement, in effect satisfies, releases, or discharges the Order. Moreover, the fact that Moving Parties have privately resolved their differences means that it is no longer equitable that the Order should have prospective application. Therefore, it is well within the wide discretion afforded to this Court to vacate the Order.

Further, the U.S. District Court for the District of Hawaii has previously recognized that Hawaii maintains a public policy of favoring the

6

resolution of controversies through compromise or settlement rather than by litigation. See Jaress & Leong v. Burt, 150 F. Supp. 2d 1058, 1066 (D. Hawaii 2001). In Jaress the Hawaii District Court noted,

> Such alternative to court litigation not only brings finality to the uncertainties of the parties, but is consistent with [the Supreme Court of Hawaii's] policy to foster amicable, efficient, and inexpensive resolution of disputes. In turn, it is advantageous to judicial administration and thus to government and citizens as a whole.

See id. (citing Sylvester v. Animal Emergency Clinic of Oahu, 72 Haw. 560, 566-567, 825 P.2d 1053, 1056-1057 (1992))  The public policy in favor of private resolution of disputes is directly applicable in the instant matter. The Agreement resolves all of the issues raised in the instant lawsuit between the remaining parties, without requiring the expenditure of scarce judicial resources during a lengthy appellate process and removes any possibility of a potential re-litigation before this Court.  In addition, the Agreement also resolves two other disputes pending in the U.S. District Court and Hawaii Circuit Court, thereby saving the Moving Parties from needlessly expending their resources in litigating three different lawsuits and/or appeals.

Given the strong public policy in favor of private settlement, the Moving Parties request that the Court vacate the Order Granting Defendant the Bluffs at Mauna Kea Community Association's Motion for Summary Judgment entered on June 21, 2006 pursuant to the terms of the settlement agreement entered

into between the Moving Parties allowing them to resolve this matter without further court intervention.

## III. CONCLUSION

For the reasons previously articulated, the Moving Parties respectfully request that this Honorable Court vacate the Order Granting Defendant the Bluffs at Mauna Kea Community Association's Motion for Summary Judgment entered on June 21, 2006.

DATED: Honolulu, Hawaii, ___September 4, 2007___.

/s/ Ronald M. Shigekane
RONALD M. SHIGEKANE

Attorney for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

/s/Terrance M. Revere
TERRANCE M. REVERE
KAPONO F.H. KIAKONA

Attorneys for Plaintiff
WESTERN SUNVIEW PROPERTIES, LLC