IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC; GUY HANDS; and JULIA HANDS, | ) ) ) | CIVIL NO. 03-00463 JMS/LEK |
| | ) | ORDER DENYING DEFENDANT |
| | ) | THE BLUFFS AT MAUNA KEA |
| Plaintiffs, | ) | COMMUNITY ASSOCIATION AND |
| | ) | PLAINTIFF WESTERN SUNVIEW |
| vs. | ) | PROPERTIES, LLC'S JOINT |
| | ) | MOTION TO VACATE THE ORDER |
| IRWIN FEDERMAN; CONCEPCION | ) | GRANTING DEFENDANT THE |
| S. FEDERMAN; THE BLUFFS AT | ) | BLUFFS AT MAUNA KEA |
| MAUNA KEA COMMUNITY | ) | COMMUNITY ASSOCIATION'S |
| ASSOCIATION; MAUNA KEA | ) | MOTION FOR SUMMARY |
| PROPERTIES, INC.; MAUNA KEA | ) | JUDGMENT FILED ON JUNE 21, |
| DEVELOPMENT CORPORATION; | ) | 2006 |
| COUNTY OF HAWAII; JOHN DOES | ) | |
| 1-100; JANE DOES 1-100; DOE | ) | |
| PARTNERSHIPS 1-100; and DOE | ) | |
| CORPORATIONS 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT THE BLUFFS AT MAUNA
KEA COMMUNITY ASSOCIATION AND PLAINTIFF
WESTERN SUNVIEW PROPERTIES, LLC'S JOINT MOTION
TO VACATE THE ORDER GRANTING DEFENDANT THE BLUFFS
AT MAUNA KEA COMMUNITY ASSOCIATION'S MOTION FOR
SUMMARY JUDGMENT FILED ON JUNE 21, 2006

On June 21, 2006, this court granted the Bluffs at Mauna Kea

Community Association's ("Association") Motion for Summary Judgment against

Plaintiffs Western Sunview Properties, LLC ("WSP"), Guy Hands, and Julia

Hands (collectively, "Plaintiffs"). The parties have now settled their dispute and seek an order from this court vacating the June 21, 2006 Order. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

This dispute arose out of the purchase of real estate in the Bluffs at Mauna Kea ("the Bluffs"), a community association located in South Kohala, Hawaii. WSP owns lot five at the Bluffs; the Hands are the managers of WSP.

All lots at the Bluffs are covered by a Declaration of Protective Covenants, Conditions and Restrictions ("CCRs"). The CCRs designate "special setback areas" on beachfront lots at the Bluffs. In order to maintain views and preserve shorelines, the CCRs prohibit residents on beachfront lots from building structures within their special setback areas. The CCRs also create a Design Committee ("Committee"). The Committee reviews plans for proposed homes at the Bluffs and has the power to grant variances to CCRs, including variances allowing structures in special setback areas.

In February 2002, the Federmans, owners of the lot adjacent to Plaintiffs' property, obtained approval from the Committee to build a pool, spa, and terrace and to plant palm trees in their special setback area. In this suit, Plaintiffs contended that the Committee's decision to grant the variances violated

2

the CCRs as well as an implied easement; Plaintiffs sought to hold the

Association, along with Mauna Kea Properties, Inc. and Mauna Kea Development

Corporation ("MK Defendants") liable for the Committee's decision.

In addition to pursuing its claims relating to the Federman's property,

Plaintiffs also filed an action in state court alleging violations of the same CCRs

by the Association and the Leones, another of Plaintiffs' neighbors ("Leone

Case"). In the Leone Case, the plaintiffs alleged that the Association and the

Leones violated the CCRs when the Association approved the Leones' request to

make certain improvements in their special setback area. A jury in the Leone Case

returned a verdict in favor of the Plaintiffs prior to this court's June 21, 2006

Order.

In its June 21, 2006 Order, this court agreed with the Association that

Judge David A. Ezra's prior ruling in this case was law of the case entitling the

Association to summary judgment.[1] The court determined that the Leone Case

verdict was not relevant to the dispute involving the Federman's property.

Plaintiffs filed a notice of appeal to the Ninth Circuit. While the

appeal was pending, with the aid of a JAMS mediator, the parties settled this

---

[1] This case has a long history, which need not be repeated here. Judge Ezra, originally assigned to the case, presided over a series of summary judgment motions prior to this court's June 21, 2006 Order.

action, the Leone Case, and an associated insurance coverage dispute between the Association and its insurer.  As part of the settlement agreement, the parties agreed to file a motion with the Ninth Circuit seeking a remand to this court, and that, "[u]pon remand back to the District Court, the Association shall draft, and WSP shall sign, a Joint Motion to Vacate the [June 21, 2006 Order]."[2]  On August 16, 2007, the Ninth Circuit dismissed the appeal without prejudice.  Pursuant to the terms of their settlement agreement, the parties filed a September 4, 2007 Joint Motion to Vacate the Order Granting Defendant the Bluffs  at Mauna Kea Community Association's Motion for Summary Judgment Filed on June 21, 2006 ("Joint Motion").

## II.  ANALYSIS

Federal Rule of Civil Procedure 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon

---

[2] The settlement agreement likewise requires the parties to file a Joint Motion to Vacate the Final Judgment in the Leone Case.

4

which it is based has been reversed or otherwise vacated, or it
is no longer equitable that the judgment should have
prospective application; or (6) any other reason justifying relief
from the operation of the judgment.

The Joint Motion provides little argument in support of its request to
vacate the June 21, 2006 Order.  It appears to raise two arguments: that a vacatur
would promote the public policy of promoting the resolution of controversies
through settlement and that a vacatur would relieve the Ninth Circuit of the burden
of an appeal and removes the possibility of re-litigation in this court.  The court,
after balancing the equities involved, disagrees and finds that the parties have
failed to provide a sufficient basis to vacate the June 21, 2006 Order based on a
voluntary settlement of the case.

The first justification, that a vacatur furthers settlement of cases, was
largely rejected by the Supreme Court in *U.S. Bancorp Mortgage Co. v. Bonner
Mall Partnerships,* 513 U.S. 18 (1994).  The Court first drew a clear distinction
between a party unable to seek appellate review based on "mootness by
happenstance" and mootness by settlement:

A party who seeks review of the merits of an adverse
ruling, but is frustrated by the vagaries of circumstance,
ought not in fairness be forced to acquiesce in the
judgment.  The same is true when mootness results from
unilateral action of the party who prevailed below.
Where mootness results from settlement, however, the

> losing party has voluntarily forfeited his legal remedy by
> the ordinary processes of appeal or certiorari, thereby
> surrendering his claim to the equitable remedy of
> vacatur.  The judgment is not unreviewable, but simply
> unreviewed by his own choice.

*Id.* at 25 (internal footnote and citations omitted).  *U.S. Bancorp* concluded that a

court should not vacate an order merely because the case is moot through

settlement absent "exceptional circumstances."  *Id.* at 29.  In reaching its decision,

the Court specifically considered and largely rejected the policy argument that a

vacatur encourages settlement:

> A final policy justification urged by petitioner is the
> facilitation of settlement, with the resulting economies
> for the federal courts.  But while the availability of
> vacatur may facilitate settlement after the judgment
> under review has been rendered and certiorari granted (or
> appeal filed), it may *deter* settlement at an earlier stage.
> *Some* litigants, at least, may think it worthwhile to roll
> the dice rather than settle in the district court, or in the
> court of appeals, if, but only if, an unfavorable outcome
> can be washed away by a settlement-related vacatur.
> And the judicial economies achieved by settlement at the
> district-court level are ordinarily much more extensive
> than those achieved by settlement on appeal.  We find it
> quite impossible to assess the effect of our holding,
> either way, upon the frequency or systemic value of settlement.

*Id*. at 27-28 (emphasis in original).  In fact, the Court concluded that the

exceptional circumstances that may call for vacatur "do not include the mere fact

that the settlement agreement provides for vacatur. . . ."  *Id*. at 29.[3]

Although *U.S. Bancorp* reviewed motions to vacate before appellate courts, several courts have applied the same rationale to motions before district courts.  *See, e.g., Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 120-21 (4th Cir. 2000).  The Ninth Circuit, however, applies a slightly different approach for Rule 60(b) motions before a district court.  *American Games, Inc. v. Trade Prods., Inc.* 142 F.3d 1164 (9th Cir. 1998), held that district courts should continue to employ the pre-*U.S. Bancorp* test articulated in *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1992).  This test requires a district court to balance equities to determine, "[w]hether to vacate its judgment in light of the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes."  *American Games* 142 F.3d at 1168 (*quoting Dilley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995)) (internal quotation marks omitted)).

In applying this test, "the distinction between mootness caused by happenstance versus that caused by voluntary legal action taken by the party seeking vacatur remains as the pivotal threshold question in determining the

---

[3] As the Court explained, "[w]here mootness results from settlement . . . the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur."  *Id*. at 25.

propriety of vacatur by the district court." *Visto Corp. v. Sproqit Technologies, Inc.* 2006 WL 3741946, at *5 (N.D. Cal. 2006). The Ninth Circuit has recognized this principle, stating that "a district court is not required to vacate a judgment pursuant to settlement because, otherwise, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Bates v. Union Oil Co. of Cal.*, 944 F.2d 647, 650 (9th Cir. 1991) (internal quotations omitted).

Mootness in this case is clearly caused by the voluntary decision of the parties to settle their disputes, both in federal and state court. This pivotal threshold question weighs against granting the Joint Motion.

The public interest in finality of judgments likewise weighs against a vacatur.

> Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would--quite apart from any considerations of fairness to the parties-- disturb the orderly operation of the federal judicial system.

*U.S. Bancorp,* 513 U.S. at 27. Further, the parties' argument that a vacatur will

save future judicial resources ignores the time and effort expended by this court. *See Tumulty v. Fedex Ground Package System, Inc.*, 2007 WL 896035 (W.D. Wash. 2007); *Aetna Cas. & Surety Co. v. Home Ins. Co.*, 882 F.Supp 1355 (S.D.N.Y. 1995).

Other than discussing the policy favoring settlements and the judicial economy that will result from vacatur, the parties provide the court with no discussion regarding "the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to relitigation of unreviewed disputes." Based on the limited record before it, the court assumes that a vacatur would not implicate issues of res judicata or collateral estoppel; in other words, a vacatur in this case appears unlikely to negatively impact any other litigant. The court determines that vacatur of the June 21 Order is not warranted under the equitable balancing test.

///

///

///

///

## III.  <u>CONCLUSION</u>

For the reasons stated herein, Defendant the Bluffs at Mauna Kea Community Association and Plaintiff Western Sunview Properties, LLC's Joint Motion to Vacate the Order Granting Defendant the Bluffs at Mauna Kea Community Association's Motion for Summary Judgment Filed on June 21, 2006 is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 17, 2007.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Western Sunview Properties, et al., v. Federman*, *et al.*, Civ. No. 03-00463 JMS/LEK, Order Denying Defendant the Bluffs at Mauna Kea Community Association and Plaintiff Western Sunview Properties, LLC's Joint Motion to Vacate the Order Granting Defendant the Bluffs at Mauna Kea Community Association's Motion for Summary Judgment Filed on June 21, 2006