AYABE, CHONG, NISHIMOTO,
    SIA & NAKAMURA
A Limited Liability Law Partnership

SIDNEY K. AYABE          968-0
RONALD SHIGEKANE      1945-0
1001 Bishop Street, Pauahi Tower 2500
Honolulu, Hawai`I  96813
Telephone: 808-537-6119
Facsimile: 808-526-3491
E-mail: Ronald.Shigekane@hawadvocate.com

Attorneys for Defendant
THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WESTERN SUNVIEW PROPERTIES, LLC.; GUY HANDS; AND JULIA HANDS, <br><br>                    Plaintiffs, <br>          vs. <br><br>IRWIN FEDERMAN; CONCEPCION S. FEDERMAN; THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION; MAUNA KEA PROPERTIES, INC.; MAUNA KEA DEVELOPMENT CORP.; COUNTY OF HAWAI`I; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, <br><br>                    Defendants. <br>_____ | **CIVIL NO. CV 03-00463 JMS-LEK** <br><br>FINDINGS AND RECOMMENDATION THAT DEFENDANT THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S PETITION FOR DETERMINATION OF A GOOD FAITH SETTLEMENT OF PLAINTIFF'S CLAIMS AGAINST THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION (FILED 9/4/07) BE GRANTED |

2004-069/346375

FINDINGS AND RECOMMENDATION THAT DEFENDANT
THE BLUFFS AT MAUNA KEA COMMUNITY ASSOCIATION'S
PETITION FOR DETERMINATION OF A GOOD FAITH SETTLEMENT OF
PLAINTIFF'S CLAIMS AGAINST THE BLUFFS AT MAUNA KEA
COMMUNITY ASSOCIATION (FILED 9/4/07) BE GRANTED

Defendant The Bluffs at Mauna Kea Community Association (hereinafter "Association") filed a Petition for Determination of Good Faith Settlement of Plaintiff's Claims Against the Bluffs at Mauna Kea Community Association on September 4, 2007.  Pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawai`I ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.

After reviewing the Defendant Association's petition and the relevant case law, this Court FINDS AND RECOMMENDS that the Petition be GRANTED.

**Background**

Plaintiffs Western Sunview Properties, LLC ("Western Sunview"), Guy Hands, and Julia Hands (collectively "Plaintiffs") filed this action in state court against their neighbors, Defendants Irwin Federman and Concepcion Federman (collectively "Federmans"), alleging that the Federmans violated provisions of the Declaration of Protective Covenants, Conditions and Restrictions applicable to the member homes of the Association.  The Federmans removed the action to federal court on August 28, 2003.  Plaintiffs subsequently amended their Complaint to include the Association as a Defendant.

On June 21, 2006, the district court granted the Association's motion for summary judgment on all claims except for Plaintiffs' claims that certain alleged landscaping violations.  On August 30, 2006, the district court dismissed the remaining claims against the Association, based upon the parties' briefing of the issue.

On April 16, 2007, Plaintiffs filed a timely Notice of Appeal.   While the matter was pending, a mediation was held with the participation of all parties.  The mediation was an attempt to resolve the instant matter in addition to a related action pending in the Third Circuit Court of the State of Hawai`I, <u>Western Sunview Properties, LLC v. Leone-Perkins Family Trust</u>, et al., Civil No. 04-1-0212, Third Circuit Court, State of Hawai`I and another action pending in the United States District Court for the District of Hawai`I, <u>St. Paul Fire & Marine Insurance Company v. The Bluffs at Mauna Kea Community Association, et al.</u>, Civil No. 06-641.  On July 13, 2007, the Plaintiffs and the Association entered into a Settlement and Release Agreement resolving the disputes between them, including the two related actions.

The terms of the settlement between the Association and Plaintiffs are as follows:

    (1)    The Association agrees to pay $1,300,000.00 to Plaintiffs;

(2) Plaintiffs and the Association agree that they shall make no claim in any legal or administrative action that the improvements (including construction of pools and landscaping in the conditions that they exist on either property as of the date of the Agreement) constructed on Lots 4 and 6 do not conform to any laws, codes, ordinances and regulations, or to the recorded Declaration of Protective Covenants, Conditions and Restrictions for The Bluffs at Mauna Kea (the "Declaration") and the unrecorded Design and Construction Requirements for Homes promulgated thereunder, and that they shall take no legal or administrative action seeking to change, modify, remove, alter, or reconstruct any such improvements;

(3) The Association also agrees to waive any claim for attorneys' fees and costs as the prevailing party in the Association's Motion for Summary Judgment in the instant matter;

(4) The Association agrees that it will not assess its members for any portion of $1,300,000.00 paid in settlement pursuant to the Agreement, or for any attorneys' fees and costs incurred in connection with the instant matter and the State Action;

(5) The Association agrees that it will hold an association members meeting to vote on a series of resolutions drafted by Plaintiffs regarding the association matters; and

(6) The Association and Plaintiffs shall use their commercially reasonable best efforts to cause any judgments entered in the instant matter or the Sate Action to be vacated, and the claims asserted therein to be dismissed with prejudice.

## Discussion

The Hawai`I Legislature enacted H.R.S. § 663-15.5 (the "Good Faith Settlement Statute") to encourage the fair and equitable settlement of disputes. The legislature's purpose in adopting the Good Faith Settlement Statute was to "simplify the procedures and reduce the costs associated with claims involving joint tortfeasors." House Standing Committee Report No. 1230, 2001 House Journal, at 1599.

In Troyer v. Adams, 102 Hawai`I 399 (2003), the Hawai`I Supreme Court set forth the applicable test for determining whether a settlement was made in good faith pursuant to H.R.S. § 663-15.5. The Court observed that the Good Faith Settlement Statute was intended, "*merely* to provide the court with the opportunity to *prevent collusive settlements* aimed at injuring the interests of a non-settling tortfeasor." Id., at 426 (emphasis added). In order to effectuate the legislature's

expressed intent to "simplify procedures and reduce costs" associated with applicable claims, the Court held:

> The goal of encouraging settlements may be achieved only to the extent that motions for discharge based upon settlements are routinely allowed, with extended hearing on the question of good faith the exception.

Id. at 427 (citations omitted.)

The Court held that the "totality of circumstances" test would henceforth be applicable in determining whether a settlement was made "in good faith" within the meaning of the statute. The "totality of circumstances" test leaves the determination of a settlement's good faith to the "sound discretion" of the trial court. Id. at 427. In order to facilitate the prompt, routine approval of settlements, the Troyer court provided a non-exclusive list of nine factors that a trial court may consider in evaluating a settlement. These factors include:

(1) the type of case;
(2) a realistic approximation of damages;
(3) the likelihood of plaintiff's success;
(4) the predicted expense of litigation;
(5) the relative degree of fault of the settling tortfeasor;
(6) the settlement amount;
(7) the limits of any applicable insurance policies;
(8) whether the relationship of the parties suggests collusion; and
(9) any other evidence relevant to the court's determination.

Id.

Based upon the Defendant Association's Petition and the files and records in this case, the Agreement appears to be made in good faith within the meaning of §663-15.5; further, there is no indication the proposed settlement is aimed at injuring the interests of a non-settling tortfeasor, nor is there any indication that the proposed settlement is in any way collusive.

## Conclusion

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that the Association's Petition for Good Faith Settlement be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, October 15, 2007.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**WESTERN SUNVIEW PROPERTIES, LLC., , ET AL V. IRWIN FEDERMAN, ET AL; CIVIL NO. 03-00463 JMS-LEK; FINDINGS AND RECOMMENDATIONS THAT DEFENDANT THE BLUFFS AT MAUNAKEA COMMUNITY ASSOCIATION'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT OF PLAINTIFFS CLAIMS AGAINST THE BLUFFS AT MAUNAKEA COMMUNITY ASSOCIATION (FILED 9/4/07) BE GRANTED**